**[COUNSEL LISTED ON SIGNATURE PAGES]**          **\*ORDER E-FILED 5/14/2009\***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MFORMATION TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RESEARCH IN MOTION LIMITED, a Canadian corporation<br><br>AND<br><br>RESEARCH IN MOTION CORPORATION, a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.  5:08-cv-04990-JW<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(MODIFIED BY THE COURT)**<br><br>Honorable James Ware<br>United States District Judge |

**AGREED PROTECTIVE ORDER**

Plaintiff Mformation Technologies, Inc. ("Mformation") and Defendants Research In Motion Limited ("RIM Ltd.") and Research In Motion Corporation ("RIM Corp.") (collectively, "RIM") hereby stipulate that the following Protective Order ("Order") regarding confidential information may be entered by the Court:

1.      **INTRODUCTION AND SCOPE**

This Order shall govern all documents and things (whether or not embodied in any physical medium) exchanged during this action, including but not limited to documents

produced by the parties or non-parties, testimony taken at a hearing or other proceeding, and discovery, including but not limited to deposition testimony, interrogatory answers, and responses to requests for admission.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that this Order creates no entitlement to file confidential information under seal; Northern District Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

Production or disclosure of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – COMPUTER SOURCE CODE" information under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.

## 2.    DISCOVERY RULES REMAIN UNCHANGED

Nothing herein shall alter or change in any way the discovery provisions set forth by the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California, or Judge Ware.  Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure and the Court's Deadlines set out in the applicable Scheduling Order.  Nothing in this Order shall be construed to require a party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court.

3.    **DEFINITIONS AND DESIGNATIONS**

    3.1.    **Discovery Material**

        The term "Discovery Material" shall refer to all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    3.2.    **Protected Information**

        Protected Information is defined in this Order as any Discovery Material that the Disclosing Party in good faith designates as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – COMPUTER SOURCE CODE."

        Protected Information also includes any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Information.

        Any Protected Information obtained by any party from any person pursuant to discovery in this litigation or otherwise may be used only for purposes of preparation and litigation of this matter, and may not be used for any other purpose, including but not limited to use in other litigations, use for business purposes, or use for patent prosecution or for providing strategic patent prosecution advice other than specifically provided for in Section 5 of this Protective Order.

        In no event shall an employee, officer, or director of any party to this action or of any competitor of any party to this action have access, without a court order or the written

consent of the Designating Party, to Protected Information relating to merger and acquisition activities or source code.

### 3.3. Designating Party

The term "Designating Party" refers to the party who, in good faith, designates Protected Information pursuant to the terms of this Order.

### 3.4. Confidential Information

Discovery Material may be designated as "CONFIDENTIAL INFORMATION" where such Discovery Material relates to non-public, sensitive or confidential information.  For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material which is produced for or disclosed, either through the formal discovery process or informally, to a Receiving Party, which a Producing Party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential research, development, commercial, or other information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

### 3.5. Confidential - Attorneys Eyes Only

A party may additionally designate Discovery Material as "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Discovery Material may be designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" if such Discovery Material is extremely sensitive and if disclosure of such Discovery Material to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

**3.6.    Confidential - Attorneys Eyes Only - Computer Source Code**

Discovery Material containing computer source code or similar confidential programming statements or instructions that in general are converted into machine language by compilers, assemblers, or interpreters may be designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY - COMPUTER SOURCE CODE."

**3.7.    Non-Confidential Information**

The following is not "CONFIDENTIAL INFORMATION," "CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – COMPUTER SOURCE CODE:"

a.  any information which, at the time of disclosure to a Receiving Party, is lawfully in the public domain;

b.  any information which, after disclosure to a Receiving Party, lawfully becomes part of the public domain as a result of publication not involving a violation of this Order;

c.  any information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; and

d.  any information that a Receiving Party can show was independently developed by it after the time of disclosure by personnel who have not had access to the Producing Party's Protected Information.

**3.8.    Outside Counsel**

The term "Outside Counsel" shall mean attorneys who are not employees of any named party to this action, or any Related Entity, but who are retained to represent or advise a

named party to this action, or any Related Entity, including support personnel, paralegals, consultants, legal secretaries, legal clerks, technical advisors, employees of outside vendors providing copy services, document and exhibit preparation services, and jury consultant and research services.

