Linda S. DeBruin
(Admitted to this Court on September 27,1991)
Aaron D. Charfoos (*pro hac vice*)
Maria A. Maras (*pro hac vice*)
Meredith Zinanni (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email: linda.debruin@kirkland.com
Email: aaron.charfoos@kirkland.com
Email: maria.maras@kirkland.com
Email: meredith.zinanni@kirkland.com

Marc H. Cohen (CA Bar No. 168773)
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone:     (650) 859-7000
Facsimile:      (650) 859-7500
Email: marc.cohen@kirkland.com

*Attorneys for Defendants and Counterclaim Plaintiffs*
RESEARCH IN MOTION LIMITED and
RESEARCH IN MOTION CORPORATION

**\*E-FILED 06-15-2010\***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MFORMATION TECHNOLOGIES, INC., a Delaware corporation,<br><br>          Plaintiff and Counterclaim Defendant,<br><br>          v.<br><br>RESEARCH IN MOTION LIMITED, a Canadian corporation<br><br>AND<br><br>RESEARCH IN MOTION CORPORATION, a Delaware corporation,<br><br>          Defendants and Counterclaim Plaintiffs. | Case No.  5:08-CV-04990-JW<br><br>Jury Trial Demanded<br><br>**STIPULATION AND PROPOSED ORDER PURSUANT TO CIV. L.R. 7-12 REGARDING REPLACEMENT OF DOCKET NUMBER 192 AND DOCKET NUMBER 193** |

Stipulation and Proposed Order Pursuant to Civ. L.R.
7-12 Regarding Replacement of Docket Number 192
and Docket Number 193

Case No. 5:08-CV-04990-JW

1    Plaintiff Mformation Technologies, Inc. ("Mformation") filed on June 9, 2010 its Notice of

2    Motion and Motion to Compel (1) Depositions of Jim Balsillie and Mike Lazaridis and (2) De-

3    Designation of Emails Containing Non-Confidential Information (Dkt. 192) ("Mformation's

4    Motion") and the Declaration of Amar L. Thakur in Support of Mformation's Notice of Motion and

5    Motion to Compel (1) Depositions of Jim Balsillie and Mike Lazaridis and (2) De-Designation of

6    Emails Containing Non-Confidential Information (Dkt. 193) ("Thakur Declaration").  Mformation

7    designated portions of its Motion and the Thakur Declaration for filing under seal, and to be redacted

8    in the publicly available versions of the documents.  On June 10, 2010 Defendants Research In

9    Motion Ltd. and Research In Motion Corp. (collectively, "RIM") informed Mformation that RIM

10    believes that additional text in Mformation's Motion and the Thakur Declaration that Mformation

11    had not designated for filing under seal should also be sealed.  Counsel for Mformation and RIM

12    discussed the issue on the morning of June 11, 2010.  Mformation believes that its Motion and the

13    Thakur Declaration were properly filed, and does not believe that the additional text specified by

14    RIM requires sealing.  But, in order to facilitate the efficient resolution of the Motion, and to avoid

15    dispute, Mformation does not oppose RIM's request as specified below.

16    WHEREAS Mformation and RIM wish to avoid any further dispute regarding the scope of

17    the information in Mformation's Motion and the Thakur Declaration that has been designated as

18    "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by RIM, Mformation

19    and RIM hereby agree:

20    1.    Mformation and RIM request that the Court withdraw the publicly available versions

21    of Mformation's Motion and the Thakur Declaration.

22    2.    Mformation and RIM request that the Court file the document attached hereto as

23    Exhibit A to replace Docket Number 192 as the publicly available version of its Motion.

24    3.    Mformation and RIM request that the Court file the document attached hereto as

25    Exhibit B to replace Docket Number 193 as the publicly available version of the Thakur Declaration.

26    4.    Mformation and RIM request that the Court accept new highlighted versions of

27    Mformation's Motion and the Thakur Declaration to the Court to replace the previously highlighted

28    versions of Docket Number 192 and Docket Number 193.

1    Filer's Attestation: Pursuant to General Order no. 45, Section X(B) regarding signatures,

2    Maria A. Maras hereby attests that concurrence in the filing of this document has been obtained.

3

4    DATED:  June 11, 2010                    KIRKLAND & ELLIS LLP
                                             Respectfully submitted,
5

6                                            /s/ Maria A. Maras
                                             Maria A. Maras
7

8                                            Linda S. DeBruin
                                             (Admitted to this Court on September 27,1991)
                                             Aaron D. Charfoos (pro hac vice)
9                                            Maria A. Maras (pro hac vice)
                                             Meredith Zinanni (pro hac vice)
10                                           KIRKLAND & ELLIS LLP
                                             300 North LaSalle
11                                           Chicago, Illinois  60654
                                             Telephone:      (312) 862-2000
12                                           Facsimile:      (312) 862-2200
                                             Email: linda.debruin@kirkland.com
13                                           Email: aaron.charfoos@kirkland.com
                                             Email: maria.maras@kirkland.com
14                                           Email: meredith.zinanni@kirkland.com

15                                           Marc H. Cohen (CA Bar No. 168773)
                                             KIRKLAND & ELLIS LLP
16                                           950 Page Mill Road
                                             Palo Alto, CA 94304
17                                           Telephone:      (650) 859-7000
                                             Facsimile:      (650) 859-7500
18                                           Email: marc.cohen@kirkland.com

19                                           Attorney for Defendants and Counterclaim Plaintiffs
                                             Research In Motion Limited and Research In Motion
20                                           Corporation

21

22   Dated:  June 11, 2010                   FOLEY & LARDNER LLP

23

                                             By:    /s/ Amar L. Thakur
24                                                  Amar L. Thakur
                                                    Shawn E. McDonald
25                                                  Gina A. Bibby
                                                    Justin E. Gray
26                                                  Attorneys for Mformation Technologies, Inc.

