**\*E-FILED 08-09-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MFORMATION TECHNOLOGIES, INC., | No. C08-04990 JW (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL WITHDRAWAL OF PRIVILEGE CLAIMS** |
| v. | |
| RESEARCH IN MOTION LIMITED and RESEARCH IN MOTION CORPORATION, | **[Re: Docket No. 165]** |
| Defendants. | |

Defendants Research in Motion Limited and Research in Motion Corporation (collectively, RIM) move for an order compelling plaintiff Mformation Technologies, Inc. (Mformation) to withdraw allegedly improper claims of privilege.[1] Mformation opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court issues the following order:

A.  <u>Mformation's Procedural Objection</u>

Preliminarily, Mformation argues that the instant motion should be denied because RIM failed to properly meet-and-confer. <u>See</u> CIV. L.R. 37-1(a). The record presented indicates that

---

[1] After the instant motion was filed, Mformation withdrew its privilege claims as to a number of documents on its privilege log. And, RIM has withdrawn its motion as to privilege log entries 4-6, 83, 100, 110, 136, 218, 219, 222, 226, 236-239, 324, 325, 329, 500-501, 581, 586-587, 660, 669, 788-797, 817, 841, 862-864, 1023, 1027-1030, 1083, 1283, 1305, 1408-1409, 1411-1412, 1414-1415, 1423-1424, 1497, 1503, 1505, 1516, 1578, 1600, 1635, 1636, 1637, 1639, 1641, 1643, 1669, 1676, and 1692. (<u>See</u> Docket No. 207, Reply at 2).

the parties exchanged a number of written communications and held at least two telephone conferences. Accordingly, this court declines to deny RIM's motion on this basis.

B. <u>Common Interest Doctrine</u>

RIM's motion sought withdrawal of privilege claims as to documents that Mformation reportedly withheld on the basis of the common interest doctrine. These documents apparently included those shared with current and potential investors, as well as certain financial institutions. At the motion hearing, Mformation confirmed that it is not asserting the common interest doctrine as to any documents. Mformation also stated that it will not object to deposition questions on the basis of the common interest doctrine. Based on plaintiff's representations to the court, RIM agrees that this portion of its motion is moot.

C. <u>Attachments to Emails Sent to Third Parties (Privilege Log Entries 918, 945, 965)</u>

At oral argument, Mformation confirmed that these entries have been withdrawn from its privilege log. RIM noted that it has not yet been able to review plaintiff's document production, but stated that it will accept Mformation's representation to the court. The parties shall meet-and-confer to resolve discrepancies, if any, in Mformation's document production. RIM's motion as to these privilege log entries is denied as moot.

D. <u>Privilege Log Entries that Do Not Identify a Legal Source</u>

With respect to privilege log entries 26, 38, 499, 510, and 1375, Mformation agrees to amend them to identify the legal source of the information in question. Accordingly, RIM's motion is granted as follows:   Mformation shall amend these privilege log entries to clearly identify the legal person or entity involved. Mformation's amended privilege log shall be served within 14 days from the date of this order.

E. <u>Documents Recalled in April 2010</u>

On February 17, 2010, RIM sent Mformation a notice specifically identifying nine Mformation documents that appeared to be privileged. That letter also generally noted that other privileged documents may have been produced. Two days later, Mformation recalled the nine identified documents. Then, after having initiated another search on April 7, 2010, Mformation recalled an additional 55 documents that it claimed were privileged and had been

1  inadvertently produced. RIM contends that (a) Mformation simply took too long to initiate a
2  search for privileged documents in its production, (b) plaintiff's second recall therefore is
3  untimely, and (c) the privilege, consequently, has been waived.

4  A disclosure of privileged materials does not operate as a waiver if the disclosure is
5  inadvertent; the holder of the privilege took reasonable steps to prevent disclosure; and the
6  holder promptly took reasonable steps to rectify the error. FED. R. EVID. 502(b). Additionally,
7  pursuant to the parties' stipulated protective order, an inadvertent production of privileged
8  materials will not constitute a waiver "provided that the Producing Party notifies the Receiving
9  Party in writing within ten (10) calendar days after discovery of such inadvertent production or
10 disclosure." (Docket No. 51, ¶ 5.7).

11 Here, defendant argues that documents are electronically stored and any privileged
12 documents could have been readily identified by plaintiff. For its part, Mformation says that it
13 took pains to review (a) its entire document production (comprising, this court is told, some 3.6
14 million pages) to identify any privileged materials that were inadvertently produced, as well as
15 (b) its entire production process to help ensure that privileged materials would not be disclosed
16 on a going-forward basis. Mformation says that the additional 55 documents were recalled
17 within 9 days after it discovered that they had been inadvertently produced. (Thakur Decl. ¶ 7).
18 Although Mformation was perhaps not as diligent as defendant would have liked, on the record
19 presented, this court declines to find that Mformation waived the claimed privilege as to those
20 55 documents. Accordingly, RIM's motion on this issue is denied.

21 SO ORDERED.

22 Dated:  August 7, 2010

23
24 _____
   HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

3

5:08-cv-04990-JW Notice has been electronically mailed to:

Aaron D. Charfoos    acharfoos@kirkland.com

Amardeep Lal Thakur    athakur@foley.com, dgrimes@foley.com

Bradford John Black    bradford.black@kirkland.com

Carl John Blickle    carl.blickle@kirkland.com

Eugene Goryunov    egoryunov@kirkland.com

Gina Ann Bibby    gbibby@foley.com, cphillips@foley.com, mlagdameo@foley.com

Justin E. Gray    jegray@foley.com, dgrimes@foley.com

Linda S. DeBruin    ldebruin@kirkland.com, bridgett.ofosu@kirkland.com, kathleen.cawley@kirkland.com, margaret.burke@kirkland.com

Marc Howard Cohen    marc.cohen@kirkland.com, frank.carlow@kirkland.com, julie.bueno@kirkland.com

Maria A. Maras    maria.maras@kirkland.com

Meredith Zinanni    meredith.zinanni@kirkland.com, cassandra.milleville@kirkland.com, kimberly.davenport@kirkland.com

Michael Anthony Parks    mparks@kirkland.com

Shawn Edward McDonald    SEMcDonald@foley.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.