*E-FILED 08-09-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MFORMATION TECHNOLOGIES, INC., | No. C08-04990 JW (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO (1) COMPEL DEPOSITIONS AND (2) DE-DESIGNATE EMAILS** |
| v. | |
| RESEARCH IN MOTION LIMITED and RESEARCH IN MOTION CORPORATION, | **[Re: Docket No. 192]** |
| Defendants. | |

Plaintiff Mformation Technologies, Inc. (Mformation) moves for an order (1) compelling defendants Research in Motion Limited and Research in Motion Corporation (collectively, RIM) to produce their co-Chief Executive Officers Jim Basillie and Mike Lazaridis for deposition; and (2) de-designating certain emails that RIM has designated "Confidential–Attorneys' Eyes Only." RIM opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part.

A.     <u>Motion to Compel Basillie and Lazaridis Depositions</u>

Mformation wants to depose Basillie and Lazaridis with respect to the parties' prior business negotiations, as well as certain statements re Mformation and its technology made by Basillie and Lazaridis during the course of those negotiations. RIM contends that Basillie and

1  Lazaridis are busy executives who have no unique or superior knowledge about facts at issue in
2  this litigation.

3  "A party seeking to prevent a deposition carries a heavy burden to show why discovery
4  should be denied." Websidestory, Inc. v. Netratings, Inc., C06cv408, 2007 WL 1120567 *2
5  (S.D. Cal., Apr. 6, 2007). When a party seeks the deposition of a high-level executive (a so-
6  called "apex" deposition), the court may exercise its discretion under the federal rules to limit
7  discovery. See id.; FED. R. CIV. P. 26(b)(1)-(b)(2). In determining whether to allow an apex
8  deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive
9  knowledge of facts at issue in the case and (2) whether the party seeking the deposition has
10 exhausted other less intrusive discovery methods. Websidestory, Inc., 2007 WL 1120567 at *2.
11 Absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a
12 deposition. Id. Additionally, "when a witness has personal knowledge of facts relevant to the
13 lawsuit, even a corporate president or CEO is subject to deposition." Id. A claimed lack of
14 knowledge, by itself, is insufficient to preclude a deposition. Id. "Moreover, the fact that the
15 apex witness has a busy schedule is simply not a basis for foreclosing otherwise proper
16 discovery." Id.

17 The parties' prior (and ultimately, unsuccessful) business negotiations took place years
18 before the U.S. Patent No. 6,970,917 issued.[1] Nevertheless, under Fed. R. Civ. P. 26's broad
19 standard of relevance, the discovery sought is relevant or reasonably calculated to lead to the
20 discovery of admissible evidence of, for example, RIM's knowledge re Mformation and its
21 technology. As for Basillie's and Lazaridis' roles in those negotiations, they apparently briefly
22 met or spoke with Mformation's CEO on one or two occasions during those negotiations. But
23 the record indicates that, for the most part, Basillie and Lazaridis were not actual participants in
24 those negotiations, and instead supervised others who dealt directly with Mformation.
25 Mformation says that it has not been able to obtain the subject discovery through other means,
26 such as RIM's Fed. R. Civ. P. 30(b)(6) deposition. However, RIM says that it has designated

---

[1]   Discovery as to the other patent-in-suit, U.S. Patent No. 7,343,408, has been stayed.

2

1  David Castell—who apparently had a hands-on role in the parties' prior business
2  negotiations—to testify about RIM's knowledge of Mformation and its technology, but
3  Mformation simply has not gotten around to deposing Castell. (Indeed, this court is told that,
4  after having turned down RIM's proposed May and June 2010 deposition dates, Mformation
5  has agreed to depose Castell on September 15-16, 2010).

6  Nevertheless, Basillie and Lazaridis did make certain statements about Mformation and
7  its technology. Mformation says that it has, so far, been unsuccessful in obtaining testimony
8  from others about those statements; and indeed, plaintiff says that others will probably not be
9  able to testify about them. Although the parties sharply disagree as to the import of those
10 statements, this court will permit Mformation to conduct a limited deposition of Basillie and of
11 Lazaridis. However, to alleviate the burden on Basillie and Lazaridis, Mformation shall first
12 complete its examination of Castell in his capacity as RIM's Fed. R. Civ. P. 30(b)(6) designee.
13 Additionally, the depositions of Basillie and Lazaridis shall be limited to one hour each.

14 B.     Motion to De-Designate Three Emails

15 The three email strings at issue are appended as Exhibits A, B and C to the Thakur
16 Declaration. They contain messages exchanged between Basillie, Lazaridis and Castell re
17 Mformation during the prior Mformation-RIM business negotiations. RIM has designated them
18 "Confidential–Attorneys' Eyes Only." Claiming that the emails contain no confidential
19 information whatsoever, Mformation argues that they should be de-designated entirely.

20 Neither side's arguments are very compelling. The emails do not appear to be public
21 information, and this court declines to de-designate them entirely, as Mformation requests.
22 However, this court sees no basis for the "Attorneys' Eyes Only" designation; and, it finds that
23 a "Confidential" designation should suffice. RIM confirmed the same at the hearing.
24 Accordingly, the emails in question shall be de-designated "Confidential" under the parties'

3

1  stipulated protective order (Docket No. 51).
2       SO ORDERED.
3  Dated: August 7, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:08-cv-04990-JW Notice has been electronically mailed to:

Aaron D. Charfoos    acharfoos@kirkland.com

Amardeep Lal Thakur    athakur@foley.com, dgrimes@foley.com

Bradford John Black    bradford.black@kirkland.com

Carl John Blickle    carl.blickle@kirkland.com

Eugene Goryunov    egoryunov@kirkland.com

Gina Ann Bibby    gbibby@foley.com, cphillips@foley.com, mlagdameo@foley.com

Justin E. Gray    jegray@foley.com, dgrimes@foley.com

Linda S. DeBruin    ldebruin@kirkland.com, bridgett.ofosu@kirkland.com, kathleen.cawley@kirkland.com, margaret.burke@kirkland.com

Marc Howard Cohen    marc.cohen@kirkland.com, frank.carlow@kirkland.com, julie.bueno@kirkland.com

Maria A. Maras    maria.maras@kirkland.com

Meredith Zinanni    meredith.zinanni@kirkland.com, cassandra.milleville@kirkland.com, kimberly.davenport@kirkland.com

Michael Anthony Parks    mparks@kirkland.com

Shawn Edward McDonald    SEMcDonald@foley.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.