**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
Tel.: (858) 847-6700
Fax: (858) 792-6773
Amardeep (Amar) L. Thakur, CA BAR NO. 194025
ATHAKUR@FOLEY.COM
Shawn E. McDonald, CA BAR NO. 237580
SEMCDONALD@FOLEY.COM
Justin E. Gray, *Pro Hac Vice*
JEGRAY@FOLEY.COM

**FOLEY & LARDNER LLP**
975 Page Mill Road
Palo Alto, CA 94304-1013
Tel: (650) 856-3700
Fax: (650) 856-3710
Gina A. Bibby, CA BAR NO. 242657
GBIBBY@FOLEY.COM

**Attorneys for Plaintiff and Counterclaim Defendant
MFORMATION TECHNOLOGIES, INC.**

**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, IL 60654
Tel.: (312) 862-2000
Fax: (312) 862-2200
Linda S. DeBruin
(Admitted to this Court on September 27, 1991)
LINDA.DEBRUIN@KIRKLAND.COM
Christopher R. Liro, *Pro Hac Vice*
CHRISTOPHER.LIRO@KIRKLAND.COM
Tiffany P. Cunningham, *Pro Hac Vice*
TIFFANY.CUNNINGHAM@KIRKLAND.COM
Aaron D. Charfoos, *Pro Hac Vice*
AARON.CHARFOOS@KIRKLAND.COM
Meredith Zinanni, *Pro Hac Vice*
MEREDITH.ZINANNI@KIRKLAND.COM
Maria A. Maras, *Pro Hac Vice*
MARIA.MARAS@KIRKLAND.COM

**KIRKLAND & ELLIS LLP**
950 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 859-7000
Fax: (650) 859-7500
Marc H. Cohen (CA Bar No. 168773)
MARC.COHEN@KIRKLAND.COM

**Attorneys for Defendants and Counterclaim Plaintiffs
RESEARCH IN MOTION LIMITED and
RESEARCH IN MOTION CORPORATION**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MFORMATION TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>RESEARCH IN MOTION LIMITED, a Canadian corporation<br><br>AND<br><br>RESEARCH IN MOTION CORPORATION, a Delaware corporation,<br><br>Defendants and Counterclaim Plaintiffs. | Case No. 5:08-cv-04990-JW (HRL)<br><br>**JOINT PRELIMINARY PRE-TRIAL AND TRIAL-SETTING CONFERENCE STATEMENT**<br><br>**Hearing Date:  April 11, 2011**<br>**Hearing Time:  11:00 a.m.**<br><br>**Courtroom 8, 4th Floor**<br><br>**Honorable James Ware**<br>**United States District Judge** |
| AND RELATED COUNTERCLAIMS | |

Plaintiff and Counterclaim Defendant Mformation Technologies, Inc. ("Mformation") and Defendants and Counterclaim Plaintiffs Research In Motion Limited and Research In Motion Corporation (collectively "RIM") hereby submit this Joint Preliminary Pretrial Conference Statement.

## STATEMENT OF THE CASE

BACKGROUND

Mformation filed its initial Complaint against RIM on October 31, 2008, asserting U.S. Patent Nos. 6,970,917 ("the '917 patent") and 7,343,408 ("the '408 patent"). Mformation filed its Third Amended Complaint on August 31, 2009, to which RIM answered and filed its Counterclaims on September 15, 2009. On September 30, 2009, Mformation filed its Answer to RIM's counterclaims.

On November 19-20, 2009, the Court held a tutorial and hearing to construe disputed claim terms. On February 25, 2010, the Court issued its First Claim Construction Order. In an order dated April 14, 2010, the Court stayed all discovery on the '408 patent. (Dkt. No. 141.)

RIM filed four motions for summary judgment related to infringement, validity, and willfulness issues for the '917 patent. The Court heard oral argument on these four motions on October 25, 2010. The Court ruled on those motions in a November 18, 2010 Order. (Dkt. No. 355.) The Court granted RIM's motions for summary judgment of invalidity and of non-infringement of the method claims to the extent any steps of the method claims occur only outside the United States. The Court denied RIM's motions for summary judgment of no willful infringement and of non-infringement, but limited Mformation's infringement contentions. (*Id.*)

The parties exchanged updated contentions on January 28, 2011, pursuant to this Court's Order dated December 29, 2010, granting the parties' unopposed motions to amend. (Dkt. No. 377.) The parties exchanged burden of proof expert reports on March 4, 2011 and rebuttal expert reports on March 25, 2011.

