*E-FILED 06-17-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MFORMATION TECHNOLOGIES, INC., | No. C08-04990 JW (HRL) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DOCUMENTS** |
| v. | |
| RESEARCH IN MOTION LIMITED and RESEARCH IN MOTION CORPORATION, | [Re: Docket No. 497] |
| Defendants. | |

Defendants Research in Motion Limited and Research in Motion Corporation (collectively, RIM) move for an order compelling plaintiff Mformation Technologies, Inc. to produce several documents which Mformation previously produced, but then later "clawed back," asserting that they are protected by the attorney-client privilege. There is no apparent dispute as to the relevance of the information. RIM contends that the documents are not privileged or otherwise protected from discovery. Mformation opposes the motion.[1] The matter is deemed appropriate for determination without oral argument, and the June 21, 2011 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion.

---

[1] Although Mformation's opposition papers were belatedly filed, this court has considered them. The court does not, however, condone the failure to timely comply with filing deadlines.

The instant dispute may overlap somewhat with the issues in Mformation's motion to quash pending in the Central District of California. This court, however, is not persuaded that the two motions are duplicative. RIM convincingly argues that the two motions concern different documents and different asserted legal bases for Mformation's objection to the discovery. Mformation's request to strike the instant motion to compel therefore is denied, as is Mformation's request that this court simply issue an order consistent with whatever ruling issues from the Central District of California on plaintiff's pending motion to quash.

With respect to the several documents at issue here, Mformation has redacted portions of two documents and withheld one document entirely on the ground that the information is protected by the attorney-client privilege. Suffice to say that Mformation has made no attempt to substantiate its claim that the privilege applies. It does not deny that the documents and information in question were not authored or received by any attorney. Instead, Mformation simply refers this court to the motion to quash papers filed in the Central District of California in which Mformation argues at length about why the work product doctrine applies to a different set of documents. Moreover, based on the record presented, this court is persuaded that the information in question was generated purely for business purposes. See, e.g., United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011) ("If the advice sought is not legal advice, but, for example, accounting advice from an accountant, then the privilege does not exist.").

As for the attorney work product doctrine, Mformation did not assert that doctrine in its privilege log as a basis for withholding the subject documents. And, plaintiff offers no cogent reason why this court should entertain arguments as to why that doctrine applies here.

Accordingly, RIM's motion to compel is granted.[2] Mformation shall produce the subject documents in unredacted form within 14 days from the date of this order. To the extent

---

[2] RIM also contends that it is entitled to discovery of the subject documents, asserting that plaintiff's damages expert, Roy Weinstein, considered certain information in forming his opinion. Mformation objects that RIM submitted Weinstein's deposition testimony for the first time only in its reply papers. But, that deposition apparently did not take place until after the instant motion was filed. In any event, Mformation disagrees with RIM's assertions as to what Weinstein considered. This court need not resolve this particular issue because it otherwise finds sufficient reasons to grant RIM's motion.

1  defendants believe that a further expert report or other discovery is warranted, they will need to
2  address that issue with the presiding judge.
3       SO ORDERED.
4  Dated: June 17, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:08-cv-04990-JW Notice has been electronically mailed to:

Aaron D. Charfoos     acharfoos@kirkland.com

Allen A. Arntsen     aarntsen@foley.com, psorensen@foley.com

Amardeep Lal Thakur     athakur@foley.com, dgrimes@foley.com

Christopher R. Liro     christopher.liro@kirkland.com

Eugene Goryunov     egoryunov@kirkland.com

Justin E. Gray     jegray@foley.com, dgrimes@foley.com

Linda S. DeBruin     ldebruin@kirkland.com, bridgett.ofosu@kirkland.com, kathleen.cawley@kirkland.com, margaret.burke@kirkland.com

Lisa Marie Noller     lnoller@foley.com

Marc Howard Cohen     marc.cohen@kirkland.com, frank.carlow@kirkland.com, lesley.ahlberg@kirkland.com, mary.nguyen@kirkland.com

Maria A. Maras     maria.maras@kirkland.com

Meredith Zinanni     meredith.zinanni@kirkland.com, cassandra.milleville@kirkland.com, kimberly.davenport@kirkland.com

Michael Anthony Parks     mparks@thompsoncoburn.com

Michael Daley Karson     michael.karson@kirkland.com

Michael S Feldberg     michael.feldberg@allenovery.com

Shawn Edward McDonald     SEMcDonald@foley.com

Tiffany Patrice Cunningham     tiffany.cunningham@kirkland.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4