**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
TEL.: (858) 847-6700
FAX: (858) 792-6773
AMARDEEP (AMAR) L. THAKUR, CA BAR NO. 194025
ATHAKUR@FOLEY.COM
SHAWN E. MCDONALD, CA BAR NO. 237580
SEMCDONALD@FOLEY.COM
JUSTIN E. GRAY (*PRO HAC VICE*)
JEGRAY@FOLEY.COM

**FOLEY & LARDNER LLP**
150 E. GILMAN ST.
MADISON, WI 53703
TEL: (608) 258-4293
FAX: (608) 258-4258
ALLEN A. ARNTSEN (*PRO HAC VICE*)
AARNTSEN@FOLEY.COM

**FOLEY & LARDNER LLP**
321 N. CLARK ST., STE. 2800
CHICAGO, IL 60654
TEL: (312) 832-4363
FAX: (312) 832-4700
LISA M. NOLLER (*PRO HAC VICE*)
LNOLLER@FOLEY.COM

ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT
MFORMATION TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MFORMATION TECHNOLOGIES, INC., a Delaware corporation, | Case No: 5:08-cv-04990-JW (HRL) |
| Plaintiff and Counterclaim Defendant, | **MFORMATION TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF NO ANTICIPATION UNDER 35 U.S.C. § 102** |
| v. | **HEARING REQUESTED** |
| RESEARCH IN MOTION LIMITED, a Canadian corporation | Date: September 26, 2011 |
| AND | Time: 9:00 AM |
| RESEARCH IN MOTION CORPORATION, a Delaware corporation, | Courtroom: 5<br>Judge: Honorable James Ware |
| Defendants and Counterclaim Plaintiffs. | **[REDACTED VERSION FOR PUBLIC VIEWING] PORTIONS DESIGNATED CONFIDENTIAL–ATTORNEYS' EYES ONLY]** |
| AND RELATED COUNTERCLAIMS | |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ................................. 1

STATEMENT OF RELIEF REQUESTED AND ISSUE TO BE DECIDED ............................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 2

I.      INTRODUCTION ............................................................................................ 2

II.     STATEMENT OF FACTS ............................................................................... 2

        A.      Unicenter TNG System .................................................................. 2

        B.      Howard Patent ................................................................................ 2

        C.      Mobitex System ............................................................................. 3

        D.      RemoteWare System ...................................................................... 3

III.    LEGAL STANDARDS .................................................................................... 4

        A.      Summary Judgment Standard ....................................................... 4

        B.      Presumption of Validity ................................................................. 4

        C.      Anticipation Standard .................................................................... 5

IV.     ARGUMENT ................................................................................................... 6

        A.      The Unicenter TNG System Cannot Anticipate ......................... 6

                (1)     RIM has failed to show that the Unicenter TNG System discloses
                        "remotely managing a wireless device over a wireless network" .............. 7

                (2)     RIM has failed to show that the Unicenter TNG System discloses
                        "verifying the registration information at the server" ............................... 7

                (3)     RIM has failed to show that the Unicenter TNG System discloses
                        "establishing a mailbox for the wireless device at the server" without a
                        request from the wireless device ................................................................ 8

                (4)     RIM has failed to show that the Unicenter TNG System discloses
                        "accepting the contents of the mailbox at the wireless device" ................. 9

        B.      The Howard Patent Cannot Anticipate ....................................... 9

                (1)     RIM has failed to show that the Howard Patent discloses "transmitting
                        registration information relating to the wireless device from the wireless
                        device to the server" and "verifying the registration at the server" .......... 10

i

(2)     RIM has failed to show that the Howard Patent discloses "establishing a mailbox for the wireless device at the server" without a request from the wireless device ........................................................................................ 11

(3)     RIM has failed to show that the Howard Patent discloses "placing a command for the wireless device in the mailbox at the server" without a request from the wireless device .................................................................... 12

(4)     RIM has failed to show that the Howard Patent discloses "accepting the contents of the mailbox at the wireless device" ........................................ 12

C.      The Mobitex System Cannot Anticipate .................................................... 12

(1)     RIM has failed to show that the Mobitex System discloses "establishing a mailbox for the wireless device at the server" without a request from the wireless device ........................................................................................ 13

(2)     RIM has failed to show that the Mobitex System discloses "placing a command for the wireless in the mailbox at the server" without a request from the wireless device .......................................................................... 14

(3)     RIM has failed to show that the Mobitex System discloses "accepting the contents of the mailbox at the wireless device" ........................................ 15

D.      The RemoteWare System Cannot Anticipate ........................................... 15

(1)     RIM has failed to show that the RemoteWare System discloses "remotely managing a wireless device over a wireless network" .............................. 16

(2)     RIM has failed to show that the RemoteWare System discloses "establishing a mailbox for the wireless device at the server" without a request from the wireless device ............................................................... 17

(3)     RIM has failed to show that the RemoteWare System discloses "accepting the contents of the mailbox at the wireless device" .................................. 17

V.      CONCLUSION ............................................................................................ 18

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................................4

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)............................................................................................... 4-5

