United States District Court

For the Northern District of California

1

2          **\*E-FILED 07-20-2011\***

3

4

5

6

7                              NOT FOR CITATION

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11   MFORMATION TECHNOLOGIES, INC.,          No. C08-04990 JW (HRL)

12                                           **ORDER (1) GRANTING DEFENDANTS'**
            Plaintiff,                       **MOTION TO STRIKE ERRATA SHEET;**
13                                           **AND (2) DENYING WITHOUT**
       v.                                    **PREJUDICE DEFENDANTS' MOTION**
14                                           **FOR EVIDENTIARY SANCTIONS**
     RESEARCH IN MOTION LIMITED and
15   RESEARCH IN MOTION CORPORATION,
                                             **[Re:   Docket No. 389]**
16           Defendants.
                                        /
17

18        Dr. Rakesh Kushwaha is a co-founder of plaintiff Mformation Technologies, Inc.

19   (Mformation) and a named inventor of the '917 patent in suit.[1]  He was deposed in December

20   2010 in his capacity as Mformation's Fed. R. Civ. P. 30(b)(6) designee.  During that deposition,

21   Kushwaha testified about the date of Mformation's claimed reduction to practice.  Based on that

22   testimony, defendants Research in Motion Limited and Research in Motion Corporation

23   (collectively, RIM) advised plaintiff about a potential new invalidity defense.  Kushwaha

24   subsequently submitted an errata sheet changing his testimony as to the date of plaintiff's

25   claimed reduction to practice.  Mformation says that those changes were prompted by

26   Kushwaha's post-deposition review of a certain version of plaintiff's source code.

27        Defendants move for an order striking Kushwaha's errata sheet.  They also request

28   evidentiary sanctions with respect to the source code Kushwaha reviewed and which defendants

     _____

            [1]     U.S. Patent No. 6,970,917

United States District Court

For the Northern District of California

1    say Mformation waited nearly two years to produce.  Mformation opposes the motion.  Upon

2    consideration of the moving and responding papers, as well as the arguments of counsel, this

3    court grants RIM's motion to strike and issues a report and recommendation re RIM's request

4    for evidentiary sanctions.

5    A.     RIM's Motion to Strike

6          Rule 30(e) of the Federal Rules of Civil Procedure permits a deponent to correct his

7    deposition testimony, and "if there are changes in form or substance, to sign a statement listing

8    the changes and the reasons for making them."  FED. R. CIV. P. 30(e)(1)(B).  Under Ninth

9    Circuit law, "Rule 30(e) is to be used for corrective, and not contradictory changes."

10   Hambleton Bros. Lumber Co. v. Balking Enterprises, Inc., 397 F.3d 1217, 1225-26 (9th Cir.

11   2005).  Courts have applied Hambleton to deposition changes made outside the summary

12   judgment context.  See, e.g., Tourgeman v. Collins Fin. Servs., Inc., Case No. 08-CV-1392,

13   2010 WL 4817990 * 3 (S.D. Cal., Nov. 22, 2010); Lewis v. The CCPOA Benefit Trust Fund,

14   Case No. C08-03228 VRW (DMR), 2010 WL 3398521 * 3 (N.D. Cal., Aug. 27, 2010).

15         Mformation contends that Kushwaha's changes are consistent with his prior testimony

16   (given in his capacity as an individual) about the source code version in question.  On the record

17   presented, it is not clear to this court that Kushwaha was, in fact, referring to the same version

18   of the code in his prior individual deposition.  In any event, defendants point out that

19   Kushwaha's original (unchanged) Fed. R. Civ. P. 30(b)(6) deposition testimony is consistent

20   with the claimed date of reduction to practice that (1) Mformation identified, via interrogatory

21   answers, over two years ago and (2) remained unchanged over the course of seven supplemental

22   and amended interrogatory answers—that is, until earlier this year, after RIM advised plaintiff

23   of a potential new invalidity defense based on Kushwaha's original Fed. R. Civ. P. 30(b)(6)

24   testimony.  Kushwaha did not equivocate or express confusion in providing the Fed. R. Civ. P.

25   30(b)(6) deposition testimony in question.  Having reviewed Kushwaha's testimony, this court

26   is persuaded that his errata sheet is contradictory to, and not merely corrective of, the testimony

27   he gave in his capacity as Mformation's corporate designee.  (See Thakur Decl., Ex. B; Zinanni

28   Decl., Ex. W).  Accordingly, RIM's motion to strike is granted.

2

United States District Court

For the Northern District of California

1    B.    RIM's Motion for Evidentiary Sanctions

2          Pursuant to Fed. R. Civ. P. 37(c)(1), defendants request evidentiary sanctions for what

3    they believe to be Mformation's suspiciously late production of the source code Kushwaha

4    reviewed after he was deposed as a corporate designee.  Specifically, defendants seek an order

5    not only precluding Mformation from relying on the subject source code, but establishing as

6    true that the source code included all of the elements of the claimed invention by July 2000.

