**FOLEY & LARDNER LLP**
3579 V̲ALLEY C̲ENTRE D̲RIVE, S̲UITE 300
S̲AN D̲IEGO, CA 92130
T̲EL.: (858) 847-6700
F̲AX: (858) 792-6773
A̲MARDEEP (A̲MAR) L. T̲HAKUR (CA B̲AR N̲O. 194025)
ATHAKUR@FOLEY.COM
S̲HAWN E. M̲CD̲ONALD (CA B̲AR N̲O. 237580)
SEMCDONALD@FOLEY.COM
J̲USTIN E. G̲RAY (*PRO HAC VICE*)
JEGRAY@FOLEY.COM

**FOLEY & LARDNER LLP**
150 E. G̲ILMAN S̲T.
M̲ADISON, WI 53703
T̲EL: (608) 258-4293
F̲AX: (608) 258-4258
A̲LLEN A. A̲RNTSEN (*PRO HAC VICE*)
AARNTSEN@FOLEY.COM

**FOLEY & LARDNER LLP**
321 N. C̲LARK S̲T., S̲TE. 2800
C̲HICAGO, IL 60654
T̲EL: (312) 832-4363
F̲AX: (312) 832-4700
L̲ISA M. N̲OLLER (*PRO HAC VICE*)
LNOLLER@FOLEY.COM

A̲TTORNEYS FOR P̲LAINTIFF AND C̲OUNTERCLAIM D̲EFENDANT
M̲FORMATION T̲ECHNOLOGIES, I̲NC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MFORMATION TECHNOLOGIES, INC., a Delaware corporation,<br><br>  Plaintiff and Counterclaim Defendant,<br><br>  v.<br><br>RESEARCH IN MOTION LIMITED, a Canadian corporation<br><br>AND<br><br>RESEARCH IN MOTION CORPORATION, a Delaware corporation,<br><br>  Defendants and Counterclaim Plaintiffs.<br><br>AND RELATED COUNTERCLAIMS | Case No: 5:08-cv-04990-JW<br><br>**MFORMATION TECHNOLOGIES, INC.'S OPPOSITION TO RIM'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO LIMIT PRE-SUIT DAMAGES**<br><br>Date:      September 26, 2011<br>Time:      9:00 a.m.<br>Courtroom: 5<br>Judge:     Honorable James Ware |

I.  **INTRODUCTION**

Defendants Research in Motion Limited and Research in Motion Corporation's (collectively, "RIM") motion for partial summary judgment to limit pre-suit damages must be denied. RIM relies on defunct caselaw which is not in conformance with the current state of the law; current authority from the Federal Circuit holds marking is not a prerequisite to damages where only method claims are infringed. Mformation is only asserting method claims in this action, and is thus entitled to reasonable royalty damages beginning November 29, 2005, the day U.S. Patent No. 6,970,917 ("the '917 Patent") issued.

II.  **STATEMENT OF RELEVANT FACTS**

Plaintiff Mformation Technologies Inc. ("Mformation") is only asserting in this action method claims 1, 4-6, 21-25 and 27 of the '917 Patent, which issued November 29, 2005. Mformation began continuously marking relevant software products on October 27, 2008.

As is typical for actions for patent infringement, Mformation's initial complaint broadly alleged infringement of "one or more claims" of the '917 Patent without specifying particular claims. (*See* Dkt. No. 1.) As is also typical, Mformation intended to focus the claims in suit in the report of its technical expert, Dr. Vijay Madisetti, which was due March 4, 2011. However, RIM filed an early Motion for Summary Judgment of Invalidity (Dkt. No. 142) in April 2010. That motion was partially granted, which limited the asserted claims to method claims. (*See* Order Granting/Denying RIM's Motions for Summary Judgment, Nov. 18, 2010, Dkt. No. 355.) Accordingly, Dr. Madisetti's report explained how RIM infringed the aforementioned method claims. No non-method claims are asserted by Mformation in this action and the trial will be limited to method claims.

III.  **SUMMARY JUDGMENT LEGAL STANDARD**

Summary judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *California v. Campbell,* 138 F.3d 772, 780 (9th Cir. 1998); Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the burden of proving that no genuine issue

1

Case No. 5:08-cv-04990-JW   MFORMATION'S OPPOSITION TO RIM'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO LIMIT PRE-SUIT DAMAGES

1  of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
2  n.1 (1986).  The non-moving party should be given the benefit of all justifiable inferences and
3  disputed issues of fact should be decided in its favor.  *Eastman Kodak Co. v. Image Technical
4  Servs., Inc.*, 504 U.S. 451, 456 (1992).  In other words, summary judgment is appropriate when
5  there is no genuine issue of material fact, and when drawing all factual inferences in favor of the
6  non-movant no "reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477
7  U.S. 248-49; *see also Matsushita*, 475 U.S. at 586-87 (nonmoving party must identify evidence
8  that could "lead a rational trier of fact to find for the non-moving party"); *PowerOasis, Inc. v. T-
9  Mobile USA, Inc.*, 522 F.3d 1299, 1303 (Fed. Cir. 2008) (same).

