**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
TEL.: (858) 847-6700
FAX: (858) 792-6773
AMARDEEP (AMAR) L. THAKUR (CA BAR NO. 194025)
ATHAKUR@FOLEY.COM
SHAWN E. MCDONALD (CA BAR NO. 237580)
SEMCDONALD@FOLEY.COM
JUSTIN E. GRAY (*PRO HAC VICE*)
JEGRAY@FOLEY.COM

**FOLEY & LARDNER LLP**
150 E. GILMAN ST.
MADISON, WI 53703
TEL: (608) 258-4293
FAX: (608) 258-4258
ALLEN A. ARNTSEN (*PRO HAC VICE)*
AARNTSEN@FOLEY.COM

**FOLEY & LARDNER LLP**
321 N. CLARK ST., STE. 2800
CHICAGO, IL 60654
TEL: (312) 832-4363
FAX: (312) 832-4700
LISA M. NOLLER (*PRO HAC VICE*)
LNOLLER@FOLEY.COM

ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT
MFORMATION TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MFORMATION TECHNOLOGIES, INC., a Delaware corporation,

Plaintiff and Counterclaim Defendant,

v.

RESEARCH IN MOTION LIMITED, a Canadian corporation

AND

RESEARCH IN MOTION CORPORATION, a Delaware corporation,

Defendants and Counterclaim Plaintiffs.

AND RELATED COUNTERCLAIMS

Case No: 5:08-CV-04990-JW

**MFORMATION'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO ALL THIRD-PARTY VALUATIONS OF MFORMATION, ITS PATENTS, OR THIS LITIGATION**

**[REDACTED VERSION FOR PUBLIC VIEWING] [PORTIONS DESIGNATED CONFIDENTIAL – ATTORNEYS' EYES ONLY]**

Case No. 5:08-cv-04990-JW

MFORMATION'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO ALL THIRD-PARTY VALUATIONS OF MFORMATION, ITS PATENTS, OR THIS LITIGATION

4842-6614-3246.28

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ........ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........ 3

I. BACKGROUND ........ 3

[redacted] [redacted]. ........ 3

[redacted] [redacted] ........ 6

[redacted] [redacted] ........ 7

II. ARGUMENT ........ 8

A. RIM Should Not Be Permitted To Rely On Evidence That Is Irrelevant And Misleading. ........ 8

B. The Third-Party Valuations Are Irrelevant To The Jury's Task, Misleading, Prejudicial And Would Tend To Suggest A Decision By The Jury On An Improper Basis. ........ 9

D. The Third-Party Valuations Are Inadmissible Hearsay. ........ 14

III. CONCLUSION ........ 15

CERTIFICATE OF SERVICE ........ 17

i

CASE NO. 5:08-CV-04990-JW

MFORMATION'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO ALL THIRD-PARTY VALUATIONS OF MFORMATION, ITS PATENTS, OR THIS LITIGATION

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)....................14

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
318 F. Supp. 1116 (S.D.N.Y. 1970), *modified*.................... Passim

*Lucent Tech., Inc. v. Gateway, Inc.*,
580 F.3d 1301 ....................2, 11

*Magnivision, Inc. v. Bonneau Co.*,
115 F.3d 956 (Fed. Cir. 1997)....................8, 13

*Pacheco v. Homecomings Fin., LLC*,
No. C 08-3002 JF (HRL), 2010 U.S. Dist. LEXIS 64400 (N.D. Cal. June 29, 2010).............15

*ResQNet.com v. Lansa, Inc.*,
594 F.3d 860 (Fed. Cir. 2010)....................11

*Tokio Marine & Fire Ins. Co. v. Norfolk & W. Ry.*,
No. 98-1050, 1999 U.S. App. LEXIS 476 (4th Cir. Jan. 14, 1999)....................15

*U.S. v. Brannon*,
616 F.2d 413 (9th Cir. 1980) .................... 8-9

*U.S. v. Cabrera*,
222 F.3d 590 (9th Cir. 2000) ....................8, 13

*U.S. v. Clardy*,
612 F.2d 1139 (9th Cir. 1980) ....................13

*U.S. v. Espinoza-Baza*,
647 F.3d 1182 (9th Cir. 2011) ....................9

*U.S. v. Rogers*,
587 F.3d 816 (7th Cir. 2009) ....................9, 14

*Uniloc USA, Inc. v. Microsoft Corp.*,
632 F.3d 1292 (Fed. Cir. 2011)....................11

