IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Mformation Techs., Inc., | NO. C 08-04990 JW |
| Plaintiff, | **THIRD CLAIM CONSTRUCTION ORDER** |
| v. | |
| Research in Motion Ltd., et al., | |
| Defendants. | |

**A.  Background**

On November 20, 2009, the Court held a hearing in accordance with Markman v. Westview Instruments, Inc.[1] to construe the language of Claim 1.

Claim 1 of the '917 Patent provides:

> A method for remotely managing a wireless device over a wireless network comprising a server and the wireless device, the wireless network operable to communicatively connect the server and the wireless device, the method comprising the steps of:
> transmitting registration information relating to the wireless device from the wireless device to the server;
> verifying the registration information at the server; and
> without a request from the wireless device, performing the steps of:
> establishing a mailbox for the wireless device at the server,
>
> placing a command for the wireless device in the mailbox at the server,
>
> delivering the command from the mailbox at the server to the wireless device by establishing a connection between the wireless device and the server, transmitting the contents of the mailbox from the server to the wireless device, and accepting the contents of the mailbox at the wireless device, and executing the command at the wireless device;
>
> wherein the connection is established based on a threshold condition.

---

[1] 517 U.S. 370 (1996).

On February 25, 2010, the Court issued its First Claim Construction Order. (hereafter, "Markman," Docket Item No. 127.) In addition, on December 19, 2011, the Court issued an omnibus Order re. Motions for Summary Judgment wherein the Court construed an additional term that arose from its anticipation analysis. (hereafter, "December 19 Order," Docket Item No. 691.)

In summary, the Court gave the following construction to the words and phrases in Claim 1:

| Disputed Claim Language in Claim 1 | Court's Construction |
|---|---|
| "remotely managing a wireless device over a wireless network" | "using the server that is physically separate from the wireless device to wirelessly control the functionality of the wireless device" |
| "server" | "a device or computer in a network that is dedicated to providing resources to the wireless device" |
| "establishing a mailbox for the wireless device at the server" | "creating an address in memory of the server that can store information intended for delivery to the wireless device" |
| "placing a command for the wireless device in the mailbox at the server" | "storing at the server in the mailbox associated with the wireless device a code or signal that is intended to cause the wireless device to take or cease an action with respect to its functionality and other data for use by the wireless device" |
| "transmitting the contents of the mailbox from the server to the wireless device" | "wirelessly sending from the server to the wireless device the contents of the mailbox" |
| "without a request from the device, performing the steps of" | "performing an enumerated step without the transmission from the wireless device of a code, signal or any other form of request that initiates the commencement of the performance of the step" |
| "establishing a connection between the wireless device and the server . . . wherein the connection is established based on a threshold condition" | "establishing a connection between the wireless device and the server based on a predefined state of the server or the wireless device other than solely the elapsing of time" |

2

The parties now request construction of the phrase "establishing a connection"[2] and construction of whether the step of "establishing a connection" must be performed before the step of "transmitting the contents."

**B.    Discussion**

   **1.    "establishing a connection"**

The method disclosed in Claim 1 is one for remotely managing a "wireless device" over a "wireless network." Thus, the "connection" in the "establishing" sub-step is a wireless connection. In the context of a network communication, the ordinary meaning of the phrase "a connection" is "a means of communication or transport."[3] The written description contains "exemplary" block diagrams of a wireless network and discusses various interconnections:

> Network system 100 includes wireless network 102. Wireless network 102 provides communicative interconnection of a plurality of devices, such as client systems 106A-106Z and 110A-110Z and servers 108A-108N and 112A-112N. The transmission media in a wireless network is typically electromagnetic radiation, such as radio waves or light. Wireless network 102 may include one or more local area networks (LANs), one or more wide area networks (WANs), or both LANs and WANs. One or more networks may be included in wireless network 102 and may include both public networks, such as the Internet, and private networks and may utilize any networking technology and protocol, such as Ethernet, Token ring, Transmission Control Protocol/Internet Protocol (TCP/IP), etc.

('917 Patent, Col. 3:28-43.)

A more detailed discussion of the "connection" process appears in conjunction to Figures 4 and 5:

> In steps 408 and 410, the commands stored in mailbox 512 are delivered to the remotely managed device. In particular, in step 408, a connection 516 is established between management agent 504, running on remotely managed device 502, and

---

[2] At the time of the First Claim Construction Order, although the phrase "establishing a connection between the wireless device and the server . . . wherein the connection is established based on a threshold condition" was among the phrases in dispute, the parties only focused their dispute on the meaning of the "wherein" clause.

[3] WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 278 (1983); see also WEBSTER'S II NEW COLLEGE DICTIONARY 244 (3rd ed. 2005) (defining "connection" as "[a] means or channel of communication.")

management server 508. Upon connection 516 being established, the commands that were stored in mailbox 512 in step 406 are transmitted 518 to device 502.

('917 Patent, Col. 6:31-39.)

