1  **FOLEY & LARDNER LLP**
   3579 VALLEY CENTRE DRIVE, SUITE 300
2  SAN DIEGO, CA 92130
   TEL.: (858) 847-6700
3  FAX: (858) 792-6773
   AMARDEEP (AMAR) L. THAKUR (CA BAR NO. 194025)
4  ATHAKUR@FOLEY.COM
   SHAWN E. MCDONALD (CA BAR NO. 237580)
5  SEMCDONALD@FOLEY.COM
   JUSTIN E. GRAY (*PRO HAC VICE*)
6  JEGRAY@FOLEY.COM

7  **FOLEY & LARDNER LLP**
   150 E. GILMAN ST.
8  MADISON, WI 53703
   TEL: (608) 258-4293
9  FAX: (608) 258-4258
   ALLEN A. ARNTSEN (*PRO HAC VICE*)
10 AARNTSEN@FOLEY.COM

11 **FOLEY & LARDNER LLP**
   321 N. CLARK ST., STE. 2800
12 CHICAGO, IL 60654
   TEL: (312) 832-4363
13 FAX: (312) 832-4700
   LISA M. NOLLER (*PRO HAC VICE*)
14 LNOLLER@FOLEY.COM

15 ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT
   MFORMATION TECHNOLOGIES, INC.

16                   UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18                    SAN FRANCISCO DIVISION

19 MFORMATION TECHNOLOGIES, INC., a      Case No: 5:08-CV-04990-JW
   Delaware corporation,
20                                        **MFORMATION'S NOTICE OF MOTION
           Plaintiff and Counterclaim Defendant,   AND MOTION TO EXCLUDE TRIAL
21                                        WITNESSES**
       v.
22                                        **HEARING REQUESTED**
                                          Date:        June 25, 2012
23 RESEARCH IN MOTION LIMITED, a          Time:        9:00 a.m.
   Canadian corporation                   Courtroom:   9, 19th Floor
24 AND                                    Judge:       The Honorable James Ware

25 RESEARCH IN MOTION CORPORATION, a      **[REDACTED VERSION FOR PUBLIC
   Delaware corporation,                  VIEWING] [PORTIONS DESIGNATED
26                                        CONFIDENTIAL – ATTORNEYS' EYES
           Defendants and Counterclaim Plaintiffs.   ONLY]**
27
   AND RELATED COUNTERCLAIMS
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4833-6133-0703.2

### NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 25, 2012 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable James Ware at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, the Court will hear Plaintiff Mformation Technologies, Inc. ("Mformation") motion for an order to exclude three RIM trial witnesses.

### STATEMENT OF RELIEF REQUESTED

Mformation's respectfully moves to exclude three RIM trial witnesses.  Discovery in this case closed on May 13, 2011.  Almost a year after the close of all discovery, RIM has ambushed Mformation with notice that it plans to call three witnesses at trial: Nicholas Alfano, Jim Balsillie and Mihal Lazaridis.  RIM never disclosed any of these witnesses in its Rule 26(a)(1) statement as persons "likely to have discoverable information – along with the subjects of that information – that a disclosing party may use to support its claims or defenses."  Indeed, RIM fought to prevent discovery relating to two of these witnesses, former co-CEOs Lazaridis and Balsillie. More importantly, RIM advised this Court and Mformation during motion practice that it "***does not intend to call either co-CEO to testify at trial***."  Ignoring its own promise, RIM has added the CEOs and one additional, new, witness to its witness list.  Because RIM has failed to comply with the Federal Rules of Civil Procedure, and that non-compliance is not substantially justified or harmless, RIM should not be permitted to present testimony from any of any of these three witnesses at trial.

