**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
TEL.: (858) 847-6700
FAX: (858) 792-6773
AMARDEEP (AMAR) L. THAKUR (CA BAR NO. 194025)
ATHAKUR@FOLEY.COM
SHAWN E. MCDONALD (CA BAR NO. 237580)
SEMCDONALD@FOLEY.COM
JUSTIN E. GRAY (*PRO HAC VICE*)
JEGRAY@FOLEY.COM

**FOLEY & LARDNER LLP**
150 E. GILMAN ST.
MADISON, WI 53703
TEL: (608) 258-4293
FAX: (608) 258-4258
ALLEN A. ARNTSEN (*PRO HAC VICE*)
AARNTSEN@FOLEY.COM

**FOLEY & LARDNER LLP**
321 N. CLARK ST., STE. 2800
CHICAGO, IL 60654
TEL: (312) 832-4363
FAX: (312) 832-4700
LISA M. NOLLER (*PRO HAC VICE*)
LNOLLER@FOLEY.COM

ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT
MFORMATION TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MFORMATION TECHNOLOGIES, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>RESEARCH IN MOTION LIMITED, a Canadian corporation<br><br>AND<br><br>RESEARCH IN MOTION CORPORATION, a Delaware corporation,<br><br>    Defendants and Counterclaim Plaintiffs.<br><br>AND RELATED COUNTERCLAIMS | Case No: 5:08-CV-04990-JW<br><br>**MFORMATION'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO ALL THIRD-PARTY VALUATIONS OF MFORMATION, ITS PATENTS, OR THIS LITIGATION**<br><br>**[REDACTED VERSION FOR PUBLIC FILING] [PORTIONS DESIGNATED CONFIDENTIAL – ATTORNEYS' EYES ONLY]** |

i

# I.    ARGUMENT

## A.    The Third Party Valuations Have No Place In The *Georgia Pacific* Analysis.

Defendants Research in Motion LLC's and Research in Motion Corporation's (collectively "RIM") argument that the Third-Party Valuations are admissible addresses only *Georgia-Pacific* Factors Nos. 11 and 15.  (Dkt. No. 818 at 2.)  But Factor No. 11 is "[t]he extent to which the *infringer has made use* of the invention."  *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (emphasis added); *see also Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197 (Fed. Cir. 2010) ("Factor 11 looks at 'how often a patented invention has been used **by infringers**.'" (emphasis in original)).  RIM offers *no* argument how Third-Party Valuations that do not refer to infringement or RIM in any way relate to any "use" **by RIM**.  *Georgia Pacific* Factor 11 provides no support for RIM's position.

RIM likewise fails to show how these admittedly flawed valuations inform a hypothetical negotiation under Factor No. 15 when the negotiation must, among other things, assume that the '917 patent was valid and infringed, and none of the Third Party Valuations do so.

## B.    Risk Of Prejudice From The ████████████ Far Exceeds Any Probative Value.

RIM does nothing to rebut Mformation Technologies, Inc.'s ("Mformation") argument, and the clear deposition testimony of James Wilson, ████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████  A jury may not decide damages on evidence not tied to the value of the patent in suit.  *See ResQNet.com v. Lansa, Inc.*, 594 F.3d 860, 871 (Fed. Cir. 2010).  And cross examination can not put the genie of a low dollar "third party valuation" back in the lamp once it is presented.

The only case cited by RIM in support of its contention that "courts have held that such valuations of the patent-in-suit . . . are relevant to the damages analysis" is Judge Alsup's recent

---

[1] ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████████████

MFORMATION'S  REPLY ISO OF MOTION *IN LIMINE* TO
EXCLUDE REFERENCE TO THIRD-PARTY VALUATIONS

decision in the *Oracle* case.  *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 (WHA), 2012 U.S. Dist. LEXIS 35393, at *9-11 (N.D. Cal. Mar. 15, 2012).  That decision says no such thing – in fact, Judge Alsup's reasoning in *Oracle* underscores why the Mesirow report is not relevant to the determination of a reasonable royalty in this case. In *Oracle*, the court allowed a "profit allocation" analysis into evidence precisely because the result of that study *was* an estimate of a reasonable royalty for a license and was *not* an analysis of something else:

> [T]o summarize, the $505 million was *an estimate of a reasonable royalty for an unrestricted, perpetual license* . . . .  [Plaintiff] argues that the report should be excluded because the profit allocation method does not measure the full value of [plaintiff's] intellectual property . . . .  This may be true. Nevertheless, *the profit allocation method is relevant because it estimates the value of a **license** to [plaintiff's] patent portfolio.* Since the [hypothetical negotiation] was for a license to the patents in suit, not a complete sale of the patents in suit, the $505 million calculation is relevant and will not be excluded.

