United States District Court
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                           SAN FRANCISCO DIVISION

9   Mformation Techs., Inc.,                   NO. C 08-04990 JW

10              Plaintiff,                      **ORDER GRANTING IN PART AND**
                                                **DENYING IN PART MOTIONS _IN_**
11       v.                                     **_LIMINE_; GRANTING PLAINTIFF'S**
                                                **MOTION TO EXCLUDE WITNESSES**
    Research in Motion Ltd., et al.,
12
                Defendants.
13   _____/

14
15      Presently before the Court are Plaintiff's Motions _in Limine_ Nos. 1 through 5,[1] Defendants'

16   Motions _in Limine_ Nos. 1 through 5[2] and Plaintiff's Motion to Exclude Witnesses.[3]  The Court finds

17
18
19
20   _____

21      [1]  (Mformation's Motion _in Limine_ to Exclude Reference to the Non-Existent Mformation
     Software LLC and Related Documents, hereafter, "Plaintiff's Motion No. 1," Docket Item No. 784
22   (filed under seal); Mformation's Motion _in Limine_ to Exclude Testimony, Other Evidence, and Any
     Reference to Allegations that Gurinder S. Johar as an Inventor of the '917 Patent, hereafter,
23   "Plaintiff's Motion No. 2," Docket Item No. 781 (filed under seal); Mformation's Motion _in Limine_
     to Exclude Reference to Issues Addressed by Prior Rulings and Discovery Disputes, hereafter,
24   "Plaintiff's Motion No. 3," Docket Item No. 783 (filed under seal); Mformation's Motion _in Limine_
     to Exclude Reference by RIM to Other License Agreements, hereafter, "Plaintiff's Motion No. 4,"
25   Docket Item No. 795 (filed under seal); Mformation's Motion _in Limine_ to Exclude Reference to All
     Third-Party Valuations of Mformation, its Patents, or this Litigation, hereafter, "Plaintiff's Motion
26   No. 5," Docket Item No. 797 (filed under seal).)

27      [2]  (RIM's Motion in Limine #1 to Preclude Mformation from Offering Argument Regarding
     "Copying" by RIM, hereafter, "Defendants' Motion No. 1," Docket Item No. 786; RIM's Motion in
28   Limine #2 to Exclude Three Irrelevant RIM Emails and Related Testimony, hereafter, "Defendants'
     Motion No. 2," Docket Item No. 788 (filed under seal); RIM's Motion in Limine #3 to Exclude Two

it appropriate to take the Motions under submission without oral argument.  See Civ. L.R. 7-1(b).

The Court addresses each group of Motions in turn.

**A.      Plaintiff's Motions *in Limine***

      **1.      Plaintiff's Motion *in Limine* No. 1**

Plaintiff moves to exclude any reference to Mformation Software, LLC (the "LLC"), on the grounds that: (1) the formation of the LLC was never completed, and therefore testimony regarding the uncompleted assignment of the '917 Patent to the LLC is irrelevant and prejudicial; and (2) even if the LLC was formed, assignment of the '917 Patent was immediately rescinded.[4]  Defendants respond that such information is relevant because (1) the LLC formation and assignment documents establish that Plaintiff assigned the '917 Patent to the LLC, which means that Plaintiff no longer owns the '917 Patent; and (2) this assignment was not rescinded because any recision of patent assignments must be in writing.[5]

Without commenting on the merits of the contention that the '917 Patent was assigned to the LLC, or the contention that the assignment was rescinded, the Court finds that the issue of patent ownership is an affirmative defense that was not raised in Defendants' Answer.[6]

---

Irrelevant Email Chains and Related Testimony, hereafter, "Defendants' Motion No. 3," Docket Item No. 790 (filed under seal); RIM's Motion in Limine #4 to Exclude Evidence of RIM's Prior, Unrelated Litigations, hereafter, "Defendants' Motion No. 4," Docket Item No. 792; RIM's Motion in Limine #5 to Preclude Argument as to Willful Infringement, hereafter, "Defendants' Motion No. 5," Docket Item No. 794.)

    [3]  (Mformation's Notice of Motion and Motion to Exclude Trial Witnesses, hereafter, "Witness Motion," Docket Item No. 827.)

    [4]  (Plaintiff's Motion No. 1 at 1.)

