1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8          SAN FRANCISCO DIVISION

9    Mformation Techs., Inc.,                          NO. C 08-04990 JW

10                    Plaintiff,                        **ORDER GRANTING RIM'S RENEWED
                                                        MOTION FOR JUDGMENT AS A
11            v.                                        MATTER OF LAW; CONDITIONALLY
                                                        GRANTING RIM'S MOTION FOR A NEW
12   Research in Motion Ltd., et al.,                   TRIAL; DENYING OTHER MOTIONS AS
                                                        MOOT**
13                    Defendants.

14   _____/

15          Presently before the Court are RIM's Renewed Motion for Judgment as a Matter of Law[1] and

16   RIM's Motion for a New Trial.[2]  The Court conducted a hearing on August 6, 2012.  Based on the

17   papers submitted to date and oral argument, the Court GRANTS RIM's Renewed Motion for

18   Judgment as a Matter of Law, conditionally GRANTS RIM's Motion for a New Trial and DENIES

19   as moot all other pending Motions.

20   **A.    Background**

21          A detailed account of the factual background and procedural history of this case may be

22   found in the Court's November 18, 2010 Order.[3]  The Court reviews the relevant procedural history

23   as it relates to the present Motions.

24   _____

25          [1] (hereafter, "Motion," Docket Item No. 1045.)

26          [2] (Docket Item No. 1043.)

27          [3] (See Order Granting RIM's Motion for Summary Judgment re: Invalidity; Denying RIM's
     Motion for Summary Judgment re: Non-Infringement for All Claims; Granting RIM's Motion for
     Summary Judgment re: Non-Infringement of Method Claims; Denying RIM's Motion for Summary
28   Judgment re: Non-Willfulness, Docket Item No. 355.)

On June 14, 2012, the Court commenced a jury trial of this case. (See Docket Item No. 940.) On June 27, 2012, following the close of Mformation's case-in-chief, RIM made a motion for judgment as a matter of law on multiple grounds. (See Docket Item No. 983.) The Court took the motion under submission and called upon RIM to present its case. After both sides rested, RIM renewed its motion for judgment.[4] Pursuant to Fed. R. Civ. P. 50(b), the Court took the motion under submission, and submitted the case to the jury on special interrogatories.

On July 13, 2012, the jury returned a unanimous verdict finding that RIM was liable for contributory and inducing infringement of Claims 1, 6, 21-25 and 27 of the '917 Patent. (See Docket Item No. 1026.) The jury awarded royalty damages to Mformation in the sum of $147,200,000.00. (Id.) Before excusing the jury, the Court set August 6, 2012 for a hearing on RIM's pending motion for judgment. On July 17, 2012, the Court issued an order requiring further briefing for the August 6 hearing. (hereafter, "July 17 Order," Docket Item No. 1032.)

**B.    Standards**

Federal Rule of Civil Procedure 50 governs motions for judgment as a matter of law ("JMOL"). Under Rule 50(a), "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense . . . ." Fed. R. Civ. P. 50(a)(1); see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000). The motion must be made before the case is submitted to the jury. Fed. R. Civ. P. 50(a)(2).

If the court does not grant a motion for judgment made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court later deciding the legal questions raised by the motion. Fed. R. Civ. P. 50(b). The standard for granting a renewed post-verdict JMOL is the same as the standard for granting a pre-submission JMOL under Rule 50(a). Winarto v. Toshiba Am. Elecs. Components, Inc., 274 F.3d 1276, 1283 (9th Cir. 2001). A

---

[4] In addition to renewing its motion for judgment, RIM filed a further Second Motion for Judgment as a Matter of Law. (See Docket Item No. 1003.)

2

United States District Court

For the Northern District of California

party is entitled to judgment as a matter of law if, under the governing law, there can be but one

reasonable conclusion as to the verdict, and that is a finding in favor of the moving party. Id. The

court must draw all reasonable inferences in favor of the nonmoving party and should review all

evidence in the record. Reeves, 530 U.S. at 150.

