**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
TEL.: (858) 847-6700
FAX: (858) 792-6773
SHAWN E. MCDONALD (CA BAR NO. 237580)
SEMCDONALD@FOLEY.COM
JUSTIN E. GRAY (*PRO HAC VICE*)
JEGRAY@FOLEY.COM

**FOLEY & LARDNER LLP**
150 E. GILMAN ST.
MADISON, WI 53703
TEL: (608) 258-4293
FAX: (608) 258-4258
ALLEN A. ARNTSEN (*PRO HAC VICE*)
AARNTSEN@FOLEY.COM

**FOLEY & LARDNER LLP**
321 N. CLARK ST., STE. 2800
CHICAGO, IL 60654
TEL: (312) 832-4363
FAX: (312) 832-4700
LISA M. NOLLER (*PRO HAC VICE*)
LNOLLER@FOLEY.COM

ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT
MFORMATION TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MFORMATION TECHNOLOGIES, INC., a Delaware corporation, <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> RESEARCH IN MOTION LIMITED, a Canadian corporation <br><br> AND <br><br> RESEARCH IN MOTION CORPORATION, a Delaware corporation, <br><br> Defendants and Counterclaim Plaintiffs. <br><br> AND RELATED COUNTERCLAIMS | Case No: 3:08-CV-04990-EMC <br><br> **MFORMATION'S MOTION FOR RELIEF FROM CLERK'S TAXING OF COSTS** <br><br> Judge:    Edward M. Chen <br><br> **HEARING REQUESTED** <br> Date/Time:   November 30, 2012 at 1:30 p.m. |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on November 30, 2012 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Edward M. Chen at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, the Court will hear Mformation's Motion for Relief from Clerk's Taxing of Costs.  This motion is based on this Notice of Motion and Motion and the supporting Memorandum of Points and Authorities.

## STATEMENT OF RELIEF REQUESTED

Plaintiff Mformation Technologies, Inc. ("Mformation") moves under Federal Rule of Civil Procedure 54(d)(1) for this Court to reverse the Clerk's taxing of costs against Mformation. In the alternative, Mformation requests that the taxing of costs be stayed pending other motions, appeal, and until all outstanding claims are decided.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Mformation Technologies, Inc. ("Mformation") filed suit against Research in Motion Ltd. and Research in Motion Corp. (collectively, "RIM"), asserting claims for patent infringement.  (*See* Dkt. No. 71 (Third Amended Complaint).)  RIM answered and separately brought a counterclaim for patent invalidity.  (*See* Dkt. No. 76 (Answer to Third Amended Complaint and Counterclaims).)

On August 8, 2012, after a three-week trial and one week of jury deliberation that resulted in a $147.2 million dollar jury verdict for Mformation, the Court granted RIM's renewed motion for judgment as a matter of law, holding that there was no basis "on which a reasonable jury could have found for Mformation on the issue of infringement."  The court then conditionally granted RIM's Motion for a New Trial, vacated the jury verdict, and denied as moot all other pending motions at that time.  Importantly, the Court did not enter judgment on RIM's patent invalidity counterclaim, which the Court did not reach.  (Dkt. No. 1074, p. 8 n. 19.) The Court entered Judgment against Mformation on its patent infringement claims against RIM.

Pursuant to Civil Local Rule 54-1, RIM filed a Bill of Costs 14 days after entry of

judgment, on August 22, 2012, seeking $422,344.40. On October 16, 2012, the Clerk taxed $206,363.28 in costs against Mformation. (Dkt. No. 1115.) This Court must reverse the taxing of costs because under Supreme Court and Federal Circuit precedent neither party was a "prevailing party," a prerequisite to obtaining costs. The question of "prevailing party" status is a dispositive issue, the first inquiry of a two-part inquiry set by the Supreme Court. Only if a party is determined to be a "prevailing party" may the court then exercise its discretion to award or deny costs. Because RIM was not a "prevailing party," the inquiry ends there and no costs may be taxed against Mformation.

