Volume 13

                                    Pages 2322 – 2344

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

             BEFORE THE HONORABLE JAMES WARE, CHIEF JUDGE

-------------------------------)
                               )
Mformation Technologies, Inc.,  )
                               )
                Plaintiff,      )
                               )
   vs.                          )    No. C 08–4990 (JW)
                               )
Research In Motion, Ltd.,       )
et al.,                         )
                               )    San Francisco, California
                Defendant.      )    Tuesday, July 10, 2012
-------------------------------)

                     TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:        Foley & Lardner, LLP
                      3579 Valley Centre Drive
                      Suite 300
                      San Diego, California 92130
                 BY:  AMAR L. THAKUR
                      SHAWN E. MCDONALD

                      Rakesh Kushwaha, CTO

For Defendant:        WilmerHale
                      305 South Grand Avenue
                      Suite 2100
                      Los Angeles, California 90071
                 BY:  MARK G. MATUSCHAK
                      ANDREW B. GROSSMAN

                      Kirkland & Ellis, LLP
                      300 North LaSalle
                      Chicago, Illinois 60654
                 BY:  LINDA S. DeBRUIN

                      Ray Dikun, RIM Vice-President

Tuesday, July 10, 2012

(9:25 a.m.)

(In open court; jury not present )

DEPUTY CLERK:  Remain seated and come to order.

THE COURT:  Good morning.

MR. MATUSCHAK:  Good morning, your Honor.

MR. THAKUR:  Good morning.

THE COURT:  Please, be seated.

Very well.  We're on the record out of the presence of the jury that's deliberating -- they're actually scheduled to begin their deliberations at 9:30. The Court received a motion to revise the Amended Verdict form, and an opposition to that motion.  And my staff set up this as a time for the Court to consider whether or not to revise the Verdict form.

We had a conference with respect to the Verdict form, and there is now, after some changes, an Amended Verdict form that is before the jury.  So maybe we should take these requests in turn.

And the first is a request having to do with question Number 11 on the Verdict form, which asks the question:  "Did Mformation produce evidence that the provisional application filed on December 5, 2000 disclosed every limitation of the '917 patent?"

And the objection to that question is what?

MR. MATUSCHAK:  The objection is, I think, three-fold, your Honor.

THE COURT:  No, he's making the objection -- or you're making the objection?

MR. MATUSCHAK:  I'm making the objection to his proposal.

MR. McDONALD:  I haven't stated the proposal yet.

Your Honor, as stated in the motion, the provisional application is only relevant to RIM's public-use defense.  That goes to Claim 1 only.  So this language of Question 11, and also Question 12, should be amended to recite every limitation of Claim 1 so that it's clear to the jury.  And if it were not amended, it states every limitation of the '917 patent, which I believe is confusing for the jury.

THE COURT:  So your request is to limit it to the limitations of the Asserted Claims?

MR. McDONALD:  Just of Claim 1 your Honor.  Because under the law, RIM produced evidence establishing a prima facie case of invalidity as to Claim 1, the Court has determined, based on public use.  That puts a burden of production on Mformation to put forth its case that the provisional supports Claim 1.

But it did not put any burden of production on Mformation as to the other claims.  The provisional

application is only at issue with respect to Claim 1.  So we would respectfully request that the language of Claim 1 be inserted between "limitation" and "of" in Questions 11 and 12.

THE COURT:  Very well.  What's the response?

MR. MATUSCHAK:  I think I have three problems with that, your Honor.

First, we've spent a lot of time with this Verdict form.  The jury's been deliberating for half a day already.  We believe this has been waived.  They used the Verdict form in their closing argument -- Mr. McDonald himself stood there and carefully circled what from their perspective were the correct answers.  Now they want to change some of the terms.

I think the law is quite clear that it's too late.  They had plenty of opportunity to review.  We did, in fact, make numerous changes on Friday, as the jury started to deliberate.  And I think this is not necessary and has been waived.

Secondly, I think if you're going to make that change then you have to make another change which is to put down in those questions the proper burden, and that is that Mformation has the burden by a preponderance of the evidence, not just to conform with evidence, to the -- with respect to the disclosure relating to the public

demonstration.

And I think third, your Honor, we do have an obviousness case with respect to the public demonstration.

So I think, for those three reasons, the changes to Questions 11 and 12 should not be made.

MR. McDONALD:  If I could respond briefly, your Honor?

THE COURT:  Certainly.

MR. McDONALD:  As to the point of waiver, we've been working on this Verdict form as quickly as possible. It went to the jury shortly after closing arguments.  The amended Verdict form, I believe, was amended after the jury began deliberations.  And we had this Verdict form around 4:00 p.m. on Friday.  We moved as quickly as possible.

