Volume 14

Pages 2345 - 2351

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JAMES WARE, CHIEF JUDGE

```
------------------------------)
                              )
Mformation Technologies, Inc., )
                              )
              Plaintiff,      )
                              )
   vs.                        )    No. C 08-4990 (JW)
                              )
Research In Motion, Ltd.,     )
et al.,                       )
                              )    San Francisco, California
              Defendant.      )    Thursday, July 12, 2012
------------------------------)
```

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:          Foley & Lardner, LLP
                        3579 Valley Centre Drive
                        Suite 300
                        San Diego, California 92130
                   BY:  AMAR L. THAKUR
                        SHAWN E. MCDONALD

                        Rakesh Kushwaha, CTO

For Defendant:          WilmerHale
                        305 South Grand Avenue
                        Suite 2100
                        Los Angeles, California 90071
                   BY:  MARK G. MATUSCHAK
                        ANDREW B. GROSSMAN

                        Kirkland & Ellis, LLP
                        300 North LaSalle
                        Chicago, Illinois 60654
                   BY:  LINDA S. DeBRUIN

                        Ray Dikun, RIM Vice-President

Thursday, July 12, 2012

(8:45 a.m.)

(The jury continue deliberations)

(3:15 p.m.)

(Off the record discussions held;

jury note received.)

THE COURT:  On the record now.  We're on the record out of the presence of the jury.

I asked Mr. Noble to advise you that the Court contemplates bringing the jury back into the courtroom at the end of the day today, because, based upon the calendar that we gave to them, tomorrow is the last day that we had allowed for purposes of deliberations.  Of course, jury deliberations are not controlled by us, but in the selection of the jury, I pay attention to the calendar because there are individual sometimes who have schedules to be away from us and -- I don't actually recall if some of the people who talked about their schedule made it into the final panel, but I often want to make sure that we give them adequate time based upon our estimation for the deliberations, but based upon the fact that we might find ourselves if we go longer than that schedule in a circumstance where a juror has scheduled themselves in a way that it would be a hardship to further deliberate.

And so, paying attention to that, I wanted to

make sure that they were mindful of the Court's concern about that schedule. And to also use it as an opportunity to encourage them to continue their deliberations and to ask the presiding juror a simple series of questions designed to be yes or no, designed to assure the Court that the presiding juror believes that they are making reasonable progress that should put them in a position to keep them to the schedule that we've set up.

And, with that, to invite them to go back and resume their deliberations.

Let me pause and see if any of the parties have any comments on the Court's proposed action.

MR. THAKUR: No, your Honor.

MR. MATUSCHAK: No, your Honor.

THE COURT: Very well. Would you indicate to the jury that I would like to have them brought back into the courtroom just for a brief period of time -- you haven't gotten a schedule for today yet still?

DEPUTY CLERK: No, Sir. They said they were going to stay later, but they didn't say how long.

THE COURT: And I would encourage them to do so. The fact that they're staying later might make some of my comments unnecessary, but you never know. And so that's why I wanted to at least take advantage of this opportunity to contemplate -- to advise them of the

schedule and also to congratulate them on their diligence. They have found a number of places on our instructions and verdict form where they haven't matched, and that's given us an opportunity to clarify that.

So -- and then you can have them knock when they're ready to come in as opposed to bringing them out now.  They might be in the middle of something.

DEPUTY CLERK:  Okay.

(Pause in proceedings)

DEPUTY CLERK:  They're going to come in now.

THE COURT:  Very well.

DEPUTY CLERK:  All rise.

(The jury enters the courtroom)

THE COURT:  Please be seated.

First of all, let me apologize for interrupting your deliberations.  It's been awhile since we've been able to talk, and it's not just to see your smiling faces that I brought you out here, but I want to first comment that we really appreciate the questions we've received from you.  It shows progress.  It shows that -- your diligence, because there's been a number of instances where there's been a divergence from some of the items in the instructions and the verdict form, and your comments and questions have been appreciated because they've helped us to clarify the decisions that you have to make.

Connie Kuhl, Certified Realtime Reporter
Official Reporter – USDC  (415) 431–2020

The reason I called you out -- and I want to direct a couple of questions to who I understand it presiding juror.  Ms. Chan, you're our presiding juror, are you?

JURY FOREPERSON:  Yes.

THE COURT:  I wanted to direct a couple of questions to you, having to do with a concern that the Court always has when the jury is near the end of the time period that we've allowed for deliberations.  The way the schedule went -- we actually got the case to you a little earlier than we anticipated, but pretty much according to our schedule.  And, according to our schedule when we were selecting you as jurors, we had tomorrow as the last day we expected you would need for deliberations.  Of course, we don't control the length of deliberation; that's always a matter for the jury to decide.  And if you need more time, you can decide to deliberate longer.

At the same time, since in the jury selection process we give you an estimate, sometimes jurors have scheduled themselves so that it becomes a hardship for them to continue to deliberate.

So, in recognition of that, I wanted to get at least a little bit of an idea as to whether or not our schedule is still suitable for you.  And I understand that you have asked Mr. Noble whether or not you would have the

freedom to deliberate longer than a couple of days, and especially today, and the answer that we hope has come back to you is:  Absolutely, yes.  We stand by, pending your deliberations.  And your schedule becomes our schedule.

The question I would have for the presiding juror is, first of all:

Do you believe that, given the state of deliberations, without telling us one way or the other how the jury stands, numerically or otherwise, that you're making reasonable progress that would allow the schedule that we've set up now to be reasonable with respect to the -- answering the questions you've been asked to answer?

JURY FOREPERSON:  Yes.

THE COURT:  And so with that assurance, I'm going to have Mr. Noble return you back to deliberations with the thanks of the Court for your continued work.  Pardon us for interrupting those deliberations, but that helps us to understand that we can count on your using the time that's allowed.

So thank you very much.

DEPUTY CLERK:  All rise.

(The jury exits the courtroom)

THE COURT:  Out of the presence of the jury.

I might ask Mr. Noble to get a little more definition about even if they're going to work longer today, what that might be, whether it's 5:30, 6 o'clock, 7 o'clock, so we'll bring in pizzas.  So we'll know the answer to that.

Very well.  We'll stand in recess, pending the jury's deliberations.

(Recess)

DEPUTY CLERK:  The jury says they're going to stay until at least 4:30 today.

(Recess)

(The jury deliberated until after 5:00 p.m.;

to return on Friday, July 13th at 8:30 a.m.

for further deliberations)

(Adjourned)

oOo

CERTIFICATE OF REPORTER

I, Connie Kuhl, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into written form.

_____

Connie Kuhl, RMR, CRR
Thursday, July 12, 2012

Connie Kuhl, Certified Realtime Reporter
Official Reporter – USDC  (415) 431-2020