UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MFORMATION TECHNOLOGIES, INC.,     No. C-08-4990 EMC

        Plaintiff,

    v.     **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM THE TAXING OF COSTS**

RESEARCH IN MOTION LIMITED, *et al.*,

        Defendants.     **(Docket No. 1117)**

_____/

## I. INTRODUCTION

Mformation Technologies, Inc. brought this action against Research in Motion Limited and Research in Motion Corporation (collectively, "RIM") alleging, among other things, infringement of claims 1, 6, 21-25, and 27 of U.S. Patent No. 6,970,917 ("the '917 Patent") by RIM's customers' use of its BlackBerry Enterprise Server ("BES") software in combination with its BlackBerry handheld devices. A trial was held before Judge Ware of this Court in June and July of this year resulting in a $147.2 million verdict in Mformation's favor, after which Judge Ware granted RIM's motion for judgment as a matter of law (JMOL). After the case was assigned to the undersigned, this Court denied Mformation's motion for new trial.

Now, Plaintiff Mformation brings this motion for relief from the clerk's taxing of costs following the clerk taxing costs against Mformation in the amount of $206,363.28. Mformation contends that RIM is not a "prevailing party," as defined in patent litigation, and that, if RIM were a "prevailing party," the Court should stay taxation of costs until all appeals are exhausted. For the

reasons contained herein, the Court **DENIES** Mformation's motion for relief from the taxing of costs and **DENIES** Mformation's alternative request that the Court stay taxation of costs.

## II. FACTUAL & PROCEDURAL BACKGROUND

After several years of litigation and pre-trial resolution of numerous claims, this case was tried to a jury from June 14, 2012 to July 6, 2012 and RIM filed a timely JMOL motion at the conclusion of Mformation's case-in-chief. *See* JMOL Mot., Docket No. 985; Second JMOL Mot., Docket No. 1003. On August 8, 2012, Judge Ware ruled in RIM's favor on its JMOL motion. Order Granting JMOL Mot., Docket No. 1074. In his order, Judge Ware found "that Mformation failed to establish that RIM infringes Claim 1 of the '917 Patent, insofar as the evidence shows that RIM's accused products do not practice the '917 Patent. . . . Because the Court finds that Claim 1 is not infringed, as a matter of law, the dependent claims are also not infringed." *Id.* at 9.

Following entry of the Court's JMOL order, Mformation filed a notice of appeal. *See* Notice of Appeal, Docket No. 1087. In addition, the parties sought amendment of the judgment, and the Court entered an amended judgment on November 6, 2012. *See* Order Granting Pl.'s Mot. to Correct Judgment, Docket No. 1121. In its order granting Mformation's motion to correct the judgment, the Court clarified the following result for each claim over the course of the litigation, based on the parties' agreement as to the resolution of each claim (with the exception of Mformation's willful infringement claim, which Mformation argued was dismissed without prejudice rather than with prejudice):

- In favor of RIM that Claims 1, 6, 21-25 and 27 of the '917 Patent are not infringed;
- In favor of RIM that Claims 1, 6, 21-25 and 27 of the '917 Patent are not willfully infringed;
- In favor of RIM that Claims 2, 3, 9-20 and 28-48 of the '917 Patent are invalid for lack of utility and enablement;
- In favor of RIM that Mformation was required to mark its products to claim pre-suit damages; and

2

- In favor of Mformation on RIM's counterclaim of unenforceability of the '917 Patent based upon inventorship or failure to properly disclose the Parkinson, Dimech, or Geiger references.

*Id.* Moreover, the order reflects that Mformation dismissed with prejudice all of its claims of infringement of the '408 Patent, rendering RIM's counterclaims with respect to this patent moot, that RIM's counterclaims with respect to Claims 1, 6, 21-25 and 27 of the '917 patent were dismissed as moot, and that Mformation's claims of infringement of Claims 4 and 5 of the '917 Patent were not presented to the jury and thus dismissed with prejudice, rendering RIM's counterclaims moot. *Id.*

On October 16, 2012 the clerk taxed costs against Mformation in the amount of $206,363.28 as a result of the Court's JMOL order in RIM's favor, prompting Mformation's current motion for relief. *See* Taxation of Costs, Docket No. 1115; Mformation's Mot. for Relief from Clerk's Taxing of Costs ("Pl.'s Mot."), Docket No. 1117.

