EDWARD R. REINES (Bar No. 135960)
*edward.reines@weil.com*
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorney for
MFORMATION SOFTWARE TECHNOLOGIES LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MFORMATION TECHNOLOGIES, INC.,<br><br>             Plaintiff,<br><br>     v.<br><br>RESEARCH IN MOTION LIMITED and RESEARCH IN MOTION CORPORATION,<br><br>             Defendants. | Case No. C-08-4990 EMC<br><br>**MFORMATION SOFTWARE TECHNOLOGIES LLC'S MOTION TO SUBSTITUTE AS PLAINTIFF OR, ALTERNATIVELY, TO JOIN AS CO-PLAINTIFF PURSUANT TO FED. R. CIV. P. 25(C)**<br><br>DATE:     TBD[1]<br>TIME:     TBD<br>PLACE:   Courtroom 5 (17th Floor)<br>JUDGE:   Hon. Edward M. Chen |

---

[1] The hearing date and time are subject to the Court's disposition of the contemporaneously-filed motion to shorten time, which proposes a hearing date of August 22, 2013.

**MOTION TO SUBSTITUTE AS PLAINTIFF OR,**
**ALTERNATIVELY, TO JOIN AS CO-PLAINTIFF**                                                                  **CASE NO. C-08-4990 EMC**

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on a date to be determined by this Court's ruling on Mformation Software Technologies LLC's ("MST's") contemporaneously-filed motion to shorten time, MST will move the Court, pursuant to Fed. R. Civ. P. 25(c) and 19(a)(1), for an order substituting it as plaintiff or, in the alternative, joining MST as co-plaintiff with Mformation Technologies, Inc.

MST files this Motion pursuant to an order from the Court of Appeals for the Federal Circuit granting a "limited remand for the purpose of allowing" MST "leave to file its motion to substitute in the district court."[2] *See* Reines Decl., Ex. 3 [Remand Order] at 3. The Federal Circuit's order sets a forty-five day window for reporting back about this matter. *Id.* (instructing the parties to provide a status report if "not action is taken by the district court within 45 days of the date of filing of this order").

MST bases this Motion To Substitute As Plaintiff Or, Alternatively, To Join As Co-Plaintiff on this Notice, the accompanying Memorandum of Points and Authorities, the supporting declaration and exhibits thereto, the files and records of the Court, and such further argument and evidence as may be presented at or before the time of hearing. A proposed order granting this Motion is being filed concurrently herewith.

**CONCISE STATEMENT OF RELIEF SOUGHT**

MST seeks to substitute as plaintiff in place of Mformation Technologies, Inc. ("Mformation") or, in the alternative, to join Mformation as co-plaintiff pursuant to Rules 25(c) and 19(a)(1) based on its acquisition of all right, title, and interest in the patent-in-suit, including all claims and causes of action at issue in this suit.

---

[2] Mformation Software Technologies LLC is the same entity as mFormation Software Technologies, Inc. – the party referenced in the Federal Circuit's remand order. The entity underwent a conversion from a Delaware Corporation to a Delaware Limited Liability Company on June 11, 2013, but is otherwise materially unchanged. *See* Reines Decl., Ex. 14 [Certificate of Conversion].

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On July 18, 2013, the Federal Circuit ordered a limited remand of this action to allow MST to file a substitution motion before this Court. Pursuant to that order, MST hereby moves under Federal Rule of Civil Procedure 25(c) to substitute as plaintiff or, alternatively, to join Mformation as co-plaintiff based on its acquisition of all right, title and interest in the patent-in-suit, including the claims and causes of action at issue in this litigation. To ensure that the entities best able to advance the litigation are made parties to the action, Rule 25(c) provides a flexible mechanism for courts to order substitution of a transferee like MST or, if the circumstances warrant, joinder with the original plaintiff. As the sole owner of the patent-in-suit, MST is the most natural plaintiff and the only entity with sufficient motivation and resources to safeguard its interests in preserving the patent's validity and restoring the jury's infringement verdict. For these reasons, MST is the entity best able to facilitate the prosecution of this litigation and should be made a party to this action pursuant to Rule 25(c).