### 3.9.    Outside Consultant

The term "Outside Consultant" shall mean any outside person (and their support personnel) who is not an employee of a party or any of the individuals or entities described in Section 3.8, and who is identified as an expert whose opinions may be presented at trial of this case, or is retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, including but not limited to, a proposed expert witness with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.  This term is to be construed within the meaning of Fed. R. Civ. P. 26(b)(4)(a)-(b).

### 3.10.   Related Entity

A Related Entity is defined in this Order as any parent, subsidiary or other legal business entity owned or controlled by a common parent.

### 3.11.   Receiving Party:

A Party that receives Discovery Material from a Producing Party.

### 3.12.   Producing Party:

A Party or non-party that produces Discovery Material in this action.

### 3.13   Court Staff

Court Staff is defined in this Order as the Court and its personnel, court reporters, independent shorthand reporters, and their staffs, and videographers, interpreters, or translators engaged for depositions or proceedings necessary to this case.

4.      **TIME AND MANNER OF DESIGNATION**

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   A Producing Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

4.1.   **Time of Designation**

Designation of Discovery Material shall be made at the following times:

4.1.1.   For documents and things, prior to or at the time of the production of the document;

4.1.2.   For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first;

4.1.3.   For any form of testimony, either (a) at the time that such testimony is given, or (b) within thirty (30) calendar days after the receipt of the transcript of such testimony by the Designating Party.   Until the expiration of thirty (30) calendar days after receipt of the transcript of such testimony by the Designating Party, all testimony will be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.1.4.   A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.   During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL –ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and

produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend clearly upon each page that contains Protected Information.

**4.2.    Manner of Designation**

Designation of Discovery Material shall be made by placing the notation "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – COMPUTER SOURCE CODE" on the Discovery Material in the following manner:

4.2.1.   For documents, on each page of such document;

4.2.2.   For tangible items, on the object or container thereof; or, if not practicable, as otherwise agreed by the parties;

4.2.3.   For declarations, written discovery responses, court filing or pleadings, on the face of such document;

4.2.4.   For testimony, Outside Counsel for either party may designate on the record at the deposition any testimony as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order.  Each page of the designated testimony and any exhibit on which a witness gives testimony designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be treated in accordance with the terms of this Order;

4.2.5.   Computer source code may be so designated by affixing the legend "CONFIDENTIAL - ATTORNEYS' EYES ONLY - COMPUTER SOURCE CODE" on the media itself;

4.2.6. All "CONFIDENTIAL INFORMATION," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Sections 4.2.1 – 4.2.5, shall be designated by informing the Receiving Party of the designation in writing; and

4.2.7. To the extent the Receiving Party subsequently generates copies of this information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations. When documents are produced in electronic form, the Producing Party shall include the confidentiality designation on the medium containing the documents. In the event that the Receiving Party prints documents from such medium, the Receiving Party shall mark each such page of the documents with the appropriate designation.

**4.3.    Non-Party Discovery**

4.3.1. The parties recognize that, during the course of this case, non-parties may be called upon to produce "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – COMPUTER SOURCE CODE" Discovery Materials. In such a case, the non-party who must produce such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Information.

4.3.2. Information originating with a non-party and in a Producing Party's custody or control that a Producing Party reasonably and in good faith believes is subject to a

confidentiality obligation may designate the Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – COMPUTER SOURCE CODE" and the Protected Information shall be subject to the restrictions on disclosure specified in this Order.  The foregoing notwithstanding, if a party has a good faith belief that the production of Discovery Material is objectionable on the grounds that the requested Discovery Material is subject to a third-party confidentiality obligation, the Producing Party shall confer with the non-party to resolve the confidentiality issue.  If this issue cannot be resolved then the Producing Party shall (1) immediately notify the Receiving Party; (2) identify the non-party; (3) provide the Receiving Party with the portion(s) of any agreement containing the alleged obligation of confidentiality; and (4) provide a schedule of all documents and things being withheld on the basis of the third party confidentiality obligation.  All parties shall attempt to resolve all disputes promptly, informally, and in good faith.  If the parties are unable to resolve the matter, the prospective Receiving Party may seek relief from the Court.  In any such dispute, the Producing Party shall have the burden of showing good cause as to why disclosure is not warranted.  No disclosure is required until the objection is resolved.