27

28

1

2        **PURSUANT TO STIPULATION, IT IS SO ORDERED**

3

4    Date:_____, 2010
                        June 15

5                                                    XXXXXXX Howard R. Lloyd
                                                     United States XXXXX Judge
6                                                            Magistrate

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

FOLEY & LARDNER LLP
11250 El Camino Real, Suite 200
San Diego, CA 92130-2677
Tel.: (858) 847-6700
Fax: (858) 792-6773
Amardeep (Amar) L. Thakur, CA BAR NO. 194025
ATHAKUR@FOLEY.COM
Shawn E. McDonald, CA BAR NO. 237580
SEMCDONALD@FOLEY.COM

FOLEY & LARDNER LLP
975 Page Mill Road
Palo Alto, CA 94304-1013
Tel: (650) 856-3700
Fax: (650) 856-3710
Gina A. Bibby, CA BAR NO. 242657
GBIBBY@FOLEY.COM

FOLEY & LARDNER LLP
150 East Gilman Street
Madison, WI 53703
Tel: (608) 257-5035
Fax: (608) 258-4258
Justin E. Gray, Pro Hac Vice
JEGRAY@FOLEY.COM

Attorneys for Plaintiff
MFORMATION TECHNOLOGIES, INC.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

#### SAN JOSE DIVISION

| | |
|---|---|
| MFORMATION TECHNOLOGIES, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> RESEARCH IN MOTION LIMITED, a Canadian corporation <br><br> AND <br><br> RESEARCH IN MOTION CORPORATION, a Delaware corporation, <br><br> Defendants. <br><br> ─────────────────────── <br> AND RELATED COUNTERCLAIMS | Case No. 5:08-cv-04990-JW (HRL) <br><br> **MFORMATION TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL (1) DEPOSITIONS OF JIM BALSILLIE AND MIKE LAZARIDIS AND (2) DE-DESIGNATION OF EMAILS CONTAINING NON-CONFIDENTIAL INFORMATION** <br><br> **Noticed Hearing Date & Time:** <br> July 20, 2010, at 10:00 am in Courtroom 2 <br><br> Magistrate Judge Howard R. Lloyd <br><br> **[REDACTED VERSION FOR PUBLIC VIEWING]** <br><br> **[PORTIONS DESIGNATED CONFIDENTIAL-ATTORNEYS EYES ONLY]** |

Case No. 5:08-cv-04990-JW (HRL)

MFORMATION'S MOTION TO COMPEL (1) DEPOSITIONS OF JIM BALSILLIE AND MIKE LAZARIDIS AND (2) DE-DESIGNATION OF EMAILS CONTAINING PUBLIC INFORMATION

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ....................................................................... 1

I.   INTRODUCTION ............................................................................................. 1

II.  FACTUAL BACKGROUND ............................................................................ 2

   A.   Background ............................................................................................ 2

   B.   Discovery At Issue ................................................................................ 3

      1.   Depositions of Jim Balsillie and Mike Lazaridis ......................... 3

      2.   Improper Designation of Documents Under the Protective Order............... 4

III. RIM'S REFUSAL TO PRODUCE mR. BALSILLIE AND MR. LAZARIDIS FOR DEPOSITION IS ENTIRELY WITHOUT MERIT .............................................. 4

   A.   RIM CANNOT MEET ITS HEAVY BURDEN TO SHOW THAT THE "EXTRAORDINARY" REMEDY OF PROHIBITING THE DEPOSITIONS OF MR. BALSILLIE AND MR. LAZARIDIS IS WARRANTED .............................. 4

   B.   MR. BALSILLIE AND MR. LAZARIDIS POSSESS DIRECT PERSONAL KNOWLEDGE WHICH IS HIGHLY RELEVANT TO THIS ACTION .............. 6

      1.   Mr. Basillie Has Direct Personal Knowledge Which Is Highly Relevant To This Action ................................................................. 6

      2.   Mr. Lazaridis Has Direct Personal Knowledge Which Is Highly Relevant To This Action ................................................................. 8

   C.   MR. BALSILLIE'S AND MR. LAZARIDIS' PERSONAL KNOWLEDGE IS UNIQUE AND NON-CUMULATIVE ................................... 9

IV.  RIM's Designation of documents RIM-MF0161312-13, RIM-MF0163866, and RIM-MF0166244-45 as protected information is wholly without merit and the documents should be de-designated to non-protected information ................... 10

V.   CONCLUSION ................................................................................................. 13

-1-

Case No. 5:08-cv-04990-JW (HRL)

MFORMATION'S MOTION TO COMPEL (1) DEPOSITIONS OF JIM BALSILLIE AND MIKE LAZARIDIS AND (2) DE-DESIGNATION OF EMAILS CONTAINING PUBLIC INFORMATION

## **TABLE OF AUTHORITIES**

**CASES**

*Contratto v. Ethicon, Inc.*, 227 F.R.D. 304 (N.D. Cal. 2005) ........................................ 12

*First Nat'l Mortgage Co. v. Fed. Realty Inv. Trust*, 2007 U.S. Dist. LEXIS 88625 (N.D.