ISSUES FOR APRIL 11, 2011 HEARING

1. RIM's Motion for Leave to Modify the Scheduling Order to file Amended Answer and Counterclaims, filed on February 18, 2011 (Dkt. No. 397)

2. Trial Date

The parties jointly request that this Court set a trial date for this case. In accordance with the preliminary pretrial and trial-setting conference statement, the parties state as follows:

   A. The lead attorneys who will try the case for each side will attend this hearing.

   B. Both Mformation and RIM have demanded a jury trial.

   C. The parties anticipate that the jury trial will last approximately 5 days, with three days allocated to Mformation and two days allocated to RIM.

   D. Mformation requests that, should the jury find at least one claim of the '917 Patent infringed and not invalid, the Court establish a date for a one-day bench trial of the issues relating to RIM's inequitable conduct defense and counterclaim.

   E. RIM requests that the Court allow the jury to hear the issues relating to RIM's inequitable conduct defense and counterclaim.

| Event | Scheduled |
|---|---|
| Close of All Discovery | May 13, 2011 |
| Last Day For Hearing Dispositive Motions | July 11, 2011 |

The parties request a trial date, subject to the Court's schedule, the later of at least 60 days after resolution of dispositive motions or 120 days after the close of all discovery, with the final pre-trial conference to occur 30 days before trial commences. Both parties believe they will be ready for trial at such a date subject to the Court's schedule.

**THE PARTIES CONTENTIONS**

MFORMATION'S CONTENTIONS

1. Mformation contends that RIM's BlackBerry Enterprise Server, versions 4.x and 5.x, BlackBerry Profession Software, and BlackBerry handheld devices, to the extent such devices are used with one of the foregoing products, infringe one or more claims of the '917 patent, through direct infringement, inducement, and/or contributory infringement.

2. Mformation contends that RIM's infringement of the '917 patent is either literal or through the doctrine of equivalents.

3. Mformation contends that RIM's infringement of the '917 patent was and is willful.

4. Mformation contends that RIM's non-infringement theories are limited to those set forth in the Expert Report of Anthony Acampora, Ph.D., dated March 25, 2011.

5. Mformation contends that every asserted claim of the '917 patent is valid and enforceable.

6. Mformation contends that RIM's invalidity theories are limited to those set forth in the Expert Report of Anthony Acampora, Ph.D., dated March 4, 2011.

7. Mformation contends that it is entitled to damages in amount to be proven at trial for RIM's infringement of the '917 patent under 35 U.S.C. § 284.

8. Mformation contends that RIM's rebuttal theories regarding damages are limited to those set forth in the Expert Report of Julie Davis dated March 25, 2011.

9. Mformation contends that it is entitled to treble damages for RIM's willful infringement of the '917 patent under 35 U.S.C. § 284.

10. Mformation contends that it is entitled to its costs and expenses of this action and reasonable attorneys' fees pursuant to a finding that this is an exceptional case under 35 U.S.C. § 285.

11. Mformation contends that it is entitled to injunctive relief enjoining RIM from further infringing the '917 patent.

12. Mformation contends that it is entitled to judgment in its favor dismissing with prejudice the Counterclaims of RIM and denying RIM all relief requested in RIM's Counterclaims.

13. Mformation contends that it is entitled to any other relief as the Court may determine to be just and proper.

14. Mformation contends that RIM's theories regarding unenforceability of the '917 patent and patent practice and procedure are limited to those set forth in the Expert Report of Nicholas Godici dated March 4, 2011.

RIM'S CONTENTIONS

1. RIM contends that Mformation has only accused BlackBerry Enterprise Server versions 4.x and 5.x; BlackBerry Professional Software; and BlackBerry handheld devices, to the

-3-

extent such devices are used with one of the foregoing products, of infringing the '917 patent.[1] In response to RIM's Motion for Summary Judgment of Noninfringement of U.S. Patent No. 6,970,917 (Docket No. 297) and in the March 4, 2011 Expert Report of Vijay Madisetti, Ph.D., Mformation failed to argue or cite to any evidence to support its contention that BES version 3.6 infringes the '917 patent.

2. RIM contends that Mformation's infringement theories are limited to those set forth in the Expert Report of Vijay Madisetti, Ph.D. dated March 4, 2011.