*Diversitech Corp. v. Century Steps, Inc.*,
    850 F.2d 675 (Fed. Cir. 1988).......................................................................... Passim

*Finnigan Corp. v. Int'l Trade Comm'n*,
    180 F.3d 1354 (Fed. Cir. 1999)........................................................................ Passim

*Gentry Gallery, Inc. v. Berkline Corp.*,
    134 F.3d 1473 (Fed. Cir. 1998).................................................................................4

*In re Omeprazole Patent Litig.*,
    483 F.3d 1364 (Fed. Cir. 2007).................................................................................5

*Innovative Scuba Concepts, Inc. v. Feder Indus., Inc.*,
    26 F.3d 1112 (Fed. Cir. 1994)...................................................................................5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)..................................................................................................4

*Microsoft Corp. v. i4i Ltd.*,
    ___ U.S. ___, 180 L. Ed. 2d 131, 2011 U.S. LEXIS 4376 (Jun. 9, 2011)............ 4-5

*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*,
    806 F.2d 1565 (Fed. Cir. 1986)............................................................................. 4-5

*Transclean Corp. v. Bridgewood Servs., Inc.*,
    290 F.3d 1364 (Fed. Cir. 2002).................................................................................4

*Trintec Indus., Inc. v. Top-U.S.A. Corp.*,
    295 F.3d 1292 (Fed. Cir. 2002).................................................................................5

**FEDERAL STATUTES**

35 U.S.C. § 102...........................................................................................................Passim

35 U.S.C. § 282.....................................................................................................................4

**RULES**

Fed. R. Civ. P. 56(c) .............................................................................................................4

i

## NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on September 26, 2011 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of Honorable James Ware at the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California, 94102, the Court will hear Mformation Technologies, Inc.'s ("Mformation's") Motion for Summary Judgment of No Anticipation Under 35 U.S.C. § 102. This motion is based on this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the accompanying declaration of Amar L. Thakur; the Reply papers; all pleadings and papers filed in this action; and upon such evidence and argument that may properly be presented at or before the hearing on this matter.

## STATEMENT OF RELIEF REQUESTED AND ISSUE TO BE DECIDED

Mformation respectfully seeks summary judgment that claims 1, 4, 5, 6, 21-25, and 27 of U.S. Patent No. 6,970,917 are not anticipated by the Unicenter TNG System, the Howard Patent, the Mobitex System, or the RemoteWare System.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      INTRODUCTION

Defendants Research in Motion Limited and Research in Motion Corporation (collectively, "RIM") have persisted in unmeritorious anticipation arguments despite the fact that, after cluttering the record with thousands of pages of documents and hundreds of pages of deposition testimony ████████████████████ all four of RIM's allegedly anticipatory references clearly fail to disclose multiple limitations of the patent claims asserted in this case. Therefore, Mformation respectfully requests that this Court reject RIM's unmeritorious anticipation arguments as a matter of law and grant Mformation's motion for summary judgment on RIM's anticipation arguments.

## II.      STATEMENT OF FACTS

This case concerns infringement by RIM of U.S. Patent No. 6,970,917 ("the '917 Patent"), specifically claims 1, 4, 5, 6, 21-25, and 27 ("the Asserted Claims").

At issue in this motion are RIM's arguments as set forth in its invalidity contentions and technical expert's report that the Asserted Claims are anticipated by four references: the Unicenter TNG System, the Howard Patent, the Mobitex System, and the RemoteWare System. For the reasons set forth below, each of RIM's anticipation arguments is wholly without merit and fails as a matter of law.

### A.      Unicenter TNG System

The Unicenter TNG System is used for administration of information technology products like laptops and printers. In its invalidity contentions and technical expert's report, RIM has cited to snippets of text, very frequently taken out of context, from 20 documents encompassing roughly 4000 pages that purport to describe this system, as well as the deposition testimony of a 30(b)(6) designee from Computer Associates Inc., the creator of this system.

### B.      Howard Patent

The Howard Patent generally relates to data communications systems where a remote user obtains access to a host to get access to the processing and storage capabilities of the host. In order to ensure that users of the data communications systems do not have complete access to

2

the host (and potentially other users' data that resides on the host), the Howard Patent describes providing a security apparatus that associates data repositories within the host with particular users so that each user can only access the appropriate data repositories.  The Howard Patent relates to the idea of distributed computing and it does not have anything to do with wireless device remote management as claimed in the '917 Patent.  In fact, the Howard Patent is directed to exactly the opposite purpose of the '917 Patent by empowering remote users to benefit from central processing and storage capabilities rather than empowering a central server to monitor and control wireless devices remotely as described in the '917 Patent.

## C.    Mobitex System

The Mobitex System is a wireless infrastructure system for data communications implemented at the wireless carrier level, not the enterprise (corporate) level.  The Mobitex System lacks wireless device remote management, and it is precisely that missing remote management capability that was provided by the invention of the '917 Patent.  In its invalidity contentions and technical expert's report, RIM has improperly attempted to combine at least 28 separate documents encompassing over 2700 pages describing three distinct references (documents purporting to describe the Mobitex Network itself, a U.S. patent that makes passing reference to the existence of the Mobitex Network, and documents purporting to describe a RIM product named RAD-I/O which allegedly could make use of the Mobitex Network) into a single reference for purposes of anticipation.