7          The court may impose sanctions for a party's failure to provide information, unless the

8    failure was substantially justified or harmless.  FED. R. CIV. P. 37(c)(1).  Mformation has

9    provided no basis for this court to find that the belated production of the subject source code

10   was substantially justified.  The source code reportedly was gathered by plaintiff for production

11   in early 2009, but was not actually produced until February 2011, a few months prior to the

12   close of discovery.  Mformation says that the omission of the source code from its production

13   was an inadvertent error.  But, plaintiff has no satisfactory explanation why the source code was

14   produced only this year; and, the record indicates that RIM requested full production of

15   plaintiff's source code no less than ten times before Kushwaha was deposed in December 2010.

16   (Karson Decl. ¶ 3).

17         At the same time, however, the extent and severity of the prejudice to RIM is unclear.

18   RIM has had the source code in question for several months, and RIM received the code before

19   discovery closed (albeit, toward the very end of the discovery period).  Additionally, plaintiff

20   points out that, prior to the close of discovery, it offered to let RIM depose Kushwaha again as

21   to the source code version in question.  Mformation was also agreeable to a modification of the

22   case schedule to allow for supplemental expert disclosures and discovery.  And, according to

23   plaintiff, the source code in question does not reduce to practice every element of Claim 1 of the

24   '917 patent anyway.  RIM says it does not know whether that last assertion is true.  In essence,

25   defendants say that they have been prejudiced because they operated for two years under what

26   Mformation told them were the facts as to the claimed reduction to practice and made decisions

27   about what discovery to take based on the source code data Mformation actually

28

3

1   produced—only to have Mformation change its story and produce the subject source code at the

2   last minute.

3        *If* it is true that the subject source code does *not* include all elements of claim 1 of the

4   '917 patent, then it would be unfair to impose sanctions that would be contrary to the actual

5   facts or that would prevent the actual facts from being presented.  While this court has been told

6   what the parties contend is the truth, the actual facts about the subject source code cannot be

7   determined from the record presented.  This court therefore declines to impose the sanctions

8   requested by RIM.  In the interests of resolving this action on the merits, RIM may well be

9   entitled to some additional time to properly examine the subject source code and to conduct any

10  necessary follow-up discovery.  Such relief, however, is conditioned on the presiding judge's

11  determination that the period for fact and expert discovery should be re-opened for that purpose.

12  Depending on further developments in this case, this order is without prejudice to RIM to seek

13  evidentiary sanctions, as may be appropriate, from the presiding judge.

14       SO ORDERED.

15  Dated:    July 20, 2011

16  _____
    HOWARD R. LLOYD
17  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4

1   5:08-cv-04990-JW Notice has been electronically mailed to:

2   Aaron D. Charfoos     acharfoos@kirkland.com

3   Allen A. Arntsen     aarntsen@foley.com, psorensen@foley.com

4   Amardeep Lal Thakur     athakur@foley.com, dgrimes@foley.com

5   Christopher R. Liro     christopher.liro@kirkland.com

6   Eugene Goryunov     egoryunov@kirkland.com

7   Jessica Christine Kaiser     jessica.kaiser@kirkland.com

8   Justin E. Gray     jegray@foley.com, dgrimes@foley.com

9   Linda S. DeBruin     ldebruin@kirkland.com, bridgett.ofosu@kirkland.com,
    kathleen.cawley@kirkland.com, margaret.burke@kirkland.com

10  Lisa Marie Noller     lnoller@foley.com

11  Marc Howard Cohen     marc.cohen@kirkland.com, frank.carlow@kirkland.com,
12  lesley.ahlberg@kirkland.com, mary.nguyen@kirkland.com

13  Maria A. Maras     maria.maras@kirkland.com

14  Meredith Zinanni     meredith.zinanni@kirkland.com, cassandra.milleville@kirkland.com,
    kimberly.davenport@kirkland.com, taylor.mccullough@kirkland.com

15  Michael Anthony Parks     mparks@thompsoncoburn.com
16
    Michael Daley Karson     michael.karson@kirkland.com
17
    Michael S Feldberg     michael.feldberg@allenovery.com
18
    Shawn Edward McDonald     SEMcDonald@foley.com
19
    Tiffany Patrice Cunningham     tiffany.cunningham@kirkland.com
20

21  Counsel are responsible for distributing copies of this document to co-counsel who have not
    registered for e-filing under the court's CM/ECF program.
22

23

24

25

26

27

28

5