10 **IV.    ARGUMENT**

11      The law is clear that where only method claims are asserted, there is no Section 287(a)
12 requirement to mark, and a patent-holder may recover damages from the time the patent issues.
13 In this case, the only remaining asserted claims are Mformation's method claims.  Accordingly,
14 in a trial to determine whether the method claims were infringed, Mformation may obtain
15 damages from the day the patent issued, *i.e.*, November 29, 2005.

16      **A.    Method Claims Do Not Require Marking.**

17      "The law is clear that the notice provisions of § 287 do not apply where the patent is
18 directed to a process or method."  *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559
19 F.3d 1308, 1316 (Fed. Cir. 2009) (citing *Bandag, Inc. v. Gerard Tire Co.,* 704 F.2d 1578, 1581
20 (Fed. Cir. 1983)); *see also Hanson v. Alpine Valley Ski Area, Inc.,* 718 F.2d 1075, 1083 (Fed.
21 Cir. 1983) ("Alpine states that the Hanson patent also includes apparatus claims.  The only
22 claims that were found infringed in this case, however, were claims 1, 2, and 6 of the Hanson
23 patent, which are drawn to 'the method of forming, distributing and depositing snow upon a
24 surface....' ... It is 'settled in the case law that the notice requirement of this statute does not
25 apply where the patent is directed to a process or method.'").  In *Crown Packaging*, the court
26 further held that, "[b]ecause Rexam asserted only the method claims of the '839 Patent, the
27 marking requirement of 35 U.S.C. § 287(a) does not apply." *Crown Packaging*, 559 F.3d at
28 1317.

2

RIM primarily relies on *American Med. Sys., Inc. v. Medical Eng'g Corp.,* 6 F.3d 1523 (Fed. Cir. 1993) for the position that "when a patent owner accuses a defendant of infringing both method and apparatus claims, the marking requirements of Section 287(a) apply as long as there is a product capable of being marked." (Dkt. No. 544 at p. 6.) However, in *American Med.*, both apparatus and method claims were actually at issue in that litigation at the time of the court's decision; in fact, the defendant had stipulated that the claims *were infringed*. *See American Med. Sys., Inc. v. Medical Eng'g Corp.*, 794 F. Supp. 1370, 1387 (E.D. Wis. 1992). Thus, the decision in *American Med.* has no bearing on whether Mformation is entitled to damages from the date of issue where it is presently only asserting method claims.

The one case which arguably supports RIM's position, *Osteotech, Inc. v. Regeneration Techs., Inc.,* No. 3:06-CV-04249, 2008 WL 4449564 (D.N.J. Sept. 25, 2008) is both superseded by the Federal Circuit's decision in *Crown Packaging* and relies upon the now defunct statement of the law in *Philips Elecs. N.A. Corp. v. Contec Corp.*, 312 F. Supp. 2d 649 (D. Del. 2004). In fact, the Plaintiffs in *Osteotech* moved for reconsideration of the court's prior summary judgment order regarding marking in light of the Federal Circuit's decision in *Crown Packaging*. (*See* Declaration of Amar L. Thakur in Support of Mformation Technologies' Inc.'s Opposition to RIM's Motion for Partial Summary Judgment to Limit Pre-Suit Damages ("Thakur Decl.") Ex. A, Motion to Reconsider or Revise Summary Judgment Ruling on Marking Issues, June 8, 2009.) However, the case settled before resolution of that motion. (*See* Thakur Decl. Ex. B, Order Dismissing Case, July 31, 2009.) Neither *Osteotech* nor *Philips* is controlling upon this court.

In *Philips*, the District of Delaware summarized, "Philips argues that, because it is only asserting the method claims of the '359 patent, it had no duty to mark its URCs. [citations omitted] However, Philips' argument fails as a matter of law." *Philips*, 312 F. Supp. 2d at 651. The holding in *Philips*, where a patentee was only asserting method claims, is directly contrary to the clear and subsequent authority of the Federal Circuit in *Crown Packaging*: there is no requirement for a Patentee to mark if it is only asserting that method claims were infringed.

The court in *Osteotech* relied on the same now-superseded statement of law in *Philips* in

3

determining that, "[l]ike *Philips,* where the district court held that a patentee must mark any products distributed under a patent to collect pre-suit damages in a method claim, Plaintiff was obligated to ensure its licensees substantially complied with the marking requirement to preserve its right to pursue a method claim on its 626 patent." *Osteotech*, 2008 WL 4449564 at *6.