**FEDERAL STATUTES**

35 U.S.C. § 284....................9

**RULES**

Fed. R. Civ. P. 26 .... 3, 15

Fed. R. Evid. 401 .... 3, 8, 13

Fed. R. Evid. 402 .... 3, 8, 13

Fed. R. Evid. 403 .... 3, 8, 13-14

Fed. R. Evid. 702 .... 3

Fed. R. Evid. 703 .... 9

Fed. R. Evid. 801 .... 3, 14

2

CASE NO. 5:08-CV-04990-JW

MFORMATION'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO ALL THIRD-PARTY VALUATIONS OF MFORMATION, ITS PATENTS, OR THIS LITIGATION

## NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 4, 2012 pursuant to the Preliminary Pretrial Conference Scheduling Order (Dkt. No. 700) Plaintiff Mformation Technologies, Inc. ("Mformation") will and does move this Court, and without oral argument unless the Court orders otherwise, for an order *in limine* to exclude testimony, argument and RIM exhibits relating to all third-party valuations of Mformation, its patents, or the present litigation. Such third-party opinions and their related materials include:

The jury in this case will be asked to award plaintiff damages in the form of a reasonable royalty. Pursuant to both the Northern District of California Model Patent Jury Instructions and the Federal Circuit Bar Association Model Patent Jury Instructions, the jury must determine the outcome of a hypothetical negotiation in 2005 (when the patent issued) between the parties for a license under U.S. Patent No. 6,970,917 ("the '917 Patent") – a negotiation in which both parties would understand that the patent was valid and had been infringed. Under controlling law, it

[1] For purposes of briefing, Mformation focuses in the body of this motion on a discussion of the reports themselves rather than every exhibit identified. However, it is clear that the other above-listed exhibits directly relate to the reports (*e.g.*, correspondence).

would be improper for the jury to: (1) ignore the value of a license under the '917 Patent; (2) reduce its award based on the possibility that the '917 Patent might not be found to be valid and infringed; (3) deduct from its award the costs and legal fees the plaintiff might have to spend to bring the case to trial; (4) deduct the income taxes the plaintiff might have to pay on the damages award; (5) determine its reasonable royalty award solely by computing a reasonable return on plaintiff's investment in legal fees and disbursements in this case; or, (6) assume, in making its award of reasonable royalty damages, that anyone would have been free to practice the patented invention if they had developed their software independently as if the existing patent was not there.  *See Lucent Tech., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (A damages award requires a "focus [] on the relevant *Georgia-Pacific* factors, as presented to the jury through all the evidence.").

    The undisputed evidence establishes:



These valuations, and any testimony about them, is evidence that will not make the existence of any fact that is of consequence more probable or less probable under Federal Rule of Evidence 401 and is therefore irrelevant and inadmissible under Federal Rule of Evidence 402. However, even if there were some arguable relevance to an issue in this action, the Third Party Valuations should be excluded under Fed. R. Evid. 403 and 703 because their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting precious time at trial.

In addition, the Third-Party Valuations are inadmissible hearsay under Fed. R. Evid. 801 and are essentially back-door expert opinions under Fed. R. Evid. 702, where the third-party reports have not been properly disclosed as such pursuant to Fed. R. Civ. P. 26 and this Court's several Orders related thereto. These valuations are opinions, not fact; but because they were untested under Fed. R. Evid. 702, they are unreliable. This motion is based upon this Notice of Motion and Memorandum of Points and Authorities, the Deposition of James Wilson, and other papers and pleadings on file and on such other argument and evidence as may be presented to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. BACKGROUND

3

CASE NO. 5:08-CV-04990-JW

MFORMATION'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO ALL THIRD-PARTY VALUATIONS OF MFORMATION, ITS PATENTS, OR THIS LITIGATION



*See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971), *cert. denied*, 404 U.S. 870 (1971).



5

CASE NO. 5:08-CV-04990-JW

MFORMATION'S MOTION *IN LIMINE* TO EXCLUDE
REFERENCE TO ALL THIRD-PARTY VALUATIONS OF
MFORMATION, ITS PATENTS, OR THIS LITIGATION



[2] However, Mformation s basis for excluding the report and any evidence relating to it is the same.



## II. ARGUMENT

### A. RIM Should Not Be Permitted To Rely On Evidence That Is Irrelevant And Misleading.

"Although the trial court has substantial discretion in determining the evidence to be admitted, the ultimate fact must be 'of consequence to the determination of the action,' in the words of Federal Rule of Evidence 401." *Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 961 (Fed. Cir. 1997). "Evidence which is not relevant is not admissible." Fed. R. Evid. 402; *see also U.S. v. Cabrera*, 222 F.3d 590, 596 (9th Cir. 2000), *U.S. v. Brannon*, 616 F.2d 413, 418 (9th Cir. 1980).