Although the Court did not construe the phrase "establishing a connection" in the First Claim Construction Order, the Court noted that "[t]he ordinary meaning of 'establish' is 'to bring into existence' or 'set up.'" (Markman at 17.) Here, the Court reconsiders its ruling, insofar as the Court finds that the words and phrases previously used might be interpreted to include the creation of the communication channel itself. A person of ordinary skill in the art would understand "establishing a connection" as used in Claim 1 to mean "using" one of numerous *existing* wireless communication channels that allow a server to wirelessly communicate with a remote device.

Accordingly, as used in Claim 1 of the '917 Patent, the Court construes the phrase "establishing a connection between the wireless device and the server" to mean:

**initiating wireless communication between a wireless device and the server.**

### 2. Order of Sub-Steps

The parties dispute whether the sub-step of "establishing a connection" must precede the sub-step of "transmitting the contents."

As a general rule, a "claim is not limited to performance of the steps in the order recited." Baldwin Graphic Sys., Inc. v. Siebert, Inc., 512 F.3d 1338, 1345 (Fed. Cir. 2008); see also Altiris, Inc. v Symantec Corp., 318 F.3d 1363, 1369-70 (Fed. Cir. 2003). However, if the claim "explicitly or implicitly requires a specific order," then the claim is limited to performance of the steps in that order. Baldwin Graphic, 512 F.3d at 1345 (citation omitted).[4] In addition, the "specification or prosecution history may . . . require a narrower, order-specific construction of a method claim in some cases." Id.

The steps of "establishing a connection" and "transmitting the contents" are sub-steps of the "delivering the command" step. The purpose of the "delivering the command" step is to send the

---

[4] See also Altiris, Inc., 318 F.3d at 1369 (explaining that the court should "look to the claim language to determine if, as a matter of logic or grammar, [the steps of the claim] must be performed in the order written").

4

command from the mailbox at the server to the wireless device for execution. The claim recites the three sub-steps for "delivering the command" as follows: (1) "establishing a connection between the wireless device and the server"; (2) "transmitting the contents of the mailbox from the server to the wireless device"; and (3) "accepting the contents of the mailbox at the wireless device."

The Court finds that the claim implicitly requires a specific order, insofar as logic dictates that these three sub-steps must necessarily be performed in the order they are presented. See Altiris, Inc., 318 F.3d at 1369. For instance, before the wireless device can "receive" the command, the server must first "transmit" it over the wireless network. And before the server can "transmit" the command, it must first "establish a connection." Any alternative order for performing these "delivering" sub-steps would fail. For instance, the wireless device cannot accept contents of the mailbox that have not yet been transmitted. Nor would the connection have any utility if it were established after transmitting the contents of the mailbox to the wireless device and the wireless device accepted those contents.

Nothing in the specification contradicts the Court's reading of the claim. For example, the specification states that the "transmitting" sub-step is performed "upon" the completion of the "establishing a connection" sub-step.

> In steps 408 and 410, the commands stored in mailbox 512 are delivered to the remotely managed device. In particular, in step 408, a connection 516 is established between management agent 504, running on remotely managed device 502, and management server 508. **Upon connection 516 being established**, the commands that were stored in mailbox 512 in step 406 are transmitted 518 to device 502. This protocol is applicable to both push and pull devices. A pull devices is a device that must request data before the data is transmitted to the device. A push device is a device to which data is transmitted without the device requesting the data, but which will nevertheless accept the data. In an embodiment in which remotely managed device 502 is a pull device, the management agent running on device 502 will occasionally connect to management server 508 and request the commands in mailbox 512. In an embodiment in which remotely managed device 502 is a push device, management server 508 will occasionally connect to remotely managed device 502 and transmit the commands in mailbox 512 to management agent 504.

('917 Patent, Col. 6:32-50.)

Moreover, the limitation contained in the "wherein" clause, namely, "the connection is established based on a threshold condition," precludes earlier transmission because until the threshold conditions are met, no communication is "established."

5

Accordingly, the Court finds that as used in Claim 1 of the '917 Patent:

**the "establishing a connection" sub-step must be completed before the "transmitting the content of the mailbox" sub-step can commence.**

Dated: May 10, 2012

JAMES WARE
United States District Chief Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aaron D. Charfoos acharfoos@kirkland.com
Allen A. Arntsen aarntsen@foley.com
Amardeep Lal Thakur athakur@foley.com
Christopher R. Liro christopher.liro@kirkland.com
Eugene Goryunov egoryunov@kirkland.com
Jessica Christine Kaiser jessica.kaiser@kirkland.com
Justin E. Gray jegray@foley.com
Linda S. DeBruin ldebruin@kirkland.com
Lisa Marie Noller lnoller@foley.com
Marc Howard Cohen marc.cohen@kirkland.com
Maria A. Maras maria.maras@kirkland.com
Meredith Zinanni meredith.zinanni@kirkland.com
Michael Anthony Parks mparks@thompsoncoburn.com
Michael Daley Karson michael.karson@kirkland.com
Michael S Feldberg michael.feldberg@allenovery.com
Shawn Edward McDonald SEMcDonald@foley.com
Tiffany Patrice Cunningham tiffany.cunningham@kirkland.com

**Dated:  May 10, 2012**                                         **Richard W. Wieking, Clerk**


                                                                  **By:     /s/ JW Chambers              **
                                                                            **William Noble**
                                                                            **Courtroom Deputy**

**United States District Court**
For the Northern District of California