1

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      BACKGROUND**

3          Mformation filed this case on October 31, 2009.  Discovery closed May 13, 2011.  RIM

4   had ample opportunity during this almost two and a half year period to disclose persons likely to

5   have discoverable information, yet it waited until it served its proposed pre-trial conference

6   statement to identify for the first time three trial witnesses: Nicholas Alfano (may call) is a

7   member of RIM's standards team;[1] Jim Balsillie (may call) and Mihal Lazaridis (will call) are

8   RIM's former co-CEOs.

9          As required by the Federal Rules of Civil Procedure, both parties served Rule 26(a)

10  disclosures on each other, identifying (among other things) persons likely to have discoverable

11  information and the subjects of such information.  In the three versions of Rule 26(a) disclosures

12  RIM served on Mformation, it *never* identified Alfano or Lazaridis as persons with discoverable

13  information, and though Balsillie was identified in the first version of RIM's initial disclosures,

14  subsequent versions omitted Balsillie.  For its part, Mformation also did not disclose Alfano in

15  its Rule 26(a) disclosures, and because he had never been disclosed as a potential witness,

16  Mformation did not seek to depose him.  Mformation did disclose Balsillie and Lazaridis on its

17  Rule 26(a) disclosures, given their role in the matters at issue in this lawsuit.  RIM opposed

18  Mformation's efforts to depose these individuals, claiming they had no knowledge about facts

19  relevant to the litigation.

20         Because of its belief that Balsillie and Lazaridis had discoverable information,

21  Mformation sought their depositions, which effort RIM steadfastly refused.  In June 2010,

22  Mformation moved to compel their testimony.  (Dkt. No. 192.)  In response, RIM repeatedly

23

24  [1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28

1   claimed its co-CEOs' testimony was irrelevant, and further committed that it "**does not intend to**

2   **call either co-CEO to testify at trial**."  (Dkt. No. 228 at 2.)  This Court granted Mformation's

3   motion in part, by permitting Mformation to depose Balsillie and Lazaridis for one hour each, for

4   a "limited deposition."  (Dkt. No. 275.)  In reaching its decision, the Court relied heavily on

5   RIM's assertions these witnesses were irrelevant and had no unique knowledge of facts at issue

6   in this case.  During their short one-hour depositions, Balsillie and Lazaridis denied having any

7   recollection about dealings with Mformation or any recollection about Mformation's wireless

8   device remote management technology.

9        In the Joint Pretrial Conference Statement filed with the Court on May 4, 2012 (Dkt. No.

10  776), for the first time, RIM has identified the never-deposed or disclosed Alfano (may call), and

11  the "irrelevant" and barely deposed Balsillie (may call) and Lazaridis (will call) as witnesses at

12  trial.

13  **II.      ARGUMENT**

14       Civil litigation is designed to be an open process which eliminates trial surprises.  Parties

15  prepare for trial based on information they learn throughout discovery, which mandates

16  disclosure rather than subterfuge.  A party only knows which of its opponent's witnesses or

17  information is relevant to the litigation if that opponent fully and fairly discloses that information

18  in discovery.  Failing to disclose a person with admissible information, contesting that person's

19  relevance, and promising that person will *not* testify at trial sends a clear message that such

20  person will not be disclosed at the last minute and after the close of discovery.

21       The Federal Rules of Civil Procedure recognize the unfair advantage a party would have

22  if it fails to identify a witness or information in its 26(a) disclosures.  Rule 37(c)(1) plainly states:

23              ***Failure to Disclose or Supplement.*** If a party fails to provide
            information or identify a witness as required by Rule 26(a) or (e),
            the party is not allowed to use that information or witness . . . at a
24          trial, unless the failure was substantially justified or harmless.

25  The Advisory Committee notes further explain that Rule 37 is a "self-executing sanction" that

26  does not even require a party to file a motion to exclude testimony.  Fed. R. Civ. P. 37, Advisory

27

28                                                  3

4833-6133-0703.2

1   Comm. note, 1993 Amendments.

2       RIM's last minute disclosure of key witnesses it had never before disclosed is neither

3   substantially justified nor harmless.  Because RIM never identified Alfano as a person likely to

4   have discoverable information, Mformation never deposed him.  If he testifies at trial, everything

5   he says will be new to Mfornation, and Mformation has not had an opportunity to test his

6   knowledge, information or credibility prior to trial, determine whether his information could

7   have been relied on by an expert, or otherwise examine his relevance to this proceeding.  In sum,