*Id.* at *12-14 (italicized emphasis added, bolded emphasis in original).  Here, the ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**C.**    **The** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **Are Irrelevant To This Dispute.**

RIM's entire legal argument as to the supposed relevance of the ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ relies on the easily distinguishable *Function Media, L.L.C. v. Google, Inc.*, No. 2:07-CV-279-CE, 2010 U.S. Dist. LEXIS 3273, at *9-10 (E.D. Tex. Jan. 15, 2010).  In that case, a stock valuation was only relevant because Google had previously paid for patent licenses in stock – a fact wholly absent here.  Thus, determining the value of that stock was necessary in order to determine the value of the licenses.  Further, the actual issue decided by the court was whether a ***present*** stock valuation was relevant to the value of stock at the time of the hypothetical negotiation.  *Id.*  *Function Media* was able to clearly and directly tie the stock valuation to the hypothetical negotiation, while RIM does no such thing to provide "evidence of a link" to the value of a license to "the claimed invention."  *See ResQNet.com*, 594 F.3d at 871.[2]

**D.**    **The Hearsay** ▮▮▮▮▮▮▮▮▮ **Has No Probative Value.**

---

[2] RIM attempts to rebut the flawed "other methodologies" used in these and other reports citing to *Oracle* for support.  As discussed in Section B, *supra*, the court there allowed a profit allocation methodology into evidence because it was directly related to a ***license***. ▮▮▮▮▮▮▮▮▮

In an attempt to avoid its clear hearsay nature, RIM argues the ███████████ is not offered for its truth, but rather its "effect on" the state of mind of the hypothetical negotiators. This is absurd as RIM would not have the document in a negotiation, nor would Mformation ███ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ███████████████████████████████ No hearsay exception applies.

RIM argues that the mechanical and formulaic methods of the ██████████ somehow constitute a relevant "substantive analysis." (Dkt. No. 818 at 6.) In support, RIM again cites to *Oracle*, 2012 U.S. Dist. LEXIS 35393, at *9-11, where a similar valuation was *excluded* for factual errors before the Court there ever had to consider whether it was irrelevant for other reasons as well. The ███████████ does *far less* than the excluded *Oracle* citation report[4] (not to mention the expert in *Oracle* could have at least been cross-examined at trial, while no author of the ███████████ was deposed or will testify at trial).

### E.    Mformation's Motion Is Not An Untimely *Daubert* Challenge.

Mformation improperly conflates Mformation's citation to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), as an untimely *Daubert* challenge to Ms. Davis's opinions. Mformation is not making a *Daubert* challenge to Ms. Davis's methodology, but rather contends that under controlling Federal Circuit law it is error for *anyone* to consider these third-party valuations for *any* purpose because the evidence will confuse and mislead the jury as to the reasonable royalty calculation and will waste substantial time at trial.[5]

## II.    CONCLUSION

For the foregoing reasons, Mformation respectfully requests that this Court grant its Motion *in Limine* to Exclude Reference to All Third-Party Valuations.

---

[3] And, no ████████ witness was deposed or will testify at trial.

[4] The citation report in *Oracle* controlled for age of the patent, whereas ████████████████████████████ *See Oracle*, 2012 U.S. Dist. LEXIS 35393, at *9.

[5] *Daubert* does in fact offer other law that goes beyond the now colloquial "*Daubert* challenge" as evidenced by its Rule 403 discussion, and as cited in Mformation's motion *in limine*.

3

Dated:  May 18, 2012                    **FOLEY & LARDNER** LLP


By:  /s/  *Amar L. Thakur*_____
         Amar L. Thakur
         Shawn E. McDonald
         Allen A. Arntsen
         Lisa M. Noller
         Justin E. Gray

         Attorneys for
         Mformation Technologies, Inc

MFORMATION'S  REPLY ISO OF MOTION *IN LIMINE* TO
                                                EXCLUDE REFERENCE TO THIRD-PARTY VALUATIONS

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2012, a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

Dated:  May 18, 2012                    **FOLEY & LARDNER** LLP


By:  /s/  *Amar L. Thakur*
   Amar L. Thakur
   Shawn E. McDonald
   Allen A. Arntsen
   Lisa M. Noller
   Justin E. Gray

   Attorneys for
   Mformation Technologies, Inc