    [5]  (RIM's Opposition to Mformation's Motion in Limine to Exclude Reference to Mformation Software LLC and Related Documents, Docket Item No. 810 (filed under seal).)  On the basis of Defendants' contention that Plaintiff transferred title to the '917 Patent to the LLC, Defendants seek to limit damages to the period before assignment occurred.  (See Docket Item No. 776 ¶ 195.)

    [6]  (See Research in Motion Limited's and Research in Motion Corporation's Amended Answer and Defenses to Mformation's Third Amended Complaint, Counterclaims Against Mformation Technologies, Inc., hereafter, "Amended Answer," Docket Item No. 568 (filed under seal).)

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1    Accordingly, the Court GRANTS Plaintiff's Motion *in Limine* No. 1.

2        **2.    Plaintiff's Motion *in Limine* No. 2**

3        Plaintiff moves to exclude any evidence or testimony that Gurinder S. Johar ("Johar") is a

4    co-inventor of the '917 Patent, on the grounds that: (1) Johar is not a co-inventor as a matter of law,

5    because his testimony demonstrates that he does not understand some of the claim limitations of the

6    '917 Patent; and (2) no evidence other than his own testimony supports the notion that Johar was a

7    co-inventor, and uncorroborated testimony cannot invalidate a patent on the basis of failure to name

8    an inventor.[7]  Defendants respond that (1) there is significant evidence that Johar should have been

9    named as an inventor of the '917 Patent; and (2) Plaintiff has not offered any reason to believe that it

10   would be prejudiced by admission of evidence on this subject.[8]

11       Title 35 U.S.C. § 102 provides that a person is not entitled to a patent if "he did not himself

12   invent the subject matter sought to be patented."  35 U.S.C. § 102(f).  "Whenever through error a

13   person is named in an issued patent as the inventor, or through error an inventor is not named in an

14   issued patent and such error arose without any deceptive intention on his part," the director of the

15   Patent Office may "issue a certificate correcting such error."  Id. § 256.  Section 256 further

16   provides that "[t]he error of omitting inventors or naming persons who are not inventors shall not

17   invalidate the patent in which such error occurred if it can be corrected as provided in this section."

18   Id.  Thus, "the remedy for innocent misjoinder [of an inventor] is correction, and not invalidation" of

19   a patent.  Shields v. Halliburton Co., 667 F.2d 1232, 1236 (5th Cir. 1982).

20       Here, the Court has already concluded that Plaintiff did not act with deceptive intent in not

21   naming Johar as an inventor of the '917 Patent.[9]  Thus, the Court has already concluded that any

22   _____

23       [7]  (Plaintiff's Motion No. 2 at 1-2.)

24       [8]  (RIM's Opposition to Mformation's Motion in Limine to Exclude Testimony, Other
     Evidence, and Any Reference to Allegations that Gurinder S. Johar Is an Inventor of the '917 Patent
25   at 1, Docket Item No. 814 (filed under seal).)

26       [9]  (See Order re. Motions for Summary Judgment at 13, hereafter, "December 19 Order,"
     Docket Item No. 691.)  As the Court stated in its December 19 Order: "Plaintiff provides evidence
27   which permits the reasonable inference that Plaintiff did not believe that Johar should regarded as

28                                                3

United States District Court

For the Northern District of California

1    nonjoinder of Johar, if indeed he should have been named, was done without the intent to deceive.

2    (See id.)  Accordingly, even if Defendants were to succeed in demonstrating that Johar should have

3    been named as an inventor, the proper remedy would be correction of the '917 Patent, rather than its

4    invalidation.  See Shields, 667 F.2d at 1236.  Because the issue of whether Johar should have been

5    listed as one of the inventors of the '917 Patent is not dispositive of the affirmative defense of

6    invalidity, the Court finds that evidence regarding Johar's possible inventorship is not relevant and

7    is likely to confuse the jury.