**C.    Discussion**

       **1.    Renewed Motion for Judgment**

      The '917 Patent claims systems and methods for remote control and management of wireless

devices. Claim 1 of the '917 Patent[5] recites a process in which a command is placed in a mailbox at

a server and in which the command is delivered to a wireless device. The step of "delivering the

command" must be performed in three recited sub-steps.[6] The Court construed the meaning of some

of the words and phrases used in these limitations. In summary, the Court ruled that the "delivering

the command" step must be performed through a wireless connection that must be established

between the server and the wireless device; that the connection had to be established based on a

---

    [5] Claim 1 of the '917 Patent provides:
A method for remotely managing a wireless device over a wireless network comprising a
server and the wireless device, the wireless network operable to communicatively connect
the server and the wireless device, the method comprising the steps of:

        transmitting registration information relating to the wireless device from the wireless
        device to the server;

        verifying the registration information at the server; and

        without a request from the wireless device, performing the steps of:
            establishing a mailbox for the wireless device at the server,
            placing a command for the wireless device in the mailbox at the server,
            delivering the command from the mailbox at the server to the wireless device
        by establishing a connection between the wireless device and the server,
        transmitting the contents of the mailbox from the server to the wireless device,
        and accepting the contents of the mailbox at the wireless device, and
        executing the command at the wireless device;

        wherein the connection is established based on a threshold condition.

    [6] (See Third Claim Construction Order 4-5, Docket Item No. 800 (discussing the three sub-
steps for "delivering the command," and explaining that the Claim requires that the sub-steps "must
necessarily be performed in the order they are presented").)

United States District Court

For the Northern District of California

threshold condition of the server or the wireless device other than the passage of time; that the connection and the other sub-steps had to be initiated without any signal or request from the wireless device; and that the connection had to be established before the commencement of transmission of a command from the server to the wireless device.

Among other grounds, RIM bases its Renewed Motion for Judgment as a Matter of Law on the contention that there was no evidence that RIM's enterprise customers[7] practice the "delivering the command" step in accordance with the recited sub-steps.[8]  (<u>See</u> Motion at 2-7.)  Further, RIM contends that to the extent Mformation claims that it has proved infringement of each limitation, Mformation's contention is based on misinterpretations of the Court's Claim Construction Orders.  (<u>See</u> <u>id.</u>)

In its case-in-chief, Mformation's evidence consisted of RIM technical documents, testimony from RIM employees, and opinion testimony from Dr. Vijay Madisetti, an expert on wireless device management.  There was no conflict among the documents, the RIM employees or Dr. Madisetti with respect to the process used by an enterprise customer to manage Blackberry handheld devices.  Dr. Madisetti testified that in his opinion, all of the tendered claims of the '917 Patent were valid, and each limitation of each claim was infringed by RIM's enterprise customers.

Where a party's expert offers legal conclusions on an ultimate issue, judgment as a matter of law may be appropriate when the expert's opinion cannot be reconciled with either the language of the claims at issue or the evidence presented at trial.[9]

---

[7]  Because the Court previously granted RIM summary judgment as to the issue of direct infringement, the only theories of liability for infringement at trial were contributory and inducing infringement.  Thus, in this Order, the Court considers whether RIM's customers, when using the accused products, practice the '917 Patent, as RIM cannot be liable for indirect infringement in the absence of any direct infringement by its customers.

[8]  Because of its overarching effect on all of the post-trial motions, the Court focuses its attention on this issue, and does not reach the other issues presented in RIM's Renewed Motion for Judgment as a Matter of Law.

[9]  <u>See</u> <u>PharmaStem Therapeutics, Inc. v. ViaCell, Inc.</u>, 491 F.3d 1342, 1361-64, 1367 (Fed. Cir. 2007) (concluding that testimony of expert witness that invention was non-obvious could not be reconciled with the prior art, and granting judgment as a matter of law to defendant); <u>see also</u>

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

Here, for the reasons stated below, the Court finds that Dr. Madisetti's opinions are irreconcilable with both the plain language of Claim 1 and the Court's constructions of that Claim.

### a.  Cellular Communications

The evidence was undisputed that Blackberry enterprise customers use one of two means of communicating with Blackberry handheld devices: namely, cellular or WiFi.[10]  Moreover, the evidence was undisputed that: (1) when a device is not connected via WiFi, the BES transmits commands through the cellular port using an Internet protocol called UDP; and (2) unlike TCP or other Internet protocols, the UDP protocol does not involve any connection between the sending device and the intended recipient device before the payload data is transmitted.