## II. RIM IS NOT A PREVAILING PARTY AND NOT ENTITLED TO COSTS

Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54-1(a) specify that a "prevailing party" may recover its costs, at the Court's discretion. The Supreme Court has established a two-part test to determine whether costs may be taxed, which separates eligibility for costs "based on the definition of 'prevailing party', from the discretionary decision to actually award" costs. *Manildra Milling Corp. v. Ogilvie Mills*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (quoting *Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 573, 121 L. Ed. 2d 494 (1992)); *see also Shum v. Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir. 2010). "Federal Circuit law defines 'prevailing party' for the purposes of patent litigation." *Shum*, 629 F.3d at 1366 (citing *Manildra*, 76 F.3d at 1182).[1]

Under the first part of the two-part test, "the [Supreme] Court stated that 'a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Manildra*, 76 F.3d at 1182 (quoting *Farrar*, 113 S. Ct. at 573); *Shum*, 629 F.3d at 1367 ("To be a 'prevailing party,' our precedent *requires* that the party have received at least

---

[1] The Federal Circuit recognizes they "have generally deferred to regional circuit law when the issue involves an interpretation of the Federal Rules of Civil Procedure, as it does here with the interpretation of 'prevailing party' under Rule 54(d);" however, "the impact on the district court's management of an ongoing trial will not be great because the prevailing party issue arises only after the trial has been completed. Thus, defining this term as a matter of Federal Circuit law does not interfere with the district court's ability to manage the majority of the trial according to regional circuit law." *Manildra*, 76 F.3d at 1181-82.

some relief on the merits. That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." (emphasis added)).

The Federal Circuit has established a "prevailing party test" that is a "*dispositive*" test. *Shum*, 629 F.3d at 1368-69. "[T]he alteration must be (1) material and (2) 'modify [] the defendant's behavior in a way that directly benefits the plaintiff.'" *Id.* at 1368 (quoting *Manildra*, 76 F.3d at 1182 (quoting *Farrar*, 506 U.S. at 111-13)). In *Shum*, the plaintiff Shum brought a claim for correction of inventorship of several patents, alleging that he should be named as an inventor on each. Shum was successful on that claim, but the Federal Circuit held Shum was not a prevailing party, stating:

> [I]t is not enough that the issue was contested, actually litigated, and ultimately decided in a party's favor; the recognition of Shum's co-inventorship status also had to confer some material benefit on Shum. We agree with the district court that Shum received no material benefit with respect to any of the defendants.

*Shum*, 629 F.3d at 1369.

Here, trial was held on Mformation's claims against RIM for infringement of the '917 Patent. RIM counterclaimed that the '917 Patent was invalid, with Mformation the counterclaim defendant. After a three-week trial and one week of jury deliberations that resulted in a $147.2 million dollar jury verdict for Mformation, the Court granted RIM's renewed motion for judgment as a matter of law, holding that there was no basis "on which a reasonable jury could have found for Mformation on the issue of infringement." (Dkt. No. 1074 at 9.) But the Court did not enter judgment as to RIM's invalidity counterclaim. (Dkt. No. 1074, p. 8 n. 19.) Thus, RIM does not qualify as a "prevailing party", and cannot recover its costs.

Mformation failed to obtain judgment against RIM for infringement, and RIM failed to obtain judgment against Mformation for patent invalidity. Thus, the legal relationship between the parties remains unchanged, with neither party's behavior modified. Therefore, neither party was a "prevailing party" pursuant to Fed. R. Civ. P. 54(d)(1) and Civil Local Rule 54-1(a). *See Manildra*, 76 F.3d at 1182 (quoting *Farrar*, 113 S. Ct. at 573); *Shum*, 629 F.3d at 1367. RIM is still free to produce and sell the accused products at issue in the trial, and Mformation is still free

to assert against other parties the patent RIM sought to invalidate at trial. This fails the Federal Circuit's dispositive test requiring an alteration in behavior that was both "material" and "in a way that directly benefits" the opposing party. *See Shum*, 629 F.3d at 1368-69.