And under the case law, even if -- we don't agree that there's been waiver, but even if there has been, under Federal Rule of Civil Procedure 51(d)(2), there's a plain error catchall that errors and -- affecting substantial rights should be addressed by the Court even if there has been a waiver.

As to the second point about burden of proof, we would not object to including in the Verdict form language that Mformation must prove by a preponderance of the evidence that the provisional supports Claim 1.

And as to the third point, this also -- this also impacts Question 18.  This is the first I've heard that RIM is asserting an obviousness case based on the public use defense.  Their expert presented no evidence as to that.  And even if that were true, the jury's not making a finding on the ultimate issue of obviousness.  But we can talk about that when we get to question 18.

THE COURT:  Very well.  Let me go through all of these before I figure out what to do.

So, as I hear the proposal from the plaintiff, Question 11 would be modified to read:  "Did Mformation prove by a preponderance of the evidence that the provisional application filed on December 5, 2000 disclosed every limitation of Claim 1 of the '917 patent."

And then as to Question 12 --

MR. McDONALD:  It would be as stated in our motion, your Honor.

THE COURT:  I'm not sure what your motion requests.  But would I also add "every limitation of Claim 1"?

MR. McDONALD:  That's correct, your Honor.

THE COURT:  That would be the only change that the plaintiff is moving for to be made to Question 12.

MR. McDONALD:  That's correct, your Honor.

THE COURT:  Any objection to that, presuming the

Court accepts the modification to Question 11?

MR. MATUSCHAK:  Well, I still would object to a change at this point, your Honor.  I think at some point, we have to stop.  We asked them and they expressed their satisfaction on Friday that they had no further changes.

THE COURT:  I understand that.  But I said, presuming the Court does change Question 11, any objection to the change in Question 12?

MR. MATUSCHAK:  I think we have the same objections that we have to 11, other than the burden of proof issue.

THE COURT:  Let me come back to the obviousness issue later.

So the next request has to do with which question?

MR. McDONALD:  Question 18, your Honor.

THE COURT:  Let me go to that.  Presently Question 18 asks:  With respect to Claims 1, 6 and 21 to 25, did RIM prove by clear and convincing evidence that all of the requirements of the '917 patent existed in the use of a single system or method that predates the claimed invention or were transcribed in a single previous publication or patent that predates the effective date by more than one year the claimed invention."

MR. McDONALD:  And your Honor, we have two points

on this.  One, it's undisputed:  RIM took no issue with the fact that this question should be amended to include a separate answer or finding from the jury as to each of the Asserted Claims.  It's clear under the case law that each asserted claim must be addressed individually on the issue of anticipation.

And secondly, while they are arguing that knowledge of the RemoteWare system is invalidating, the language in the current jury instruction -- I'm sorry, verdict question Number 18 states "...or were described in a single previous publication or patent...."  They've not asserted that any single previous publication or patent describes -- anticipates the claimed invention.  They are relying on use and knowledge.  And that would be only the first part of the present Question 18.  The language of the second part is not implicated and should not properly be there.

THE COURT:  Well, first, let me hear any response to that.

MR. MATUSCHAK:  We object, your Honor.  Again, for the -- on the waiver ground, and the need to let the jury actually deliberate.

I think he's quite wrong.  I mean, Question 18 specifically says, "With respect to Claims 1, 6 and 21 to 25."  So you do have all of the claims addressed in

Question 18 already.  There's no need to change that.

And Mr. McDonald is simply wrong with respect to the basis of our claim.  And we've had this argument before.

MR. McDONALD:  So -- your Honor, the case law could not be clearer.  We cited to a Federal Circuit decision.  There's many Federal Circuit decisions on this point.  It's a claim-by-claim analysis.  Under the law, each claim is as if it were a separate patent.  The fact that all the claims have been lumped together, the jury has no way to make a separate finding as to each one, and it's very possible that the broadest claim, Claim 1, in some situation could be invalidated based on some preference that does not invalidate a narrower dependent claim, and that's why we need a separate finding as to each claim.

MR. MATUSCHAK:  On that point, your Honor, I would just say that that assumes that the jury would make different findings for different claims.  I think when they get to that question, if they have the same answer for all the claims, it's not going to make any difference.  If they have a different answer, I'm pretty sure they're going to come back and ask us a question.

MR. McDONALD:  That's purely speculative, your Honor.  We're merely asking that the table presently

included in question Number 3 of the Verdict form be duplicated within Question 18.