### III.   DISCUSSION

A.   Relief from Taxing of Costs

   1.   Legal Standard

Rule 54(d) provides that, following entry of judgment, "costs – other than attorney's fees – should be allowed to the prevailing party." For patent litigation, the Federal Circuit has adopted the two-part method outlined in *Farrar v. Hobby*, 506 U.S. 103, 113 (1992), for assessing costs under Rule 54(d): first, there is a threshold inquiry as to whether a party is a prevailing party, after which the Court uses its discretion to determine how much to award in costs, if anything. *See Manildra v. Ogilvie Mills*, 76 F.3d 1178, 1182 (Fed. Cir. 1996); *see also* 28 U.S.C. §§ 1292(c)(2), 1295 (Federal Circuit has exclusive jurisdiction over patent appeals).

In the first *Farrar* step, whether a party is "prevailing" is a matter of federal circuit law. *Id.* A party is a prevailing party when it obtains relief on the merits that "materially alters the legal relationship between the parties." *See Manildra*, 76 F.3d at 1182. In other words, "the alteration must (1) be material and (2) "modify[] one party's behavior in a way that 'directly benefits' the

3

opposing party." *Shum v. Intel Corp.*, 629 F.3d 1360, 1369 (Fed. Cir. 2010) (quoting *Farrar*, 506 U.S. at 111-13). There may only be one prevailing party. *Id.* at 1367.[1]

The second *Farrar* step, whether the court should exercise its discretion to award costs, is a matter of regional circuit law, as "[t]he decision of whether to award costs to a prevailing party implicates considerations not unique to the patent law, such as the litigants' behavior at trial." *Manildra*, 76 F.3d at 1183. In the Ninth Circuit, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Ass'n of Mexican-American Educators v. State of Calif.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). A court may refuse to order costs only if the losing party affirmatively presents a valid reason to deny the prevailing party costs. *See id.* at 591-93 (presenting non-exhaustive list of reasons for denying costs); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945-46 (9th Cir. 2003) (burden on losing party). Although there is no bright line test for determining valid reasons for denying costs, examples in which courts have properly denied costs include: bad faith litigation practices by the prevailing party, such as calling unnecessary witnesses, unnecessarily prolonging trial, injecting unmeritorious issues or otherwise encumbering the record, or delaying in raising an objection fatal to the other side's case; the prevailing party inflating costs; the prevailing party being only partially successful; the prevailing party winning only nominal damages or an insignificant recovery; the losing party being indigent; and the losing party having brought an important civil rights case. *See, e.g.*, *Chicago Sugar Co. v. Am. Sugar Refining Co.*, 176 F.2d 1, 11 (7th Cir. 1949) (bad faith); *Jansen v. Packaging Corp. of Am.*, 898 F. Supp. 625, 629 (N.D. Ill. 1995) (inflating costs); *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001) (partial success); *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992) (nominal damages); *Ass'n of Mexican-American Educators v. Cal.*, 231 F.3d 572, 592 (9th Cir. 2000) (en banc) (indigent losing party, misconduct by prevailing party, important civil rights case). *See generally* Charles Alan Wright, et al., Federal Practice and Procedure § 2668 (3d ed. 2012). It is improper to deny costs based on the prevailing party's ability to pay its own costs; the large size of

---

[1] Defendant cites non-patent Ninth Circuit law supporting a presumption that the party in whose favor judgment is rendered is presumptively the prevailing party. *See* RIM's Opposition to Mformation's Mot. for Relief from Clerk's Taxing of Costs ("Def.'s Opp'n"), Docket No. 1122, at 1. However, as discussed above, Federal Circuit law governs determination of the prevailing party in patent litigation. *See Manildra*, 76 F.3d at 1182.