## II. NATURE AND STAGE OF THE PROCEEDINGS

Mformation filed this suit against Research in Motion Limited and Research in Motion Corporation (collectively, "RIM") nearly five years ago, alleging infringement of U.S. Patent No. 6,970,917 (the "'917 patent"). *See* D.I. 1. Following a twelve-day trial, the jury found all claims infringed and returned a $147.2 million verdict in favor of Mformation. *See* D.I. 1026 [Third Amended Verdict]. Four days later, on July 17, 2012, Judge Ware *sua sponte* invited JMOL briefing based on a recharacterization of the claim construction provided to the jury. *See* D.I. 1032. The parties submitted the requested briefing, and, on August 8, 2012, Judge Ware granted RIM's JMOL motion and overturned the verdict. *See* D.I. 1074 [JMOL Order]. Days after granting JMOL overturning the verdict, Judge Ware retired from the bench.

On September 5, 2012, Mformation moved for a new trial on the grounds that it was prejudiced by Judge Ware's post-verdict claim construction modification and the resulting JMOL. *See* D.I. 1084. The following day, on September 6, 2012, Mformation appealed to the Court of Appeals for the Federal Circuit, challenging the JMOL judgment and "all rulings and orders in

this case that are adverse to Mformation or that merge into that Judgment or into any final or otherwise appealable judgment or order in this case." *See* D.I. 1087 [Notice of Appeal].

Meanwhile, in the wake of the JMOL judgment, a secured creditor of Mformation, Wellington Financial Fund IV Limited Partnership ("Wellington"), elected to exercise post-default remedies under a loan agreement it entered with Mformation. Accordingly, on August 31, 2012, Wellington served a Notice of Public Sale of Collateral that Mformation's collateral was to be sold at an auction to commence on September 12, 2012. *See* Reines Decl., Ex. 1 [Secured Party Sale Agreement] at 2; *id.*, Ex. 2 [September 4, 2012 Notice Published in the New York Times]. The auction commenced as planned on September 12, 2012, and, when the auction adjourned on September 21, 2012, MST was the winning bidder. *See* Reines Decl., Ex. 1 [Secured Party Sale Agreement] at 2. Later that day, Mformation, as borrower and seller, executed a Secured Party Sale Agreement, under which it agreed to "convey, assign, deliver and transfer" to MST the auctioned collateral through "the execution and delivery of a bill of sale for such assets substantially in the form attached to th[e] Agreement as Exhibit A (the '**Bill of Sale**')." *See* Reines Decl., Ex. 1 [Secured Party Sale Agreement] § 2.6. Pursuant to the Secured Party Sale Agreement, Mformation concurrently executed the Bill of Sale (attached to the Secured Party Sale Agreement as Exhibit A), through which Mformation expressly conveyed to MST "all right, title and interest" in a series of assets identified in two attached schedules. *See* Reines Decl., Ex. 1 [Secured Party Sale Agreement] at 19 [Bill of Sale] ("mFormation Technologies, Incorporated (the 'Company') . . . does hereby cause to be conveyed unto mFormation Software Technologies, Inc. (the 'Buyer'), all right, title and interest of the Company in and to the assets identified on Schedule 1 and Schedule 2 . . ."). Schedule 2, in turn, sets forth the transferred "Patents and Applications" and specifically identifies the '917 patent as a transferred asset. *See id.* at 27 ("US 6,970,917: System and method for remote control and management of wireless devices"). Thus, as of September 21, 2012, MST obtained from Mformation all right, title and interest in the patent-in-suit.

On November 15, 2012, this Court denied Mformation's new trial motion, rendering this case ripe for appeal. Subsequently, on December 17, 2012, MST amended the original

September 6, 2012 Notice of Appeal, and jurisdiction transferred to the appeals court.