4.3.3.  A nonparty's use of this Order to designate Protected Information does not entitle that nonparty access to any other Protected Information produced by any party in this case.

### 4.4. Changing the Designation of Discovery Material

In the event any party desires to change the designation of Discovery Material that is produced from no designation to "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – COMPUTER SOURCE CODE," or from one such designation to another, such party may do so by notice in writing specifically identifying the Discovery Material and furnishing a copy of such Discovery Material with the new designation.  In such event, the Receiving Party shall thereafter treat such information with the new designation pursuant to this Order, as well as undertake a good faith effort to correct any treatment of the information inconsistent with the new designation.

### 4.5. Resolution of Disputes Regarding Designation

The parties will use reasonable care in designating information as Protected Information.  In the event that the party receiving Protected Information disagrees with the designation (or changed designation) by the Designating Party, such a challenge shall be written, shall be served on counsel for the Producing Party and shall particularly identify the documents or information that the Receiving Party contends should be designated differently.  The parties will meet and confer in good faith to try to resolve the dispute on an informal basis.  In meeting and conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation.

If the parties are unable to resolve such a dispute informally within five (5) business days of having met and conferred, the Receiving Party may apply to the Court for relief at any time.  Any such disputed items shall be treated as originally designated by the Designating

Party and subject to the protections of this Order unless and until the Court determines otherwise. Neither party shall be obligated to challenge the propriety of any designation, and failure to do so shall not constitute an admission that any item or information is in fact considered proprietary.

### 4.6. No Presumption of Protected Status

This Order does not address discovery objections nor preclude either party from moving for any relief cognizable under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or this Court's inherent power.  Nothing in this Order creates a presumption or implies that information designated as Protected Information actually constitutes a trade secret, is proprietary, or is otherwise protectable information.  If a Receiving Party believes that any information is improperly designated under this Order, it may, at any time, contest such designation.  Protected Information that is subject to such a dispute shall, until further order of this Court, be treated consistently with its designation by the Designating Party.

## 5. USE OR DISCLOSURE OF PROTECTED INFORMATION

Documents and things exchanged during this litigation shall only be used in this case, and their use shall be governed by this Order.  A Receiving Party may use Protected Information that is disclosed or produced by another Party or by a non-party in connection with this case only for litigating, defending, or attempting to settle this litigation.  Such Protected Information may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Information, including documents and things, exchanged during this case shall not be used for drafting, filing or prosecution of new or currently pending patent applications, or for re-examination and/or reissues on behalf of a Party to this litigation, or any Related Entity.  No person who is currently involved in the drafting, filing or prosecution of new or currently pending patent applications, or re-examination and/or reissues on behalf of a

Party to this litigation, or any Related Entity, may have access to Protected Information.  No Receiving Party or other person receiving any Protected Information in accordance with this Order shall disclose or permit the disclosure of any such Protected Information to any other person or entity, except the following:

    **5.1.**    **Disclosure of "CONFIDENTIAL INFORMATION" Discovery Material**
              **Unless otherwise ordered by the court,**
Protected Information that has been designated "CONFIDENTIAL INFORMATION" and such copies as are reasonably necessary for maintaining, defending or evaluating this case, may be furnished and disclosed to Court Staff, Outside Consultants, and Outside Counsel for a Receiving Party, and also may be furnished and disclosed to a maximum of five (5) employees or regular consultants of a party or employees in the Receiving Party's legal department at the direction of Outside Counsel involved with maintaining, defending or evaluating this case.  Outside Consultants and employees designated pursuant to this section must execute a copy of the Confidentiality Agreement attached as Exhibit A before reviewing Protected Information.