    Cal. Nov. 19, 2007) ......................................................................................... 9

*First United Methodist Church of San Jose v. Atl. Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS

    22469 (N.D. Cal. Sept. 19, 1995) .......................................................... 4, 5

*Grateful Dead Prods. v. Sagan*, 2007 U.S. Dist. LEXIS 56810 (N.D. Cal. July 25,

    2007) .......................................................................................................... 5

*HCP Laguna Creek CA, LP v. Sunrise Senior Living Mgt., Inc.*, 2010 U.S. Dist. LEXIS

    21500 (M.D. Tenn. Mar. 8, 2010) ........................................................... 9

*In re Parmalat Securities Litigation*, 258 F.R.D. 236 (S.D.N.Y. 2009) ....................... 12

*Kelley v. Microsoft Corp.*, 2008 U.S. Dist. LEXIS 97340 (W.D. Wash. Nov. 21, 2008)............... 5

*Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118 (D. Md. 2009) ................................. 5

*Phillips ex. rel Byrd v. General Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002) ........................... 10

*Ray v. Bluehippo Funding, LLC*, No. 06-cv-1807, 2008 U.S. Dist. LEXIS 92821 (N.D.

    Cal. 2008) .................................................................................................. 5

*Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98

    (S.D.N.Y. 2001) ......................................................................................... 5

*WebSideStory, Inc. v. NetRatings, Inc.*, 2007 U.S. Dist. LEXIS 20481, ........................ 5

*Zamora v. D'Arrigo Brothers Co. of Cal.*, 2007 U.S. Dist. LEXIS 21418 (N.D. Cal.

    Mar. 15, 2007) ...................................................................................... 4, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(c) .................................................................................................. 11

MFORMATION'S MOTION TO COMPEL (1) DEPOSITIONS OF JIM
BALSILLIE AND MIKE LAZARIDIS AND (2) DE-DESIGNATION
OF EMAILS CONTAINING PUBLIC INFORMATION

1

### NOTICE OF MOTION AND MOTION

2           PLEASE TAKE NOTICE that on July 20, 2010 at 10:00 a.m. in Courtroom 2, Fifth

3   Floor of the United States District Court for the Northern District of California, 280 South 1st

4   Street, San Jose, California 95113, Plaintiff Mformation Technologies, Inc. ("Mformation") shall

5   and hereby does move the Court for an Order compelling Defendants Research in Motion Limited

6   and Research in Motion Corporation (collectively "RIM") to: (1) produce Jim Balsillie for

7   deposition; (2) produce Mike Lazaridis for deposition; and, (3) produce certain RIM documents

8   without designation under the Protective Order.  This Motion is made on the grounds that RIM is

9   unreasonably and improperly impeding discovery.

10          The Motion is based upon this Notice of Motion and Motion, the attached

11  Memorandum of Points and Authorities, the supporting Declaration of Amar L. Thakur, and all

12  exhibits thereto, the [Proposed] Order to the Motion, all the pleadings, records, and files in this

13  action, matters of which the Court may take judicial notice, and on such other evidence as may be

14  presented at any hearing on this Motion.

15          **MEMORANDUM OF POINTS AND AUTHORITIES**

16  **I.       INTRODUCTION**

17          Despite Mformation's proper notices of deposition, and the deposition testimony of

18  several witnesses in this case as to the personal actions taken by RIM's co-CEOs Jim Balsillie and

19  Mike Lazaridis in relation to Mformation, RIM has steadfastly refused to present either for

20  deposition.  There can be no dispute that both Mr. Balsillie and Mr. Lazaridis have unique

21  personal knowledge of facts that are highly relevant to the core issues in dispute in this case,

22  including their own individual actions directing subordinates as to their dealings with Mformation.

23  ████████████████████████████████  ████████████████████████████████

24  ████████ Mformation is entitled to depose Mr. Lazaridis about that. ████████████

25  ████████████████████████████████████████████████████████

26  ████████████████████████████████████████████

27  ████████████████████████████████████████

28  Mformation is also entitled to depose Mr. Balsillie on that.

Case No. 5:08-cv-04990-JW (HRL)

MFORMATION'S MOTION TO COMPEL (1) DEPOSITIONS OF JIM
BALSILLIE AND MIKE LAZARIDIS AND (2) DE-DESIGNATION
OF EMAILS CONTAINING PUBLIC INFORMATION

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████ Accordingly, RIM cannot meet

its heavy burden of showing that good cause exists to deny Mformation the right to take the

depositions of Mr. Balsillie and Mr. Lazaridis.

Additionally, RIM produced documents RIM-MF0161312-13; RIM-MF0163866

and RIM-MF0166244-45 as Confidential – Attorneys Eyes Only.  Thakur Decl., Exs. A-C (filed

under seal).  These eight-year-old documents contain neither "extremely sensitive" information

nor information that appears to create "a substantial risk of serious injury that could not be avoided

by less restrictive means," as required for designation under the Protective Order.  (Dkt. 51)  In

fact, these three straightforward e-mails contain no sensitive RIM information, technical or

otherwise.  Further, RIM has failed to demonstrate any harm that it would suffer if the documents

were made public.  Accordingly, RIM's designation of the documents as "Confidential –

Attorneys' Eyes Only" is improper.

Mformation therefore respectfully requests that the Court enter an Order

compelling RIM to: (1) produce Jim Balsillie for deposition; (2) produce Mike Lazaridis for

deposition; and, (3) produce without designation under the Protective Order those documents RIM

previously produced as RIM-MF0161312-13; RIM-MF0163866 and RIM-MF0166244-45.

## II.   FACTUAL BACKGROUND

### A.   Background

On October 31, 2008, Mformation filed the present action against RIM, alleging that RIM

infringes two of Mformation's patents, United States Patent Nos. 6,970,917 and 7,343,408

(collectively the "Patents").  (Dkt. 1).  RIM counterclaimed, asserting that it does not infringe the

Patents, and the Patents are invalid because they fail to comply with 35 U.S.C. §§ 103, 102, 101,

and 112.  (Dkt. 33).