3. RIM contends that Mformation's damages theories are limited to those set forth in the Expert Report of Roy Weinstein dated March 4, 2011.

4. RIM contends that Mformation's rebuttal theories regarding invalidity of the '917 patent are limited to those set forth in the Expert Report of Vijay Madisetti, Ph.D. dated March 25, 2011.

5. RIM contends that Mformation's rebuttal theories regarding unenforceability of the '917 patent and patent practice and procedure are limited to those set forth in the Expert Report of Michael Sofocleous dated March 25, 2011.

6. RIM contends that it does not and cannot directly infringe any asserted claim of the '917 patent, and Mformation cannot meet its burden of proving by a preponderance of the evidence that RIM directly infringes any asserted claim of the '917 patent.

7. RIM contends that it does not and has not induced infringement of any asserted claim of the '917 patent, and Mformation cannot meet its burden of proving by a preponderance of the evidence that RIM does or has induced infringement of any asserted claim of the '917 patent.

8. RIM contends that it does not and has not contributed to the infringement of any asserted claim of the '917 patent, and Mformation cannot meet its burden of proving by a

---

[1] The only remaining asserted claims of the '917 patent are claims 1, 4-6, 21-25 and 27. When it granted RIM's Motion for Summary Judgment of Invalidity, the Court found all of the claims of the '917 patent invalid, except claims 1, 4-8, and 21-27. More recently, Mformation has confirmed that it is no longer asserting claims 7, 8, and 26 of the '917 patent. Mformation also agreed to dismiss the '408 patent. RIM reserves all of its claims and defenses with respect to claims 7, 8, and 26 of the '917 patent and the '408 patent to the extent any of these claims remain in this case.

-4-

preponderance of the evidence that RIM does or has contributed to the infringement of any asserted claim of the '917 patent.

9. RIM contends that Mformation has not properly alleged infringement under the doctrine of equivalents and that Mformation should be precluded from making such allegations.

10. RIM contends that it does not and has not willfully infringed any asserted claim of the '917 patent, and Mformation cannot meet its burden of proving by clear and convincing evidence that RIM does or has willfully infringed any asserted claim of the '917 patent. RIM contends that it cannot be liable as a willful infringer based upon either pre-suit or post-suit activity, and Mformation should be precluded from making such allegations.

11. RIM contends that each of the asserted claims of the '917 patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103 based upon at least the following prior art references or prior art systems:

- U.S. Patent No. 6,636,489 to Fingerhut, entitled Wireless Management System and a Method for an Automated Over-the-Air Managing Process for Wireless Communication Device.

- U.S. Patent No. 5,734,820 to Howard, *et. al.*, entitled Security Apparatus and Method for a Data Communications System.

- U.S. Patent No. 6,088,457 to Parkinson, et. al., entitled Method and Apparatus for Over the Air Programming a Communication Device.

- The XcelleNet RemoteWare and Connect: Manage products.

- The Computer Associates Unicenter and Unicenter TNG products.

- The IBM Tivoli product.

- The Mobitex Network and RIM's products.

12. RIM contends that each of the asserted claims of the '917 patent is invalid as obvious under 35 U.S.C. § 103 based upon the preceding references and at least the prior art references and prior art systems cited in RIM's Second Amended Invalidity Contentions.

13. RIM contends that each of the asserted claims of the '917 patent is invalid under the on-sale and/or public use bar of 35 U.S.C. § 102(b).

-5-
Case No. 5:08-cv-04990-JW (HRL)  JOINT PRELIMINARY PRE-TRIAL CONFERENCE STATEMENT

14. RIM further contends that the '917 patent is invalid under 35 U.S.C. §§ 102(f), 116 and 256, because Gurinder Johar was not joined as a joint inventor of the '917 patent. *See generally*, January 22, 2010, Deposition of Gurinder Johar; M1405276; and M66820. Mr. Johar was not joined on the '917 patent with deceptive intent by the named inventors.

15. Each of the asserted claims is invalid under 35 U.S.C. § 112 because the term "the contents" in claim 1 lacks antecedent basis and therefore the term "the contents of the mailbox" is indefinite.

16. Each of the asserted claims is invalid under 35 U.S.C. § 112 as not enabled, indefinite, and/or lacking a written description in the specification of the '917 patent for the "mailbox," "the contents of the mailbox," and/or "transmitting the contents of the mailbox" claim limitations as those terms have been construed. In particular, and to the extent that the claim construction permits a single "mailbox" to hold commands for multiple devices, the asserted claims and the specification of the '917 patent do not describe how to select and transmit a command(s) intended for delivery to only a single device from the mailbox which also contains commands for other devices.