## D.    RemoteWare System

The RemoteWare System is a software and data/file delivery tool that could communicate with devices using "sessions."  The story with this reference is similar to that of the Unicenter TNG System reference.  RIM cluttered the record by citing to snippets of text, frequently taken out of context, from 22 documents encompassing roughly 2300 pages that purport to describe three different software products (RemoteWare version 3.0, RemoteWare version 3.1, and CONNECT:Manage version 3.0) which RIM is improperly attempting to combine into a single prior art reference, a PCT patent that RIM has made no effort to show actually describes the RemoteWare System, as well as deposition testimony from two witnesses:   one a 30(b)(6)

3

witness from Sybase Inc., the creator of the RemoteWare System, and one a former sales

employee of Sybase ███████████████████████████

## III.   LEGAL STANDARDS

### A.   Summary Judgment Standard

Summary judgment "is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1476 (Fed. Cir. 1998); Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).  In this case, summary judgment would serve one of its primary purposes, which "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  RIM carries the burden of proof on invalidity and, therefore, RIM must come forward with evidence demonstrating a genuine issue of material fact requiring trial. *Anderson*, 477 U.S. at 256-57.  Although legitimate evidentiary inferences must be drawn in the nonmovant's favor, RIM cannot create a genuine issue of material fact merely by stating that a fact is challenged; it must show the existence of a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B.   Presumption of Validity

Patents are presumed valid.  35 U.S.C. § 282.  "[B]y its express terms, § 282 establishes a presumption of patent validity, and it provides that a challenger must overcome that presumption to prevail on an invalidity defense."  *Microsoft Corp. v. i4i Ltd.*, ___ U.S. ___, 180 L. Ed. 2d 131, 2011 U.S. LEXIS 4376, at *15 (Jun. 9, 2011).  Accordingly, a patentee need submit no evidence in support of a conclusion of validity.  *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1570 (Fed. Cir. 1986).  A party challenging validity, however, must overcome the statutory presumption by clear and convincing evidence, and establish facts supporting the conclusion of validity.  *Microsoft Corp.*, 2011 U.S. LEXIS 4376, at *7 ("We consider whether § 282 requires an invalidity defense to be proved by clear and convincing evidence.  We hold that it does."); *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002).  To be clear and convincing, the evidence must produce a firm belief or conviction that

4

1  the matter sought to be established is highly probable and free from serious doubt.

2  *Orthokinetics*, 806 F.2d at 1570.  The validity of a patent may be upheld solely on the failure of a

3  challenger's evidence to convincingly establish the contrary.  *Id.*  If and only if the challenger

4  presents a ***prima facie*** case of invalidity, then the patentee has the burden to come forward with

5  rebuttal evidence.  *Innovative Scuba Concepts, Inc. v. Feder Indus., Inc.*, 26 F.3d 1112, 1115

6  (Fed. Cir. 1994).  The presumption of validity, however, remains intact and the ultimate burden

7  of proving invalidity remains with the Defendants.  *Id.*

8       Courts considering summary judgment must be mindful of the presumptions and burdens

9  of proof assigned to the moving and non-moving parties.  *Celotex*, 477 U.S. at 322-23.

10 Accordingly, where a party with the burden fails to come forward with sufficient evidence to

11 support an essential element of a claim, summary judgment must issue because a complete

12 failure of proof regarding an essential element renders all other facts immaterial.  *Id.*

13     **C.    Anticipation Standard**

14      "For a prior art reference to anticipate in terms of 35 U.S.C. § 102, every element of the

15 claimed invention must be identically shown in a single reference."  *Diversitech Corp. v.*

16 *Century Steps, Inc.*, 850 F.2d 675, 677 (Fed. Cir. 1988).  Regardless of whether the reference

17 was previously before the patent examiner during prosecution, the burden of showing invalidity

18 by clear and convincing evidence applies.  *Microsoft Corp.*, 2011 U.S. LEXIS 4376, at *32

19 ("Nothing in § 282's text suggests that Congress meant to depart from that understanding to

20 enact a standard of proof that would rise and fall with the facts of each case.").

21      "Anticipation requires disclosure of each and every claim limitation in a single prior art

22 reference, either explicitly or inherently." *In re Omeprazole Patent Litig.*, 483 F.3d 1364, 1371

23 (Fed. Cir. 2007). "Inherent anticipation requires that the missing descriptive material is

24 'necessarily present,' not merely probably or possibly present, in the prior art."  *Trintec Indus.,*

25 *Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1295 (Fed. Cir. 2002).  "To serve as an anticipation

26 when the reference is silent about the asserted inherent characteristic, such gap in the reference

27 may be filled with recourse to extrinsic evidence.  Such evidence must make clear that the

28 missing descriptive matter is necessarily present in the thing described in the reference, and that

                                                      5

1    it would be so recognized by persons of ordinary skill." *Finnigan Corp. v. Int'l Trade Comm'n*,

2    180 F.3d 1354, 1365 (Fed. Cir. 1999).