RIM correctly summarizes the underlying policy rationales for the marking requirement of § 287. (Dkt. No. 544 at 7-8.) However, such policy rationales are irrelevant to this case since § 287 is inapplicable to method claims. Since there is no requirement to mark to assert (and collect damages from the date of issuance) only method claims, requiring marking in this case would not advance any of the "notice" goals behind § 287. First, the "helping to avoid innocent infringement" goal would not be met since anyone may innocently infringe, and suffer damages running from the date of issue, for unmarked methods. The second goal, "encouraging patentees to give notice to the public that the article is patented," is also not met since there is already no incentive for patentees to mark method claims. Third, "aiding the public to identify whether an article is patented" is also not advanced by marking Mformation's methods since no incentive (or ability) to mark for method claims presently exists.

There is no doubt that, had Mformation explicitly asserted that it would only ever pursue method claims in its original complaint and in early discovery, Mformation would be entitled to damages from the date the '917 Patent issued. *See Crown Packaging*, 559 F.3d at 1317. It would make little sense to tie the marking requirements of § 287 to a mechanical rule applied as early as the pleading stage and only when the infringing party files and wins a dispositive motion. This is particularly true in light of the liberal requirements of Fed. R. Civ. P. 8 and the natural and typical development of a patent case which occurs through the discovery process. In a patent case, expert witnesses – whose discovery cycle typically occurs after fact discovery – play a vital role in determining the scope of the litigation as they review, analyze, and opine on the nuances of complex technologies. As such, the scope of asserted claims is likely to change and become more definitive at the close of expert discovery. It would be highly prejudicial to base a Patentee's right to collect damages for infringement solely on early acts in litigation, whether the asserted claims end up being solely apparatus claims (for which the Patentee must

4

1  mark), a combination of apparatus and method claims (for which a Patentee must mark), or
2  solely method claims (for which there is no marking requirement).  Not surprisingly, such a rule
3  triggered by early acts in litigation, and as suggested by RIM, is not supported by Federal Circuit
4  law.  The Federal Circuit's guidance in *Crown Packaging* controls the outcome in the present
5  case.  Importantly, the *Hanson* opinion, which *Crown Packaging* relies on, reached its ruling
6  based on the fact that only method claims were found "infringed", and did not limit its holding to
7  the claims the patentee initially "asserted."  *Hanson*, 718 F.2d at 1083.

8      The Federal Circuit's decision in *American Med.* has not affected the holding of *Hanson.*
9  In *Coca-Cola Co. v. Pepsico, Inc.*, 2004 WL 4910334 *32-33 (N.D. Ga. Sept. 29, 2004), a
10 district court followed the Federal Circuit's lead and also held that *American Med.* left *Hanson*'s
11 holding undisturbed.  Defendants in *Coca-Cola* relied on the same language as RIM in claiming
12 that "where the patent contains both notice apparatus and method claims, . . . to the extent that
13 there is a tangible item to mark by which notice of the asserted method claims can be given, a
14 party is obligated to do so if it intends to avail itself of the constructive notice provisions of
15 section 287(a)."  *Id.* at *32.  The *Coca-Cola* court found, however, that "[n]owhere in *American*
16 *Medical Systems, Inc.* did the Federal Circuit expressly overrule *Hanson*, and indeed, cited
17 *Hanson* both there and in a subsequent decision with approval for the proposition now relied on
18 by Coca-Cola."  *Id.* at *33.  The court then held that because only method claims were
19 proceeding to trial, section 287(a) was "inapplicable."  *Id.*

20     **B.**    <u>**RIM Is Not Entitled to Judgment as a Matter of Law.**</u>

21     The most logical conclusion to draw from the Federal Circuit's most recent decisions
22 regarding this marking issue is that if a trier of fact finds only method claims "were infringed,"
23 the prevailing patentee may obtain damages from the date it filed suit.  Alternatively, if the court
24 believes that some pretrial date is more appropriate, then the liability expert disclosure date
25 would be a reasonable proxy for when a patentee who has not marked its products must choose
26 whether to limit its claims to method claims, or include product or system claims at the cost of
27 limiting its damage recovery period.  Applying the law and logic to this lawsuit, Mformation is
28

5

entitled to seek damages dating to November 29, 2005, when the '917 Patent issued, and RIM's motion for partial summary judgment should be denied.

Dated:  August 1, 2011                           **FOLEY & LARDNER LLP**


By:  /s/ *Amar L. Thakur* _____
       AMAR L. THAKUR
       SHAWN E. MCDONALD
       ALLEN A. ARNTSEN
       LISA M. NOLLER
       JUSTIN E. GRAY

       ATTORNEYS FOR
       MFORMATION TECHNOLOGIES, INC

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August 2011, a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

Dated: August 1, 2011                           FOLEY & LARDNER LLP

                                                By: */s/ Justin E. Gray*
                                                     JUSTIN E. GRAY

                                                ATTORNEY FOR
                                                MFORMATION TECHNOLOGIES, Inc.