Even if evidence has some probative value, "[u]nder Federal Rule of Evidence 403, a district court has discretion to exclude even relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .'" *U.S. v. Espinoza-Baza*, 647 F.3d 1182, 1189 (9th Cir. 2011); *see also Brannon*,

616 F.2d at 418 (the Court "may also exclude relevant evidence if such evidence is likely to confuse the issues or mislead the jury."). Evidence is unfairly prejudicial if it has "an undue tendency to suggest decision by the jury on an improper basis." *U.S. v. Rogers*, 587 F.3d 816, 822 (7th Cir. 2009) (*citing* Fed. R. Evid. 403 advisory committee's notes). Similarly, under Fed. R. Evid. 703, documents that serve as a basis for an expert's opinion testimony are not admissible unless: (a) they are admissible independently; or, (b) the proponent of the opinion shows that the document's probative value outweighs its prejudicial effect.

**B. The Third-Party Valuations Are Irrelevant To The Jury's Task, Misleading, Prejudicial And Would Tend To Suggest A Decision By The Jury On An Improper Basis.**

Mformation seeks damages in the form of a reasonable royalty, as permitted by 35 U.S.C. § 284. At the close of the evidence, the jury will be instructed how to make such a reasonable royalty damages award. Those instructions will likely take a form identical or similar to the "Reasonable Royalty – Definition" instruction in the Model Patent Jury Instructions for the Northern District of California, § B.5.7 (2011), or the "Reasonable Royalty – Relevant Factors" instruction in The Federal Circuit Bar Association – Model Patent Jury Instructions, § 6.7 (2012).

The Northern District instructions demonstrate the irrelevance of the analysis in the third-party valuations. They provide as follows:

> A royalty is a payment made to a patent holder in exchange for the right to make, use or sell the claimed invention. This right is called a "license." **A reasonable royalty is the payment for the license that would have resulted from a hypothetical negotiation between the patent holder and the infringer** taking place at the time when the infringing activity first began. In considering the nature of this negotiation, you must assume that the patent holder and the infringer would have acted reasonably and would have entered into a license agreement. **You must also assume that both parties believed the patent was valid and infringed. Your role is to determine what the result of that negotiation would have been.**

Model Patent Jury Instructions for the Northern District of California, § B.5.7 (2011) (emphasis added).

Lastly, each of these valuations was performed after the date of the hypothetical negotiation, and so include assumptions and conclusions about market conditions irrelevant to (and having a prejudicial effect on) the 2005 hypothetical negotiation this Court will instruct the jury to evaluate.

The Federal Circuit Bar Association Model instruction sets forth all fifteen *Georgia-Pacific* factors, and the Committee Comments note:

> These are the so-called "Georgia-Pacific" factors, which can be considered in evaluating the hypothetical negotiations. Although lengthy, the Committee believes it is necessary for all factors to be shared with the jury, so as to not unfairly emphasize any one factor.

The Federal Circuit Bar Association – Model Patent Jury Instructions, § 6.7 Committee Comments and Authorities (2012) (*citing Georgia-Pacific*, 318 F. Supp. at 1120).

Under the *Georgia-Pacific* factors, a jury should consider "a licensing situation ***realistically comparable to that presented by the present case***." *Georgia-Pacific*, 446 F.2d at 298 (internal quotations and citation omitted) (emphasis added).

"[A]ny evidence unrelated to the claimed invention does not support compensation for infringement . . . ." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1316 (Fed. Cir. 2011) (*quoting ResQNet.com v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010)).

*See ResQNet.com*, 594 F.3d at 871 (calling it "legal error" for the district court to permit evidence in support of a damages award with "little or no evidence of a link between the [evidence] and the claimed invention.").

If the jury were to follow either of these final two steps, it would depart from the *Georgia-Pacific* factors and be erroneous as a matter of law. *Lucent*, 580 F.3d at 1325 (a damages award requires a "focus [] on the relevant *Georgia-Pacific* factors, as presented to the jury through all the evidence.").

No *Georgia-Pacific* factor comes remotely close to this type of methodology for arriving at a reasonable royalty. Again, this approach can only mislead a jury as to the proper method of its

damages determination.

Again, there is nothing in the enumerated *Georgia-Pacific* factors that comes remotely close to this type of methodology for arriving at a reasonable royalty. Once again, this approach would mislead a jury as to the proper damage determination.