8   Mformation would be hearing Alfano's information for the first time at the same time the jury

9   hears it, severely prejudicing Mformation's ability to properly cross examine Alfano or even

10  gather documents to test whatever information he shares from the witness stand.  This is exactly

11  the type of ambush Rules 26 and 37 are designed to avoid, and the only fair remedy is to exclude

12  his testimony.  *Newark Group, Inc. v. Dopaco, Inc.*, No. 2:08-cv-02623-GEB-DAD, 2012 WL

13  899250, *4 (E.D. Cal. Mar. 15, 2012) (excluding witness never disclosed, even where witness

14  had been discussed by others in depositions); *Starnet Int'l AMC, Inc. v. Mousa Kafash*, No. 09-

15  cv-04301-LHK, 2011 U.S. Dist. Lexis 7966, *6-7 (Jan. 21, 2011) (excluding witness never

16  disclosed in Rule 26(a) statement); *Oiler v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339,

17  343 (S.D. Cal. 2010) (excluding witness never disclosed, even where witness had been discussed

18  by others in depositions).

19      Any trial testimony by Balsillie and Lazaridis should also be excluded, due to RIM's

20  steadfast refusal to disclose them or their information, and its pledge to this Court that it "**does**

21  **not intend to call either co-CEO to testify at trial."**  (Dkt. No. 228 at 2.)  RIM cannot fail to

22  disclose these witnesses, strenuously claim they have no relevant knowledge, promise not to call

23  them to testify, and obtain a Court Order limiting their depositions to one hour each, only to

24  completely change course immediately before trial and identify them on a witness list.

25  Mformation's own disclosure of Balsillie and Lazaridis does not cure RIM's bad faith, as

26  Mformation was precluded from determining what knowledge these CEOs have, about any topic

27  raised in this litigation.  As one court has held, "[t]he fact that Plaintiffs indicated that they might

28
4

1  call a witness to support their case does not eviscerate the need for the defendants to put

2  Plaintiffs on notice that they too intend to call the witness to support their case." *Fonseca v. City*

3  *of Fresno*, No. 1:10-cv-00147-LJO-DLB, 2012 WL 44041, *5 (E.D. Cal. Jan. 9, 2012); *see also*

4  *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-cv-275-D, 2011 U.S. Dist. Lexis 124699, *4

5  (E.D.N.C. Oct. 27, 2011) (excluding testimony of witness identified in interrogatory responses

6  but not in Rule 26(a) disclosures, on grounds a party's "oblique references" to witnesses was

7  insufficient to alert opposing party that witnesses were potential trial witnesses).  The same

8  principle applies in this case: the fact that Mformation believed Balsillie and Lazaridis might

9  have discoverable information on one topic does not relieve RIM of its obligation to put

10  Mformation on notice of any matters about which he will testify.

11  **III.    CONCLUSION**

12       For the foregoing reasons, Mformation moves for an order excluding Messrs. Alfano,

13  Balsillie and Lazaridis from testifying at trial and striking them from RIM's witness list.

14

15  Dated:  May 15, 2012                    **FOLEY & LARDNER LLP**

16

17                                          By:  /s/  *Amar L. Thakur* _____

18                                               Amar L. Thakur
                                                Shawn E. McDonald

19                                               Allen A. Arntsen
                                                Lisa M. Noller

20                                               Justin E. Gray

21                                               Attorneys for
                                                Mformation Technologies, Inc

22

23

24

25

26

27

28

5

4833-6133-0703.2

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on this 15th day of May, 2012, a copy of the foregoing was filed

3     electronically through the Court's CM/ECF system, with notice of case activity automatically

4     generated and sent electronically to all parties.

5

       Dated:  May 15, 2012                    **FOLEY & LARDNER LLP**

6

7

8                                              By:  /s/  *Amar L. Thakur* _____
                                                    Amar L. Thakur
9                                                   Shawn E. McDonald
                                                    Allen A. Arntsen
10                                                  Lisa M. Noller
                                                    Justin E. Gray
11
                                                    Attorneys for
12                                                  Mformation Technologies, Inc

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    6
4833-6133-0703.2