8            Accordingly, the Court GRANTS Plaintiff's Motion *in Limine* No. 2.

9        **3.    Plaintiff's Motion *in Limine* No. 3**

10           Plaintiff moves to exclude "all testimony, argument, and reference regarding prior decisions

11   in this case and discovery disputes between the parties," on the grounds that such testimony is

12   irrelevant and may lead the jury to conclude that one side has tried to gain advantage by suppressing

13   evidence.[10]  As part of this Motion, Plaintiff specifically seeks to exclude any evidence relating to

14   Plaintiff's delayed production of source code, as well as each of Plaintiff's responses to

15   interrogatories prior to the May 13, 2011 version which Plaintiff describes as the "final, complete

16   and accurate response."  (Id. at 5.)  Defendants respond that the Motion is overbroad and seeks to

17   exclude evidence that the Court has already held to be the proper subject of jury consideration.[11]

18           Upon review, the Court finds good cause to exclude evidence of the parties' pretrial

19   discovery disputes, such as motions to compel testimony or production as well as Defendants'

20   Motion for Sanctions.[12]  Evidence of the parties' discovery disputes are not relevant to the questions

21   of patent validity or infringement, and thus should not be presented to the jury.  This includes

22
23   inventor of the '917 Patent.  Accordingly, the evidence is insufficient to require a finding of
     deceitful intent on the part of Plaintiff as to its failure to identify Johar as a named inventor, which
     means that intent to deceive cannot be found."  (Id. (citation omitted).)
24
25        [10]  (Plaintiff's Motion No. 3 at 1.)

26        [11]  (RIM's Opposition to Mformation's Motion *in Limine* to Exclude Reference to Issues
     Addressed by Prior Rulings and Discovery Disputes, Docket Item No. 812 (filed under seal).)
27
          [12]  (Docket Item No. 747.)
28
                                            4

United States District Court

For the Northern District of California

1  evidence that Plaintiff produced some source code later than it should have under the discovery

2  rules.

3      However, the Court does not find good cause to exclude Plaintiff's prior interrogatory

4  responses.  These responses are not evidence of a discovery dispute, but are actual evidence

5  produced by Plaintiff during discovery and are offered to assist the trier of fact in assessing

6  credibility.[13]  Because the reduction to practice date is an issue in dispute, the Court finds that

7  Defendants should be permitted to introduce evidence of Plaintiff's sworn statements on this issue to

8  the jury.

9      Accordingly, the Court GRANTS in part and DENIES in part Plaintiff's Motion *in Limine*

10  No. 3.  The Court excludes all evidence of prior pretrial discovery disputes, such as Defendants'

11  Motion for Sanctions, as well as evidence pertaining to Plaintiff's late production of any source

12  code.  However, Defendants may introduce Plaintiff's interrogatory responses.[14]

13      **4.    Plaintiff's Motion *in Limine* No. 4**

14      Plaintiff moves to exclude (1) evidence of any "non-comparable" licensing agreements

15  entered into by either Plaintiff or Defendants for patented technology;[15] and (2) any opinion of

16  Defendants' damages expert, Julie Davis ("Davis"), that relies on these agreements.[16]  Defendants

17  respond that (1) Davis has adequately accounted for any differences between the licenses relied

18  _____

19      [13]  See <u>Victory Carriers, Inc. v. Stockton Stevedoring Co.</u>, 388 F.2d 955, 959 (9th Cir. 1968)
20  ("When there is conflict between answers supplied in response to interrogatories and answers
    obtained through other questioning, either in deposition or trial, the finder of fact must weigh all of
    the answers and resolve the conflict.").

21

22      [14]  Nothing in this Order precludes Plaintiff from explaining any changes in its interrogatory
    responses.  In particular, Plaintiff may introduce evidence that it discovered different versions of the
23  source code at different times.  However, reference may not be made to the discovery schedule
    imposed by the Court or whether Plaintiff's production complied with the rules governing discovery.

24      [15]  Plaintiff contends that the non-comparable license agreements "include, but are not
    limited to, RIM Trial Exhibits 4256-57, 4281-82, 4294-95, 4302-19, 4325, 4330-32, 4334-40, and
25  4342-43."  (Plaintiff's Motion No. 4 at 1 n.1.)  Because it is unclear to the Court what exhibits
    Plaintiff might wish to exclude on this basis, the Court declines to address the admissibility of
26  unspecified agreements as to which Plaintiff offers no argument.

27      [16]  (Plaintiff's Motion No. 4 at 1, 7.)

28                                          5

United States District Court

For the Northern District of California

1  upon and a hypothetical license for the '917 Patent; and (2) Plaintiff seeks to "cherry pick" the

2  license agreements that may be presented to the jury so as to over-inflate the value of the '917

3  Patent.[17]

4      In the Court's order addressing the parties' Motions to Exclude Expert Testimony, the Court

5  articulated the factors that a jury should consider in determining a reasonable royalty rate for the

6  patent at issue.[18]  The Court explained that in constructing a hypothetical negotiation to determine

7  what royalty rate the parties would have likely reached, the jury could consider, *inter alia*: (1) the

8  royalties received by the patentee for licensing the patent to others; and (2) rates paid by the licensee

9  for the use of comparable patents.  (Id.)