The plain language of Claim 1 requires that a connection be established.  However, Dr. Madisetti based his infringement opinion on his conclusion that no connection needs to be established between the server and the wireless device in an accused process:

> Q.   I'm just asking you, using the Court's construction, do you not have to complete the establishing step before – doesn't completion of the establishing step require you to establish a connection?
>
> A.   No, sir.  The Court's construction requires that establishing a connection is initiating wireless communications.  The key is initiating.  And that initiating step has to be completed before transmitting can commence.[11]

Dr. Madisetti elucidated his theory further by testifying that when "the bits start leaving the BES, at that point you have completed – initiating the communication step as per the Court's construction."[12]  On this view, as Dr. Madisetti explained, it would be possible to "establish a

---

Andersen Corp. v. Fiber Composites, LLC, 474 F.3d 1361, 1375-76 (Fed. Cir. 2007) (affirming grant of summary judgment of non-infringement where district court rejected expert's opinion that accused product infringed patent as being based on an overly broad definition of a claim term); see also Dynacore Holdings Corp. v. U.S. Phillips Corp., 363 F.3d 1263, 1278 (Fed. Cir. 2004) (affirming summary judgment order of non-infringement where expert opinion that product infringed was "reached using words in ways that contradict their plain meaning.")

[10]  It was undisputed that if the BES detects the handheld device through its WiFi port, it transmits the command through that port.  By contrast, if the BES does not detect the device through the WiFi port, it transmits the command through a cellular port.

[11]  (Transcript of Proceedings at 1006:12-20.)

[12]  (Transcript of Proceedings at 897:7-9.)

1   connection with a device that doesn't exist"–even a wireless device that has been broken into "a

2   million pieces"–because wireless communications may be *initiated* with such a device.[13]

3        Upon review of the record, the Court rejects the legal conclusion expressed by Dr. Madisetti

4   and advocated by Mformation that no connection needs to be established between the server and the

5   wireless device to meet the limitations of Claim 1.[14]  Moreover, the Court rejects the argument that

6   initiation of a communication alone is sufficient to establish a connection.[15]  The undisputed

7   evidence is that an enterprise customer sending commands through the cellular port does so *without*

8   *having a connection* between the BES and a Blackberry handheld device.  Consequently, when

9   RIM's accused products are used in that manner, RIM's customers do not infringe Claim 1.

10                      **b.    WiFi Communications**

11       As discussed above, the evidence was undisputed that if the BES detects the device through

12  its WiFi port, it transmits the command through that port.  It was equally undisputed that this WiFi

13  detection of the Blackberry handheld device must be initiated by a signal from the Blackberry

14  handheld device.  Consequently, an enterprise customer sending commands through the WiFi port

15  does so *after receiving a "request" for a connection* from the device, while Claim 1 requires that the

16  connection used to transmit a command be made *without a request from the wireless device*.

17       The Court finds that Mformation's contention that it is undisputed that "a connection is

18  established by *completing* initiating wireless communication" is misguided.  (Mformation's Brief at

19  ────────────────

20       [13]  (Transcript of Proceedings at 1092:7-1093:16.)

21       [14]  (See, e.g., Mformation's Brief Pursuant to July 17, 2012 Order Requesting Further
     Briefing (Dkt. No. 1032) at 3 n.2, hereafter, "Mformation's Brief," Docket Item No. 1037
22  (contending that it is not required "that a connection must be established before transmission of the
     command begins").)

23       [15]  The Court observes that it raised this precise issue with Mformation's counsel during the
     trial.  (See Transcript of Proceedings at 1265:7-21.)  In particular, the Court stated, on the record,
24  that "there is a difference between initiating a connection . . . and the connection being established."
     (Id. at 1265:7-10.)  The Court then asked Mformation's counsel if Mformation would "accept[] the
25  notion that in order to practice this patent, a connection does have to come into existence.  It has to
     move beyond the initiating to the point of actually having a connection.  (Id. at 1265:12-16.)  In
26  response, Mformation's counsel agreed that Mformation "concede[s]" that initiating is not enough,
     and that a connection has to come into existence, in order to practice the '917 Patent.  (Id. at
27  1265:17-18.)

28                                          6

3-4.)  In support of this contention, Mformation relies on the following statement by RIM's expert,[16]

Dr. Anthony Acampora:

> It's my opinion that when the RIM system is operated over a WiFi network, there is in fact a connection established.  The wireless communications is [sic] in fact initiated between the BlackBerry and the BES before the step of transmitting the contents of the mailbox takes place.[17]

However, immediately following this statement, Dr. Acampora goes on to testify that the connection to which he refers "is started by the [Blackberry handheld device]," and states that this connection "cannot be the claimed step of establishing a connection," insofar as Claim 1 of the '917 Patent requires that the "connection" discussed in that Claim "has to be started without a request from the device."[18]  Thus, Dr. Acampora, in the testimony relied upon by Mformation, was referring to a "connection," but one that is initiated by the Blackberry handheld device.  This means that his statement regarding such a connection cannot constitute evidence of infringement, because the sub-steps must be initiated without any sort of request from the device.