It is well settled that where one party fails in its infringement claim, and the other party fails in its invalidity counterclaim, neither party is a "prevailing party" and no one is entitled to costs. *See, e.g., DCI Solutions Inc. v. Urban Outfitters, Inc.*, No. 10cv0369-IEG(BGS), 2012 U.S. Dist. LEXIS 56606, at *6 (S.D. Cal. Apr. 23, 2012) ("[W]here 'a defendant counterclaims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties.'" (quoting *Exxon Mobile Corp. v. New W. Petroleum L.P.*, No. 03-2222 WBS EFB, 2008 U.S. Dist. LEXIS 91709, at **7-8 (E.D. Cal. Nov. 4, 2008)); *Eastman Kodak Co. v. Afga-Gevaert N.V.*, No. 02-CV-656T, 2008 U.S. Dist. LEXIS 102488, at **5-6 (W.D.N.Y. Dec. 3, 2008) (Because plaintiff failed to obtain judgment of patent infringement and defendant failed to obtain judgment on counterclaim of patent invalidity, "I find that neither party is a 'prevailing party' for purposes of awarding costs."); *Royal Surplus Lines Ins. Co. v. Coachmen Indus., Inc.*, 229 F.R.D. 695, 698 (M.D. Fla. 2005) (Plaintiff failed on its claim, defendant failed on its counterclaim, and "[d]enying costs to both sides has been deemed proper where neither completely prevailed."); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 670 (Fed. Cir. 2000) (Patent case involving infringement claims and invalidity claims holding the "district court did not err in refusing to award costs, for neither party prevailed sufficiently to require an award of costs . . . ."); *Rosco, Inc. v. Mirror Lite Co.*, 139 F. Supp. 2d 287, 304 (E.D.N.Y. 2001) ("Courts have [] regularly declined to award costs when neither the plaintiff claiming infringement nor the defendant asserting counterclaims for patent invalidity have prevailed."); *Senior Tech., Inc. v. R.F. Techs., Inc.*, 190 F.R.D. 642, 642 (D. Neb. 2000) (declining to award costs in patent case "where neither side entirely prevailed"); *B. Braun Med., Inc. v. Abbott Labs*, 38 F. Supp. 2d 393, 395 (E.D. Pa. 1999) (vacating clerk's taxation of costs and directing each party to bear its own costs when plaintiff failed to obtain judgment of infringement and defendant failed to obtain judgment of invalidity), *aff'd*, 230 F.3d 1373, 1999 U.S. App. LEXIS 33953 (Fed. Cir. Dec. 14, 1999) (table); *Compro-Frink Co. v. Valk Mfg. Co.*, 595 F. Supp. 302 (E.D. Pa. 1982) (Observing

defendant was entitled to continue to manufacture the accused products and plaintiff was entitled to continue asserting its patent, holding "[i]n the context of this case, in practical effect, there was no prevailing party and no losing party."); *Kropp v. Ziebarth*, 601 F.2d 1348, 1358 n.27 (8th Cir. 1979) (Where "a defendant counterclaims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties.").

### III.  IN THE ALTERNATIVE, THIS COURT SHOULD STAY TAXATION OF COSTS UNTIL ALL PENDING MOTIONS AND APPEALS ARE EXHAUSTED

To the extent the Court determines RIM was a "prevailing party" the Court should nevertheless stay taxation of costs pending the final resolution of all other motions, appeal, any remand, and until all outstanding claims are decided.

The Court has discretion to stay taxation of costs pending appeal. *See Rosa v. City of Seaside*, No. C 05-03577, 2010 U.S. Dist. LEXIS 33015, at *11 (N.D. Cal. Feb. 16, 2010) ("The Court has discretion to grant this [posting of bond] request, to grant an unsecured stay, or to require the Plaintiffs to provide some alternative form of security for their cost liability."). In determining whether to issue a stay, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Asis Internet Servs. v. Optin Global, Inc.*, No. C 05-5124, 2008 U.S. Dist. LEXIS 103932, at *5 (N.D. Cal. Dec. 17, 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)).