THE COURT:  Well, let's see.  So you'd have to have a table that would include all of the elements of Claim 1 for the first claim.  You'd have to have a table that would include all of the elements of Claim 1 and Claim 6 for the second question.  You'd have to have a table with all of the elements of Claim 1 and Claim 21, because your argument is that the jury could find no as to all of 1, but yes as to a dependent claim?

MR. McDONALD:  No.  On invalidity, it's possible they could deem the broad Claim 1 disclosed in the prior art, but one of the additional limitations of, say, Claim 23, not present in the prior art, so the prior art would not invalidate.

THE COURT:  I'm sorry, so how would -- if the independent claim is invalid, your argument is that a dependent claim that has to have all of the elements of Claim 1 valid, could nevertheless be valid?

MR. McDONALD:  No, your Honor.  If the jury held that Claim 1 was disclosed in a piece of prior art, it's also possible that the additional limitation present in, say, Claim 23 was not present in that prior art.  And the lack of disclosure of that additional limitation from the dependent claim would mean the dependent claim is valid.

THE COURT:  So what's your legal authority for that?

MR. McDONALD:  The case we cite, the federal circuit decision*:  Clearwater Sys. Corp v Evapco*.  And that case is exactly on point, because there the District Court granted summary judgment as to all of the Asserted Claims without doing a claim-by-claim analysis.  And the Court said it's very possible one of the dependent claims could be valid in view of the prior art even though the broader dependent claim -- broader independent claim is not.

THE COURT:  Wouldn't the jury in a circumstance where they found that there was a dependent claim that was not invalidated simply answer:  "No"?

MR. McDONALD:  With respect, your Honor, I think that's speculative.  The form is confusing --

THE COURT:  No, no.  I mean, the question technically is like a general verdict.  Have they proved by clear and convincing evidence that the patent is invalid?  The jury could say yes or no to that.  Your argument is that you would want the jury, instead of answering no to all, to be required to answer no with respect to each one, because their burden is to prove no to all?

MR. McDONALD:  Correct, your Honor.

THE COURT:  And so it is not the case where the jury could not rule in the plaintiff's favor, even if they wanted to, based on these questions.  It's that the plaintiff wants more detailed information with respect to how the jury got to a ruling in favor of the plaintiff or the defendant.

MR. McDONALD:  We believe that that's required under the law, your Honor.  Where there's a requirement for a claim-by-claim analysis.

As to the table, it would not need to include the language of all of the claims, it could just be Claim 1, Claim 6, similar to the chart in question Number 3.  Which does not include claim language.

THE COURT:  The chart in Question 3?

MR. McDONALD:  Correct, your Honor.  That's the infringement question as to the dependent claims.

THE COURT:  Oh, I see.  So you don't want the element specified, you simply want the claim specified.

MR. McDONALD:  That's correct, your Honor.

MR. MATUSCHAK:  I would just point out that the case that Mr. McDonald cites is a completely inapposite situation.  It's a summary judgment --

THE COURT:  I understood that from his argument. It's not a jury issue.  But I'm trying to evaluate whether or not the Verdict form would allow the jury to express

its finding on a defense.  This is really something where it sound like the plaintiff is trying to help out the defense.  And so -- but I hear the defense being satisfied that if it didn't prove by clear and convincing evidence all existed in a single, and the jury says no to that, you would be satisfied with the single "No".

MR. MATUSCHAK:  Yes, your Honor.

THE COURT:  But you would wish, instead of being satisfied with a single "No", you would want the jury to inform us as to each claim why they answered -- that they answered no.  Or to open up the possibility that they might in favor of the plaintiff answer yes as to a particular claim.

MR. McDONALD:  Answered "No" as to a particular claim, perhaps a dependent claim, finding that RIM did not prove invalidity of one of those dependent claims.

THE COURT:  So I understand now.  And then is there yet another request?

MR. McDONALD:  This one is perhaps the most important, your Honor.  The current damages instruction makes no provision for the possibility that the jury could find infringement of a dependent claim after having found, question -- question Number 13 asks the jury to make a finding as to the public use defense.  That only applies to Claim 1.  The current instruction on damages at Page 9

states that if they did find in RIM's favor on the public use defense regarding the July 24th demonstration, they don't reach damages.  That's incorrect, as a matter of law, because there are dependent --

THE COURT:  I'm sorry, you need to slow down.

MR. McDONALD:  Sure.

THE COURT:  Question 19 is the one you're drawing my attention to.

MR. McDONALD:  That's correct, your Honor. Actually, the italicized language right above Question 19.