the prevailing party's recovery; the early termination of litigation; the losing party's "good faith"; the prevailing party's extrajudicial conduct; disparity in wealth between the parties; or the prevailing party's failure to accept a settlement offer. *See, e.g.*, *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (size of recovery, ability to pay costs, good faith of losing party); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997) (early termination of litigation); *Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000) (extra-judicial misconduct); *Chapman v. Al Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (disparity in wealth); *Berkla v. Corel Corp.*, 302 F.3d 909, 921-22 (9th Cir. 2002) (failure to accept settlement offer). *See generally* Charles Alan Wright, et al., Federal Practice and Procedure § 2668 n.38 (3d ed. 2012).

### 2. Prevailing Party

RIM was the prevailing party. RIM's legal relationship with Mformation was materially altered in a way that directly benefits RIM. RIM no longer risks potential liability to Mformation for the claims addressed by the Court. That the Court did not need to reach RIM's invalidity counterclaim as to Claims 1, 6, 21-25 and 27 of the '917 Patent, and therefore dismissed it without prejudice as moot, does not diminish the significance of RIM's clear victory with respect to each of Mformation's claims.

Mformation argues that its failure to succeed in its infringement claim and RIM's failure to succeed in its invalidity counterclaim are equivalent, rendering neither party the prevailing party. *See* Pl.'s Mot., Docket No. 1117, at 3:23-4:6. However, this argument fails to address one key point: RIM's invalidity counterclaim was dismissed *without prejudice* as moot. In this respect RIM is in exactly the same legal relationship with Mformation following judgment as it was before judgment; it lost nothing. On the other hand, the Court's judgment in RIM's favor on Mformation's infringement claim disposes of it *with prejudice*. RIM can thus continue its course of conduct without fear of future liability and without the specter of potential liability for past conduct. *See Shum*, 629 F.3d at 1368 (defendant prevailing party where "in addition to avoiding significant monetary liability, the judgment in defendants' favor will have res judicata effect in any future action"); *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1319-21 (Fed. Cir. 2004) (defendant prevailing party where judgment issued in its favor on issue of infringement).

### 3. Discretion

Following a determination that RIM is the prevailing party, the next step is to determine whether or not to exercise discretion to award RIM its costs. Mformation does not address why the Court should exercise its discretion to deny costs, instead resting its case on the argument that RIM was not a "prevailing party." *See* Pl.'s Mot., Docket No. 1117, at 2-5. In its reply, Mformation appears to argue against taxing costs because it is impossible to distinguish which of RIM's costs relate to its successes at each different stage of the litigation. *See* Pl.'s Reply, Docket No. 1123, at 3-4. However, RIM was substantially successful throughout the entire litigation, and Mformation has not submitted any argument for why specific costs should be excised from the award to RIM. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945-46 (9th Cir. 2003) (burden on losing party to show why costs should not be awarded; *Sunrich Food Group, Inc. v. Pac. Food of Or., Inc.*, 207 Fed. Appx. 745, 752 (9th Cir. 2006) (reversing reduction in costs where district court's order did not explain reasons for reduction). *Cf. U.S. for Use of Chamberlain Metal Weatherstrip Co. v. Madsen Constr. Co.*, 139 F.2d 613, 616 (6th Cir. 1943) (within discretion of district court to only grant prevailing party 10% of costs when it only recovered $814.94 in an action to recover $65,579.43); *Martin v. Cal. Dept. of Veterans Affairs*, 560 F.3d 1042, 1053 (9th Cir. 2009) (affirming award of 50% of costs where prevailing defendants could not recover costs on plaintiff's central claim under Americans with Disabilities Act, but could in three ancillary Rehabilitation Act claims).

Nor has Mformation suggested any conduct on RIM's part that would overcome the presumption in favor of awarding costs, such as bad faith conduct, Mformation's indigence, or inflation of costs.