On appeal, MST moved under FRAP 43(b) to substitute as appellant in lieu of Mformation based on its acquisition of the '917 patent. RIM opposed substitution and simultaneously moved to dismiss the appeal on grounds that MST lacked standing. On July 18, 2013, the Federal Circuit issued an order holding in abeyance the substitution and dismissal motions and granting a "limited remand for the purpose of allowing" MST "leave to file its motion to substitute in the district court." *See* Reines Decl., Ex. 3[Remand Order] at 3. The Federal Circuit further noted that this Court "may give due consideration, inter alia, to whether":

> a) it is legally proper for a party to be substituted for another party to a litigation as distinct from being added to the litigation where the party asking for substitution denies responsibility for financial obligations imposed upon it by the district court's judgment, and,
>
> b) whether, because Mformation Technologies, Inc. has not provided the court with the September 21, 2012 Secured Party Sale Agreement, it has failed to demonstrate that mFormation Software Technologies, Inc. owns the right to sue and recover for infringement of the patents in suit.

*Id*.

Consistent with the Federal Circuit's remand order, MST hereby moves, pursuant to Fed. R. Civ. P. 25(c), to substitute for Mformation as plaintiff. In the alternative, MST moves, pursuant to Rules 25(c) and 19(a)(1) to be joined as co-plaintiff with Mformation.

### III. ARGUMENT

#### A. Rule 25(c) Provides A Flexible Mechanism To Ensure That The Entities Best Able To Facilitate The Conduct Of The Litigation Are Parties To The Case

Where, as here, "an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). In other words, "Rule 25(c) does not require that anything be done after an interest has been transferred." *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993) (quoting 7C Wright, Miller & Kane, *Federal Civil Procedure* (hereinafter "Wright & Miller") § 1958 at 555) (internal quotations omitted); *see also* 25-45 *Moore's Federal Practice – Civil* (hereinafter "Moore's") § 25.34 ("Rule 25 does not

require that the court or the parties take any action after an interest has been transferred."). Instead, "the suit may continue against the original parties," 25-52 Moore's § 25.34[2], and "the judgment will be binding on the successor even if the successor is not named in the lawsuit," *Luxliner*, 13 F.3d at 71; *see Hillbrands v. Far East Trading Co.*, 509 F.2d 1321, 1323 (9th Cir. 1975) (original plaintiff "should [] have been permitted to continue the action" despite transfer of interest when no substitution motion was made); 25-53 Moore's § 25.35[1] ("Without a motion, the court has no duty to order a substitution or joinder."). However, the Rule provides that, if a party wishes to do so, it may move for substitution or joinder of a transferee in interest. Fed. R. Civ. P. 25(c). Rule 25(c) is thus "designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *Collateral Control Corp. v. Deal (In re Covington Grain Co., Inc.)*, 638 F.2d 1362, 1364 (5th Cir. 1981).

Consistent with the flexible nature of Rule 25(c), there "is no time limit governing when the motion may be brought or when substitution must be made." 25-54 Moore's § 25.35[1]; *see USI Props. Corp. v. M.D. Constr. Co.*, 186 F.R.D. 255, 260 (D.P.R. 1999) (no time limit for Rule 25(c) motion); *Luxliner*, 13 F.3d at 71 (same). Thus, as long as "the transfer of interest takes place after the case is filed," substitution "is appropriate even after final judgment or appeal." 25-54 Moore's § 25.35[1] (citing *Luxliner*, 13 F.3d at 71 ("substitution has been upheld even after litigation has ended")).

Because substitution or joinder under Rule 25(c) "does not ordinarily alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case," *Luxliner*, 13 F.3d at 71-72, the decision to order substitution or joinder is discretionary and should be made by considering how the conduct of the lawsuit will most be facilitated, s*ee* 25-53 Moore's § 25.34[3] (citing *Television Reception Corp. v. Dunbar*, 426 F.2d 174, 178 (6th Cir. 1970)). "To determine whether an entity is a transferee of interest so as to trigger this discretion, however, a district court's mission is one of applying law to facts." *Luxliner*, 13 F.3d at 71-72. Once the court has determined that there has been a transfer in interest, "it may direct the transferee to either be substituted in the action or joined with the original party." 25-53 Moore's § 25.35[1] (citing Fed. R. Civ. P. 25(c)). "Thus, the court must make a determination, based on

the respective rights and liabilities among the parties and the transferee under the substantive law governing the case, whether it would best facilitate the conduct of the case to have the transferor remain in the case, substitute the transferee, or join the transferee and continue with both as parties." *Id*. For instance, where a plaintiff assigns its claims but retains an interest in the outcome of the litigation, joinder may be more appropriate than substitution because both assignor and assignee are still real parties in interest. *See Federal Deposit Ins. Corp. v. Tisch*, 89 F.R.D. 446, 448 (E.D.N.Y 1981) (participation by both assignor and assignee was most efficient way to ensure that all issues would be fully litigated).