Each party shall designate the employees who will receive Discovery Material under this paragraph and must notify the Designating Party of the identity of each such employee at least eight (8) calendar days before the disclosure of Protected Information to such employee. At the same time, the Receiving Party will also provide a copy of the Confidentiality Agreement attached as Exhibit A, duly executed by the designated employee(s).  If, within the eight (8) calendar day period, the Designating Party objects, in writing, in good faith to the proposed disclosure to the designee, the parties must meet and confer within five (5) business days of the Designating Party's written objection and attempt to resolve the dispute.  If the parties are unable to resolve the dispute, the Designating Party may bring a motion for protection within five (5) business days of the meet and confer, and disclosure shall not be made until and unless this Court

orders disclosure to that designee.  This Court shall deny objections to disclosure to a designee unless the Designating Party shows good cause why the proposed disclosure should not be permitted.

**5.2.    Disclosure of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Discovery Material**
**Unless otherwise ordered by the court,**

Disclosure of Protected Information that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be made only to Court Staff, Outside Counsel, and Outside Consultants, as those terms are defined above, in this case.  Outside Consultants must comply with the provisions of Section 5.4.1, below.

**5.3.    Review of Source Code**

5.3.1.   To the extent source code is produced in this action, access to such source code will be given only to those individuals for the Requesting Party who are authorized under this Order to have access to Discovery Material designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

5.3.2.   Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, a Receiving Party may only review Source Code on "stand alone" computers (i.e., computers that may be networked together by a private wired network, but that are not connected to any other network, internet or peripheral device except that the stand-alone computers may be connected to printer or printers), at: (i) for RIM at the offices of Kirkland & Ellis in Palo Alto, California; and (ii) for Mformation at the offices of Sheppard Mullin Richter & Hampton LLP in San Francisco, California.   Access is to be made available during regular business hours (8:00 a.m. to 6:00 p.m. local time on weekdays) on two business days notice.

5.3.3.  The parties will produce Source Code in computer searchable format.  Diagnostic software may be used to perform searches of the source code, however, no portions of the source code may be downloaded.

5.3.4.  The Producing Party shall make available a laserjet printer for on-site printing during inspection of the source code.  No paper print-outs shall be made of source code except for: (i) portions reasonably anticipated by the Receiving Party to be necessary for use in, and preparation for, court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "CONFIDENTIAL - ATTORNEYS' EYES ONLY - COMPUTER SOURCE CODE" information of the Producing Party; and (ii) such other uses to which the Parties may agree or that the Court may order.  Any printed copies shall be limited only to those portions of the source code for which a printed copy is reasonably needed at the time.  Each page of any printed copies of source code shall be printed on yellow (or other non-white) colored paper.  After printing, the Producing Party shall clearly label each page of any printed copies "CONFIDENTIAL - ATTORNEYS' EYES ONLY - COMPUTER SOURCE CODE" and give each page a unique identification number.  The Producing Party shall make a good faith effort to provide (via overnight delivery with signature required or hand delivery with signature required) a copy of the labeled and numbered copies on yellow (or non-white) colored paper to Outside Counsel of the Receiving Party within three business days.  The Receiving Party may make one (1) copy of the printed source code pages after delivery for internal use on yellow (or non-white) colored paper.  Printed copies of source code shall be

securely maintained in locked rooms or cabinets at any of the offices of Outside Counsel of the Receiving Party when not in use and shall be destroyed as soon as they are no longer needed. Printed copies of source code may be reviewed at the offices of Outside Counsel of the Receiving Party by Counsel or the Receiving Party's Outside Consultants, but may not be removed from Outside Counsel's offices, except that: (1) copies may be made for and used in Court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "CONFIDENTIAL - ATTORNEYS' EYES ONLY - COMPUTER SOURCE CODE" information of the Producing Party if necessary; and (2) Outside Counsel of the Receiving Party may transfer the Receiving Party's printed copies of the Producing Party's source code between Outside Counsel of the Receiving Party's own offices (via overnight delivery with signature required or hand delivery with signature required) as reasonably necessary for preparation of the Receiving Party's case. The Receiving Party need not maintain a log regarding the printed copies.