Mformation's Patents generally relate to the remote, wireless management of handheld devices.  (Dkt. 43 at 5-6).  Mformation sells software solutions that enable its clients, mostly wireless telecommunications carriers, to remotely and wirelessly manage handheld devices, which are overwhelmingly blackberry devices.  For example, in the event that a user's BlackBerry is lost or stolen, Mformation's products allow its customers to remotely and wirelessly lock the lost RIM BlackBerry device and wipe the user-created data stored on the device.  All of Mformation's products practice the patents-in-suit.

██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████  The parties' relationship during these discussions was governed by RIM's ISV Alliance Agreement, which was signed by Mr. Balsillie on behalf of RIM.  In the course of this partnering relationship and licensing negotiations, pursuant to non-disclosure agreements, Mformation ultimately disclosed to RIM the proprietary Java object code for its products.  Subsequently, ███████████████ ████████████████████████████████████████  RIM added features into its own software products that are covered by the Patents.

Mformation has approximately 300 employees worldwide, and has not previously asserted any patents in litigation.  By contrast, RIM has approximately 8,400 employees worldwide.  RIM is an experienced patent litigant, being a party to numerous patent infringement lawsuits, mostly as an accused infringer.

**B.     Discovery At Issue**

**1.     Depositions of Jim Balsillie and Mike Lazaridis**

RIM has refused to produce either of its co-CEOs, Jim Balsillie and Mike Lazaridis, for deposition in this case.  Mr. Lazaridis is also the President of RIM.  Mformation properly served notices of deposition of Mr. Balsillie and Mr. Lazaridis on March 16, 2010 and March 26, 2010, respectively.  Thakur Decl., Exs. D and E (notices of deposition of Mr. Balsillie and Mr. Lazaridis).  On April 2, 2010, RIM served objections to these deposition notices.  Thakur

MFORMATION'S MOTION TO COMPEL (1) DEPOSITIONS OF JIM BALSILLIE AND MIKE LAZARIDIS AND (2) DE-DESIGNATION OF EMAILS CONTAINING PUBLIC INFORMATION

Decl., Exs. F and G (RIM's Objections and Responses). RIM objected to the deposition notices

solely on the grounds that they (1) sought to impose obligations beyond the applicable Rules, (2)

are "overbroad, unduly burdensome, and designed to harass RIM" because Mr. Balsillie and Mr.

Lazaridis are co-CEO's, (3) seek information that is irrelevant and/or not reasonably calculated to

lead to the discovery of admissible evidence, and (4) are "cumulative and duplicative of other

forms of discovery that are less burdensome, more convenient, and less intrusive." *Id.* RIM has

refused to produce either Mr. Balsillie or Mr. Lazaridis for their properly noticed depositions,

based solely on these objections.

### 2. Improper Designation of Documents Under the Protective Order

This motion also relates to RIM's improper designation of documents under the

protective order. Mformation met and conferred with RIM regarding RIM's improper designation

of documents under the protective order. However, despite the absence of any sensitive RIM

information in these 8-year-old e-mails, RIM has refused to de-designate them.

### III. RIM'S REFUSAL TO PRODUCE MR. BALSILLIE AND MR. LAZARIDIS FOR DEPOSITION IS ENTIRELY WITHOUT MERIT

#### A. RIM CANNOT MEET ITS HEAVY BURDEN TO SHOW THAT THE "EXTRAORDINARY" REMEDY OF PROHIBITING THE DEPOSITIONS OF MR. BALSILLIE AND MR. LAZARIDIS IS WARRANTED

The correct procedure for a party seeking to avoid producing a witness for a properly

noticed deposition is to file a motion for a protective order, rather than simply refusing to produce

the witness. RIM has ignored its duties in that regard, and has simply, and repeatedly, refused to

make either Mr. Balsillie or Mr. Lazaridis available for deposition. But RIM's improper tactics do

not change the fact that, as the party seeking to avoid discovery, RIM bears the heavy burden to

show why such discovery should be denied. *First United Methodist Church of San Jose v. Atl.

Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 22469, at *6 (N.D. Cal. Sept. 19, 1995); *Zamora v.

D'Arrigo Brothers Co. of Cal.*, 2007 U.S. Dist. LEXIS 21418, at *13-14 (N.D. Cal. Mar. 15,

2007) ("***Under the liberal discovery principles of the Federal Rules of Civil Procedure, a party***

1  *seeking to block a deposition must carry a "heavy burden" and make a "strong showing."*")[1]

2  (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Moreover, RIM must

3  demonstrate a particular and specific harm or prejudice that will result from the discovery.

4  *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 U.S. Dist. LEXIS 20481, at *5 (S.D. Cal. Mar. 22,

5  2007). RIM cannot meet this heavy burden.

6       When confronted with certain improprieties, such as harassment or gamesmanship, courts

7  will shield a high-level corporate officer from deposition where that officer ***lacks*** any personal

8  knowledge of facts relevant to the case. But, as here, where a high-level executive of a corporate

9  party has personal knowledge of relevant facts—including his or her own actions that are relevant

10  to the case—that person's deposition should be allowed.[2] The doctrine limiting so-called "apex"

11  depositions is meant to prevent harassment of a high-level corporate officer who lacks personal

12  knowledge; it is narrowly applied, and the law strongly favors permitting the deposition where the

13  witness has personal knowledge of relevant facts. *Ray*, 2008 U.S. Dist. LEXIS at *7-8; *see also*

14  *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 126 (D. Md. 2009) (emphasizing that "the

15  apex deposition rule is bottomed on the apex executive lacking any personal knowledge of

16  relevant facts" and does not apply unless the deposition is "sought simply because he is the

17  CEO"). Moreover, ***"[i]t is very unusual…for a court to prohibit the taking of a deposition***

18  ***altogether absent extraordinary circumstances, as such an order would likely be error***."

19  *WebSideStory*, 2007 U.S. Dist. LEXIS at *7.