17. Each of the asserted claims is invalid under 35 U.S.C. § 112 because it is not enabled and/or lacks a written description of how to implement and/or establish a mailbox for the wireless device at the server.

18. Claim 4 is invalid under 35 U.S.C. § 112 as not enabled and/or lacking a written description in the specification of the '917 patent because the claim language requires that the connection from the server to the wireless device be established both in response to a threshold condition and periodically. For example, claim 1 requires that the connection between the device and the server be "established based on a threshold condition." Claim 4, which traces its dependency from claim 1, however, requires that the connection be "established periodically."

19. Claims 5, 21, and 22 are invalid under 35 U.S.C. § 112 as indefinite, not enabled, lacking a written description, and/or failing to disclose the best mode in the specification of the '917 patent because the phrase "enabling/disabling" may be interpreted as "enabling *and*

-6-

1 disabling", "enabling *or* disabling", or "enabling *and/or* disabling" and does not disclose which
2 interpretation was preferred by the inventors and how that preference could be implemented.

3     20. RIM further states that the '917 patent is not entitled to claim priority to U.S.
4 Provisional App. No. 60/251,034 ("the '034 Application") because the specification of the '034
5 Application does not adequately support and enable the subject matter claimed in the '917 patent
6 at least with regard to "without a request from the wireless device . . . establishing a mailbox for
7 the wireless device at the server" and "establishing a connection between the wireless device and
8 the server . . . wherein the connection is established based on a threshold condition" limitations in
9 Claim 1. *See generally*, December 9, 2010 Deposition of Rakesh Kushwaha.

10     21. RIM contends that the '917 patent is unenforceable as a result of Mformation's
11 inequitable conduct before the U.S. Patent and Trademark Office.

12     22. RIM contends that Mformation's claims for relief are barred by 28 U.S.C. § 1498
13 to the extent that RIM's actions accused of infringement are for the United States Government and
14 are with the authorization and consent of the United States Government.

15     23. RIM denies that Mformation has complied with 35 U.S.C. § 287.

16     24. RIM contends that, because it did not have actual notice of any allegation of
17 infringement prior to the filing of this action on October 31, 2008, and did not have constructive
18 notice through Mformation's alleged marking in compliance with 35 U.S.C. § 287 prior to
19 October 27, 2008, there can be no damages for any infringement prior to October 27, 2008, at the
20 earliest.

21     25. RIM contends that Mformation is not entitled to any damages, and cannot prove its
22 claim for damages by a preponderance of the evidence.

23     26. RIM contends that Mformation is not entitled to enhanced damages under 35
24 U.S.C. § 284.

25     27. RIM contends that Mformation is not entitled to injunctive relief.

26     28. RIM contends that this is an exceptional case entitling RIM to an award of
27 attorneys' fees and costs (and consultants' fees and costs) incurred in connection with this action
28 pursuant to 35 U.S.C. § 285.

## DISPUTED ISSUES

1. Whether RIM directly infringes any asserted claim of the '917 Patent under 35 U.S.C. § 271(a).

2. Whether RIM induces infringement of any asserted claim of the '917 patent under 35 U.S.C. § 271(b).

3. Whether RIM contributorily infringes any asserted claim of the '917 patent under 35 U.S.C. § 271(c).

4. Whether the asserted claims of the '917 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

5. Whether RIM's purported infringement is willful, such that Mformation may receive enhanced damages pursuant to 35 U.S.C. § 284.

6. Whether the '917 Patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

7. Whether Mformation is entitled to damages to compensate for RIM's purported infringement, and if so, the dollar amount of pre-verdict and post-verdict damages up to the time of judgment.

8. Whether Mformation's damages are limited by 28 U.S.C. § 1498.

9. Whether Mformation's damages are limited by 35 U.S.C. §§ 286, 287 and/or 288.

10. Whether Mformation is entitled to injunctive relief.

11. Whether this case is an exceptional case pursuant to 35 U.S.C. § 285 entitling either party to an award of attorneys' and consultants' fees and costs.