3           Particularly relevant to this motion is that the Federal Circuit has made clear that

4    uncorroborated testimony does not rise to the level of clear and convincing evidence needed to

5    invalidate patent claims, as a matter of law. *Id.* at 1367 ("[A] witness's uncorroborated

6    testimony is equally suspect as clear and convincing evidence if he testifies concerning the use of

7    the invention in public before invention by the patentee (§ 102(a)), use of the invention in public

8    one year before the patentee filed his patent (§ 102(b)), or invention before the patentee

9    (§ 102(g)).").  "[T]he need for corroboration exists regardless whether the party testifying

10   concerning the invalidating activity is interested in the outcome of the litigation (*e.g.*, because

11   that party is the accused infringer) or is uninterested but testifying on behalf of an interested

12   party." *Id.*

13   **IV.   <u>ARGUMENT</u>**

14          **A.   The Unicenter TNG System Cannot Anticipate**

15          The Unicenter TNG System is used for administration of information technology

16   products at laptops and printers.  RIM relies on citations from thousands of pages to contend that

17   the Unicenter TNG System anticipates all the Asserted Claims of the '917 Patent.  But, the

18   Unicenter TNG System does not disclose numerous limitations found in all the Asserted Claims.

19   Therefore, the Unicenter TNG System cannot anticipate as a matter of law.

20          RIM has failed to show that the Unicenter TNG System discloses at least the following

21   claim limitations of Claim 1 of the '917 Patent[1]:

22          •      "remotely managing a wireless device over a wireless network"

23          •      "verifying the registration information at the server"

24          •      "without a request from the wireless device … establishing a mailbox for

25                 the wireless device at the server"

26   _____

27   [1] Mformation does not concede that the other limitations of the Asserted Claims are disclosed by
     the Unicenter TNG System, but focuses for purposes of summary judgment on the arguments
28   contained herein.

6

- "accepting the contents of the mailbox at the wireless device"

Each of these claim limitations are present in each Asserted Claim, as Claim 1 is an Asserted Claim and all of the other Asserted Claims depend from Claim 1. Therefore, if the Unicenter TNG System does not anticipate Claim 1, it also does not anticipate any of the other Asserted Claims. Further, all Mformation need show is that the Unicenter TNG System lacks a single claim limitation for this court to grant summary judgment of no anticipation in Mformation's favor for this reference. *Diversitech Corp.*, 850 F.2d at 677 ("For a prior art reference to anticipate in terms of 35 U.S.C. § 102, every element of the claimed invention must be identically shown in a single reference.").

### (1) RIM has failed to show that the Unicenter TNG System discloses "remotely managing a wireless device over a wireless network"

RIM has failed to show that the Unicenter TNG System discloses the preamble of Claim 1, namely "remotely managing a wireless device over a wireless network." The Court construed the preamble during claim construction as meaning "[u]sing the server that is physically separate from the wireless device to wirelessly control the functionality of the wireless device." (First Claim Construction Order, Dkt. No. 127 at 10.) Though RIM has attempted to overwhelm the record by citing to literally thousands of pages of documents that purport to describe the Unicenter TNG System, none of these documents disclose that the Unicenter TNG System could be used, or was ever actually used, in a wireless environment. (*See, e.g.*, Declaration of Amar Thakur in Support of Mformation Technologies, Inc.'s Motion for Summary Judgment of No Anticipation Under 35 U.S.C. § 102 ("Thakur Decl."), Ex. G.) Instead, RIM has relied **solely** on deposition testimony in its strained attempt to show that the Unicenter TNG System was used wirelessly. (Thakur Decl., Ex. A at ¶ 399; Ex. G.) But, uncorroborated deposition testimony alone cannot rise to the level of clear and convincing evidence necessary to invalidate patent claims as a matter of law. *Finnigan Corp.*, 180 F.3d at 1367. RIM has therefore failed to show, as a matter of law, that the Unicenter TNG System discloses the preamble to Claim 1 and the Unicenter TNG System cannot anticipate any of the Asserted Claims of the '917 Patent.

### (2) RIM has failed to show that the Unicenter TNG System discloses "verifying the registration information at the server"

7

1    RIM has failed to show that the Unicenter TNG System discloses the claim step of

2    "verifying the registration information at the server."  In RIM's technical expert's report, he

3    states that ███████████████████████████████████████████████

4    ████   (Thakur Decl., Ex. A at ¶ 405.)   All that is cited in support of this allegation is

5    uncorroborated deposition testimony.  While RIM's technical expert points to two documents in

6    the same paragraph of his report, neither of these documents have anything to do with

7    corroborating the witness testimony.  The same can be said for the documents cited in RIM's

8    invalidity contentions concerning this reference and this particular claim step.  (*See* Thakur

9    Decl., Ex. G.)  Again, uncorroborated deposition testimony alone cannot rise to the level of clear

10   and convincing evidence necessary to invalidate patent claims as a matter of law.  *Finnigan*

11   *Corp.*, 180 F.3d at 1367.  Even if uncorroborated testimony was somehow sufficient, which it is

12   not, in this case it defies all logic for RIM to equate verification of the registration information

13   with ████████████████████████, especially when RIM has cited to no documents or

14   testimony explaining exactly what ███████████ is or the details of how it functions.  RIM has

15   therefore not shown, as a matter of law, that the Unicenter TNG System discloses this claim step

16   and the Unicenter TNG System cannot anticipate any of the Asserted Claims of the '917 Patent.