For all of these reasons, cannot "make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also Cabrera*, 222 F.3d at 596; *Magnivision*, 115 F.3d at 961 ("As provided in Rules 401-403, admissible evidence must be relevant in that it must tend to make a consequential fact more or less probable.").

Similarly, for all these reasons, even if the third-party valuations had some minimal probative value (which they do not) the introduction of the third-party valuations or of testimony about them during the trial would be highly misleading and prejudicial.

"The trial judge exercises wide discretion in balancing the probative value of relevant evidence against its possible prejudicial impact upon the jury under Rule 403." *U.S. v. Clardy*, 612 F.2d 1139, 1154 (9th Cir. 1980) (citing *U.S. v. Hearst*, 563 F.2d 1331, 1336 (9th Cir. 1977), *cert. denied*, 435 U.S. 1000 (1978)). As shown above, these reports have "an undue tendency to suggest decision on an improper basis" and therefore pose a strong danger of unfair prejudice. *See Rogers*, 587 F.3d at 822 (*citing* Fed. R. Evid. 403 advisory committee's note).

**C. The Valuations Should Be Excluded Pursuant To *Daubert* And Its Progeny.**

In *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993), the Supreme Court

also emphasized that "Rule 403 permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .'"

This court should exercise its discretion and exclude from trial all testimony, argument and exhibits relating to all third-party valuations of Mformation, its patents, or the present litigation, as it will confuse and mislead the jury as to the reasonable royalty calculation they will be asked to perform and will waste substantial time at trial.

**D. The Third-Party Valuations Are Inadmissible Hearsay.**

A written assertion such as the third-party valuations is hearsay if it is made by a declarant other than while testifying at trial, and it is offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801. This is precisely the role the third-party valuations would play at trial – an attempt by RIM to demonstrate the value of the '917 Patent for the purposes of calculating a damages award, *i.e.*, the truth of the matter asserted.

The Federal Rules of Evidence maintain a certain level of trustworthiness of the evidence admitted at trial. Third-party statements – hearsay – are of particular concern when offered for the truth of the matter because the opposing party has no opportunity to cross-examine the witness to explore the trustworthiness of the underlying statement. When such cross-examination is not available, and the statement does not otherwise fall under a specific hearsay

exception, the evidence is inadmissible. *See Tokio Marine & Fire Ins. Co. v. Norfolk & W. Ry.*, No. 98-1050, 1999 U.S. App. LEXIS 476, *14 (4th Cir. Jan. 14, 1999) ("It was necessary for the opposing side to have the opportunity to cross-examine the person who actually made the appraisal. The appraisal therefore could not be admitted under the business records exception to the hearsay rule.")

In sum, each Third Party Valuation "was made outside of court, not by the declarant or a party, and is offered in evidence to prove that the subject property has a [certain] value . . . ." *Pacheco v. Homecomings Fin., LLC*, No. C 08-3002 JF (HRL), 2010 U.S. Dist. LEXIS 64400, *11 (N.D. Cal. June 29, 2010). "This is inadmissible hearsay" and the third-party valuations should be excluded from trial. *Id.*

## III. CONCLUSION

For the reasons stated above, Mformation respectfully requests that RIM be precluded from offering testimony, argument and exhibits relating to all third-party valuations of Mformation, its patents, or the present litigation, including but not limited to:

---

[3] Further, the third-party valuations amount to expert opinion testimony as to the truth of the matter asserted – the value of Mformation, its patents, or this litigation – and allowing them into evidence for the jury to consider circumvents the requirements of Rule 26(a)(2) disclosures. RIM should not be allowed to back-door such expert testimony.

Dated: May 4, 2012

**FOLEY & LARDNER LLP**

By: /s/ *Amar L. Thakur* ______________________
Amar L. Thakur
Shawn E. McDonald
Allen A. Arntsen
Lisa M. Noller
Justin E. Gray

Attorneys for
Mformation Technologies, Inc

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of May, 2012, a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

Dated: May 4, 2012

**FOLEY & LARDNER LLP**

By: /s/ *Amar L. Thakur*

Amar L. Thakur
Shawn E. McDonald
Allen A. Arntsen
Lisa M. Noller
Justin E. Gray

Attorneys for
Mformation Technologies, Inc

17

CASE NO. 5:08-CV-04990-JW

MFORMATION'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO ALL THIRD-PARTY VALUATIONS OF MFORMATION, ITS PATENTS, OR THIS LITIGATION