10     Upon review, the Court finds that the licensing agreements entered into by the parties are

11 relevant in calculating the royalty rate that likely would have been reached by a hypothetical

12 negotiation.  Although Davis testified that Plaintiff has not entered into any license agreements

13 which cover only the '917 Patent, she explained how she used each licensing agreement in her

14 calculation and how she believes the agreement would be adjusted to account for differences

15 between the technology covered and a license for only the '917 Patent.[19]  Notably, Plaintiff's

16 damages expert relied on many of these same licensing agreements in reaching his damages

17

18 _____

19     [17] (RIM's Opposition to Mformation's Motion *in Limine* to Exclude Reference by RIM to
    Other License Agreements at 1, Docket Item No. 820 (filed under seal).)  Defendants do not oppose
20  Plaintiff's Motion as it applies to other settlement agreements entered into by the parties, provided
    that Defendants' Motion to exclude all past settlement agreements is granted.  (Id. at 1.)  Because
21  neither party opposes the exclusion of past settlement agreements, the Court excludes these
    agreements, and GRANTS the unopposed portion of Plaintiff's Motion.  The Court thus considers
22  this Motion only as to Defendants' and Plaintiff's licensing agreements, and not as to any settlement
    agreements.
23
     [18] (Order Granting in Part and Denying in Part Motion to Exclude Expert Testimony;
24  Denying Motion to Bifurcate Trial; Denying Motion for Preclusive Sanctions at 6-7, hereafter,
    "March 29 Order," Docket Item No. 770.)
25
     [19] (See Declaration of Amar. L. Thakur in Support of Mformation Technologies, Inc.'s
26  Motion *in Limine* to Exclude Reference by RIM to Other License Agreements, Ex. OO, Rebuttal
    Expert Report and Disclosure of Expert Julie L. Davis at 40, Docket Item No. 796-41 (filed under
27  seal).)

28                                                    6

calculation.[20]  To the extent that Plaintiff challenges the reliability of Davis' opinions,[21] Plaintiff

should have done so through a timely <u>Daubert</u> motion.

Accordingly, the Court DENIES Plaintiff's Motion *in Limine* No. 4.

**5.     Plaintiff's Motion *in Limine* No. 5**

Plaintiff moves to exclude all evidence of third-party valuations of Plaintiff or of the '917

Patent, on the grounds that (1) such evidence is irrelevant and likely to confuse the jury; and (2) the

opinions of outside evaluators as to the value of the '917 Patent are inadmissible hearsay.[22]

Specifically, Plaintiff seeks to exclude: (1) three reports prepared by outside companies regarding

the value of the '917 Patent; and (2) the damages calculation of Defendants' expert, Davis, because

her opinion relies on these reports.  (<u>Id.</u> at 1.)  Defendants respond that (1) these valuations are

relevant in determining the value of the '917 Patent; and (2) the valuations are either not hearsay, or

are subject to exceptions to the hearsay rule.[23]

As is discussed above, and as the Court explained in its March 29 Order, damages for patent

infringement are determined on the basis of a hypothetical negotiation between the parties at the

time infringement began.  <u>See</u> <u>Uniloc USA, Inc. v. Microsoft Corp.</u>, 632 F.3d 1292, 1312 (Fed. Cir.

2011).  In determining the likely outcome of this hypothetical negotiation, the jury must "assume

that both parties believed the patent was valid and infringed."[24]

Upon review, the Court finds that the third-party valuations at issue are not relevant and thus

are inadmissible.  In particular, none of the reports at issue attempted to assess the value of the '917

---

[20]  (<u>See</u> Declaration of Tiffany P. Cunningham in Support of RIM's Opposition to Mformation's Motion *in Limine* to Exclude Reference by RIM to Other License Agreements, Ex. 3, Expert Report of Roy Weinstein, Docket Item No. 821-3 (filed under seal).)

[21]  (<u>See</u> Plaintiff's Motion No. 4 at 7-11.)

[22]  (Plaintiff's Motion No. 5 at 1-3.)

[23]  (RIM's Opposition to Mformation's Motion in Limine to Exclude Reference to all Third-Party Valuations of Mformation, its Patents, or this Litigation at 1, 11-13, Docket Item No. 818 (filed under seal).)