Thus, in sum, the Court finds–based on its review of the evidence presented by Mformation as to how the accused products work–that RIM's accused products do not practice the '917 Patent, insofar as the evidence shows that the BES either: (1) transmits commands without having established a connection with the Blackberry handheld device, when communication is taking place over a cellular network; or (2) transmits commands after receiving a request from the handheld device, when communication is taking place over WiFi.  However, in both of these cases, the '917 Patent is not infringed.  In the first case, the '917 Patent is not infringed because a connection is not

---

[16]  As discussed above, in considering whether Mformation has established that RIM's accused products infringe the '917 Patent, the Court looks to Mformation's case-in-chief. For thoroughness, however, the Court addresses Mformation's contention regarding the testimony of RIM's expert.

[17]  (Transcript of Proceedings at 1680:18-23.)

[18]  (Transcript of Proceedings at 1680:24-1681:5; see also Order re. Motions for Summary Judgment at 8-10, Docket Item No. 691 (construing the phrase "without a request from the wireless device" in Claim 1 of the '917 Patent to mean "[p]erforming an enumerated step without the transmission from the wireless device of a code, signal or any other form of request that initiates the commencement of the performance of the step").)

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    established, as is required by the Court's construction of the patent.  In the second case, the '917

2    Patent is not infringed because the connection is not established "without a request from the wireless

3    device," as is also required by the Court's construction of the patent.

4          Accordingly, the Court GRANTS RIM's Renewed Motion for Judgment as a Matter of

5    Law.[19]

6          **2.**      **Motion for a New Trial**

7          In its July 17 Order, the Court observed that the jury had returned a verdict finding that

8    Claim 1 was not anticipated, but finding that Claims 21 through 25–which are dependent on Claim

9    1–*are* anticipated.[20]  (July 17 Order at 2.)  Thus, the Court directed the parties to address the issue of

10    whether the jury verdict is inconsistent.  (Id.)  In its Motion for a New Trial, RIM contends that the

11    verdict is inconsistent, and that this inconsistency requires that the Court order a new trial.  (Motion

12    for a New Trial at 9-10.)  In the alternative, RIM moves for a new trial on a variety of other grounds.

13          Here, the Court has granted RIM's Renewed Motion for Judgment as a Matter of Law.  Fed.

14    R. Civ. P. 50(c) states that if a court "grants a renewed motion for judgment as a matter of law, it

15    must also conditionally rule on any motion for a new trial by determining whether a new trial should

16    be granted if the judgment is later vacated or reversed."[21]  Thus, because RIM has filed a Motion for

17    a New Trial concurrently with its Renewed Motion for Judgment as a Matter of Law, and because

18

---

19          [19]  As discussed above, RIM's Renewed Motion for Judgment as a Matter of Law presents a

20    variety of additional grounds on which, RIM contends, judgment ought to be granted in its favor.  In light of the Court's rulings above, the Court does not reach the additional grounds presented in

21    RIM's Motion.  Thus, the Court's grant of RIM's Motion on the grounds stated above is without prejudice to RIM to preserve the other arguments presented in the Motion, should the Court's ruling

22    be reversed.

23          [20]  With respect to RIM's defenses, the jury found Claims 21 through 25 infringed, but also found that those claims were invalid as anticipated.  (See Docket Item No. 1026.)  In light of the

24    Court's other rulings in this Order, the Court does not reach the question of whether those findings are inconsistent.

25          [21]  Rule 50(c) also requires the Court to "state the grounds for conditionally granting or

26    denying the motion for a new trial."  As the Ninth Circuit has explained, it is error for a district court to fail to issue such a "conditional ruling on the new trial motion," although a district court's failure

27    to issue such a conditional ruling does not deprive the appellate court of jurisdiction.  Vollrath Co. v. Sammi Corp., 9 F.3d 1455, 1458-59 (9th Cir. 1993).

28                                     8

United States District Court

For the Northern District of California

1  the Court has granted RIM's Renewed Motion for Judgment as a Matter of Law, Rule 50(c) requires

2  the Court to conditionally rule on the Motion for a New Trial. Accordingly, the Court conditionally

3  grants RIM's Motion for a New Trial, in the event that the Court's ruling as to RIM's Renewed

4  Motion for Judgment as a Matter of Law is reversed. In particular, the Court conditionally grants

5  RIM's Motion for a New Trial on the ground that the jury's verdict as to infringement is against the

6  clear weight of the evidence, for the reasons stated above.[22] (See Motion for a New Trial at 4-8.)