Mformation has filed additional post-trial motions currently pending before this Court. Those must be resolved by this Court before the judgment will be ripe for appeal. Thus, taxing costs against Mformation is improper until all pending motions are resolved.

With regard to the trial court's order granting judgment as a matter of law on infringement, Mformation intends to appeal that judgment. With respect, Mformation believes that it has a strong likelihood of success on appeal because the sole basis for the Court's judgment was its determination, as a matter of law, that use of the accused products failed to

5

1  satisfy a single step of the asserted method claims, based upon its claim construction as to that
2  step. (*See* Dkt. No. 1074.)  This issue of claim construction will be reviewed *de novo* on appeal,
3  with no deference to the district court's claim construction.  *See Cybor Corp. v. Fas Techs.*, 138
4  F.3d 1448, 1454 (Fed. Cir. 1998).  The Federal Circuit may remand if either: (1) the Court erred
5  in its claim construction of the step the Court found lacking; or, (2) the Court misapplied its
6  claim construction in its infringement analysis in granting RIM's JMOL.  Both issues are subject
7  to *de novo* review on appeal.  *Id.*; *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d
8  1288, 1294 (Fed. Cir. 2009) ("Following the procedural law of the Ninth Circuit, we review the
9  district court's grant or denial of JMOL de novo.") (citing *Theme Promotions, Inc. v. News Am.*
10 *Mktg. FSI*, 546 F.3d 991, 999 ((9th Cir. 2008)).  Given this posture, Mformation has a greater
11 chance of winning on appeal than if there were multiple bases for the Court's dismissal or if the
12 issues were subject to less scrutiny by the Federal Circuit.
13       Just as Mformation has a high likelihood of succeeding on the merits or at a minimum
14 obtaining a new trial, there is a high likelihood of irreparable injury absent a stay.  While once
15 dominant in the technology sector, RIM is facing significant losses and mounting pressures for a
16 sale, with concerns for a potential bankruptcy.  If Mformation is taxed costs for RIM, there is
17 significant risk that by the time the Federal Circuit rules on appeal (which could simply result in
18 a new trial further delaying matters), RIM may have been sold, be in bankruptcy, or simply no
19 longer exist as an ongoing entity.  As a result, Mformation risks great difficulty in securing the
20 return of such costs in such a situation where it was improperly taxed.
21       Finally, it is not in the public interest for large sums of costs to be exchanging hands in a
22 complex patent litigation suit where there are outstanding and unresolved issues, the matter is not
23 even ripe for appeal, the matter will inevitably be appealed, with the possibility of a new trial, all
24 further delaying a final resolution that permit the Court to identify a "prevailing party."
25       Accordingly, to the extent the Court determines RIM was a "prevailing party" the Court
26 should stay taxation of costs pending other motions, appeal, and until all outstanding claims are
27 decided.
28

6

## IV. CONCLUSION

The Court should deny taxation of costs because neither party was a "prevailing party" as is *required* for an award of costs. To the extent the Court determines RIM is a "prevailing party," it should stay taxation of costs pending other motions, appeal, and until all outstanding claims are decided.

Dated:  October 23, 2012                              **FOLEY & LARDNER LLP**


By: */s/  Shawn E. McDonald*
    Shawn E. McDonald
    Allen A. Arntsen
    Lisa M. Noller
    Justin E. Gray

    Attorneys for
    Mformation Technologies, Inc

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October 2012, a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

Dated:  October 23, 2012                    FOLEY & LARDNER LLP


                                            By:  */s/ Shawn E. McDonald*
                                                 SHAWN E. MCDONALD

                                                 ATTORNEY FOR
                                                 MFORMATION TECHNOLOGIES, Inc.