THE COURT:  Yes.  Now, so they would have to have answered yes to Question 1.

MR. McDONALD:  As it's currently written, that's the only way the jury gets to answer damages.

THE COURT:  Let me look now.

MR. McDONALD:  And we have no problem with it.

THE COURT:  Just a moment.

So they would be answering yes, there is direct infringement.  And then they would also have to answer yes for each step of Question 2 in order to get to damages.

MR. McDONALD:  Yes, your Honor.

THE COURT:  And they would have to answer yes to either 4 through 7, which would be yes, there was contributory infringement; or, yes, there was inducing infringement.  And they would answer no to both 13, which

has to do with Claim 1 --

MR. McDONALD:  Correct, your Honor.

THE COURT:  -- and no to Question 18, which is on anticipation.

MR. McDONALD:  Correct, your Honor.

THE COURT:  So they would have to answer both as to public use and anticipation.  So they'd have to reject both of those.

MR. McDONALD:  Correct, your Honor.  And that's the problem.

THE COURT:  And then they would go to 19.  And you're questioning that latter instruction.

MR. McDONALD:  That's correct, your Honor.  So to say --

THE COURT:  So what language would you want me to put?

MR. McDONALD:  It's the one in our motion.

THE COURT:  Just give me the language.

MR. McDONALD:  You have to do -- you have to break it down into two paragraphs.  The first one:  "If you have answered 'Yes' to Question 1 and 'Yes' for each step and substeps of Question 2 --"

THE COURT:  So far, you aren't changing the language.  Where do you want me to change the language?

MR. McDONALD:  So starting in the -- at Line 4 on

Page 9 of the Verdict form.

THE COURT:  Yes.

MR. McDONALD:  "...and 'No' to Question 13, and 'No' to Question 18, as to Claim 1. then proceed directly to Questions 19 and 20."

THE COURT:  What is the difference between "No" as to both 13 and 18?

MR. McDONALD:  Unfortunately, I'm not done yet, your Honor.  There's a second clause.

"Otherwise, proceed to Query 2, immediately below."

And then 2 is all new.  But it's based on -- if you answered, "Yes" to Question 3 for any claim, that would be infringement of a dependent claim.

It's at Page 3 of our motion, your Honor.

THE COURT:  Okay, go ahead.  If you answered yes to Question 3.

MR. McDONALD:  "For any claim that would be any dependent claim, is directly infringed."

THE COURT:  Say that again.

MR. McDONALD:  Sure.

"If you have answered yes to Question 3 for any claim -- that would be direct infringement of a dependent claim, not Claim 1 -- and yes to either each of Questions 4 through 7 or yes to each of Questions 8 through 10 --

that's the same language as above -- as to contributory or inducement.  And 'No' to Question 18 -- that's anticipation -- as to any claim for which you answered 'Yes' to Question 3, then proceed to Questions 19 and 20."

So if there is a dependent claim the jury has found to be directly infringed where there's either contributory of inducement of that same claim, and at Question 18 it was not found to be anticipated, then they answer damages.

THE COURT:  Why wouldn't that be handled by simply using the last clause that you were requesting, "As to any claim to which you answered yes to Question 3, go to 19 and 20"?

MR. McDONALD:  I believe RIM would object to that, because you still have to find indirect infringement, either contributory or inducement.

THE COURT:  They would have said yes to that by answering Questions 4 through 7 and 8 through 10.

MR. McDONALD:  I'm sorry, your Honor, I don't understand your question then.

THE COURT:  In order to find yes, there was contributory infringement, they would have said yes to 8 through 10 or 4 through 7.

MR. McDONALD:  I believe that's correct, your Honor, yes.

THE COURT:  Since they've already had to do that in the instruction that's already existing, my question is:  To satisfy your concern, why can't I simply ask them, as to -- if all of that's true, as to any question for which you answered yes to Question 3, then go to 19 through 20?  In other words, if any of that's not true, they would -- what they did on Question 3 is irrelevant.

MR. McDONALD:  If you just asked, "If you answered yes to Question 3 for any claim, proceed to the damages questions," we would be fine with that language.

THE COURT:  I was just trying to understand it.  And so the "as to any claim for which you answered yes to Question 3" is what's new?

MR. McDONALD:  Correct, your Honor.

THE COURT:  All right.  Now, let me go back to Question 3.

I don't understand -- let me see if I can reason this through.  So let's assume that they find that a customer directly infringed Claim 6, the feedback claim, as I call it.

MR. McDONALD:  Yes, your Honor.

THE COURT:  But they answer no as to contributory negligence -- contributory infringement.