As RIM was the prevailing party and Mformation has failed to meet its burden of demonstrating valid reasons to deny costs, the Court **DENIES** Mformation's motion for relief from the clerk's taxing of costs.

B. Stay Taxing of Costs

Both parties concede that the court should apply the four factor test from *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), in determining whether to stay taxation of costs. *See* Pl.'s Mot., Docket No. 1117, at 5:14-21; Def.'s Opp'n, Docket No. 1122, at 7:2-3; Pl.'s Reply, Docket

No. 1123, at 4:22; *see also ASIS Internet Servs. v. Optin Global, Inc.*, 2008 WL 5245931, at *1 (N.D. Cal. Dec. 17, 2008) (citing *Hilton* in determining not to stay taxation of costs). In *Hilton*, the Court determined that, in deciding whether to stay an order pending appeal, a court should consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 481 U.S. at 776.

With respect to the first factor, Mformation argues that it is likely to succeed on appeal because the Court's claim construction will be reviewed *de novo* on appeal and the Federal Circuit may remand if either (1) the Court erred in its claim construction; or (2) the Court misapplied its claim construction. *See* Pl.'s Mot., Docket No. 1117, at 5:25-6:12 (citing *Cybor Corp. v. Fas Techs.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998)). While this may be an accurate representation of the standard of review by which Mformation's appeal will be judged, it says nothing about whether Mformation is likely to succeed on the merits. Here this Court granted a JMOL motion and determined that *no reasonable jury* could find in that party's favor. *See* Fed. R. Civ. P. 50(a). In denying Mformation's motion for new trial, the Court further found that Mformation's rights were not denied. Mformation has not presented any substantive argument to suggest that the Federal Circuit will reach a different result than this Court.

With respect to the second factor, whether Mformation will be irreparably injured absent a stay, Mformation argues that, if it is taxed costs for RIM, there is significant risk that, by the time the Federal Circuit rules on appeal, RIM may have been sold, be in bankruptcy, or no longer exist, rendering it impossible for Mformation to get back these costs. *See* Pl.'s Mot., Docket No. 1117, at 6:13-20. However, Mformation does not submit any evidence to support its conclusions, rendering them rank speculation. Mformation's failure to submit admissible evidence renders this factor neutral in determining whether to stay taxation of costs.

Mformation does not address the third *Hilton* factor, whether issuance of the stay will substantially injure RIM. *See* Pl.'s Mot., Docket No. 1117. RIM, on the other hand, levels similar charges against Mformation with respect to Mformation's financial condition, suggesting that it may

not recover costs following appeal, given Mformation's "uncertain financial condition." *See* Def.'s Opp'n, Docket No. 1122, at 8:1-9, n.5. However, like Mformation, RIM does not submit any admissible evidence to support this conclusion and thus this factor, too, is neutral in determining whether to stay taxation of costs.

Lastly, with respect to the fourth *Hilton* factor, where the public interest lies, Mformation submits that this case is "a complex patent litigation suit where there are outstanding and unresolved issues, . . . [and] the matter will inevitably be appealed, with the possibility of a new trial . . . ." *See* Pl.'s Mot., Docket No. 1117, at 6:21-24. However, Mformation does not identify any discrete public interest in this private patent dispute between two private actors. Moreover, the public interest issues identified by Mformation, that this is a complex suit that will be appealed, are so broad it would apply to *every* complex suit subject to appeal. Thus, this factor, too, does not weigh in favor of staying taxation of costs.

In sum, none of the four *Hilton* factors weigh in favor of staying taxation of costs and thus the Court **DENIES** Mformation's request that it stay taxation of costs.

## IV. CONCLUSION

In sum, the Court **DENIES** Mformation's motion for relief from the clerk's taxing of costs and **DENIES** Mformation's alternative request that the Court stay taxation of costs pending appeal.

This order disposes of Docket No. 1117.

IT IS SO ORDERED.

Dated: December 4, 2012

_____
EDWARD M. CHEN
United States District Judge