As documented below, because MST is a transferee of the patent-in-suit, substitution under Rule 25(c) is proper. If, however, the Court harbors any doubt about the propriety of substitution, it should, at a minimum, join MST as co-plaintiff pursuant to Rules 25(c) and 19(a)(1).

### B. Substitution Is Appropriate Because MST Is The Sole Owner Of The Patent-In-Suit And There Has Been No Suggestion That Mformation Retained An Interest In The Litigation

Whether an entity is a "transferee of interest" so as to trigger application of Rule 25(c) is a matter of applying the applicable substantive law to the facts. *Luxliner*, 13 F.3d at 71-72. Here, MST is a "transferee of interest" suitable for substitution under Rule 25(c) because it obtained all right, title and interest in the '917 patent on September 21, 2012 when Mformation executed the Bill of Sale conveying to MST the assets it secured at Mformation's public collateral auction. Specifically, pursuant to MST's winning bid, Mformation and MST executed a Secured Party Sale Agreement,[3] wherein Mformation agreed to "convey, assign, deliver and transfer" to MST the auctioned collateral through "the execution and delivery of a bill of sale for such assets."

---

[3] In view of the sensitive nature of the Secured Party Sale Agreement, and its relative immateriality to whether MST obtained from Mformation the patent-in-suit (as demonstrated above, the previously-produced Bill of Sale, and not the Secured Party Sale Agreement, was the operative document that effected the conveyance from Mformation to MST), MST had previously made the Secured Party Sale Agreement available only for *in camera* review. Although MST continues to believe that the Secured Party Sales Agreement is not determinative as to whether Mformation, in fact, conveyed the patent-in-suit to MST, it has submitted the Agreement along with this motion to definitively put to rest any questions concerning its relevance.

1  *See* Reines Decl., Ex. 1 [Secured Party Sale Agreement] § 2.6. In accordance with this term of
2  the Secured Party Sale Agreement, Mformation concurrently executed a Bill of Sale, in which:

> mFormation Technologies, Incorporated (the "Company")
> Conveyed unto mFormation Software Technologies, Inc. (the
> "Buyer"), all right, title and interest of the Company in and to the
> assets identified on Schedule 1 and Schedule 2 attached hereto . . .
> [the latter of which specifically identifies the '917 patent].[4]

Reines Decl., Ex. 1 [Secured Party Sale Agreement] at 19 [Bill of Sale]; *id*. at 27 [Schedule 2] (identifying, by patent number and title, the '917 patent). Thus, as of September 21, 2012, Mformation transferred to MST all right, title and interest to the patent-in-suit, including the claims and causes of action at issue in this litigation. Consistent with this understanding, the parties executed a Confirmatory Agreement, wherein the parties restated that:

> Pursuant to Section 2.1 of the Secured Party Sale Agreement and
> simultaneously executed Bill of Sale, at the Closing and effective as
> of the Effective Date, the Borrower has transferred, conveyed and
> assigned to the Secured Party the Borrower's right, title and interest
> in the Transferred Assets, together with and including all rights to
> sue and recover for past, present or future infringement . . . .