**5.4.   General Disclosures**

Notwithstanding the restrictions set forth above, the following disclosures may be made in accordance with this Order:

**5.4.1. Outside Consultants**

5.4.1.1.   Subject to the requirement in Section 5, *supra*, that the person(s) receiving the Protected Information duly execute the Confidentiality Agreement attached as Attachment A, and this section, disclosure of Protected Information may be made to

Outside Consultants.  Prior to disclosing any Protected Information to any Outside Consultant, Outside Counsel for the Receiving Party shall determine that disclosure of particular Protected Information to an Outside Consultant is, in that counsel's good faith judgment, reasonably necessary to the party's representation.

5.4.1.2.   Prior to the disclosure of any of the Designating Party's Protected Information to an Outside Consultant, and for each Outside Consultant to whom disclosure is proposed, the Receiving Party shall give at least eight (8) calendar days written notice to the Designating Party, providing:

a)     the name, business title and business address of the Outside Consultant;

b)     a copy of the proposed Outside Consultant's executed Confidentiality Agreement;

c)     a copy of their current curriculum vitae showing their education;

d)     the Outside Consultant's current employer;

e)     a list of any previous or current relationships (personal or professional) with any of the parties; and

f)     a list of all other cases in which the Outside Consultant has testified (at trial or deposition), all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed, within the last five years.   Such a listing, as appropriate, may itself be designated as Protected Information.

5.4.1.3.   No disclosure of Protected Information shall be made to such Outside Consultant and/or staff until after the expiration of the foregoing eight (8) calendar day notice period.

5.4.1.4.   If, during the eight (8) calendar days notice period, the Producing Party serves, in writing, a good faith objection to the proposed disclosure to showing the Outside Consultant Protected Information, there shall be no disclosure of said Protected Information to such Outside Consultant pending resolution of the objection.   Consent to the disclosure of Protected Information to the Outside Consultant shall not be unreasonably withheld.   The Producing Party objecting to disclosure of Protected Information to the Outside Consultant shall provide a written explanation of the basis of its objection within the eight (8) calendar day notice period.   If a Producing Party objects to the disclosure of Protected Information to an Outside Consultant, the parties must meet and confer regarding the objection within five (5) calendar days after such objection is served.   If the parties cannot resolve their dispute during this meet and confer, the Producing Party shall have five (5) calendar days from the date of the meet and confer to file an objection with the court and seek a motion for protection or disqualification of the Outside Consultant or other appropriate relief.   No Protected Information shall be provided to the proposed Outside Consultant until after resolution of the objection either by

the parties or by the Court.  If the Producing Party fails to file an objection and motion for protection with the Court within the prescribed five (5) calendar day period, then any objection to the Outside Consultant is waived, and any Protected Information may be thereafter disclosed to such individual.

5.4.1.5.   No Protected Information shall be disclosed by a Receiving Party to an Outside Consultant until after the individual has signed the Confidentiality Agreement appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms.

5.4.2. **Public Documents**

None of the restrictions set forth in this Order shall apply to any documents or other information that becomes public knowledge by means not in violation of the provisions of this Order.  Nothing in this Order shall prevent a party from using any information that the party properly possessed prior to receipt of any Protected Information from the other party or a non-party or that is discovered independently by the Receiving Party.  In addition, the terms of the treatment of the Protected Information shall be effective only upon the effective date of this Order.

### 5.4.3.   **Disclosure to Author or Recipient**

Notwithstanding any other provision, nothing in this Order shall prohibit Outside Counsel for a party from disclosing Protected Information to any person whom the Discovery Material containing the Protected Information clearly identifies as an author, addressee, or carbon copy recipient of such Discovery Material.  In addition, regardless of its designation, if Discovery Material makes reference to the actual or alleged conduct or statement of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other Protected Information.

### 5.4.4.   **Disclosure of Party's Own Information**

The restrictions on the use of Discovery Material established by the Order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of this litigation.  Any party is free to use its own Discovery Material for any purpose, and no use by the Producing Party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

### 5.5.   **Disclosure During Depositions**

Subject to the requirement that the person(s) receiving the Protected Information duly execute the Confidentiality Agreement attached as Attachment A, and except as otherwise approved by the Designating Party or by an order of this Court, a party may use Protected Information in deposing only: (a) an individual who has had or who is eligible to have access to

the Protected Information by virtue of their employment with the Designating Party; (b) an individual identified in the Protected Information as an author, addressee, or carbon copy recipient of such information; or (c) an Outside Consultant.