20  _____

[1] All emphasis is added, unless otherwise noted.

21
22  [2] *See, e.g., First United Methodist Church of San Jose v. Atlantic Mutual Ins. Co.*, No. 95-cv-2243 1995 U.S. Dist. LEXIS 22469, at *7-8 (N.D. Cal. Sept. 19, 1995); *Zamora v. D'Arrigo Bros. Co. of California*, No. 04-cv-00047, 2007 U.S. Dist. LEXIS 21418, at *14-15 (N.D. Cal. March 15,

23  2007); *WebSideStory Inc. v. NetRatings, Inc.*, No. 06-cv-408, 2007 U.S. Dist. LEXIS 20481, at *16 (S.D. Cal. March 22, 2007); *Ray v. Bluehippo Funding, LLC*, No. 06-cv-1807, 2008 U.S.

24  Dist. LEXIS 92821, at *7-8 (N.D. Cal. 2008), *Grateful Dead Prods. v. Sagan*, 2007 U.S. Dist. LEXIS 56810, at *8 (N.D. Cal. July 25, 2007) (***"[W]here a corporate officer may have any first hand***

25  ***knowledge of relevant facts, the deposition should be allowed.***"); *see also Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102-06 (S.D.N.Y. 2001)

26  (compelling deposition of CEO of Sony Corporation when plaintiff "presented sufficient evidence to infer that [the CEO] had some unique knowledge on several issues related to its claims"); *Kelley*

27  *v. Microsoft Corp.*, No. 07-cv-0475, 2008 U.S. Dist. LEXIS 97340, at *6 (W.D. Wash. Nov. 21, 2008) (ordering deposition of Microsoft's CEO where he might have relevant personal

28  knowledge).

MFORMATION'S MOTION TO COMPEL (1) DEPOSITIONS OF JIM BALSILLIE AND MIKE LAZARIDIS AND (2) DE-DESIGNATION OF EMAILS CONTAINING PUBLIC INFORMATION

**B.     MR. BALSILLIE AND MR. LAZARIDIS POSSESS DIRECT PERSONAL KNOWLEDGE WHICH IS HIGHLY RELEVANT TO THIS ACTION**

There is no question that both Mr. Balsillie and Mr. Lazaridis individually have personal knowledge of facts that are highly relevant to this dispute.  The deposition testimony and documents produced in this case suggest that both Mr. Balsillie and Mr. Lazaridis were heavily involved in RIM's interactions and relationship with Mformation. ███████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████     Moreover, Mr. Balsillie and Mr. Lazaridis of course have the best, and indeed unique, knowledge regarding their own discussions with Mformation as RIM's representatives.

**1.     Mr. Basillie Has Direct Personal Knowledge Which Is Highly Relevant To This Action**

Demonstrating the highly relevant nature of Mr. Balsillie's knowledge, the very first substantive contact between RIM and Mformation appears to have been through Mr. Balsillie, when he communicated via e-mail with Mformation's co-founder Upal Basu on August 2, 2000. Thakur Decl., Ex. J ████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████Following Mr. Basu's email, Mr. Balsillie had at least two separate in-person meetings with Mformation representatives, including a meeting with Craig Wolfson on June 14, 2001 at which Mr. Wolfson discussed Mformation's technology with Mr. Balsillie in detail.  Thakur Decl., Ex. R (June 14, 2001 e-mail from C. Wolfson to P. Donald summarizing technical information about Mformation's product that he shared with Mr. Balsillie); *see also* Thakur Decl., Ex. O (Wolfson Dep. Tr. at 86:13-90:7 and 164:17-167:18.) ███████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████     As Mr. Basu testified:

-6-

MFORMATION'S MOTION TO COMPEL (1) DEPOSITIONS OF JIM BALSILLIE AND MIKE LAZARIDIS AND (2) DE-DESIGNATION OF EMAILS CONTAINING PUBLIC INFORMATION



Thakur Decl., Ex. P (Basu Dep. Tr. at 180:6-25.)

As Mr. Wolfson testified:

Thakur Decl., Ex. O (Wolfson Dep. Tr. at 107:16-108:8.)

MFORMATION'S MOTION TO COMPEL (1) DEPOSITIONS OF JIM
BALSILLIE AND MIKE LAZARIDIS AND (2) DE-DESIGNATION
OF EMAILS CONTAINING PUBLIC INFORMATION

1

2

3

4

5

6

7

8

9      In addition, Mr. Balsillie has highly relevant, first-hand knowledge regarding each of the

10  three ISV Alliance Agreements between RIM and Mformation, which he personally approved and

11  signed on behalf of RIM.  Thakur Decl., Ex. S (excerpts from ISV Alliance Agreements reflecting

12  Mr. Balsillie's signature).  These agreements are central to the issues in dispute here, because the

13  ISV Alliance Agreements set forth the parameters of the relationship between Mformation and

14  RIM.  And it is especially significant that Mr. Balsillie personally signed these agreements,

15  because it is atypical for the co-CEO of a company as large as RIM to sign such a contract.

16  Mformation is entitled to question Mr. Balsillie regarding the ISV Alliance Agreements, including

17  his reasons for deciding to personally sign them.

           **2.      Mr. Lazaridis Has Direct Personal Knowledge Which Is Highly**
18                   **Relevant To This Action**

19

20      Like Mr. Balsillie, Mr. Lazaridis was highly involved in the relationship between RIM and

21  Mformation.

22

23

24

25

26

27

28



These facts are highly relevant to Mformation's claims. Mformation is entitled to depose Mr. Lazaridis as to his personal knowledge regarding these facts.