## OUTSTANDING DISCOVERY

The parties have exchanged written discovery (including requests for production, interrogatories, and requests for admission), subpoenaed documents and testimony from third parties, and noticed and taken personal and Rule 30(b)(6) depositions. At least the following discovery has been requested and remains to be completed:

<u>REQUESTED BY MFORMATION TO DATE, BUT STILL PENDING</u>

1. Deposition of RIM on Mformation's Third Notice of Deposition Pursuant to Rule 30(b)(6), as narrowed in correspondence by the parties, to be scheduled.

<u>REQUESTED BY RIM TO DATE, BUT STILL PENDING</u>[2]

1. Deposition and documents from third-party witness from Mesirow Financial.

2. Documents from third party, Gurinder Johar.

3. RIM seeks to continue the Deposition of Rakesh Kushwaha, both in his individual capacity and as Mformation's Rule 30(b)(6) deponent for RIM's Third Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6).

4. RIM seeks to continue the deposition of Kerry Daddato as Mformation's Rule 30(b)(6) deponent for RIM's Third Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6).

<u>DISCOVERY MOTIONS SCHEDULED FOR HEARING ON APRIL 19, 2011</u>

1. RIM's Motion to Strike Improper Errata Sheet, Preclude Reliance on Newly Produced Source Code, and for Sanctions, filed on February 14, 2011 and pending before Magistrate Judge Lloyd (Dkt. No. 389); and

2. RIM's Motion Requesting Redactions to the August 3, 2010 Hearing Transcript, filed on February 18, 2011 and pending before Magistrate Judge Lloyd (Dkt. No. 394).

***DAUBERT* MOTIONS SCHEDULED FOR HEARING ON SEPTEMBER 12, 2011**

1. Research In Motion Ltd.'s and Research In Motion Corp.'s Notice of Motion and Motion under *Daubert* to Exclude the Opinions of Mr. Roy Weinstein, filed on March 28, 2011 (Dkt. No. 416)

2. Mformation's Motion to Exclude Portions of the March 4, 2011 Expert Report of Defendants' Expert, Dr. Anthony Acampora, filed on March 28, 2011 (Dkt. No. 419)

**ANTICIPATED MOTION PRACTICE**

Mformation anticipates filing additional standard discovery motions as needed, and motions *in limine*. Mformation intends to seek permission to file summary judgment motions, to the extent permissible under the Court's rulings, as necessary.

RIM anticipates filing additional standard discovery motions as needed and motions *in limine*. RIM intends to seek permission to file a motion for summary judgment concerning Mformation's failure to mark and other summary judgment motions, to the extent permissible

---

[2] RIM also reserves the right to depose Saran Sahni, Gabe Beltramino and Rowan Scranage, which were previously noticed.

under the Court's rulings, as necessary. RIM also anticipates filing a motion to dismiss the '408 patent and claims 7, 8 and 26 of the '917 patent from this litigation with prejudice if the parties are unable to resolve the issue.

## SETTLEMENT

The case has been referred to Magistrate Judge Laporte for settlement purposes. The parties participated in one settlement conference on July 2, 2010, and another on December 16, 2010. The parties have a further settlement conference with Magistrate Judge Laporte scheduled for May 5, 2011.

By his/her signature below, and pursuant to General Order No. 45, Section X(B) regarding signatures, counsel for RIM attests that counsel for Mformation, whose electronic signature is provided, has concurred in this filing.

Dated: April 1, 2011  FOLEY & LARDNER LLP

By: */s/* Amar L. Thakur
Amar L. Thakur
Shawn E. McDonald
Gina A. Bibby
Justin E. Gray
Attorneys for
Mformation Technologies, Inc.

Dated: April 1, 2011  KIRKLAND & ELLIS LLP

By: */s/* Tiffany P. Cunningham
Linda S. DeBruin
Mark H. Cohen (CA Bar No. 168773)
Christopher R. Liro
Tiffany P. Cunningham
Aaron D. Charfoos
Maria A. Maras
Meredith Zinanni
Attorneys for
Research In Motion Limited and
Research In Motion Corporation

**CERTIFICATE OF SERVICE**

I hereby certify on this 1st day of April, 2011 that a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

Dated: April 1, 2011

KIRKLAND & ELLIS LLP

By: /s/ Frank Carlow
Frank Carlow
Intellectual Property Legal Assistant

Linda S. DeBruin
Mark H. Cohen (CA Bar No. 168773)
Christopher R. Liro
Tiffany P. Cunningham
Aaron D. Charfoos
Maria A. Maras
Meredith Zinanni
Attorneys for
Research In Motion Limited and
Research In Motion Corporation