17       **(3)**    **RIM has failed to show that the Unicenter TNG System discloses**
18   **"establishing a mailbox for the wireless device at the server" without**
     **a request from the wireless device**

19   RIM has failed to show that the Unicenter TNG System discloses the claim step of

20   "establishing a mailbox for the wireless device at the server" without a request from the wireless

21   device.  RIM has pointed to four data structures allegedly present in the Unicenter TNG System

22   that it contends disclose the claimed mailbox: ██████████████████████████

23   ████████████████████████   (*See, e.g.*, Thakur Decl., Ex. A at ¶¶ 408-410.)

24   Regarding █████████████████████████████████, all RIM has cited to in

25   support of its assertions is uncorroborated testimony.  (Thakur Decl., Ex. A at ¶ 408; Ex. G.)  As

26   explained above, such testimony, by itself, is insufficient to invalidate patent claims as a matter

27   of law.  *Finnigan Corp.*, 180 F.3d at 1367.  Regarding ████████████████   RIM has

28   failed to show that this data structure was created without a request from the wireless device.  In

8

support of the allegation that ███████████████ was created without a request, RIM's

technical expert only cites to the following language on one page of a document that purportedly

describes the Unicenter TNG System: ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

(Thakur Decl., Ex. A at ¶ 408.)  This statement clearly has absolutely nothing to do with whether

███████████████ is created with or without a request from a wireless device.  Instead,

the language of the document and basic common sense point in the opposite direction, expressly

indicating that the ████████████████████████████████████

██████████████, *i.e.*, with a request from the device.  RIM has therefore not shown, as a

matter of law, that the Unicenter TNG System discloses this claim step and the Unicenter TNG

System cannot anticipate any of the Asserted Claims of the '917 Patent.

> **(4)     RIM has failed to show that the Unicenter TNG System discloses "accepting the contents of the mailbox at the wireless device"**

RIM has failed to show that the Unicenter TNG System discloses the claim step of

"accepting the contents of the mailbox at the wireless device."   Nowhere in either RIM's

invalidity contentions or its technical expert's report is this claim step specifically discussed in

the context of the Unicenter TNG System.  (*See, e.g.*, Thakur Decl., Ex. A at ¶¶ 417-422; Ex. G.)

As RIM has not even attempted to point to any express disclosure within the Unicenter TNG

System of this claim step, RIM has not shown, as a matter of law, that the Unicenter TNG

System discloses this claim step.  Therefore, the Unicenter TNG System cannot anticipate any of

the Asserted Claims of the '917 Patent.

**B.     The Howard Patent Cannot Anticipate**

U.S. Patent No. 5,734,820 ("the Howard Patent") generally relates to a data

communications system where a remote user obtains access to a host in order to utilize the

processing and storage capabilities of the host.   Again, this is completely unrelated to the

purpose of the '917 Patent.  RIM contends that the Howard Patent anticipates certain Asserted

Claims of the '917 Patent.  But, the Howard Patent does not disclose numerous limitations found

in each of the Asserted Claims.  Therefore, the Howard Patent cannot anticipate as a matter of law.

RIM has failed to show that the Howard Patent discloses at least the following claim limitations of Claim 1 of the '917 Patent[2]:

- "transmitting registration information relating to the wireless device from the wireless device to the server"

- "verifying the registration information at the server"

- "without a request from the wireless device … establishing a mailbox for the wireless device at the server"

- "without a request from the wireless device … placing a command for the wireless device in the mailbox at the server"

- "accepting the contents of the mailbox at the wireless device"

Each of these claim limitations is present in each Asserted Claim, as Claim 1 is an Asserted Claim and all of the other Asserted Claims depend from Claim 1.  Therefore, if the Howard Patent does not anticipate Claim 1, it also does not anticipate any of the other Asserted Claims. Further, all Mformation need show is that the Howard Patent lacks a single claim limitation for this court to grant summary judgment of no anticipation in Mformation's favor for this reference. *Diversitech Corp.,* 850 F.2d at 677 ("For a prior art reference to anticipate in terms of 35 U.S.C. § 102, every element of the claimed invention must be identically shown in a single reference.").

**(1)      RIM has failed to show that the Howard Patent discloses "transmitting registration information relating to the wireless device from the wireless device to the server" and "verifying the registration at the server"**

RIM has failed to show that the Howard Patent discloses the claim steps of "transmitting registration information relating to the wireless device from the wireless device to the server" and "verifying the registration information at the server."   RIM has pointed to the following

---

[2]  Mformation does not concede that the other limitations of the Asserted Claims are disclosed by the Howard Patent, but focuses for purposes of summary judgment on the arguments contained herein.