[24]  <u>See</u> Model Patent Jury Instructions for the Northern District of California, § B.5.7 (2011).

7

United States District Court
For the Northern District of California

Patent at the time infringement began, and none assumed that the Patent was both valid and infringed.[25]  Thus, admission of these reports is likely to confuse the jury by introducing a basis for evaluating damages that differs entirely from that the jury is being asked to apply.  The Court does not, however, find any reason to limit the testimony of Davis due to the fact that she relied in part on these reports.[26]  Any objection to Davis' testimony based on her reliance on these reports should have been raised through a timely <u>Daubert</u> motion.

Accordingly, the Court GRANTS in part and DENIES in part Plaintiff's Motion *in Limine* No. 5.  Defendants may not introduce the contested valuation reports, but Davis may testify as to her opinion as to the proper calculation of damages.

**B.    Defendants' Motions *in Limine***

**1.    Defendants' Motion *in Limine* No. 1**

Defendants move to preclude Plaintiff from arguing or suggesting that Defendants "copied any Mformation product or the invention claimed in [the '917 Patent] . . . or that Mformation provided RIM with anything to copy, including any of Mformation's source code," on the grounds that there is "no evidence to support such arguments" and such arguments would be "irrelevant and highly prejudicial."  (Defendants' Motion No. 1 at 1.)  Plaintiff responds that there is evidence that RIM copied its "patented invention," and that this evidence of copying is relevant, insofar as it rebuts Defendants' defense that the invention was "merely an obvious variant of prior art software."[27]

---

[25]  Because each of these reports was filed under seal, the Court does not discuss their contents in detail.

[26]  Although these reports were among the factors considered by Davis in arriving at a reasonable royalty calculation, the Court finds that they were not a significant enough factor in her analysis to warrant exclusion of her testimony.  Thus, while Davis may not discuss these particular reports or reveal their contents to the jury, she may nonetheless offer her opinion as to a reasonable royalty calculation.

[27]  (Mformation's Opposition to RIM's Motion in Limine #1 to Preclude Mformation from Offering Argument Regarding "Copying" by RIM at 1-7, hereafter, "Plaintiff's Opp'n No. 1," Docket Item No. 803 (filed under seal).)

United States District Court

For the Northern District of California

Evidence of "secondary considerations must always when present be considered in the process of determining obviousness."  Fromson v. Advance Offset Plate, Inc., 755 F.2d 1549, 1556 (Fed. Cir. 1985).  In particular, "evidence of copying is relevant to an obviousness determination." Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc., 344 F.3d 1186, 1196 (Fed. Cir. 2003) (citations omitted).  To establish copying in patent infringement cases, a plaintiff must show "evidence of efforts to replicate a specific product, which may be demonstrated," *inter alia*, through "access to the patented product combined with substantial similarity to the patented product." Wyers v. Master Lock Co., 616 F.3d 1231, 1246 (Fed. Cir. 2010) (citations omitted).

Upon review, the Court does not find good cause to preclude Plaintiff from arguing that Defendants copied Plaintiff's invention.  In particular, the Court finds that Plaintiff presents evidence that Defendants had access to Plaintiff's technology,[28] which is a sufficient basis for Plaintiff to attempt to demonstrate copying on the part of Defendants.  Wyers, 616 F.3d at 1246. Further, insofar as Defendants allege that the patent at issue is invalid on grounds, *inter alia*, of obviousness,[29] the Court finds that Plaintiff's evidence of copying is relevant.  Akamai, 344 F.3d at 1196.

Accordingly, the Court DENIES Defendants' Motion *in Limine* No. 1.

## 2.    Defendants' Motion *in Limine* No. 2

Defendants move to preclude Plaintiff from introducing at trial "three internal RIM emails, and any testimony regarding those emails, that discuss RIM possibly obtaining a non-patent license to Mformation's 'agent,'" on the ground that the emails at issue are irrelevant and unfairly prejudicial.  (Defendants' Motion No. 2 at 1-4.)  Plaintiff responds that the emails are both relevant and not unfairly prejudicial, insofar as: (1) they rebut Defendants' obviousness defense; (2) they

---

[28]  (See Plaintiff's Opp'n No. 1 at 4-5; see also Declaration of Shawn E. McDonald in Support of Mformation Technologies, Inc.'s Opposition to RIM's Motion in Limine #1 to Preclude Mformation from Offering Argument Regarding "Copying" by RIM, Exs. A-D, Docket Item No. 804.)  Because this Opposition and the attached exhibits were filed under seal, the Court does not discuss the specific details of the evidence at issue here.