7  Because the other findings made by the jury were predicated on its finding as to infringement, the

8  Court's conditional decision to grant the Motion for a New Trial as to that issue means that the

9  remainder of the jury verdict, including the jury's findings as to damages and RIM's defenses,

10 would be vacated as well.[23] Further, because the jury's verdict is vacated, the Court declines to rely

11 on it for any finding with respect to the defense of obviousness.

12 **D.   Conclusion**

13      In sum, the Court finds that Mformation failed to establish that RIM infringes Claim 1 of the

14 '917 Patent, insofar as the evidence shows that RIM's accused products do not practice the '917

15 Patent. Thus, the Court finds that there was no "legally sufficient evidentiary basis" on which a

16 reasonable jury could have found for Mformation on the issue of infringement. See Reeves, 530

17 U.S. at 149. Because the Court finds that Claim 1 is not infringed, as a matter of law, the dependent

18 claims are also not infringed.[24]

---

21 [22] See, e.g., Ericson v. City of Meriden, 205 F.R.D. 75, 81 (D. Conn. 2001) (conditionally granting a defendant's alternative motion for a new trial, on the ground that the facts in the case met "the more stringent requirements under Rule 50 for granting . . . judgment as a matter of law," which meant that the same facts necessarily also met the less rigorous requirements under Rule 59 for granting a new trial).

24 [23] Thus, in light of this conditional ruling, the Court does not reach the other issues presented in RIM's Motion for a New Trial. See, e.g., Chester v. Schleisner Co., 167 F. Supp. 697, 701 (D. Md. 1958) (explaining that when a court is setting forth the grounds for its conditional ruling on a motion for a new trial under Rule 50, it is "unnecessary to consider and discuss" each of the arguments raised in the motion for a new trial).

27 [24] See, e.g., Streamfeeder, LLC v. Sure-Feed Sys., Inc., 175 F.3d 974, 984 (Fed. Cir. 1999).

28                                                    9

1    Accordingly, the Court GRANTS RIM's Renewed Motion for Judgment as a Matter of

2    Law.[25]  Because the Court finds, as a matter of law, that RIM did not infringe the '917 Patent, the

3    jury's finding as to damages is necessarily vacated.

4    Judgment shall be entered accordingly.

5

6

7    Dated:  August 8, 2012                                      _James Ware_____

8                                                                JAMES WARE
                                                                 United States District Chief Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22    _____

23    [25]  In light of this Order, the Court DENIES as moot the following Motions: (1) RIM's
      Motion for Judgment as a Matter of Law, Docket Item No. 985; (2) Mformation's Motion for

24    Judgment as a Matter of Law, Docket Item No. 1002; (3) RIM's Second Motion for Judgment as a
      Matter of Law Pursuant to FRCP 50(a), Docket Item No. 1003; (4) Mformation's Motion for Entry

25    of Judgment, Pre-Judgment and Post-Judgment Interest, Costs and an Accounting, Docket Item No.
      1040; and (5) Mformation Technologies, Inc.'s Motion for a Permanent Injunction, Docket Item No.

26    1048.  As discussed above, the Court conditionally GRANTS RIM's Motion for a New Trial,
      Docket Item No. 1043.  Further, for the reasons stated on the record during the trial, the Court

27    DENIES RIM's Motion to Exclude Dr. Vijay Madisetti's Opinions Relating to Secondary
      Considerations of Non-Obviousness, Docket Item No. 987.

28

                                            10

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aaron D. Charfoos acharfoos@kirkland.com
Allen A. Arntsen aarntsen@foley.com
Amardeep Lal Thakur athakur@foley.com
Christopher R. Liro christopher.liro@kirkland.com
Eugene Goryunov egoryunov@kirkland.com
Jessica Christine Kaiser jessica.kaiser@kirkland.com
Justin E. Gray jegray@foley.com
Linda S. DeBruin ldebruin@kirkland.com
Lisa Marie Noller lnoller@foley.com
Marc Howard Cohen marc.cohen@kirkland.com
Maria A. Maras maria.maras@kirkland.com
Meredith Zinanni meredith.zinanni@kirkland.com
Michael Anthony Parks mparks@thompsoncoburn.com
Michael Daley Karson michael.karson@kirkland.com
Michael S Feldberg michael.feldberg@allenovery.com
Shawn Edward McDonald SEMcDonald@foley.com
Tiffany Patrice Cunningham tiffany.cunningham@kirkland.com

**Dated:  August 8, 2012**                              **Richard W. Wieking, Clerk**


                                                        **By:____/s/ JW Chambers_____**
                                                              **William Noble**
                                                              **Courtroom Deputy**