MR. McDONALD:  Yes, your Honor.

THE COURT:  So why would they go to 19 as to

Claim 6?

MR. McDONALD:  They wouldn't, your Honor.  It's still required that they answer "Yes" to either contributory or inducement.  But the current instruction makes no provision for the dependent claims.

MR. MATUSCHAK:  That's exactly the way it should be, your Honor, because there can be no infringement of the dependent claims if there's no infringement of Claim 1.

MR. McDONALD:  That's not the issue, your Honor.  The issue is --

THE COURT:  Is that true?

MR. McDONALD:  That is true, your Honor.  But that's not the issue.  The jury could find infringement of Claim 1 and then invalidate Claim 1 based on the July 24th, 2000 demonstration.  But that wouldn't affect the invalidity of Claim 6.  If the jury finds Claim 6 infringed -- invalidates Claim 1, we still need to go to damages on Claim 6.

THE COURT:  I'm sorry, say that again?

MR. McDONALD:  Sure.  So if the -- in the first part of the Verdict form at Question 1 --

THE COURT:  No, repeat what you just said to me.

MR. McDONALD:  Okay.  Say that the jury finds infringement as to both Claim 1 and Claim 6.  Then the

jury proceeds to invalidate Claim 1 based on public use July 24th, 2000. That would not affect the validity of Claim 6 because Claim 6 is not implicated in that defense. So we would still have to proceed to damages as to Claim 6, even though Claim 1 was found to be invalid.

MR. MATUSCHAK: We think Claim 6 is implicated in that defense.

MR. McDONALD: The Verdict form indicates otherwise.

MR. MATUSCHAK: Well, it's not. And we think that the language as that's been proposed improperly eliminates Question 13 from the dependent claims.

MR. McDONALD: Question 13 doesn't address the dependent claims, your Honor. It says "every element of Claim 1 of the '917 patent".

MR. MATUSCHAK: Well, that's the way you proposed it to be rewritten, I think -- your Honor.

MR. McDONALD: No. That's as it is.

THE COURT: Well, I'm of two minds. I do recognize the concern if the jury find that a claim, a dependent claim can survive the invalidity defenses. And so I perhaps would wait to see and inspect the Verdict form to determine whether or not to do anything further with respect to a dependent claim under those circumstances.

One of the problems with presenting to the jury is that there was never any apportion of damages between the dependent claim such that the jury would have a way of deciding whether or not Claim 6 stands on its own as a -- there was no expert testimony that says, Well, assuming you do this, then let's give you a damage figure as to Claim 6.  It would be pure speculation as to what, if any, royalty would be paid as to a dependent claim.  Unless your argument is that all claims are equal.  And I don't believe there was any evidence that would allow the jury to come to that determination either.

And it seems to me that it would be better to wait to see whether or not that inconsistency shows up before trying to deal with it.

Now, what is your response to that concern?

MR. McDONALD:  Your Honor, I don't believe there was testimony establishing a specific value to a specific claim.  The testimony of Mr. Weinstein was as to infringement of the '917 patent, not as to a specific claim of the '917 patent.  And his testimony would be applicable I believe to any of the claims.

But I think the Court's decision to wait and see if the issue actually presents itself is a fine one.

THE COURT:  So let me study that one.

It does seem to me that, notwithstanding the

untimeliness of the objection, that the form itself can be changed to take care of the other concerns without doing violence to the jury's use of the form.  So the Court will prepare a Second Amended Verdict form to specify the burden of proof in Question 11; to specify Claim 1 in Questions 11 and 12.  And I want to study the question of the chart.

What's the defense position with respect to adding a chart similar to -- it seems to me that if this question that we're now talking about of damages is important, it seems to me that that chart should be there with respect to the defenses as well.

MR. MATUSCHAK:  We don't think you need the chart, your Honor.  We would continue our objection to that.

With respect to the damages issue, I think there's multiple problems with what the plaintiff is proposing, including the one that your Honor identified.  But --

THE COURT:  Very well.  All right.  Thank you.

Anything further?

MR. McDONALD:  No, your Honor.  Thank you very much.

MR. MATUSCHAK:  Nothing, your Honor.  Thank you.

THE COURT:  We're in recess.

(Recess)

Whereupon, the jury deliberated until 4:30 p.m.,

to resume Wednesday, July 11, 2012 at 9:30 a.m.)

(Adjourned)

oOo

CERTIFICATE OF REPORTER

I, Connie Kuhl, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into written form.

_____

Connie Kuhl, RMR, CRR
Tuesday, July 10, 2012