Reines Decl., Ex. 4 [Confirmatory Agreement]. Consequently, there can be no dispute that, as assignee of all right, title and interest in the patent-in-suit, including the right to sue and recover for past, present and future infringement, MST is a "transferee of interest" under Rule 25(c). *See, e.g., Saxon Innovations, LLC v. Casio Computer Co., Ltd.*, No. 6:09- CV-270 (E.D. Tex. August 11, 2010) (Reines Decl., Ex. 6) at 8 (assignee of "all substantial rights to the patents-in-suit, including those for any past infringement" deemed a proper "transferee in interest" under Rule

---

[4] Consistent with its inclusion in Schedule 2 of the Bill of Sale, the '917 patent and "all claims for damages by way of past, present and future infringements" thereof are among the "Transferred Assets" identified in the Secured Party Sale Agreement. In relevant part, Section 1.1(d) of the Secured Party Sale Agreement defines the "Transferred Assets" as "all right, title and interest of the Borrower [Mformation] in and to the property described and defined in the Senior Loan Documents and Term Loan Documents as "Collateral." *See* Reines Decl., Ex. 1 [Secured Party Sale Agreement] § 1.1(d). Under Paragraph 1 of the Recitals, *see id.* at 1, the Senior Loan Documents and Term Loan Documents include an "Intellectual Property Security Agreement" executed March 7, 2011, which, in turn, identifies as "Collateral" all "patents, patent applications and like protections . . . including without limitation the patents and patent applications set forth on Exhibit B attached hereto . . . [and any] and all claims for damages by way of past, present and future infringements [thereof]," Reines Decl., Ex. 15 [Intellectual Property Security Agreement] at 2. The '917 patent is the second patent asset listed in Exhibit B. *See id.* at 6.

25(c); *LBS Innovations LLC v. Aaron Bros., Inc.*, No. 2:11-CV-142 (E.D. Tex. September 20, 2012) (Reines Decl. Ex. 7) at 2-4 (entity that received rights in the asserted patent from the original plaintiff considered a transferee in interest under Rule 25(c)).

Moreover, substitution is proper because it would best facilitate the orderly and efficient adjudication of this case. *See* 25-53 Moore's § 25.34[3] (a decision to substitute depends on "whether it would best facilitate the conduct of the case") (citing *Dunbar*, 426 F.2d at 178)); *see also* 25-53 Moore's § 25.35[1]. The original plaintiff, Mformation, dissolved more than ten months ago. *See* Reines Decl., Ex. 5 [Corporate Dissolution of Mformation Technologies, Inc.]. Additionally, it has transferred to MST all assets relevant to this litigation – *i.e.*, the patent-in-suit, its embodying technology, and relevant employees, including Mformation's former Chief Technology Officer and named inventor, Dr. Rakesh Kushwawa. *See* Reines Decl., Ex. 13 (identifying Dr. Kushwawa as the Chief Technology Officer of Mformation Software Technologies LLC). Neither RIM nor Mformation has suggested that Mformation has retained an interest in the outcome of this litigation. Indeed, because Mformation no longer maintains an interest in the patent-in-suit, it does not have standing to remain in this suit. *See Saxon*, 6:09-CV-270 at 8 (substituting the transferee in place of the original plaintiff, and denying joinder, where the original plaintiff divested its possessory interests in the patent-in-suit and, thus, "no longer ha[d] any standing to remain in th[e] suit") (citing *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed Cir. 2005) ("A nonexclusive license confers no constitutional standing on the licensee to bring suit or even to join a suit with the patentee.")). Consequently, substitution would focus the litigation on the entities that actually have a stake in the outcome of this suit and standing to maintain the action.

### C. If The Court Harbors Any Uncertainty As To The Propriety Of Substitution, It Should, At A Minimum, Join MST As Co-Plaintiff

To ensure that the proper parties are named in this case, the Court should, at a minimum, join MST as a co-plaintiff with Mformation pursuant to Rules 25(c) and 19(a)(1). As noted above, MST now holds all rights in the patent-in-suit (and this action), and there has been no suggestion that Mformation retained a stake in this litigation. Accordingly, absent substitution or

joinder, the existing parties will necessarily provide inadequate representation of MST's interests, including, *e.g.*, its interests in preserving the '917's validity and restoring the jury's infringement verdict. Indeed, because MST "claims an interest" in the patent-in-suit, and "disposition of the action in [MST's] absence" will most certainly "as a practical matter impair or impeded" MST's ability to protect its interest in the patent, MST is a "Required Party" under Rule 19(a)(1) and "must" be joined. *See* Fed. R. Civ. P. 19(a)(1)(B) (an entity "*must* be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede a person's ability to protect the interest") (emphasis supplied).