No one may attend or review the transcripts or the portions of any depositions at which Protected Information is shown or discussed other than those individuals qualified to see such Protected Information as set forth in this Order.

**5.6.    Disclosure Pursuant to Subpoena**

If any entity subpoenas or orders production of Protected Information from a Receiving Party that a Receiving Party has obtained subject to this Order, such party shall promptly notify the Designating Party of the pendency of the subpoena or order and shall not produce the information until the Designating Party shall have reasonable time (which shall be not less than ten (10) calendar days) to object or take other appropriate steps to protect the information.  **Nothing in this order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.**

**5.7.    Inadvertent Disclosure of Protected or Privileged Information**

Inadvertent failure to designate as Protected Information or the inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Information, privileged, or protected by the work product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing within ten (10) calendar days after discovery of such inadvertent production or disclosure.  Such inadvertently produced or disclosed documents or information, including all copies thereof, shall be returned to the Producing Party immediately upon request, and the Receiving Party shall immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such

privileged or Protected Information.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  In the case of an inadvertently produced or disclosed document, the Producing Party shall include the inadvertently produced or disclosed Discovery Material in a privilege log identifying such document.  The Receiving Party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

### 5.8.    Duty to Return or Destroy Discovery Material

Within sixty (60) calendar days after conclusion of the above-captioned case (including all appeals and further proceedings resulting therefrom), all Discovery Material containing Protected Information (other than pleadings, discovery responses and exhibits contained in the official court record, and attorney work product documents) shall be either returned to the Designating Party or shall be destroyed, except that Counsel for any party may keep one copy of all case materials for its files.  Counsel for any party or non-party receiving Protected Information shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to counsel for the Designating Party within ninety (90) calendar days after the conclusion of the above-captioned case.

6.    **Miscellaneous**

6.1.    **Right To Further Relief**

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

6.2.    **Continuing Jurisdiction**

After the conclusion of the above-captioned case, the provisions of this Order shall continue to be binding until further order of this Court, and **for a period of six months after the final termination of this action,** ^ this Court shall retain jurisdiction over the parties and any other person who has had access to Protected Information pursuant to this Order, in order to enforce the provisions of this Order.

6.3.    **Interpretation**

Should the parties have any issues concerning the interpretation of this Order, before any party moves for this Court's assistance, they shall first promptly meet and confer to resolve the dispute.  The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

6.4.    **Modification**

This Order may be modified by this Court for good cause shown or by mutual written agreement between the parties and this Court's approval of such agreement.  The Court may enter a subsequent order addressing the use of Protected Information at trial or at the conclusion of the above-captioned case.

6.5.    **Outside Counsel's Communication with Client**

Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise their client based on their review and evaluation of Protected Information produced by the opposing party, provided that such communications or advice shall not disclose or reveal Protected Information in violation of this Order.

**6.6.    No Probative Value**

The Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Protected Information.  The fact that information is designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – COMPUTER SOURCE CODE" under this Order shall not be deemed to be determinative of what a trier of fact may determine to actually be "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – COMPUTER SOURCE CODE."  This Order shall be without prejudice to the right of any party to bring before the Court questions regarding (a) whether any particular material is or is not properly designated or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Order, provided that in doing so, the party complies with the procedures set forth herein.  The fact that any information is disclosed, used, or produced in any court proceeding in this case shall not be offered in any action proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

By her signature below, counsel for Mformation attests that counsel for RIM whose electronic signature is provided has concurred in this filing.