### C.   MR. BALSILLIE'S AND MR. LAZARIDIS' PERSONAL KNOWLEDGE IS UNIQUE AND NON-CUMULATIVE

Finally, this is not a situation where it would be appropriate to postpone the depositions at issue. As discussed above in section III(B), it has already become clear from discovery, including the deposition of Craig Wolfson that was conducted on April 21, 2010 and both parties' document productions, that Mr. Balsillie and Mr. Lazaridis have direct personal knowledge of facts relevant to the core issues in this dispute—facts which Mformation was not able to obtain in the deposition of RIM pursuant to Federal Rule of Civil Procedure 30(b)(6) nor in the five personal depositions of other RIM employees completed to date. Mr. Balsillie and Mr. Lazaridis chose to involve themselves directly in RIM's relationship with Mformation, and they should not be permitted to shield themselves from deposition based solely on the seniority of their positions.

Furthermore, the law is clear that where, as here, a high-level executive's testimony involves conversations and interactions in which he himself participated, his deposition would not be repetitive even if other lower-level participants from the company also had knowledge of such interactions. *HCP Laguna Creek CA, LP v. Sunrise Senior Living Mgt., Inc*., 2010 U.S. Dist. LEXIS 21500, at *13-14 (M.D. Tenn. Mar. 8, 2010) ("When three people are present during a conversation, one may remember or choose to remember certain portions of the conversation that

-9-

1   conflict with the memory of one or two of the other participants."); *see also First Nat'l Mortgage*

2   *Co. v. Fed. Realty Inv. Trust*, 2007 U.S. Dist. LEXIS 88625, at *6 (N.D. Cal. Nov. 19, 2007)

3   ("***The mere fact, however, that other witnesses may be able to testify as to what occurred at a***

4   ***particular time or place does not mean that a high-level corporate officer's testimony would be***

5   ***'repetitive.'***"); *Blankenship*, 519 F.2d at 429 (allowing deposition of highest corporate officer of

6   defendant even where his testimony might be repetitive of that from lower-level employees).

7   Because Mr. Balsillie's and Mr. Lazaridis' knowledge here is unique and based on their direct

8   interactions with and regarding Mformation, their testimony would not be repetitive and there is

9   no reason to delay their depositions. *Minter*, 258 F.R.D. at 127 (holding that a "wait and see"

10  approach to apex depositions is inappropriate where the high-level executive possesses unique or

11  personal knowledge).

12          The documents and deposition testimony show that both Mr. Balsillie and Mr. Lazaridis

13  have significant personal knowledge regarding the interactions between RIM and Mformation.

14  Both Mr. Balsillie and Mr. Lazaridis were directly involved in RIM's internal discussions and

15  decision-making relating to Mformation, and both had significant direct communications with

16  Mformation representatives.  RIM cannot credibly dispute that these interactions between RIM

17  and Mformation are highly relevant to this dispute, as RIM itself included seven topics—nearly

18  25% of the total—relating to such interactions in its Notice of Deposition of Mformation pursuant

19  to Fed. R. Civ. P. 30(b)(6).  Thakur Decl., Ex. Q (RIM's notice of deposition of Mformation).

20  ████████████████████████████████████████████████████████████

21  ████████████████████████████████

22          RIM has not satisfied its burden of showing why it the depositions of Mr. Balsillie and Mr.

23  Lazaridis should not be permitted, nor can it.

24  **IV.    RIM'S DESIGNATION OF DOCUMENTS RIM-MF0161312-13, RIM-MF0163866,**
        **AND RIM-MF0166244-45 AS PROTECTED INFORMATION IS WHOLLY**
25      **WITHOUT MERIT AND THE DOCUMENTS SHOULD BE DE-DESIGNATED TO**
        **NON-PROTECTED INFORMATION**
26

27          As the Ninth Circuit has repeatedly noted, "[i]t is well-established that the fruits of pre-trial

28  discovery are, in the absence of a court order to the contrary, presumptively public."  *See Phillips*

-10-

1   *ex. rel Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) (citing *San Jose*

2   *Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)  Only where

3   there is "good cause," may a protective order restrict access to discovery materials.  *See id.*, 307

4   F.3d 1206, 1210 (9th Cir. 2002).    *See id.*; Fed. R. Civ. P. 26(c).  Consistent with this standard, the

5   Protective Order governing this case only allows information which constitutes or contains "trade

6   secrets or other confidential research, development, commercial, or other information" to be

7   designated as "Confidential Information."  (Dkt. No. 51 at 4.)  Further, only information that is

8   "extremely sensitive" ***and*** if disclosure of that information "would create a substantial risk of

9   serious injury that could not be avoided by less restrictive means" may be designated

10  "Confidential – Attorneys Eyes Only" in this case.  (*Id.*)  Most importantly, because of RIM's

11  designation, these documents cannot be viewed by anyone at Mformation.  ███████████

12  ████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████

14  ███████████████████████████████████████████████

15  ████████████████████████████████████████████████

16  ██████████████████████████████████████████████

17  ████████████████████████████████████████████████

18  ████████████████████████████████████████████████

19  ███████████████████████████████████

20      ███████████████████████████████████████████

21  ██████████████████████████████████████████████

22  ████████████████████████████████████████████████

23  ██████████████████████████████████████████

24  ████████████████████████████████████████████████

25  ████████████████████████████████████████████████

26  ████████████████████████████████████

27  ████████████████████████████████████████████

28  ██████████████████████████████████████

Case No. 5:08-cv-04990-JW (HRL)

MFORMATION'S MOTION TO COMPEL (1) DEPOSITIONS OF JIM
BALSILLIE AND MIKE LAZARIDIS AND (2) DE-DESIGNATION
OF EMAILS CONTAINING PUBLIC INFORMATION

1

2

3

4

5

6

7

8        Because RIM has designated these three e-mails under the Protective Order, Mformation's

9   management team and Board of Directors cannot see them, or know of their contents.  This has

10  significantly hindered the ability of Mformation's management and Board of Directors to develop

11  a fully accurate understanding of many of the critical facts at issue in this case.  These eight-year-

12  old documents contain neither "extremely sensitive" information nor information that appears to

13  create "a substantial risk of serious injury that could not be avoided by less restrictive means."  *See*

14  *In re Parmalat Securities Litigation*, 258 F.R.D. 236, 250 (S.D.N.Y. 2009) (finding seven-year-old

15  strategic planning documents improperly designated as confidential without a showing of

16  continued value of the information and striking the Defendant's confidential designation).