10

items from the Howard Patent as allegedly disclosing the claimed "registration information relating to the wireless device":  a "username", a "password", a "mailbox ID", "any other information suitable to identify or authorize remote", and a "password corresponding to each mailbox ID".  (Thakur Decl., Ex. A at ¶ 361.)

Regarding the "username" disclosed in the Howard Patent, this piece of information unmistakably relates to a user, not to any particular device.  This is supported by the Howard Patent disclosure, which provides that one of the important technical advantages of the invention disclosed in the Howard Patent is "providing a security apparatus and method that associates a data repository within the memory of the host with a user, and limits the user's access to the memory of the host to access the user's associated data repository."  (Thakur Decl., Ex. H at 1:57-60.)  There is absolutely no disclosure in Howard that equates a username to "registration information relating to the wireless device."  The whole focus of the Howard Patent is about users and being device agnostic.

Regarding the "password" disclosed in the Howard Patent, there is no disclosure that provides the password relates to any specific wireless *device* as opposed to a particular *user*.

Regarding the "mailbox ID" and "password corresponding to each mailbox ID" disclosed in the Howard Patent, these items also relate to users, not devices.  The mailbox IDs disclosed in the Howard Patent relate to particular data repositories that can exist on the "host" server to which users can gain access, and these data repositories are associated with particular users, not devices.  (Thakur Decl., Ex. H at Claim 1, Claim 9, Claim 20, 1:56-2:3.)

Regarding the "any other information suitable to identify or authorize remote", there is no express or implicit disclosure in Howard that such information would relate to particular devices as opposed to users.

      **(2)**     **RIM has failed to show that the Howard Patent discloses "establishing a mailbox for the wireless device at the server" without a request from the wireless device**

RIM has failed to show that the Howard Patent discloses the claim step of "establishing a mailbox for the wireless device at the server" without a request from the wireless device.  While RIM has pointed to various data structures of the Howard Patent as allegedly disclosing this

11

claim step, RIM has done nothing to show that the Howard Patent discloses, either expressly or inherently, creation of any of these data structures without a request from the wireless device. Again, the Howard Patent is about enabling users (instead of enterprises) to control their need to access processing and storage capabilities of a server (*e.g.* establishing a mailbox).

> **(3)   RIM has failed to show that the Howard Patent discloses "placing a command for the wireless device in the mailbox at the server" without a request from the wireless device**

RIM has failed to show that the Howard Patent discloses the claim step of "placing a command for the wireless device in the mailbox at the server" without a request from the wireless device.   While RIM has pointed to various disclosures within the Howard Patent regarding the claim term "command" at no point has RIM shown that the Howard Patent discloses placing a command in a mailbox without a request from the wireless device.

> **(4)   RIM has failed to show that the Howard Patent discloses "accepting the contents of the mailbox at the wireless device"**

RIM has failed to show that the Howard Patent discloses the claim step of "accepting the contents of the mailbox at the wireless device."   Nowhere in either RIM's invalidity contentions or its technical expert's report is this claim step specifically discussed in the context of the Howard Patent.   (*See, e.g.*, Thakur Decl., Ex. A at ¶¶ 374-378; Ex. F.)   As RIM has not even attempted to point to any express disclosure within the Howard Patent of this claim step, RIM has not shown, as a matter of law, that the Howard Patent discloses this claim step.   Therefore, the Howard Patent cannot anticipate any of the Asserted Claims of the '917 Patent.

## C.   The Mobitex System Cannot Anticipate

The Mobitex System is a wireless infrastructure system for data communications implemented at the wireless carrier level.   RIM contends that the Mobitex System anticipates the Asserted Claims of the '917 Patent.   But, the Mobitex System does not disclose numerous limitations found in each of the Asserted Claims.   Therefore, the Mobitex System cannot anticipate as a matter of law.

RIM has failed to show that the Mobitex System discloses at least the following claim

12

limitations of Claim 1 of the '917 Patent[3]:

- "without a request from the wireless device … establishing a mailbox for the wireless device at the server"

- "without a request from the wireless device … placing a command for the wireless device in the mailbox at the server"

- "accepting the contents of the mailbox at the wireless device"

Each of these claim limitations are present in each Asserted Claim, as Claim 1 is an Asserted Claim and all of the other Asserted Claims depend from Claim 1. Therefore, if the Mobitex System does not anticipate Claim 1, it also does not anticipate any of the other Asserted Claims. Further, all Mformation need show is that the Mobitex System lacks a single claim limitation for this court to grant summary judgment of no anticipation in Mformation's favor for this reference. *Diversitech Corp.,* 850 F.2d at 677 ("For a prior art reference to anticipate in terms of 35 U.S.C. § 102, every element of the claimed invention must be identically shown in a single reference.").