[29]  (See Amended Answer ¶ 119.)

United States District Court

For the Northern District of California

1    pertain to the issues of damages and willfulness; and (3) they are not unfairly prejudicial, because

2    they are probative, clear and "readily understandable to a layperson."[30]

3           Evidence of secondary considerations of non-obviousness includes evidence that an alleged

4    infringer of a patent "praised the utility" of a patentee's products.  See i4i Ltd. P'ship v. Microsoft

5    Corp., 670 F. Supp. 2d 568, 588 (E.D. Tex. 2009).

6           Upon review, the Court finds that the emails at issue are relevant on the ground that they

7    pertain to Defendants' obviousness defense, insofar as the emails do include praise for the utility of

8    Plaintiff's invention.  i4i Ltd., 670 F. Supp. 2d at 588.  Further, the Court finds that the emails may

9    also be relevant to Plaintiff's willfulness claim.[31]  Finally, the Court finds that the probative value of

10   these emails outweighs their possible prejudice to Defendants.

11          Accordingly, the Court DENIES Defendants' Motion in Limine No. 2.

12          **3.     Defendants' Motion in Limine No. 3**

13          Defendants move to preclude Plaintiff from introducing at trial "two internal RIM email

14   chains, and any testimony regarding those email chains, that describe RIM's brief consideration of

15   acquiring Mformation" in 2002, on the grounds that this evidence is irrelevant and unfairly

16   prejudicial.  (Defendants' Motion No. 3 at 1-5.)  Plaintiff responds that the emails are both relevant

17   and not unfairly prejudicial, insofar as: (1) they pertain to Defendants' obviousness defense; (2) they

18   pertain to "the issues of damages and willfulness"; and (3) they are not unfairly prejudicial, because

19   they are probative, clear and "readily understandable to a layperson."[32]

20   _____

21          [30] (Mformation's Opposition to RIM's Motion in Limine #2 to Exclude Three RIM Emails
     and Related Testimony at 1-10, hereafter, "Plaintiff's Opp'n No. 2," Docket Item No. 805 (filed
22   under seal).)

23          [31] (See Plaintiff's Opp'n No. 2 at 2-5, 8; see also Declaration of Meredith Zinanni in Support
     of RIM's Motion in Limine #2 to Exclude Three Irrelevant RIM Emails and Related Testimony,
24   Exs. 1-3, Docket Item No. 789 (filed under seal).)  Because both the moving papers and exhibits
     under discussion here were filed under seal, the Court does not discuss the specific details of the
25   emails at issue.

26          [32] (Mformation's Opposition to RIM's Motion in Limine #3 to Exclude Two Email Chains
     and Related Testimony at 1-12, hereafter, "Plaintiff's Opp'n No. 3," Docket Item No. 807 (filed
27   under seal).)

28                                                        10

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    Based upon the present state of the record, the Court finds that the emails at issue are not

2    relevant to the issues of obviousness or damages.  The emails at issue were exchanged by employees

3    of Defendants in 2002, and include speculations as to whether Defendants should seek to acquire

4    "the entirety of Mformation" and as to the possible valuation of the company as a whole.[33]  Thus,

5    because the emails do not speak to any of Plaintiff's products or inventions in particular, they cannot

6    constitute evidence of the obviousness or non-obviousness of the patent at issue.  For the same

7    reason, they are not relevant to the issue of damages, insofar as they speak not to the value of the

8    particular patent at issue, but rather to the possible valuation of the company as a whole.  However,

9    the Court finds that these emails may be relevant to the issue of willfulness, and thus finds that

10   Plaintiff should be permitted to introduce them for that limited purpose.

11   Accordingly, the Court DENIES Defendants' Motion *in Limine* No. 3.

12   **4.    Defendants' Motion *in Limine* No. 4**

13   Defendants move to preclude Plaintiff from introducing at trial evidence from, or testimony

14   related to, "prior, unrelated litigations" or "any settlement agreements from such litigations," on the

15   grounds that such evidence is irrelevant and would be unfairly prejudicial.  (Defendants' Motion No.