Given the extreme risk of prejudice to absent patent assignees, courts routinely join purported patent assignees under Rule 25(c), even where there is "substantial confusion" and an incomplete "evidentiary record" regarding the respective rights of the assignor and assignee in the relevant patents. *Smartgene, Inc. v. Advanced Biological Labs., SA*, Civil Action No. 08-642 (D.D.C. Nov. 23, 2011) (Reines Decl., Ex. 8) at 3 ("Although the record at this time is insufficient to determine the exact ownership structure of the patents," to "ensure that the proper parties are named in this case, the Court will exercise its discretion to join ABL PLT as a party with ABL SA pursuant to Rule 25(c); *see, e.g., Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 776786 (D.N.J. Mar. 9, 2007) (Reines Decl., Ex. 9) (declining substitution due "to the uncertainty over the rights and interests in the patents-in-suit in this case," but joining the purported assignee in "an effort to assure that the proper parties are named in this case"); *epicRealm Licensing, LP v. Autoflex Leasing, Inc.*, No. 5:07- CV- 125 (E.D. Tex. Jun. 26, 2008) (Reines Decl., Ex. 10) at 9 (declining substitution given "the uncertainty over the rights and interests in the patents in suit," but joining the purported assignee in "an effort to assure that the proper parties are named in this case"); *SercoNet, Ltd. v. Asoka USA, Inc.*, No. 5:05- CV-167 (E.D. Tex. Jul. 28, 2010) (Reines Decl., Ex. 11) at 2 (denying substitution without prejudice given uncertainty regarding whether the original plaintiff retained any interest in the asserted patent, but ordering joinder of the purported assignee as co-plaintiff); *lSI Int'l, Inc.* v. *Borden Ladner Gervais, LLP,* No. 98-7614, 2002 WL 230904, at *3-4 (N.D. Ill. Feb. 15, 2002) (Reines Decl., Ex. 12)

(denying a substitution motion in favor of joinder where legal sufficiency of transfer agreement at issue was questionable). Where, as here, there is no such "confusion" regarding the patent's ownership, and no existing parties can adequately represent MST's interests, any remedy short of joinder would be improper. *See* Fed. R. Civ. P. 19(a)(1) (defining parties in MST's position as "Required").

Even if there were any reason to question MST's rights, Rule 25(c) is not the vehicle for addressing such concerns. The purpose of Rule 25(c) is to ensure "all the proper parties" are heard in an action. *See Mars,* 2007 WL 776786, at *2. It is not a mechanism for definitively addressing standing challenges, which are properly raised via a motion to dismiss. *See id.* (granting joinder under Rule 25(c) notwithstanding "uncertainty" regarding "the rights and interests" in the asserted patents, and noting that any standing challenge should be raised via a "separate motion"). Indeed, RIM has already lodged such a motion in the appeals court, which the Federal Circuit will undoubtedly address when ripe.

Finally, RIM has expressed concern that substitution would prejudice its ability to enforce this Court's taxation of costs against Mformation. As the Federal Circuit suggested in its Remand Order, joinder would allow this Court to retain jurisdiction over Mformation, which would facilitate enforcement of the cost award. Thus, joinder would serve the dual purpose of allowing MST to protect its interests in the '917 patent and restoration of the verdict, while preserving RIM's ability to enforce the cost award against Mformation.

## IV. CONCLUSION

For all of the aforementioned reasons, MST respectfully requests that the Court grant its motion to substitute as plaintiff or, in the alternative, to join Mformation as co-plaintiff.

1 | Dated: July 29, 2013           Respectfully submitted,

By:    */s/ Edward R. Reines*
        Edward R. Reines

WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000
*Attorney for Mformation Software Technologies LLC*

**MOTION TO SUBSTITUTE AS PLAINTIFF OR,
ALTERNATIVELY, TO JOIN AS CO-PLAINTIFF**      **CASE NO. C-08-4990 EMC**