Dated:  May 11, 2009                         SHEPPARD  MULLIN  RICHTER  &  HAMPTON
                                             LLP
                                             By:___/s/ Rebecca L. Hanovice _____

                                             AMAR L. THAKUR, Cal. Bar No. 194025
                                             SHAWN E. MCDONALD, Cal Bar No. 237580
                                             GRAY M. BUCCIGROSS, Cal. Bar No. 234558
                                             REBECCA L. HANOVICE, Cal Bar. No. 259876
                                             SHEPPARD, MULLIN, RICHTER &
                                                 HAMPTON LLP
                                             12275 El Camino Real, Suite 200
                                             San Diego, California  92130
                                             Telephone:  858-720-8900
                                             Facsimile:   858-509-3691
                                             Email:       athakur@sheppardmullin.com
                                                          smcdonald@sheppardmullin.com
                                                          gbuccigross@sheppardmullin.com
                                                          rhanovice@sheppardmullin.com

                                             NATHANIEL BRUNO, Cal. Bar No. 228118
                                             SHEPPARD, MULLIN, RICHTER &
                                                 HAMPTON LLP
                                             Four Embarcadero Center, 17th Floor
                                             San Francisco, California  94111
                                             Telephone:  415-434-9100
                                             Facsimile:   415-434-3947
                                             Email:       nbruno@sheppardmullin.com

                                             *Attorneys for Plaintiff*
                                             MFORMATION TECHNOLOGIES, INC.

Dated:     May 11, 2009                          KIRKLAND & ELLIS LLP


                                              By:  /s/ Maria Meginnes

                                              Linda S. DeBruin
                                              (Admitted to this Court on September 27,1991)
                                              Aaron Charfoos
                                              Maria Meginnes
                                              Carl Blickle
                                              **KIRKLAND & ELLIS LLP**
                                              300 North LaSalle
                                              Chicago, Illinois 60654
                                              Telephone: (312) 862-2000
                                              Facsimile: (312) 862-2200
                                              Email: ldebruin@kirkland.com

                                              Marc H. Cohen (CA Bar No. 168773)
                                              Bradford John Black (CA Bar No. 252031)
                                              **KIRKLAND & ELLIS LLP**
                                              950 Page Mill Road
                                              Palo Alto, California 94304
                                              Telephone: (650) 859-7000
                                              Facsimile: (650) 859-7500
                                              Email: mcohen@kirkland.com
                                              Email: bblack@kirkland.com

                                              *Attorneys for Defendants*
                                              RESEARCH IN MOTION LIMITED and
                                              RESEARCH IN MOTION CORPORATION

**[~~PROPOSED~~] ORDER**

**AS MODIFIED BY THE COURT,**
**PURSUANT TO STIPULATION, IT IS SO ORDERED.**
^

Dated: _____May 14, 2009_____          _____

Honorable ~~James Ware~~   Howard R. Lloyd

United States ~~District~~ Judge
Magistrate

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MFORMATION TECHNOLOGIES, INC., a Delaware corporation, | Case No.  5:08-cv-04990-JW |
| Plaintiff, | |
| v. | |
| RESEARCH IN MOTION LIMITED, a Canadian corporation | Honorable James Ware United States District Judge |
| AND | |
| RESEARCH IN MOTION CORPORATION, a Delaware corporation, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

**ATTACHMENT A**

**WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE <u>PROTECTIVE ORDER</u>**

I, the undersigned, hereby certify that I have read the Protective Order dated

_____, 2009, entered in the Northern District of California in the case entitled

*Mformation Technologies, Inc. v. Research In Motion Limited and Research In Motion*

*Corporation*, Case No. 5:08-cv-04990-JW.

I understand the terms of the Protective Order.  I agree to be bound by such terms

and to submit to the personal jurisdiction of the Northern District of California with respect to

any proceeding related to the enforcement of this Protective Order, including any proceedings

related to contempt of Court.    I will not disclose Discovery Materials marked

"CONFIDENTIAL,"   "CONFIDENTIAL  –  ATTORNEYS'   EYES   ONLY,"   or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY – COMPUTER SOURCE CODE" to

anyone other than persons specifically authorized by the Protective Order, and I agree to return

all  such  materials  which  come  into  my  possession  to  counsel  from  whom  I  received  such

materials.

   I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Name of Individual:   _____
Company or Firm:   _____
Address:   _____
Telephone No:  _____
Relationship to this action and its parties:_____
_____
_____

Dated:_____   _____
          Signature