17        Further, a party seeking protection must demonstrate specific harm, supported by concrete

18  examples.  *See Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307 (N.D. Cal. 2005).  RIM has not met

19  its burden to establish that relevant information should be kept from the public and from

20  Mformation's management and Board of Directors.  In fact, RIM has provided nothing more than

21  conclusory statements that the information is "extremely sensitive."  (Dkt. 114, ¶ 3.)  This

22  conclusory allegation is insufficient to satisfy the standards of Rule 26.  *See id.* at 308 (finding a

23  single attorney declaration which did not identify any "specific secret or otherwise show the

24  specific harm that [would] result from disclosure").

25

26

27

28

Case No. 5:08-cv-04990-JW (HRL)

MFORMATION'S MOTION TO COMPEL (1) DEPOSITIONS OF JIM
BALSILLIE AND MIKE LAZARIDIS AND (2) DE-DESIGNATION
OF EMAILS CONTAINING PUBLIC INFORMATION

**V.     CONCLUSION**

For the reasons stated herein, Mformation respectfully requests that the Court grant its

Motion to Compel.


Dated:  June 9, 2010                                    FOLEY & LARDNER LLP


                                                       By:      /s/ Amar L. Thakur
                                                                Amar L. Thakur
                                                                Shawn E. McDonald
                                                                Gina A. Bibby
                                                                Justin E. Gray
                                                                Attorneys for
                                                                Mformation Technologies, Inc.

-13-

Case No. 5:08-cv-04990-JW (HRL)

MFORMATION'S MOTION TO COMPEL (1) DEPOSITIONS OF JIM
BALSILLIE AND MIKE LAZARIDIS AND (2) DE-DESIGNATION
OF EMAILS CONTAINING PUBLIC INFORMATION

# PROOF OF SERVICE

I am employed in the County of Santa Clara; I am over the age of eighteen years and not a party to the within entitled action; my business address is 975 Page Mill Road, Palo Alto, CA, 94304.

On **June 9, 2010**, I am causing to be served the following document described as:

**MFORMATION TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO (1) DEPOSITIONS OF JIM BALSILLIE AND MIKE LAZARIDIS AND (2) DE-DESIGNATION OF EMAILS CONTAINING NON-CONFIDENTIAL INFORMATION**

on the interested parties and non-parties in this action as follows:

Marc H. Cohen, Esq.                      *Via E-mail (per agreement of the*
KIRKLAND & ELLIS LLP                     *parties)*
777 South Figueroa, Suite 3700
Los Angeles, CA 90017
Telephone: (213) 680-8558
Fax: (213) 680-8500
E-mail: mcohen@kirkland.com

(Counsel for Research in Motion Limited and
Research in Motion Corporation)

☐ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I caused such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 415-434-3947. The names and facsimile machine telephone numbers of the persons served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I am causing such envelope(s) to be delivered by hand to the office of the addressee(s) as indicated above.

☒ **BY ELECTRONIC MAIL:** I am causing to be served said document(s) by transmitting such by electronic mail to the addressees as follows:

rim_mformation_correspondence@kirkland.com

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1

☒    **FEDERAL:**  I declare that I am a member of the bar of this Court.  I declare under penalty
2    of perjury under the laws of the United States of America that the foregoing is true and
     correct.

3    Executed on **June 9, 2010**, at Palo Alto, California.

4

5                                                                    _/s/ Gina A. Bibby_
                                                                     Gina A. Bibby
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit B

1   **FOLEY & LARDNER LLP**
    11250 El Camino Real, Suite 200
2   San Diego, CA 92130-2677
    Tel.: (858) 847-6700
3   Fax: (858) 792-6773
    Amardeep (Amar) L. Thakur, CA BAR NO. 194025
4   ATHAKUR@FOLEY.COM
    Shawn E. McDonald, CA BAR NO. 237580
5   SEMCDONALD@FOLEY.COM

6   **FOLEY & LARDNER LLP**
    975 Page Mill Road
7   Palo Alto, CA 94304-1013
    Tel: (650) 856-3700
8   Fax: (650) 856-3710
    Gina A. Bibby, CA BAR NO. 242657
9   GBIBBY@FOLEY.COM

10  **FOLEY & LARDNER LLP**
    150 East Gilman Street
11  Madison, WI 53703
    Tel: (608) 257-5035
12  Fax: (608) 258-4258
    Justin E. Gray, *Pro Hac Vice*
    JEGRAY@FOLEY.COM

13  Attorneys for Plaintiff
    MFORMATION TECHNOLOGIES, INC.
14
                     UNITED STATES DISTRICT COURT
15
                   NORTHERN DISTRICT OF CALIFORNIA
16
                          SAN JOSE DIVISION