> **(1)    RIM has failed to show that the Mobitex System discloses "establishing a mailbox for the wireless device at the server" without a request from the wireless device**

RIM has failed to show that the Mobitex System discloses the claim step of "establishing a mailbox for the wireless device at the server" without a request from the wireless device. In its contentions, RIM has pointed to the following features of Mobitex as satisfying this claim step:

- "mailbox" at the Base Radio Station ("BAS")

- A "subscription authorization manager function (SAM)" at the Network Control Center ("NCC")

- Client Account Management ("CAM") database



(*See, e.g.*, Thakur Decl., Ex. A at ¶¶ 168-174.) For each of these four alleged mailboxes, RIM has failed to point to a single document or piece of deposition testimony showing that any of

---

[3] Mformation does not concede that the other limitations of the Asserted Claims are disclosed by the Mobitex System, but focuses for purposes of summary judgment on the arguments contained herein.

1  these four data structures were created without a request from the wireless device, as required by

2  the Asserted Claims.

3      Regarding the mailbox at the BAS, the documents cited by RIM indicate that this data

4  structure was created with a specific request from the wireless device.  (*See, e.g.*, Thakur Decl.

5  Ex. I at RIM-MF2637032 ("[t]erminal[s] … can subscribe to the Mobitex mailbox facility … A

6  message is stored in the network mailbox if … the address subscribes to the mailbox service");

7  Ex. J at RIM-MF2636837 ("Mailbox.  A function in Mobitex to which the user can subscribe.").)

8      Regarding the CAM database, RIM has pointed to no documents or testimony showing

9  that the CAM database stored any information intended for delivery to the wireless device, as

10  required by the court's claim construction of "establishing a mailbox for the wireless device at

11  the server."  (Dkt. No. 127 at 12-13.)

12      **(2)   RIM has failed to show that the Mobitex System discloses "placing a
          command for the wireless in the mailbox at the server" without a
13        request from the wireless device**

14      RIM has failed to show that the Mobitex System discloses the claim step of "placing a

15  command for the wireless in the mailbox at the server" without a request from the wireless

16  device.  RIM has pointed to the following items of the Mobitex System as disclosing this claim

17  step:

18          •   Items stored in the BAS "mailbox"

19          •   Personal subscriptions in the SAM at the NCC

20          •   Changes to a UNA assignment in the CAM database

21  

22  (*See, e.g.*, Thakur Decl., Ex. A at ¶¶ 176-187.)

23      Regarding items stored in the BAS "mailbox", these items were only stored in the

24  mailbox with a specific request from the device.  In the Mobitex System, the BAS "mailbox"

25  was only used when the device was unavailable and had either sent an "INACTIVE" packet to

26  the Mobitex System or had logged out.  (*See, e.g.*, Thakur Decl., Ex. I at RIM-MF2636891 ("If a

27  message does not reach an addressee, e.g. if the addressee's terminal is switched off, the sender

28  is given notification of this.  Such messages can be stored in the network mailbox and sent to the

14

addressee when available again."); *id.* at RIM-MF2636898 ("The mailbox service means that messages for a subscriber who cannot be reached for some reason (e.g. the terminal is switched off or the personal subscription is logged-out) are stored in a network mailbox."); *id.* at RIM-MF2636905 ("When a terminal is switched off, it automatically sends an 'inactive' message to the network."); *id.* at RIM-MF2637135 ("INACTIVE is also sent [by the terminal] when the message buffer [of the terminal] becomes full.").)

Regarding the personal subscription information in the SAM at the NCC, the changes to a UNA assignment, and ███████████, RIM has not shown that any of this information is more than mere data, nor that it satisfies the Court's construction of "command."  (Dkt. No. 127 at 13-15.)

### (3)  RIM has failed to show that the Mobitex System discloses "accepting the contents of the mailbox at the wireless device"

RIM has failed to show that the Mobitex System discloses the claim step of "accepting the contents of the mailbox at the wireless device."   Nowhere in either RIM's invalidity contentions or its technical expert's report is this claim step specifically discussed in the context of the Mobitex System.  (*See, e.g.*, Thakur Decl., Ex. A at ¶¶ 188-195; Exs. B, C.)  As RIM has not even attempted to point to any express disclosure within the Mobitex System of this claim step, RIM has not shown, as a matter of law, that the Mobitex System discloses this claim step. Therefore, the Mobitex System cannot anticipate any of the Asserted Claims of the '917 Patent.

### D.    The RemoteWare System Cannot Anticipate

The RemoteWare System is a software and data/file delivery tool.  RIM contends that the RemoteWare System anticipates certain Asserted Claims of the '917 Patent.   But the RemoteWare System has nothing to do with remotely managing wireless devices.   The RemoteWare System does not disclose numerous limitations found in all the Asserted Claims. Therefore, the RemoteWare System cannot anticipate as a matter of law.