16   4 at 1-6.)  Plaintiff responds that it would be appropriate to grant this Motion and exclude all

17   evidence or testimony relating to "noncomparable licenses, whether related to litigation or

18   otherwise."[34]

19   In light of the parties' agreement that the evidence and testimony at issue should be

20   excluded, the Court excludes evidence of prior litigations and any settlement agreements derived

21   from those litigations.

22   Accordingly, the Court GRANTS Defendants' Motion *in Limine* No. 4.

23

24   [33]  (See Defendants' Motion No. 3 at 2; see also Plaintiff's Opp'n No. 3 at 1.)  Because the
     emails at issue were filed under seal, the Court does not discuss the specific details of the emails.
25   (See Declaration of Meredith Zinanni in Support of RIM's Motion in Limine #3 to Exclude Two
     Irrelevant Email Chains and Related Testimony, Exs. 1-4, Docket Item No. 791 (filed under seal).)

26
27   [34]  (Mformation's Response Brief in Opposition to RIM's Motion in Limine #4 to Exclude
     Evidence of RIM's Prior, Unrelated Litigations at 1-2, Docket Item No. 822 (filed under seal).)

28                                                    11

United States District Court
For the Northern District of California

1

5.       **Defendants' Motion** *in Limine* **No. 5**

2

Defendants move to preclude Plaintiff from arguing that they "willfully infringed or

3

infringe[]" the patent at issue, on the grounds that "allegations of willful infringement are prejudicial

4

to RIM, as they accuse RIM of acting recklessly," and have "no probative value," insofar as Plaintiff

5

cannot satisfy either prong of the test for willful infringement.[35]  (Defendants' Motion No. 5 at 1.)

6

Plaintiff responds that it should not be precluded from arguing that Defendants have willfully

7

infringed, on the ground that it has sufficient evidence to satisfy both prongs of the test for willful

8

infringement.[36]

9

To establish willful infringement, "a patentee must show by clear and convincing evidence

10

that the infringer acted despite an objectively high likelihood that its actions constituted

11

infringement of a valid patent."  In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

12

"If this threshold objective standard is satisfied, the patentee must also demonstrate that this

13

objectively-defined risk . . . was either known or so obvious that it should have been known to the

14

accused infringer."  Id.  In determining whether the objective standard for willful infringement is

15

satisfied, courts are to consider such factors as, *inter alia*, "whether the infringer deliberately copied

16

the ideas of another."  MeadWestvaco Corp. v. Rexam PLC, 809 F. Supp. 2d 463, 483 (E.D. Va.

17

2011) (citations omitted).

18

Upon review, the Court does not find good cause to preclude Plaintiff from arguing that

19

Defendants have willfully infringed the patent at issue.  First, as to the objective standard for willful

20

infringement, Plaintiff–as discussed above–may present evidence of copying, which means that

21

Plaintiff has a basis for attempting to show that the objective standard is satisfied.  MeadWestvaco,

22

23

[35] As a preliminary matter, the Court observes that it has already denied a motion for summary judgment brought by Defendants regarding this issue.  (See Order Granting RIM's Motion for Summary Judgment Re: Invalidity; Denying RIM's Motion for Summary Judgment Re: Non-Infringement for All Claims; Granting RIM's Motion for Summary Judgment Re: Non-Infringement of Method Claims; Denying RIM's Motion for Summary Judgment Re: Non-Willfulness at 19-22, Docket Item No. 355.)

24

25

26

[36] (Mformation's Opposition to RIM's Motion in Limine #5 to Preclude Argument as to Willful Infringement at 2-13, hereafter, "Plaintiff's Opp'n No. 5," Docket Item No. 824 (filed under seal).)

27

28

12

United States District Court

For the Northern District of California

809 F. Supp. 2d at 483.  Second, as to the subjective standard for willful infringement, the Court finds that Plaintiff presents evidence sufficient to argue that the risk of such infringement would have been "known or so obvious that it should have been known" to Defendants.[37]  <u>Seagate</u>, 497 F.3d at 1371.

Accordingly, the Court DENIES Defendants' Motion *in Limine* No. 5.