17  MFORMATION TECHNOLOGIES, INC., a          Case No. 5:08-cv-04990-JW (HRL)
    Delaware corporation,
18
                                              **DECLARATION OF AMAR L. THAKUR**
19                  Plaintiff,                **IN SUPPORT OF MFORMATION**
                                              **TECHNOLOGIES, INC.'S NOTICE OF**
20          v.                                **MOTION AND MOTION TO COMPEL (1)**
                                              **DEPOSITIONS OF JIM BALSILLIE AND**
21  RESEARCH IN MOTION LIMITED, a Canadian    **MIKE LAZARIDIS AND (2) DE-**
    corporation                               **DESIGNATION OF EMAILS**
22                                            **CONTAINING PUBLIC INFORMATION**
    AND
23
    RESEARCH IN MOTION CORPORATION, a
24  Delaware corporation,                     Magistrate Judge Howard R. Lloyd

25                  Defendants.

26  AND RELATED COUNTERCLAIMS

27

28
────────────────────────────────────────────────────────────────
Case No. 5:08-cv-04990-JW (HRL)                Declaration of Amar L. Thakur in Support of Mformation's Motion to
                                               Compel Depositions of Jim Balsillie and Mike Lazaridis and (2) De-
                                               Designation of Emails Containing Public Information

## DECLARATION OF AMAR L. THAKUR

I, Amar L. Thakur, state and declare as follows:

1.      I am an attorney in the law firm of Foley & Lardner LLP, counsel of record for Mformation Technologies, Inc. ("Mformation") in the above-captioned case.  I am over twenty-one years of age and not under any legal disability.  I submit this declaration in support of Mformation's Motion to Compel (1) Depositions of Jim Balsillie and Mike Lazaridis and (2) De-Designation of Emails Containing Public Information.  I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

2.      Pursuant to Civil Local Rule 37-1(a), the undersigned counsel for Mformation represents that counsel for Mformation have conferred with counsel for RIM with respect to the issues raised in this motion, and that, after conferring, the parties were unable to reach resolution.

3.      Mformation sent correspondence to counsel for RIM on November 5, 2009 asking RIM to de-designate documents RIM-MF0161312-13; RIM-MF0163866 and RIM-MF0166244-45 so that the documents could be filed publicly in connection with Mformations' Reply Claim Construction Brief which RIM refused.

4.      Following the Technology Tutorial, counsel for Mformation had a conversation with Linda DeBruin, counsel for RIM, regarding RIM's designation of documents RIM-MF0161312-13; RIM-MF0163866 and RIM-MF0166244-4 as "Confidential – Attorneys' Eyes Only."  Counsel for Mformation expressed Mformation's belief that nothing in the emails is confidential and that the technical information contained therein is publicly available ███████

██████████████████████████████████████████████████████

██████████████████████████████████

5.      Attached as Exhibit A to this declaration is a document bearing production numbers RIM-MF0161312-13.

6.      Attached as Exhibit B to this declaration is a document bearing production number RIM-MF0163866.

7.      Attached as Exhibit C to this declaration is a document bearing production numbers RIM-MF0166244-45.

-1-

Declaration of Amar L. Thakur in Support of Mformation's Motion to Compel  Depositions of Jim Balsillie and Mike Lazaridis and (2) De-Designation of Emails Containing Public Information

CHIC_4826636.1

8.      Attached as Exhibit D to this declaration is Notice of Deposition of Jim Balsillie.

9.      Attached as Exhibit E to this declaration is a Notice of Deposition of Mike Lazaridis.

10.     Attached as Exhibit F to this declaration is RIM's Objections and Responses to the Notice of Deposition of Jim Balsillie.

11.     Attached as Exhibit G to this declaration is RIM's Objections and Responses to the Notice of Deposition of Mike Lazaridis.

12.     Attached as Exhibit H to this declaration is a document bearing production number RIM-MF0157553.

13.     Attached as Exhibit I to this declaration is a document bearing production numbers RIM-MF0157800-802.

14.     Attached as Exhibit J to this declaration is a document bearing production number M0066684.

15.     Attached as Exhibit K to this declaration is a document bearing production numbers RIM-MF0161405-06.

16.     Attached as Exhibit L to this declaration is a document bearing production numbers RIM-MF0166143-145.

17.     Attached as Exhibit M to this declaration is a document bearing production number RIM-MF0166220.

18.     Attached as Exhibit N to this declaration is a document bearing production number RIM-MF0160450.

19.     Attached as Exhibit O to this declaration is excerpts from the deposition of Craig H. Wolfson taken April 21, 2010.

20.     Attached as Exhibit P to this declaration is excerpts from the deposition of Upal Basu taken May 14, 2010.

21.     Attached as Exhibit Q to this declaration is RIM's February 17, 2010 Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6).

-2-

Case No. 5:08-cv-04990-JW (HRL)

Declaration of Amar L. Thakur in Support of Mformation's Motion to Compel  Depositions of Jim Balsillie and Mike Lazaridis and (2) De-Designation of Emails Containing Public Information

CHIC_4826636.1

22. Attached as Exhibit R to this declaration is a document bearing production numbers UBA0006650-51.

23. Attached as Exhibit S to this declaration is a document bearing production numbers M0635994, -999, -636037, and -636041-43.

24. Attached as Exhibit T to this declaration is a document bearing production numbers RIM-MF0164754-55.

25. Attached as Exhibit U to this declaration is a document bearing production numbers RIM-MF0165838-39.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in San Diego, California on June 9, 2010.

*/s/Amar L. Thakur*
Amar L. Thakur

Case No. 5:08-cv-04990-JW (HRL)                    Declaration of Amar L. Thakur in Support of Mformation's Motion to Compel  Depositions of Jim Balsillie and Mike Lazaridis and (2) De-Designation of Emails Containing Public Information

CHIC_4826636.1

## CERTIFICATE OF SERVICE

I hereby certify on this 9th day of June, 2010 that a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

Dated:  June 9, 2010                                FOLEY & LARDNER LLP

                                        By:     /s/ Justin E. Gray
                                                Justin E. Gray
                                                Attorney for
                                                Mformation Technologies, Inc.

CHIC_4826636.1