RIM has failed to show that the RemoteWare System discloses at least the following claim limitations of Claim 1 of the '917 Patent[4]:

---

[4] Mformation does not concede that the other limitations of the Asserted Claims are disclosed by

15

- "remotely managing a wireless device over a wireless network"

- "without a request from the wireless device … establishing a mailbox for the wireless device at the server"

- "accepting the contents of the mailbox at the wireless device"

Each of these claim limitations are present in each Asserted Claim, as Claim 1 is an Asserted Claim and all of the other Asserted Claims depend from Claim 1.  Therefore, if the RemoteWare System does not anticipate Claim 1, it also does not anticipate any of the other Asserted Claims.  Further, all Mformation need show is that the RemoteWare System lacks a single claim limitation for this court to grant summary judgment of no anticipation in Mformation's favor for this reference.  *Diversitech Corp.,* 850 F.2d at 677 ("For a prior art reference to anticipate in terms of 35 U.S.C. § 102, every element of the claimed invention must be identically shown in a single reference.").

### (1)   RIM has failed to show that the RemoteWare System discloses "remotely managing a wireless device over a wireless network"

RIM has failed to show that the RemoteWare System discloses the preamble of Claim 1, namely "remotely managing a wireless device over a wireless network."  The Court construed the preamble during claim construction as meaning "[u]sing the server that is physically separate from the wireless device to wirelessly control the functionality of the wireless device."  (Dkt. No. 127 at 10.)  Though RIM has attempted to overwhelm the record by citing to literally thousands of pages of documents that purport to describe the RemoteWare System, none of these documents disclose that the RemoteWare System could be used, or was ever actually used, in a wireless environment.  (*See, e.g.*, Thakur Decl., Exs. D, E.)  Instead, RIM has relied solely on deposition testimony in its strained attempt to show that the RemoteWare System was used wirelessly.  (Thakur Decl., Ex. A at ¶ 244-250; Exs. D, E.)  But, uncorroborated testimony alone cannot rise to the level of clear and convincing evidence necessary to invalidate patent claims as a matter of law.  *Finnigan Corp.*, 180 F.3d at 1367.  RIM has therefore failed to show, as a

---

the RemoteWare System, but focuses for purposes of summary judgment on the arguments contained herein.

matter of law, that the RemoteWare System discloses the preamble to Claim 1 and the RemoteWare System cannot anticipate any of the Asserted Claims of the '917 Patent.

      **(2)    RIM has failed to show that the RemoteWare System discloses "establishing a mailbox for the wireless device at the server" without a request from the wireless device**

RIM has failed to show that the RemoteWare System discloses the claim step of "establishing a mailbox for the wireless device at the server" without a request from the wireless device. RIM has pointed to three items in the RemoteWare System as allegedly disclosing this claim step:



(Thakur Decl., Ex. at ¶¶ 265-270.)

Regarding ███████████████████, all RIM has relied on to support its allegation that ███████████ was created without a request from the wireless device is uncorroborated deposition testimony (*see, e.g.*, Thakur Decl., Ex. A at ¶ 266), which, as a matter of law cannot rise to the level of clear and convincing evidence necessary to invalidate patent claims.

Regarding ██████████████, RIM has not shown that any information in ██████████ was ever intended for delivery to the wireless device, as required under the Court's claim construction of the term "establishing a mailbox for the wireless device at the server." (Dkt. No. 127 at 12-13.) Further, RIM does not even allege that any information that could possibly be a "command" under the Court's claim construction is stored in ████████, as is also required by the Asserted Claims.

Regarding ████████████████, again all RIM has cited to in support of its allegations is uncorroborated deposition testimony which, by itself, cannot invalidate patent claims as a matter of law.

      **(3)    RIM has failed to show that the RemoteWare System discloses "accepting the contents of the mailbox at the wireless device"**

RIM has failed to show that the RemoteWare System discloses the claim step of

17

"accepting the contents of the mailbox at the wireless device."   Nowhere in either RIM's invalidity contentions or its technical expert's report is this claim step specifically discussed in the context of the RemoteWare System.  (*See, e.g.*, Thakur Decl., Ex. A at ¶¶ 283-288; Exs. D, E.)  As RIM has not even attempted to point to any express disclosure within the RemoteWare System of this claim step, RIM has not shown, as a matter of law, that the RemoteWare System discloses this claim step.   Therefore, the RemoteWare System cannot anticipate any of the Asserted Claims of the '917 Patent.

## V.   CONCLUSION

For the reasons set forth herein and in any reply, and in view of the supporting declarations and arguments to be made by counsel, Mformation's Motion for Summary Judgment of No Anticipation Under 35 U.S.C. § 102 should be granted.

Dated:  July 11, 2011                              FOLEY & LARDNER LLP


By:      /s/ Amar L. Thakur
         AMAR L. THAKUR
         SHAWN E. MCDONALD
         ALLEN A. ARNTSEN
         LISA M. NOLLER
         JUSTIN E. GRAY

         ATTORNEYS FOR
         MFORMATION TECHNOLOGIES, INC..

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on this 11th day of July, 2011, a copy of the foregoing was filed

3   electronically through the Court's CM/ECF system, with notice of case activity automatically

4   generated and sent electronically to all parties.

5

6          Dated:  July 11, 2011                         FOLEY & LARDNER LLP

7                                                        By:    /s/ Justin E. Gray

8                                                               JUSTIN E. GRAY

9                                                        ATTORNEY FOR
                                                         MFORMATION TECHNOLOGIES, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28