## C.   <u>Plaintiff's Motion to Exclude Witnesses</u>

Plaintiff moves to exclude the testimony of Nicholas Alfano ("Alfano"), Jim Balsillie ("Balsillie") and Mihal Lazaridis ("Lazaridis") on the grounds that: (1) Defendants never disclosed any of these witnesses as required by Fed. R. Civ. P. 26; and (2) Defendants specifically denied having any intent to call Balsillie or Lazaridis in opposing Plaintiff's request to depose these potential witnesses.  (Witness Motion at 1.)  Defendants respond that: (1) Plaintiff has been aware of these witnesses since the beginning of discovery; (2) Plaintiff's own trial strategy necessitates the calling of these witnesses; and (3) Plaintiff is not prejudiced by Defendants' failure to disclose these witnesses earlier.[38]

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Rule 26(a) requires that each party provide to all other parties the name, address, and telephone number of each individual likely to have discoverable information that the disclosing party intends to use in support of its claims or defenses.  Fed. R. Civ. P. 26(a).

Here, the Court finds that Defendants, in opposing an earlier motion brought by Plaintiff to compel depositions of these witnesses, have represented that they did not intend to call either

---

[37]  (<u>See</u> Plaintiff's Opp'n No. 5 at 8-12; <u>see also</u> Declaration of Amar L. Thakur in Support of Mformation's Opposition to RIM's Motion for Summary Judgment of No Willful Infringement, Exs. O-P, Docket Item No. 314 (filed under seal).)  As both this Opposition and certain evidence offered by Plaintiff in support of its contentions regarding the subjective standard for willful infringement are filed under seal, the Court does not discuss the nature of this evidence.

[38]  (RIM's Opposition to Mformation's Motion to Exclude Trial Witnesses at 1-8, hereafter, "Witness Opp'n," Docket Item No. 884.)

1    Balsillie or Lazaridis at trial.  (See Docket Item No. 228 at 2.)  In addition, Defendants concede that

2    these witnesses were not among those listed in their initial disclosures. (Witness Opp'n at 1.)  Upon

3    review, the Court finds that in light of Defendants' failure to disclose these witnesses, and in light of

4    Defendants' representation that it did not intend to call either Balsillie or Lazaridis as witnesses,

5    allowing Defendants to call them at trial would cause undue prejudice to Plaintiff.  In particular, the

6    limited ability of Plaintiff to depose these witnesses prior to trial would place Plaintiff at an unfair

7    disadvantage if these witnesses are allowed to testify.

8             Accordingly, the Court GRANTS Plaintiff's Motion to Exclude Witnesses, without

9    prejudice to Defendants to seek leave to call these witnesses as rebuttal witnesses.

10   **D.      Conclusion**

11            The Court GRANTS Plaintiff's Motions *in Limine* Nos. 1 and 2; GRANTS in part and

12   DENIES in part Plaintiff's Motions *in Limine* Nos. 3 and 5; and DENIES Plaintiff's Motion *in*

13   *Limine* No. 4.

14            The Court GRANTS Defendants' Motion *in Limine* No. 4 and DENIES Defendants' Motions

15   *in Limine* Nos. 1-3 and 5.

16            The Court GRANTS Plaintiff's Motion to Exclude Witnesses.

17

18   Dated:  June 7, 2012

19                                                JAMES WARE
                                                  United States District Chief Judge

20

21

22

23

24

25

26

27

28
                                                  14

United States District Court

For the Northern District of California

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2   Aaron D. Charfoos acharfoos@kirkland.com
    Allen A. Arntsen aarntsen@foley.com
3   Amardeep Lal Thakur athakur@foley.com
    Christopher R. Liro christopher.liro@kirkland.com
4   Eugene Goryunov egoryunov@kirkland.com
    Jessica Christine Kaiser jessica.kaiser@kirkland.com
5   Justin E. Gray jegray@foley.com
    Linda S. DeBruin ldebruin@kirkland.com
6   Lisa Marie Noller lnoller@foley.com
    Marc Howard Cohen marc.cohen@kirkland.com
7   Maria A. Maras maria.maras@kirkland.com
    Meredith Zinanni meredith.zinanni@kirkland.com
8   Michael Anthony Parks mparks@thompsoncoburn.com
    Michael Daley Karson michael.karson@kirkland.com
9   Michael S Feldberg michael.feldberg@allenovery.com
    Shawn Edward McDonald SEMcDonald@foley.com
10  Tiffany Patrice Cunningham tiffany.cunningham@kirkland.com

11

12  **Dated:  June 7, 2012**                    **Richard W. Wieking, Clerk**

13                                              **By:___/s/ JW Chambers_____**
                                                    **William Noble**
14                                                  **Courtroom Deputy**

15

16

17

18

19

20

21

22

23

24

25

26

27

28