PAGES 1 – 43

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE EDWARD M. CHEN

MFORMATION TECHNOLOGIES, INC., )
A DELAWARE CORPORATION, )
)
PLAINTIFF, )
)
 VS. ) NO. C 08–4990 EMC
)
RESEARCH IN MOTION, LIMITED, )
ET AL., )
) SAN FRANCISCO, CALIFORNIA
DEFENDANTS. ) THURSDAY
) AUGUST 22, 2013
_____) 1:41 P.M.

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

**FOR PLAINTIFF**        WEIL, GOTSHAL & MANGES
                         201 REDWOOD SHORES PARKWAY
                         REDWOOD SHORES, CALIFORNIA  94065
                    **BY:  EDWARD REINES, ESQUIRE**
                         **TIMOTHY SAULSBURY, ESQUIRE**


**FOR DEFENDANT**        KIRKLAND & ELLIS
                         655 15TH STREET NW
                         WASHINGTON, DC  20005
                    **BY:  PATRICK PHILBIN, ESQUIRE**


*REPORTED BY:  JOAN MARIE COLUMBINI, CSR 5435, RPR*
            *OFFICIAL COURT REPORTER, U.S. DISTRICT COURT*

**PROCEEDINGS; THURSDAY, AUGUST 22, 2013; 1:41 P.M.**

**THE CLERK:** CALLING C 08-4990, MFORMATION VERSUS RESEARCH IN MOTION. COUNSEL, PLEASE COME TO THE PODIUM AND STATE YOUR NAME FOR THE RECORD.

**MR. REINES:** YOUR HONOR, EDWARD REINES FROM WEIL GOTSHAL ON BEHALF OF MFORMATION, AND WITH ME IS TIM SAULSBURY.

**THE COURT:** ALL RIGHT. GOOD AFTERNOON, MR. REINES.

**MR. REINES:** GOOD AFTERNOON.

**MR. PHILBIN:** YOUR HONOR, PATRICK PHILBIN FROM KIRKLAND & ELLIS FOR DEFENDANT BLACKBERRY.

**THE COURT:** THANK YOU, MR. PHILBIN.

AS I UNDERSTAND THE LAW, IF WE ASSUME THAT THE *UNITED ACCESS TECHNOLOGIES V. EARTHLINK* CASE IS CORRECT, I'M NOT SURE WHAT DIFFERENCE IT MAKES AT THE END OF THE DAY. THE SUBSTITUTING PARTY, IF SUBSTITUTION IS ALLOWED, IS LIABLE FOR COSTS IRRESPECTIVE OF ANY -- WHATEVER CONTRACTUAL PROVISIONS ARE SET FORTH IN A DEAL BETWEEN THE ASSIGNOR AND THE ASSIGNEE. I DON'T SEE THE *UNITED ACCESS TECHNOLOGIES* CASE MAKING SUBSTITUTION -- MAKING LIABILITY A PRECONDITION. IT IS A SORT OF A POST CONDITION.

**MR. PHILBIN:** YOUR HONOR, IF I COULD ADDRESS THAT? I THINK THAT WHAT *UNITED ACCESS TECHNOLOGIES* MAKES CLEAR IS THAT IT IS INHERENT IN THE STATUS OF BEING A SUBSTITUTE PARTY THAT ONE MUST TAKE WHATEVER JUDGMENTS HAVE BEEN ENTERED IN THE CASE

AGAINST THE PARTY FOR WHOM ONE IS SUBSTITUTING IN.  AND WHAT MFORMATION IS TRYING TO DO HERE IS TO COME TO THE COURT REQUESTING THE STATUS OF BEING A SUBSTITUTE BUT SAYING AT THE SAME TIME, BUT WE ARE NOT GOING TO BE LIABLE FOR THOSE COSTS. THAT'S THE PROBLEM.

THE COURT:  THEIR POSITION SEEMS TO BE A LITTLE MORE AMBIGUOUS THAN THAT, BECAUSE THEY'RE SAYING THAT'S NOT NECESSARILY THE CASE.  I THOUGHT I SAW IN THERE AN ACCEPTANCE, OR SOMETHING CLOSE TO AN ACCEPTANCE, OF THE REALITY THAT IF THEY ARE SUBSTITUTED IN, OR IF IT IS SUBSTITUTED IN, IT WOULD BE LIABLE FOR SUCH COSTS AND IF THERE'S FEES TO BE SHIFTED.

WHAT IS YOUR POSITION THEN?

MR. REINES:  THANK YOU, YOUR HONOR.  I DO WANT TO THANK YOU AND CHAMBERS FOR TAKING THIS ON AN EXPEDITED BASIS. WE APPRECIATE THAT, AMIDST YOUR PRESSING DUTIES.

THE COURT:  SURE.

MR. REINES:  A FEW THINGS.  ONE IS, IF *UNITED ACCESS TECHNOLOGIES* IS GOOD LAW, THEN I THINK IT'S STRAIGHTFORWARD MFORMATION SOFTWARE TECHNOLOGIES WOULD BE LIABLE FOR COSTS, ULTIMATELY, IF THAT'S THE CONSTRUCTION OF THE LAW.  I VIEW THAT QUESTION AS PREMATURE.  AS I GUESS THE COURT HAS IMPLIED IN SOME OF THE QUESTIONS, WHICH IS, IF WE WIN THE APPEAL, WHICH WE THINK WE WILL, THIS IS A MOOT ISSUE ANYWAY.  AND IF *UNITED ACCESS TECHNOLOGIES* IS THE LAW, WE ACCEPT THAT.  WE ARE NOT SAYING THAT WE CAN TRUMP THE STANDING ISSUES DOCTRINE THAT WAS

INVOKED BY JUDGE STEIN IF THAT'S THE APPLICABLE DOCTRINE.  YOU KNOW, IT SEEMS TO ME THAT'S --

             **MR. PHILBIN:**  YOUR HONOR.

             **THE COURT:**  OF COURSE, YOU SAID IF IT IS GOOD LAW. THAT DOESN'T PRECLUDE YOU FROM ARGUING SINCE IT IS -- I MEAN, SINCE IT'S A DISTRICT COURT DECISION THAT YOU MIGHT ARGUE DIFFERENTLY.

             **MR. REINES:**  SINCE WE HAVE BEEN INVOLVED, THE CASE HAS TAKEN TWISTS AND TURNS THAT HAVE BEEN UNANTICIPATED.  SO, YOU KNOW, BEING THE TYPE PERSON THAT DOESN'T NECESSARILY REACH PROBLEMS THAT AREN'T IN FRONT OF ONE'S DOORSTEP, I THINK THERE'S A VERY GOOD CHANCE THAT THERE IS NEVER A QUESTION THAT APPLIES TO ANYBODY.

             I CAN'T SAY I RESEARCHED UNTIL THE END OF TIME *UNITED ACCESS TECHNOLOGIES* AND BRIEFED THAT.  IF THE COURT WANTS THAT, WE CAN DO THAT.  SO, I DON'T KNOW THAT I'M -- YOU KNOW, I JUST HAVEN'T FINALLY DONE THAT.  WHAT I WILL AGREE TO IS, IF THIS DOCTRINE APPLIES, WHATEVER, YOU KNOW, OUR CONTRACTS DON'T TRUMP THIS DOCTRINE -- I WOULD NOTE IN *UNITED ACCESS TECHNOLOGIES* THAT THE COURT DID ALLOW SUBSTITUTION.  SO, IT'S THE EXACT SAME SITUATION.

             I THINK THE ARGUMENT THAT'S BEING MADE HERE THAT SOMEHOW THIS CASE IS SPECIAL AND DISTINCT FROM *UNITED ACCESS TECHNOLOGIES* BECAUSE OF -- YOU KNOW, BECAUSE THERE'S A STATEMENT THAT CONTRACTUALLY WE ARE NOT -- UNDER CONTRACTUAL

PRINCIPLES, WE ARE NOT LIABLE.  THAT'S THE EXACT SAME SITUATION IN *UNITED ACCESS TECHNOLOGIES*.  THERE'S NO DIFFERENCE. SUBSTITUTION WAS PERMITTED.

**MR. PHILBIN:**  YOUR HONOR, IF I COULD RESPOND BRIEFLY? IN *UNITED ACCESS TECHNOLOGIES* THE SUBSTITUTION HAD ALREADY OCCURRED BEFORE THE ISSUE CAME UP THAT THE SUBSTITUTED PARTY WAS THEN DISCLAIMING THE COSTS.  IT WAS NOT A CASE WHERE THE PARTY WAS COMING INTO COURT, SEEKING RELIEF, ASKING TO BE SUBSTITUTED AND AT THE SAME TIME SAYING, WE WANT TO BE A SUBSTITUTE, BUT, UH-UH, WE DON'T WANT TO BE LIABLE FOR THOSE COSTS.  THAT'S THE DIFFERENCE HERE.

UNLESS IT IS MADE CLEAR NOW -- IF THERE IS AN ORDER FROM THE COURT SAYING NOW THAT MFORMATION SOFTWARE COMES IN DIRECTLY IN THE SHOES AND IS IN THE SHOES OF THE PARTY FOR WHICH IT'S SUBSTITUTED AND TAKES ON THE LIABILITY FOR THOSE JUDGMENTS, UNLESS MR. REINES CONCEDES THEY ARE TAKING ON THE LIABILITIES FOR THOSE, HE HAS WHATEVER PURE RIGHTS EXIST, IT WON'T AFFECT THAT.

WHAT THEY ARE INSISTING ON IN THEIR PAPERS IS THE RIGHT TO RELITIGATE THAT.  THAT'S WHERE WE HAVE A PROBLEM.  WE DON'T THINK WE SHOULD HAVE TO HAVE THEM SUBSTITUTED IN AND THEN HAVE TO BRING A MOTION TO ENFORCE COSTS AND GO THROUGH ALL THE ARGUMENTS OF WHETHER *UNITED ACCESS TECHNOLOGIES* IS GOOD LAW. WE DON'T WANT TO HAVE TO LITIGATE A SECOND TIME WHETHER OR NOT THEY ACTUALLY HAVE TO STAND IN THE SHOES OF THE PARTY FOR WHOM

THEY ARE SUBSTITUTING.  IF THEY ARE GOING TO COME IN AS A SUBSTITUTE, THAT SHOULD BE DETERMINED NOW.

**THE COURT:**  ISN'T THE SIMPLER SOLUTION TO ALL THIS SINCE RULE 25(C) PERMITS JOINDER AS AN ALTERNATIVE TO THIS, YOU CERTAINLY WOULDN'T BE PREJUDICED IF THERE'S JOINDER IN THAT CASE.  SO WHAT'S THE PROBLEM WITH JUST HAVING MST JOIN?

**MR. PHILBIN:**  YOUR HONOR, THE PROBLEM WITH THAT IS THAT I THINK THE COURT HAS TO LOOK AT THIS IN THE CONTEXT OF THE PROCEDURAL POSTURE IN WHICH THE CASE COMES BACK HERE FROM THE FEDERAL CIRCUIT.

WHAT THE FEDERAL CIRCUIT HAS IN FRONT OF IT IS A MOTION TO SUBSTITUTE AND A MOTION TO DISMISS.

AND, YOUR HONOR, IF I MIGHT, JUST TO DEMONSTRATE THE PROCEDURAL POSTURE, I HAVE A COUPLE OF SLIDES.  THERE'S A TIMELINE I WOULD LIKE TO PUT UP, IF I MAY.

**THE COURT:**  WELL, BEFORE YOU DO THAT, THE FACT REMAINS -- I UNDERSTAND THE ARGUMENTS ABOUT CONSTRUING THE ORDER OF THE CIRCUIT COURT, THE FEDERAL CIRCUIT AS BEING CONFINED TO LOOKING ONLY AT, QUOTE, A MOTION TO SUBSTITUTE, WHICH WOULD NOT ENCOMPASS A MOTION, AS AN ALTERNATIVE, TO JOIN.  BUT I WILL MAKE A COUPLE OF OBSERVATIONS.

NUMBER ONE, IT DOES SAY IT'S NOT REMANDING THE MOTION THAT WAS BEFORE IT.  IT WAS REMANDING TO ALLOW MFORMATION SOFTWARE TECHNOLOGIES TO FILE ITS MOTION TO SUBSTITUTE WHILE THE ORIGINAL MOTION TO SUBSTITUTE THAT WAS FILED IN THE FEDERAL

CIRCUIT WAS HELD IN ABEYANCE, SO IT'S A DIFFERENT MOTION.

SECOND OF ALL, THE MOTION I ASSUME WAS BROUGHT UNDER RULE 25, AND RULE 25 ON ITS FACE TALKS ABOUT ONE OR THE OTHER.

TWO, WHAT PURPOSE IS THERE IN CONFINING THIS COURT TO ONLY A MOTION TO SUBSTITUTE WHEN THE OBVIOUS SAFEST REMEDY IS TO SAY "JOINDER"?  THAT WAY YOU DON'T LOSE ANYTHING.  YOU DON'T GET SUBSTITUTED OUT A PARTY THAT MAY -- YOU KNOW, WHO WAS CLEARLY LIABLE, EVEN THOUGH IT MAY NOT HAVE ANYTHING TO PAY IT WITH, WITH A PARTY THAT THEN DISCLAIMS LIABILITY, YOU ARE GOING TO HAVE BOTH.

SO, I AM AT A LOSS TO FIGURE OUT WHY THE CIRCUIT COURT WOULD SO CONSTRICT THE PROCEEDINGS BEFORE HERE TO PRECLUDE AN OBVIOUS REMEDY.

AND, FOURTH, IF THE REMAND HERE WERE INTENDED TO FREEZE THE FACTUAL RECORD AS YOU HAVE ARGUED, AND NOT ALLOW MORE FACTS TO BE BROUGHT IN, AND TO CONSTRAIN THIS COURT TO ONE SINGLE QUESTION, I'M NOT SURE I UNDERSTAND THE POINT OF THE REMAND.  THEY COULD HAVE JUST DECIDED THIS.  IT'S JUST A MATTER OF LAW AT THAT POINT.  WHAT IS THERE FOR THIS COURT TO DECIDE?

**MR. PHILBIN:**  WELL, YOUR HONOR --

**THE COURT:**  THERE'S GOT TO BE SOME DISCRETION.  I DON'T UNDERSTAND THE POINT OF THE REMAND IF IT'S JUST, DON'T TAKE ANY NEW EVIDENCE, DON'T CONSIDER ANY ALTERNATIVE REMEDY. THE COURT OF APPEAL, THE CIRCUIT COURT ALREADY HAD EVERYTHING IT NEEDED.  SO I'M -- I INFER FROM WHAT HAS HAPPENED THAT, YOU

KNOW, THIS COURT IS TO BE ABLE TO EXERCISE SOME LATITUDE IN FIGURING OUT HOW TO ADDRESS THE POSTURE OF THIS LITIGATION.

**MR. PHILBIN:**  WELL, YOUR HONOR, LET ME BACK UP. THERE ARE A LOT OF QUESTIONS IN THERE.  LET ME TRY TO ADDRESS ALL OF THEM.

THE FEDERAL CIRCUIT HAD IN FRONT OF IT A MOTION TO DISMISS AS WELL AS A MOTION TO SUBSTITUTE.  THE TWO ARE INTERTWINED BECAUSE THERE IS FUNDAMENTAL ISSUE, A DEFECT THAT UNDERLIES BOTH.  THAT IS THAT THERE WAS A NOTICE OF APPEAL FILED ON DECEMBER 17TH AT A TIME WHEN MFORMATION SOFTWARE DID NOT HAVE THE RIGHT TO SUE FOR PAST INFRINGEMENT.  IT THEN SUBSEQUENTLY FILED A MOTION TO SUBSTITUTE UNDER FEDERAL CODE OF PROCEDURE 43.

BOTH THE MOTION TO SUBSTITUTE AND THE NOTICE OF APPEAL WERE DEFECTIVE BECAUSE AT THE TIME THE NOTICE OF APPEAL WAS FILED, MFORMATION SOFTWARE DID NOT HAVE THE RIGHT TO SUE FOR PAST INFRINGEMENT.

SO, THE MOTION TO DISMISS WOULD DISMISS THE ENTIRE CASE IN FRONT OF THE FEDERAL CIRCUIT, BECAUSE THAT DECEMBER 17TH NOTICE OF APPEAL WOULD GO OUT, AND THERE'S A SEPARATE PART OF THE MOTION TO DISMISS TO TAKE CARE OF AN EARLIER-FILED NOTICE OF APPEAL.

IF THAT WHOLE CASE IS DISMISSED, WE WIN ON THAT MOTION, AND THAT'S WHAT THE FEDERAL CIRCUIT HAS TO DECIDE. THERE IS NO CASE IN FRONT OF THE FEDERAL CIRCUIT.

TO GET RIGHT TO THE ENDPOINT, YOUR HONOR, WHY NOT JUST JOIN THEM AS A PARTY?  I THINK THE COURT HAS TO STEP BACK AND IN THE POSTURE OF THE CASE CONSIDER IF THIS GOES BACK TO THE FEDERAL CIRCUIT.

IF FEDERAL CIRCUIT DECIDES BLACKBERRY IS CORRECT ON THE MOTION TO DISMISS, AND IT DISMISSES THE ENTIRE APPEAL, SAYS THERE WAS NO JURISDICTION BECAUSE THERE WAS NO PARTY BEFORE IT WITH STANDING, THEN WHAT DOES IT MEAN FOR THIS COURT IN THE INTERIM TO HAVE SAID, WE JOINED THIS OTHER PARTY IN, WE JOINED THIS PARTY INTO A CASE WHERE THERE WAS AN ANTECEDENT JURISDICTIONAL QUESTION THAT HADN'T BEEN DECIDED?

**THE COURT:**  IT MIGHT INFORM THE MOTION TO DISMISS QUESTION.  IF ALL PARTIES ARE NOW IN THIS CASE --

**MR. PHILBIN:**  YOUR HONOR, THAT IT WOULD NOT DO, BECAUSE THE MOTION TO DISMISS DEPENDS UPON FACTS AS THEY EXISTED AT THE TIME THAT THE NOTICE OF APPEAL WAS FILED.  THAT IS CRITICAL.  THAT IS A JURISDICTIONAL POINT.  FOR INVOKING THE JURISDICTION OF THE FEDERAL CIRCUIT, FEDERAL CIRCUIT HAS TO LOOK AT THE TIME THAT NOTICE OF APPEAL WAS FILED, WHAT WERE THE FACTS THEN.

THIS IS WHY, YOUR HONOR, YOU POINTED OUT WHAT WOULD THE POINT OF THE REMAND BE IF THE FEDERAL CIRCUIT COULD HAVE DECIDED THIS ITSELF.  YES, IT PROBABLY COULD HAVE DECIDED THESE ISSUES ITSELF, BUT IT CLEARLY REMANDED WITH THE FIRST QUESTION BEING FOR THIS THE COURT CONSIDER, IS IT LEGALLY PROPER FOR A

PARTY TO ATTEMPT TO COME IN WITHOUT ACCEPTING RESPONSIBILITY FOR JUDGMENTS --

**THE COURT:**  IS THE MOTION TO DISMISS DIRECTED AT THE FIRST APPEAL BY MT OR THE SECOND APPEAL BY MT?

**MR. PHILBIN:**  IT IS AT BOTH, YOUR HONOR.

IF I COULD PUT UP THE TIMELINE, THIS MIGHT HELP, BECAUSE THIS TIMELINE SHOWS, YOUR HONOR, THAT THERE WAS A JUDGMENT IN THIS COURT IN AUGUST.  THEN THERE WAS A NOTICE OF APPEAL FILED BY MFORMATION TECHNOLOGIES.  THEN THERE WAS THE SALE THAT TRANSFERRED THE PATENT BUT NOT THE RIGHT TO SUE FOR PAST INFRINGEMENT.  THAT'S OUR CONTENTION THAT IS WHAT THAT SALE ACCOMPLISHED.

THEN THIS COURT ENTERED JUDGMENT ON THE MOTION FOR A NEW TRIAL.  THEN THERE WAS ANOTHER NOTICE OF APPEAL, THIS TIME FILED BY MFORMATION SOFTWARE.  THEN IT FILED WITH ITS MOTION TO SUBSTITUTE.  WE OPPOSED THAT SAYING THAT, AT THE TIME THAT NOTICE OF APPEAL WAS FILED, MFORMATION SOFTWARE DIDN'T HAVE THE RIGHTS, SO THAT NOTICE OF APPEAL SHOULD BE DISMISSED.

AND THE OTHER NOTICE OF APPEAL, THE ONE THAT WAS FILED ON SEPTEMBER 6TH, NO ONE EVER APPEARED IN THE FEDERAL CIRCUIT.  MFORMATION TECHNOLOGIES NEVER FILED AN APPEARANCE, NEVER FILED A NOTICE -- A CERTIFICATE OF INTEREST, DID NOTHING TO PURSUE THAT APPEAL.  SO, THAT APPEAL SHOULD BE DISMISSED BECAUSE THERE'S NO PARTY WITH STANDING BEFORE THE COURT TO PURSUE IT.

**THE COURT:** WHICH APPEAL ARE YOU REFERRING TO?

**MR. PHILBIN:** THE SEPTEMBER 6TH NOTICE OF APPEAL.

AT THE POINT WE FILED OUR MOTION TO DISMISS, THERE WAS NO PARTY FROM MFORMATION BEFORE THE FEDERAL CIRCUIT WITH STANDING TO PURSUE THE APPEAL, SO THE APPEAL SHOULD BE DISMISSED FOR LACK OF JURISDICTION.

ON ONE OF THOSE POINTS, IT IS ABSOLUTELY CRITICAL TO THE FEDERAL CIRCUIT'S DECISION TO KNOW, DID THAT SEPTEMBER 21ST SALE TRANSFER THE RIGHT TO SUE FOR PAST INFRINGEMENT OR NOT? BUT BOTH NOTICES OF APPEAL COULD BE -- IF WE WIN, IF THE FEDERAL CIRCUIT AGREES WITH US, THE ENTIRE APPEAL WILL BE DISMISSED. AND THAT'S WHY, YOUR HONOR, THERE WOULD BE A JURISDICTIONAL PROBLEM.

THIS COURT HAS A FUNDAMENTAL DUTY UNDER ARTICLE III TO CONSIDER ITS OWN JURISDICTION. I DON'T BELIEVE THAT THE FEDERAL CIRCUIT ORDERED THIS COURT TO ASSUME HYPOTHETICALLY THAT THE FEDERAL CIRCUIT IS GOING TO HAVE JURISDICTION, AND THE APPEAL IS GOING TO GO FORWARD, AND IT SHOULD MAKE A DECISION ABOUT JOINING A PARTY JUST ON THE ASSUMPTION THAT THE APPEAL WOULD GO FORWARD, BECAUSE THAT'S ASSUMING JURISDICTION THAT MIGHT NOT EXIST.

WHAT THE FEDERAL CIRCUIT --

**THE COURT:** MAYBE IT'S THE OTHER WAY AROUND. WHAT PRECLUDES THE COURT FROM MAKING THE JURISDICTIONAL DECISION AFTER IT HAS ALL THE PARTIES BEFORE IT BASED ON THE TIMING OF

YOUR SEQUENCE, AND YOU SAY THAT NEITHER HAD --

**MR. PHILBIN:**  BECAUSE, YOUR HONOR, THIS COURT'S DECISION CANNOT MAKE MFORMATION SOFTWARE A PROPER PARTY BEFORE THE COURT OF APPEALS.  THIS COURT DOESN'T HAVE THE AUTHORITY TO DO THAT.  THAT WOULD HAVE TO BE DONE BY THE FEDERAL CIRCUIT. THAT DEPENDS ON WHETHER OR NOT THERE WAS AN EFFECTIVE NOTICE OF APPEAL FILED OR ON WHETHER -- AS YOU POINTED OUT, YOUR HONOR, EVEN THE MOTION TO SUBSTITUTE IN THE FEDERAL CIRCUIT HAS BEEN HELD IN ABEYANCE IN THE FEDERAL CIRCUIT.  AND I BELIEVE THAT WHAT THE FEDERAL CIRCUIT'S REMAND ORDER IN ASKING THE COURT -- IT ASKED THE COURT CLEARLY TO CONSIDER FIRST --

**THE COURT:**  WHAT WOULD PRECLUDE THE FEDERAL CIRCUIT FROM ADDRESSING THE NOW HELD-IN-ABEYANCE MOTION TO DISMISS WHICH WOULD ENTERTAIN YOUR ARGUMENTS IF THIS COURT WERE SIMPLY TO HOLD THAT BOTH MT AND MST ARE IN THE CASE?

YOUR ARGUMENTS THAT YOU'VE MADE, YOU CAN STILL MAKE THEM.  I'M NOT PRESUMING ANYTHING.  IT'S UP TO THE FEDERAL CIRCUIT TO DETERMINE WHETHER OR NOT JURISDICTIONAL -- BECAUSE THE FACT THEY ARE NAMED IN THIS CASE DOESN'T PREVENT YOU FROM ARGUING AT THE TIME OF APPEAL THEY HAD NO RIGHT, NO STANDING --

**MR. PHILBIN:**  WELL, I GUESS THEN, YOUR HONOR, I DON'T UNDERSTAND.  WHAT DOES IT MEAN FOR THIS COURT TO SAY THAT THEY ARE IN THE CASE, THAT THEY ARE A PARTY, WHEN IT IS STILL YET TO BE DETERMINED THAT PERHAPS THERE IS NO CASE STILL EXTANT BECAUSE THE ENTIRE APPEAL SHOULD BE DISMISSED BECAUSE THERE IS

NO PARTY WITH STANDING?

IT SEEMS TO ME -- IF I COULD JUST PURSUE THIS LINE FOR A MOMENT, YOUR HONOR?

I BELIEVE THAT WHAT THE FEDERAL CIRCUIT IS ASKING THIS COURT FOR IS TO ADDRESS INITIALLY SOME OF THE ISSUES THAT ARE PRESENTED BEFORE THE FEDERAL CIRCUIT ON THE MOTIONS BEFORE IT. THAT'S WHY IT ASKED THIS COURT FIRST TO ADDRESS IS IT LEGALLY PROPER TO TRY TO COME INTO A CASE AS A SUBSTITUTE AND SAY YOU ARE NOT LIABLE FOR SOME OF THE JUDGMENTS. THAT IS A PURELY LEGAL QUESTION. IN TERMS OF WHAT THE COURT WAS --

**THE COURT:** THAT'S WHAT PUZZLES ME. IF IT'S A PURELY LEGAL QUESTION, WHY BOTHER TO REMAND? THEY COULD READ --

**MR. PHILBIN:** YOUR HONOR --

**THE COURT:** -- BETTER THAN I CAN --

**MR. PHILBIN:** YOUR HONOR, CAN I ADDRESS --

**THE COURT:** THE FEDERAL CIRCUIT CAN READ *UNITED ACCESS TECHNOLOGIES VERSUS EARTHLINK* BETTER THAN I CAN, SO WHY REMAND THAT?

**MR. PHILBIN:** I BELIEVE, YOUR HONOR, SOMETIMES THE COURT OF APPEALS WANTS A DISTRICT COURT TO ADDRESS EVEN A LEGAL ISSUE FIRST. THEY WANT SOMEONE ELSE TO TAKE A FIRST REVIEW OF A QUESTION SO THAT THE ISSUES ARE HONED, AND THEY HAVE THE BENEFIT OF SOMEONE ELSE'S REASONING ON IT, BEFORE THEY ADDRESS THE ISSUE THEMSELVES.

SO IT DOES NOT -- TO GET BACK TO THE POINT THAT THE

COURT WAS MAKING, WHAT IS THE POINT OF THE REMAND?  THE POINT OF THE REMAND IS TO ADDRESS THESE ISSUES THAT THE FEDERAL CIRCUIT IDENTIFIED, BECAUSE THOSE ARE GOING TO BE CRITICAL FOR THE FEDERAL CIRCUIT TO ADDRESS THE MOTIONS PENDING BEFORE IT.

AND ONE OF THE ISSUES -- IN ADDITION TO THAT LEGAL ISSUE, ONE OF THE ISSUES THE COURT IDENTIFIED WAS VERY EXPRESSLY BECAUSE MFORMATION PRESENTED ONLY LIMITED INFORMATION TO THE FEDERAL CIRCUIT, DID IT ESTABLISH THAT IT HAD THE RIGHT TO SUE, THAT IT HAD THE RIGHT TO SUE FOR INFRINGEMENT OF THE PATENTS OR DID IT NOT.  AND I THINK THE MOST IMPORTANT THING THIS COURT COULD DO ON THIS REMAND TO HELP ADVANCE THE BALL FOR WHAT THE FEDERAL CIRCUIT HAS TO GO BACK AND DECIDE ONCE THE CASE GETS BACK THERE IS DID THAT SEPTEMBER 21ST SALE TRANSFER THE RIGHT TO SUE FOR PAST INFRINGEMENT OR NOT.

I'D LIKE TO GO ON AND PRESENT TO YOUR HONOR WHY THAT SALE --

**THE COURT:**  LET ME HEAR FROM MR. REINES ON THE FIRST QUESTION.

**MR. REINES:**  YOUR HONOR, I THINK IT IS INAPPROPRIATE TO ASK THE COURT TO DECIDE THE STANDING QUESTION, WHICH IS PLAINLY WHAT'S BEEN INVITED SEVERAL TIMES SAYING IF THERE'S NO JURISDICTION, THIS COURT SHOULDN'T BE HANDLING THE CASE. CLEARLY, THAT'S OUTSIDE THE SCOPE OF THE REMAND.

THERE'S A MOTION PENDING IN THE FEDERAL CIRCUIT. THEY DID NOT ASK YOU TO ADDRESS THAT MOTION OR CONSTITUENT PARTS OF

IT.  THEY ASKED YOU TO ADDRESS THE MOTION TO SUBSTITUTE.

REGARDING THE MOTION TO SUBSTITUTE, IT IS SOMEWHAT SURPRISING AND SUGGESTS A TACTICAL SITUATION WHERE IF, IN FACT, THE FEDERAL CIRCUIT DECLINES JURISDICTION BECAUSE THE ARGUMENTS THAT ARE BEING INVITED TO SEE IN THIS ELABORATE POWERPOINT, IT DECIDES AGAINST THAT, WHY WOULD THEY WANT NOT TWO PARTIES POTENTIALLY IN THE CASE TO RECOVER THEIR COSTS?  IF THAT'S THE TRUE BASIS FOR THIS DEBATE, WHICH COUNSEL'S MADE VERY CLEAR, WHY IS THAT NOT A GIFT HORSE THEY ARE LOOKING IN THE MOUTH?  I THINK THE ANSWER IS THEY ARE JUST THROWING ELBOWS AT THIS POINT IN TIME.

REGARDING WHAT IS IN FRONT OF THE COURT, IT'S THE SUBSTITUTION MOTION.  CLEARLY, RULE 25(C) ALLOWS THE COURT AND THE COURTS IN ADDRESSING A SUBSTITUTION MOTION TO ORDER JOINDER.  IT'S NOT A DIFFERENT MOTION.  IT'S A HOLD UNDER RULE 25, WHICH IS ENTITLED "SUBSTITUTION."  SO, THAT'S CLEARLY WITHIN THE SCOPE OF THE COURT'S REQUEST.

WHY WAS IT SENT BACK DOWN HERE?  I THINK THAT'S RELATIVELY SIMPLE.  THE RESPONSE THAT WAS MADE TO OUR MOTION FOR SUBSTITUTION WAS A REQUEST BY RIM FOR A REMAND TO THIS COURT.  AND WHAT THEY APPARENTLY WANTED WAS THERE WAS THIS -- AGAIN, I THINK IT WAS -- I'M NOT SURE WHAT THE PURPOSE OR INTENT WAS, BUT THERE WAS THE SUGGESTION THAT THERE WERE OTHER DOCUMENTS THAT WERE GOING TO BE WILDLY IMPORTANT THAT WE WERE -- THEY CALLED IT THE SECRET AGREEMENT; LITERALLY SAYS IN

THEIR THING "THE SECRET AGREEMENT."

THAT WHOLE ISSUE HAS GONE AWAY.  THEY DON'T ARGUE THAT ANYTHING OTHER THAN THE BILL OF SALE IS THE IMPORTANT DOCUMENT, WHICH IS WHAT WE'VE MAINTAINED THROUGHOUT.

IT CAME DOWN SO WE COULD GIVE THEM THE DOCUMENT.  THE DOCUMENT IS NOT INTERESTING BECAUSE I DON'T THINK THAT WAS EVER WHAT IT WAS REALLY ABOUT.  THEY GOT THEIR REMAND.  WE ARE ASKING FOR SUBSTITUTION.  IF THE COURT ORDERS A JOINDER AS PART OF THAT, THAT'S FINE.

I THINK THE DELAWARE CASE, THE SEQUENCE OF EVENTS, IS THE RIGHT SEQUENCE AT FIRST.  RIM WAS EMBRACING THAT DECISION. NOW THEY SEEM TO BE BACKING AWAY.  FIRST YOU ORDER THE SUBSTITUTION, AND THEN DECISION IS MADE REGARDING THE COSTS.

AND IF IT'S THE -- MAYBE THE JOINED PARTY IS THE RIGHT RESPONSIBLE PARTY.  WE HAVE A 50-50 CHANCE, AT A MINIMUM, THAT THERE'S NO COST BILL EVER.  SO WHY GO TO THESE TROUBLES?

**MR. PHILBIN:**  YOUR HONOR, COULD I RESPOND TO THAT?

**THE COURT:**  YES.

**MR. PHILBIN:**  FIRST, I WILL GO BACK TO THE FIRST POINT ON *UNITED ACCESS TECHNOLOGIES* AND THE SUBSTITUTION. MR. REINES CANNOT POINT TO A SINGLE CASE EVER IN WHICH A PARTY HAS COME INTO COURT AND SAID, I WANT TO BE A SUBSTITUTE, BUT I'M NOT GOING TO BE LIABLE FOR THESE JUDGMENTS THAT WERE ENTERED AGAINST THE PARTY I'M SUBSTITUTING FOR.  IT HAS NEVER HAPPENED.  NO COURT HAS EVER APPROVED IT.

THE COURT:  IS THERE A CASE THAT HAS DISAPPROVED AND DENIED A JOINDER BECAUSE A PARTY SO ASSERTS?

MR. PHILBIN:  NOT THAT I AM AWARE OF, YOUR HONOR. AND I WOULD SUBMIT THAT'S BECAUSE NO PARTY BEFORE HAS HAD THE CHUTZPAH TO COME IN AND SAY, I WANT TO BE A SUBSTITUTE PARTY, BUT I WON'T ACCEPT PART OF THE INHERENT RESPONSIBILITIES OF THAT STATUS.  IT WOULD BE SIMILAR TO, YOUR HONOR, TO A PARTY COMING AND SAYING, I WANT TO BE AN INTERVENER, HERE'S MY MOTION TO INTERVENE, BUT I'M NOT GOING TO BE BOUND AS A PARTY TO ANY JUDGMENT THIS COURT ENTERS; I RESERVE THE RIGHT TO RELITIGATE.

THE COURT:  THAT'S EXACTLY THE POINT.  THEY MAY NOT GET TO DO THAT.  THEY MAY --

MR. PHILBIN:  YOUR HONOR?

THE COURT:  -- ASSERT, BUT THE POWER OF THE COURT IN INTERPRETING --

MR. PHILBIN:  THE FUNDAMENTAL QUESTION -- I BEG YOUR PARDON.  I DIDN'T MEAN TO INTERRUPT.

THE COURT:  IT'S NOT UP TO THE UNILATERAL DECISION OF THE SUBSTITUTING PARTY.  IT'S UP TO THE COURT TO MAKE THAT DETERMINATION IN THE FINAL ANALYSIS.

MR. REINES:  TO BE CLEAR, WE ARE NOT ASKING, YOUR HONOR, FOR AN ORDER FROM THE COURT THAT WE ARE NOT RESPONSIBLE FOR.  I MEAN, THAT'S THE SUPPOSITION IS, ONE THAT I DON'T THINK IS TRUE.  THE FACT OF THIS ALLEGED CHUTZPAH, IT IS EXACTLY THE ARGUMENT THAT *UNITED ACCESS* MADE.

**THE COURT:** WELL, IN THE FINAL ANALYSIS, THE PARTIES ACKNOWLEDGE THAT THERE IS A RISK THAT WHATEVER THE POSITION OF MST MAY BE ABOUT LIABILITY OR NOT, IF THEY ARE SUBSTITUTED IN, THERE'S A RISK THAT -- AT LEAST IF THE *UNITED ACCESS TECHNOLOGIES* CASE HOLDS, AND IF THE -- IF THE OVERRIDING FUNCTION OF RULE 25, AS INTERPRETED BY THE COMMENTATORS, HOLD, THAT YOU JUST CAN'T NEGOTIATE YOUR WAY OUT OF LIABILITY.

ON THE OTHER HAND, MAYBE YOU CAN. YOU ARE TELLING ME THERE'S NO CASE DIRECTLY ON POINT. BUT, BE THAT AS IT MAY, I STILL DON'T SEE WHAT THE PROBLEM IS IF YOU SUBSTITUTE. THAT OBVIATES THE ENTIRE ISSUE. I MEAN, YOU LOSE NOTHING AT THAT POINT, AT LEAST IN TERMS OF COSTS ASSESSMENTS.

**MR. PHILBIN:** YOU MEAN IF THEY'RE JOINED?

**THE COURT:** IF THEY'RE JOINED.

**MR. PHILBIN:** WELL, YOUR HONOR, THERE THE PROBLEM IS THAT THEY WOULD BE -- THEY WOULD BE JOINED AS PLAINTIFF ON THE ASSUMPTION, AGAIN, THAT THEY ARE NOT TAKING ON RESPONSIBILITY FOR ANY COSTS; THEY ARE ONLY BEING JOINED.

**THE COURT:** NO. ONLY AN ASSUMPTION THAT THEY MAY ASSERT THAT AS A MATTER OF CONTRACT. THERE'S NO ASSUMPTION THAT THAT IS, IN FACT, GOING TO BE THE CASE.

**MR. PHILBIN:** AS LONG AS THAT IS CLEAR, YOUR HONOR. I WOULD JUST SAY ONE LAST TIME OUR POINT THEN IS, FUNDAMENTALLY, IT IS ONE OF JUDICIAL ECONOMY AND ECONOMY OF THE PARTIES' RESOURCES. ONCE THIS ISSUE HAS BEEN BRIEFED IN THE

FEDERAL CIRCUIT, THIS ISSUE HAS BEEN BRIEFED IN THIS COURT, WHY SHOULD WE HAVE TO FILE YET ANOTHER MOTION WHEN IT COMES TIME TO GETTING THE COSTS TO REESTABLISH *UNITED ACCESS TECHNOLOGIES* ONCE AGAIN AND ESTABLISH THAT WHEN A PARTY SUBSTITUTES IN, IT CAN'T LIMIT ITS LIABILITY FOR THE JUDGMENTS THAT HAVE ALREADY BEEN ENTERED?  THERE'S NO REASON FOR JUST SAVING THAT FOR ANOTHER ROUND OF LITIGATION ON ANOTHER DAY.  I MEAN, IT'S A FUNDAMENTAL WASTE OF EVERYONE'S RESOURCES.

**THE COURT:**  SO YOU WOULD LIKE ME TO SAY, IN GRANTING WHETHER IT'S A MOTION TO SUBSTITUTE OR JOINDER, THAT I THINK *UNITED ACCESS TECHNOLOGIES* IS GOOD LAW AND CONSISTENT WITH RULE 25 AND THAT, AS FAR AS I KNOW, THAT LIABILITY FOR COSTS WOULD OBTAIN?

**MR. PHILBIN:**  WELL, YOUR HONOR, I WOULD LIKE YOU TO DENY THE MOTION, BUT IF YOU ARE GOING TO GRANT IT, YES, I WOULD LIKE THAT LANGUAGE IN IT.

**THE COURT:**  OF COURSE, THAT'S A RULING OF LAW.  IT'S SUBJECT TO DE NOVO REVIEW.

YOU WON'T PREVENT THEM FROM ARGUING TO THE CONTRARY IF THEY SO CHOOSE AT SOME POINT?

**MR. PHILBIN:**  THEY COULD APPEAL, YES.  THEY COULD APPEAL.  BUT IN TERMS OF THIS COURT, WHERE WE WOULD ULTIMATELY BE HEADING BACK TO ENFORCE, THE ISSUE WOULD HAVE BEEN DECIDED.

**THE COURT:**  ALL RIGHT.  DO YOU HAVE ANY -- I DON'T SEE ANY OTHER LAW TO THE CONTRARY, AT LEAST AT THIS POINT.

**MR. REINES:**  I JUST THINK IT'S PREMATURE.  I THINK THE SEQUENCE OF EVENTS IS THE RIGHT ONE.  IT'S AN ISSUE THAT MAY NEVER COME.  IF THERE'S A JOINED PARTY, THE SITUATION MAY BE DIFFERENT.  THIS IS FROM A WONDERFUL MAGISTRATE JUDGE IN DELAWARE BUT NOT THE LAW OF THE LAND.  THERE MAY BE SUBSEQUENT AUTHORITY THAT ISSUES THAT CLARIFIES IT FOR THE COURT.  BINDING ONE'S SELF NOW DOESN'T SEEM LIKE THE MOST LOGICAL PATH.

**THE COURT:**  THE REALITY IS WHATEVER I SAY IS SUBJECT TO DE NOVO REVIEW.  IF I SAY NOTHING, IF I SAY SOMETHING, IT WON'T TIP THE SCALES BECAUSE IT'S A QUESTION OF LAW.  BUT --

**MR. REINES:**  WHETHER THERE'S UNDERLYING FACTS THAT DEVELOP BETWEEN NOW AND THEN, I DON'T KNOW THAT I'M CONSENTING TO THAT.  I HAVEN'T THOUGHT ABOUT WHAT THE APPEAL STANDARD WOULD BE ON SOMETHING I VIEW AS NON-RIPE.

**THE COURT:**  ALL RIGHT.  LET'S -- THE SECOND QUESTION THEN, YOU WERE ABOUT TO ADDRESS THE SECOND QUESTION ON REMAND.  IS THAT WHAT YOU WERE GOING TO DO?

**MR. PHILBIN:**  YES, YOUR HONOR.

THE SECOND QUESTION ON REMAND RELATES TO WHETHER OR NOT MFORMATION SOFTWARE HAD OBTAINED THE RIGHT TO SUE FOR PAST INFRINGEMENT AS OF THE TIME IT FILED ITS NOTICE OF APPEAL AND ITS MOTION TO SUBSTITUTE IN THE FEDERAL CIRCUIT.  THERE, YOUR HONOR, IT COMES DOWN TO THE BILL OF SALE AND THIS SO-CALLED CONFIRMATION AGREEMENT.

THE BILL OF SALE DOES NOT HAVE THE EXPRESS TERMS

CONVEYING THE RIGHT TO SUE FOR PAST INFRINGEMENT THAT IS REQUIRED UNDER THE LAW.  THAT'S THE *ARACHNID* CASE THAT MUST BE CONVEYED IN EXPRESS TERMS.  ALL THE BILL OF SALE SAYS IS THIS CONVEYS ALL RIGHT, TITLE, AND INTEREST.  THAT IS NOT SUFFICIENT TO CONVEY THE RIGHT TO SUE FOR PAST INFRINGEMENT.

MFORMATION SOFTWARE EFFECTIVELY ACKNOWLEDGED THAT BECAUSE, AFTER IT WAS POINTED OUT THEY DIDN'T PRESENT ANYTHING SHOWING THE EXPRESS TERMS TO CONVEY THE RIGHT TO SUE FOR PAST INFRINGEMENT, THEY PRODUCED BOTH THE BILL OF SALE AND A NEW DOCUMENT THAT WAS EXECUTED AFTER WE FILED OUR MOTION TO DISMISS WITH THE FEDERAL CIRCUIT.  THAT'S THE SO-CALLED CONFIRMATION AGREEMENT.

THE CONFIRMATION AGREEMENT, YOU KNOW, MFORMATION SOFTWARE IN ITS BRIEFS EMPHASIZES -- IT HAS LANGUAGE IN IT SAYING, WE ARE CONFIRMING THAT WHAT WE WANT TO DO IN OUR BILL OF SALE WAS TO CONVEY THE RIGHT TO SUE FOR PAST INFRINGEMENT. BUT IT ALSO HAS LANGUAGE SAYING EXPRESSLY, IF IT'S NECESSARY TO MAKE THIS EFFECTIVE, WE HEREBY CONVEY.  IT'S A NEW CONVEYANCE AS OF JANUARY 24, 2013.

**THE COURT:**  BEFORE YOU GET TO THE CONFIRMATION AGREEMENT, THERE'S SOMETHING CALLED THE INTELLECTUAL PROPERTY SECURITY AGREEMENT DATED MARCH 7TH, 2011.  IS THAT ONE OF THE SENIOR LOAN DOCUMENTS THAT'S REFERENCED OR DESCRIBED IN THE DEFINITION OF -- I THINK IT'S TRANSFERRED ASSETS IN THE SECURED PARTY SALE AGREEMENT?

**MR. PHILBIN:**  YOUR HONOR, I HAVE TWO RESPONSES. FIRST ONE IS I DON'T KNOW, BECAUSE I CAN'T TELL FROM THE DOCUMENTS.  MFORMATION ASSERTS IT IS EITHER A SENIOR LOAN DOCUMENT OR A TERM LOAN DOCUMENT, BUT THE DOCUMENTS THEMSELVES DON'T DEFINE IT AS THAT.  THERE'S NO WAY TO TRACE THAT IN THE DOCUMENTS, AND WE POINTED THAT OUT IN OUR BRIEF.

WE POINT IT OUT IN OUR OPPOSITION TO THEIR MOTION THAT FROM THE FACE OF THE DOCUMENTS YOU CAN'T TRACE THESE TOGETHER THE WAY THEY SAY.

AND, SIGNIFICANTLY, IN THEIR REPLY BRIEF, THEY DIDN'T COME BACK AND DEFEND IT.  THEY DIDN'T COME BACK AND SAY, OH, NO, BLACKBERRY HAS IT WRONG AND HERE'S HOW THEY ALL TRACE TOGETHER.

INSTEAD, ESSENTIALLY, THEY ABANDONED THOSE DOCUMENTS. THEY SAID ONLY THE DOCUMENTS THAT ARE OPERATIVE ARE THE BILL OF SALE AND THE CONFIRMATION AGREEMENT; THAT'S ALL YOU HAVE TO LOOK AT.

SO, THEY'VE EFFECTIVELY CONCEDED IN THEIR REPLY BRIEF YOU CAN'T TRACE THROUGH ALL THOSE DEFINITIONS AND USE THAT TO CREATE THE CONVEYANCE OF THE RIGHT TO SUE FOR PAST INFRINGEMENT.

**THE COURT:**  LET ME ASK YOU, MR. REINES, IS THAT CORRECT?

**MR. REINES:**  I MEAN, THERE WAS A LENGTHY ARGUMENT THERE.

**THE COURT:** THIS TRACING, I MEAN, TO GET TO WHAT CONSTITUTES A SENIOR LOAN DOCUMENT AND WHETHER THE INTELLECTUAL PROPERTY SECURITY AGREEMENT WHICH IS FROM MARCH OF 2011 IS ONE OF THE SENIOR LOAN DOCUMENTS.

**MR. REINES:** OKAY. I THINK IT IS ONE OF THE SENIOR LOAN DOCUMENTS, IF THAT'S THE QUESTION. I MEAN, THERE'S -- SO, YOUR HONOR, IF I JUST MIGHT DO A LITTLE BIT OF RESET TO ANSWER THIS PORTION OF THE ARGUMENT?

**THE COURT:** YEAH.

**MR. REINES:** ALL RIGHT?

THESE AREN'T TWO QUESTIONS FOR THE COURT. THESE ARE CONSIDERATIONS WHICH YOU MAY GIVE DUE WEIGHT TO IN ADDITION TO OTHER CONSIDERATIONS. THIS IS NOT A FINAL EXAM.

IN TERMS OF THE CONSIDERATION BEING -- I AM ADOPTING THE FALSE PREDICATE -- WHETHER WE PROVIDED THE COURT TO DEMONSTRATE THAT WE OWN THE RIGHTS TO SUE AND RECOVER FOR INFRINGEMENT, IT'S REALLY THAT, YOUR HONOR, REMEMBER, CONTEXTUALLY, ISN'T IT A QUESTION OF WHETHER THERE'S APPELLATE STANDING WITH THE COMPLEX SEQUENCE OF EVENTS WHETHER THE FIRST NOTICE OF APPEAL AND THE SECOND OF NOTICE OF APPEAL AND ALL THAT, I CAN ARGUE SOME OF THAT, BUT I DIDN'T COME FULLY PREPARED TO ARGUE THE MOTION TO DISMISS BEFORE THE FEDERAL CIRCUIT, BUT I CERTAINLY WOULD BE ABLE TO.

BUT WITH RESPECT TO THIS, THE POINT IS THERE WAS THIS ALLEGATION THAT THERE WAS A SECRET AGREEMENT THAT THEY WERE

DEPRIVED ACCESS TO.  THEY WERE GIVEN THE BILL OF SALE, SO LET ME -- WHAT WAS IN THE APPELLATE RECORD WAS THE BILL OF SALE THAT SAYS THE PATENTS ARE SOLD.  THEN THERE'S -- CERTAINLY BY JANUARY OF 2013, EVEN UNDER THEIR OWN ANALYSIS, THERE WAS A CONFIRMATION AGREEMENT, WHICH ASSIGNED THE RIGHT TO SUE.

SO I THINK BY ANY MEASURE, AS OF JANUARY 2013, ALL RIGHTS ARE OWNED BY MST.  I DON'T THINK EVEN AN EXTREME VERSION OF THE ARGUMENT WOULD BE THAT THESE AREN'T RIGHTS.  SO, CURRENTLY, WE HAVE ALL THE RIGHTS.  I DON'T THINK THAT'S REALLY SUBJECT TO DEBATE.

THE ARGUMENT THAT REALLY THEY FOCUSED ON IN THEIR PAPERS WAS AS OF DECEMBER 17 WE DIDN'T PERFECT THE APPEAL NOTICE BECAUSE THE CONFIRMATORY AGREEMENT SHOULDN'T BE NUNC PRO TUNC.  THAT'S ONE ARGUMENT.  I CAN ARGUE WHY I DISAGREE WITH THAT.

I THINK THAT'S -- FIRST OF ALL, THAT IS INCONSISTENT WITH *MASS HAMILTON*.  BUT ALSO THEY ARGUE THAT WE -- SECONDARILY, OR MAYBE TERTIARY, IS THAT THE SEPTEMBER 6TH NOTICE OF APPEAL WASN'T OPERATIVE, WHICH REALLY DOESN'T MAKE SENSE AND IS STRAINED.  I TRY NOT TO GET YOU INTO TOO MUCH OF THE APPELLATE JURISDICTION QUESTION.

**THE COURT:**  I UNDERSTAND.  NOW WE ARE GETTING RIGHT INTO THE STANDING QUESTIONS.

**MR. REINES:**  THAT'S WHAT -- THIS QUESTION TWO IS THAT.

**THE COURT:** I UNDERSTAND IT'S CLOSELY RELATED, BUT TO THE EXTENT THAT ONE READS THE REMAND AS ASKING THIS COURT -- I UNDERSTAND IT ONLY SAYS "MAY GIVE DUE CONSIDERATION TO" IN THE CONTEXT OF A MOTION TO DISMISS --

**MR. REINES:** RIGHT.

**THE COURT:** BUT IT IS SITTING THERE AS A SPECIFIC CONSIDERATION POINT WHETHER OR NOT IT'S -- MST HAS DEMONSTRATED THAT IT OWNS THE RIGHT TO SUE AND RECOVER FOR INFRINGEMENT OF PATENTS IN SUIT, AT LEAST BASED -- GIVEN THE STATE OF THE RECORD THAT WAS BEFORE THE COURT THEN AND IN RESPONSE TO THE REMAND, WHICH ASKS FOR DISCOVERY AND EVERYTHING ELSE.

**MR. REINES:** YOU HAVE TO LOOK AT THAT, BECAUSE WHAT "B" DOESN'T ASK -- THIS IS DIRECTLY THE ARGUMENT THEY ARE MAKING THAT'S MADE THIS RELATIVELY STRAIGHTFORWARD THING SO COMPLICATED. THE CONSIDERATION "B" IS, IS THERE A SECRET AGREEMENT THAT SOMEHOW IS DEPRIVING THE OTHER DOCUMENTS THAT ARE IN THE RECORD FROM WORKING AS THEY SHOULD WORK. THAT'S THE WAY I LOOK AT IT.

WE PUT IN THE BILL OF SALE, WHICH IS THE RIGHT DOCUMENT. THE DEMAND WAS THERE'S A SECRET SECURED PARTY SALE AGREEMENT. THE FEDERAL CIRCUIT SAID, CAN YOU GET TO THE BOTTOM OF THIS SECRET SECURED PARTY SALE AGREEMENT AND DETERMINE WHAT THE EFFECT IS?

THEY DON'T ACTUALLY ARGUE FOR THE EFFECT. WHAT THEY ARGUE IS THAT THERE'S TIMING QUESTIONS. AND WE RESPONDED TO

THAT DEBATE A LITTLE BIT WITH THE SECURED INTEREST AND ALL OF THAT.  ALL OF THAT DEBATE IS ABOUT WHAT RIGHTS WERE TRANSFERRED ON THE SEPTEMBER 21 DATE.

THIS CONSIDERATION IS NOT ASKING YOUR HONOR TO DETERMINE WHAT THE RIGHTS WERE ON SEPTEMBER 21.  THAT'S THE APPELLATE QUESTION FOR -- THAT'S SQUARELY IN THE MIDDLE OF THE MOTION TO DISMISS.  WHY WOULD THEY ASK YOU THAT?  IT DOESN'T MAKE SENSE.

WHAT THEY'RE ASKING YOU IS, DO WE NOW, WITH THE FULL DOCUMENTS IN FRONT OF YOU OR NOT IN FRONT OF YOU, BUT NOW THEY ARE IN FRONT OF YOU, WITH THE FULL DOCUMENTS IN FRONT OF YOU, CAN WE SUBSTITUTE WITH AN EYE TOWARDS THE COST QUESTION BASED ON THAT RECORD.  AND THERE IS NO DISPUTE NOW -- MAYBE WE'LL HEAR SOMETHING NOW.  I GUESS I SHOULDN'T SPECULATE ON THAT.  BUT THAT WE HAVE ALL RIGHTS NOW.  IT'S THE QUESTION OF WHAT HAPPENS DURING THESE FEW MONTHS AND WHAT RIGHTS WERE TRANSFERRED OR NOT, AND THAT'S REALLY THE APPELLATE QUESTION.

**THE COURT:**  WELL, WHAT WOULD BE OF USE, I WOULD THINK, TO THE FEDERAL CIRCUIT IS FOR ME TO RESOLVE ANY FACTUAL QUESTIONS, AND THE LEGAL IMPLICATIONS OF WHICH IS GOING TO BE SOMETHING THAT WILL BE RESOLVED, AT LEAST IN THE CONTEXT OF THE STANDING MOTION OR THE MOTION TO DISMISS, THAT'S STILL HELD IN ABEYANCE BEFORE THE FEDERAL CIRCUIT.

SO, ONE OF THE QUESTIONS -- NOW THAT WE HAVE THE VARIOUS DOCUMENTS THAT HAVE BEEN SUPPLEMENTED BEFORE, IT SEEMS

TO ME ONE OF THE MATERIAL QUESTIONS MAY BE WAS THIS EXHIBIT 15 TO YOUR DECLARATION, THE INTELLECTUAL PROPERTY SECURITY AGREEMENT, WHICH DOES MAKE REFERENCE TO PART OF THE COLLATERAL, NOT ONLY THE PATENTS AND IN PATENT APPLICATIONS, BUT ALSO ANY CLAIMS, MT'S CLAIMS FOR DAMAGES FOR PAST, PRESENT, AND FUTURE INFRINGEMENT.

SO IF THAT PARTICULAR DOCUMENT IS, INDEED, ONE OF THE SENIOR LOAN DOCUMENTS WHICH IS THEN REFERENCED IN THE TRANSFER -- LIST OF TRANSFERRED ASSETS IN THE SECURED PARTY SALE AGREEMENT, THEN SORT OF INCORPORATION BY INCORPORATION, IT SEEMS TO ME PRETTY CLEAR.  BUT WHAT I'M HEARING FROM THE OTHER SIDE IS THAT THERE'S NOTHING THAT ACTUALLY TIES EXHIBIT 15, THE INTELLECTUAL PROPERTY SECURITY AGREEMENT, TO SENIOR LOAN DOCUMENTS.  THAT'S WHAT I WANT TO FIND OUT.  IS THERE SOMETHING THAT SAYS, YEAH, THIS WAS PART OF THAT?

**MR. REINES:**  I MEAN, ON ITS FACE, IT'S PART OF THAT, AND THERE'S BEEN NO SHOWING IT'S NOT PART OF THAT.  IT IS PART OF THAT.  THERE WAS NO REQUEST FOR DISCOVERY OR CHALLENGE TO THAT AT ALL.

**MR. PHILBIN:**  YOUR HONOR, IF I MAY RESPOND?

**THE COURT:**  YEP.

**MR. PHILBIN:**  THE WAY THAT THEY GET EVEN TO TALKING ABOUT THIS INTELLECTUAL PROPERTY SECURITY AGREEMENT IS BY SAYING THERE'S A CROSS-REFERENCE FROM THE DEFINITION OF TRANSFERRED ASSETS IN THE SECURED PARTY SALES AGREEMENT.  SO

THE LAUNCHING POINT IS THE DEFINITION OF TRANSFERRED ASSETS IN THE SECURED PARTY SALES AGREEMENT.

BUT THEY HAVE ALSO CONCEDED THE ONLY OPERABLE DOCUMENT CONVEYING RIGHTS IS THE BILL OF SALE, AND IF YOU LOOK AT THE BILL OF SALE -- I HAVE BROUGHT UP A SLIDE THAT HAS THE KEY LANGUAGE CUT OUT FROM THE BILL OF SALE.

THE OPERATIVE LANGUAGE IN THE BILL OF SALE MAKES CLEAR THAT THE BILL OF SALE ADOPTS DEFINITIONS FROM THE SECURED PARTY SALE AGREEMENT WHERE -- ONLY WHERE IT DOESN'T PROVIDE ITS OWN DEFINITIONS.  THIS IS IN OUR BRIEF, YOUR HONOR, AND THEY PROVIDED NO RESPONSE TO THIS WHATSOEVER.

THE LANGUAGE FROM THE BILL OF SALE HAS ITS OWN DEFINITION OF "TRANSFERRED ASSETS," AND SAYS:

"HERE WE CONVEY ALL RIGHT, TITLE, AND INTEREST OF THE COMPANY, IN AND TO THE ASSETS DEFINED ON SCHEDULE ONE AND SCHEDULE TWO ATTACHED HERETO COLLECTIVELY, THE 'TRANSFERRED ASSETS,' AND PROVIDES ITS OWN DEFINITION."

THEN IT SAYS:

"CAPITALIZED TERMS USED HEREIN, BUT NOT DEFINED HEREIN, SHALL HAVE THE MEANING ASSIGNED TO SUCH TERMS IN THE SECURED PARTY SALE AGREEMENT."

SO YOU DON'T EVEN GET TO GO TO THE SECURED PARTY SALE

AGREEMENT FOR THE DEFINITION OF "TRANSFERRED ASSETS," BECAUSE THE BILL OF SALE HAS ITS OWN DEFINITION.  WE EXPLAINED THIS IN OUR BRIEF.

AGAIN, YOUR HONOR, I WANT TO EMPHASIZE IN RESPONSE, THEY JUST SAID ON PAGE FIVE OF THEIR REPLY BRIEF AND IN NOTE FIVE -- IT'S THE TOP LINE ON PAGE FIVE AND IN FOOTNOTE FIVE -- YOU DON'T NEED TO LOOK AT THE INTELLECTUAL PROPERTY SECURITY AGREEMENT; YOU DON'T NEED TO LOOK AT THAT STUFF; THE OPERATIVE DOCUMENT IS THE BILL OF SALE AND THE CONFIRMATION AGREEMENT. THAT'S ALL YOU NEED.  THEY CONCEDED.  THEY DIDN'T TRY TO DEFEND THIS CONVOLUTED CHANGE OF LINKING CROSS-REFERENCES AND DEFINITIONS.  THEY CONCEDED THEY WEREN'T RELYING ON THAT.

**THE COURT:**  ALL RIGHT.  LET ME ASK MR. REINES TO RESPOND TO THAT.

**MR. REINES:**  YEAH.

**THE COURT:**  WHAT ABOUT THAT LANGUAGE IN THE BILL OF SALE THAT IT HAS ITS OWN DEFINITION OF "TRANSFERRED ASSETS"?

**MR. REINES:**  THERE ARE DEFINITIONS.  I MEAN, I THINK THAT WITH RESPECT TO THE INTELLECTUAL PROPERTY AGREEMENT, EXHIBIT 15 -- I MEAN, I GUESS I DON'T UNDERSTAND WHY THIS INTELLECTUAL PROPERTY SECURITY AGREEMENT WOULDN'T APPLY.  I DON'T UNDERSTAND WHY THE FACT THAT THE -- THE DEFINITIONS THE BILL OF SALE DO -- ARE APPLICABLE, BUT THAT DOESN'T MEAN THAT THE INTELLECTUAL PROPERTY SECURITY AGREEMENT DOESN'T APPLY AS WELL.

**THE COURT:** IN OTHER WORDS, BILL OF SALE IS NOT MEANT TO BE EXHAUSTIVE IN TERMS OF WHAT IS TRANSFERRED?

**MR. REINES:** THAT'S CORRECT.

**THE COURT:** YOU HAVE TO LOOK TO THE WHOLE OF THE SALE AGREEMENT ITSELF?

**MR. REINES:** YES.

**THE COURT:** WELL, THAT'S AN INTERESTING -- IS THERE SOME OPERATIVE LANGUAGE I SHOULD LOOK TO IN THE SECURED PARTY SALE AGREEMENT THAT SUGGESTS THAT THE BILL OF SALE WAS NOT MEANT TO BE EXHAUSTIVE?

**MR. REINES:** I JUST -- I DON'T KNOW WHY ONE WOULD ASSUME IT'S EXHAUSTIVE.

**MR. PHILBIN:** YOUR HONOR, IF I COULD?

IN THEIR BRIEF, MFORMATION SOFTWARE MADE IT QUITE CLEAR THAT THEY USED THE LANGUAGE THAT THE OPERATIVE DOCUMENT CONVEYING RIGHTS WAS THE BILL OF SALE AND THAT THE CONTRACT, THE SECURITY PARTY SALES AGREEMENT, WAS NOT THE OPERATIVE DOCUMENT.

**MR. REINES:** WELL --

**MR. PHILBIN:** THE REASON THAT YOU CANNOT GET TO THE INTELLECTUAL PROPERTY SECURITY AGREEMENT IS THAT THEIR JUMPING-OFF POINT TO REACH THAT DOCUMENT WAS THE DEFINITION OF TRANSFERRED ASSETS IN THE SECURED PARTY SALE AGREEMENT. THAT WAS THE JUMPING-OFF POINT FOR THE CHAIN OF CROSS-REFERENCES. BUT THE BILL OF SALE HAS ITS OWN DEFINITION OF TRANSFERRED

ASSETS.

**THE COURT:** DOES SECURED PARTY SALE AGREEMENT HAVE, OTHER THAN WHAT'S FOUND WITHIN THE BILL OF SALE, A DEFINITION OF CAPITAL TRANSFERRED ASSETS?

**MR. PHILBIN:** THE SECURED PARTY SALE AGREEMENT, I BELIEVE, DOES HAVE A DEFINITION OF TRANSFERRED ASSETS, AND THAT WAS THE JUMPING-OFF POINT FOR MFORMATION SOFTWARE'S ARGUMENT FOR GETTING TO INTELLECTUAL PROPERTY SECURITY AGREEMENT.

**THE COURT:** WHERE IS THAT?

**MR. REINES:** 1.1(D).

**THE COURT:** WHAT NUMBER?

**MR. REINES:** 1.1(D).

**THE COURT:** 1.1(D)? OH, OKAY. THAT'S WHERE THE WHOLE REFERENCE, BEGINNING OF THE CHAIN OF SENIOR LOAN DOCUMENTS, COLLATERAL, ET CETERA?

**MR. PHILBIN:** RIGHT.

**THE COURT:** SO THEN YOU LOOK AT 2.1, AND IT SAYS THAT:

"TERMS SUBJECT TO CONDITIONS DESCRIBED IN THIS AGREEMENT, AT CLOSING THE SECURED PARTY SHALL FORECLOSE UPON AND RECEIVE TRANSFER FROM THE BORROWER IN A PUBLICLY SECURED PARTY SALE. THE BORROWER SHALL TRANSFER, OR CONVEY, ASSIGN TO THE SECURED PARTY THE BORROWER'S RIGHT, TITLE,

AND INTEREST IN THE TRANSFERRED ASSETS, WHICH ARE DEFINED IN 'D'."

SO, WHY, NOTWITHSTANDING THE FACT THAT THE BILL OF SALE IS AN ATTACHMENT HERE AND HAS A NARROWER DESCRIPTION OF TRANSFERRED -- ITS OWN DESCRIPTION, AS YOU'VE PUT IT, WHICH IS SLIGHTLY NARROWER, OR PERHAPS SIGNIFICANTLY NARROWER, WHY DOESN'T 2.1 OF THE ACTUAL AGREEMENT COMBINED WITH 1.1(D) SUGGEST THAT THIS CHAIN OF VARIOUS DOCUMENTS, IN FACT, DOES APPLY?

**MR. PHILBIN:**  FOR TWO REASONS, YOUR HONOR.  ONE IS THAT THE BILL OF SALE IS WHAT AFFECTS THE CONVEYANCE.  IF THE BILL OF SALE DOESN'T, BY ITS TERMS, BY THE DEFINITIONS THAT IT USES, IF IT DOESN'T CONVEY THAT RIGHT, IT'S NOT CONVEYED.

NOW, THERE MIGHT BE A BREACH OF CONTRACT ACTION FOR FAILURE TO HAVE DONE THE BILL OF SALE CORRECTLY TO CONVEY WHAT THE PARTIES AGREED WAS GOING TO BE CONVEYED, BUT THAT'S A SEPARATE ISSUE.  THE ISSUE HERE IS WAS THE RIGHT ACTUALLY CONVEYED?

IT WOULD BE LIKE HAVING A CONTRACT TO SELL A PIECE OF LAND WITH CERTAIN RIGHTS, AND INSTEAD OF TRANSFERRING REASONABLE ASSETS, YOU JUST GET A QUITCLAIM DEED.  THERE'S A BREACH OF CONTRACT, BUT THE DEED IS THE DEED.  IT DETERMINES WHAT RIGHT WAS TRANSFERRED.  AND THE RIGHT HERE WAS NOT TRANSFERRED.

THE OTHER POINT, YOUR HONOR, IS --

THE COURT:  SO IT'S A CONTRACT TO TRANSFER, BUT THERE'S BEEN NO EFFECTUATION OF THE TRANSFER?

MR. PHILBIN:  CORRECT.

THE COURT:  MR. REINES, WHAT ABOUT THAT?

MR. REINES:  YOUR HONOR, I THINK JUST IN CONSTRUING THESE DOCUMENTS ON THE RECORD THAT YOU HAVE, CLEARLY, THE INTENT IS TO TRANSFER PATENTS AND THE INTELLECTUAL PROPERTY, AND IT WOULD BE NOT EFFECTUATING THE INTENT OF THE DRAFTERS TO SUGGEST THAT THE INTELLECTUAL PROPERTY SECURITY AGREEMENT, YOU KNOW, ISN'T TAKEN INTO ACCOUNT.  I MEAN, IF YOU HAVE THE SECURITY SHOULD INTEREST IN ALL THAT, AND YOU ARE CONVEYING THE TRANSFERRED ASSETS --

THE COURT:  BUT THE RESPONSE TO THAT, THAT MAY HAVE BEEN THE INTENT, AND MAYBE YOU HAVE A BREACH OF CONTRACT CLAIM BECAUSE IT WASN'T EFFECTUATED, BUT YOU DON'T ACTUALLY HAVE THE DEED OR THE TRANSFERRING INSTRUMENT AND, THEREFORE, OWNERSHIP -- MAYBE YOU DON'T HAVE LEGAL OWNERSHIP.  IS YOUR ARGUMENT THERE'S SOME KIND OF EQUITABLE OWNERSHIP?

MR. REINES:  I JUST THINK THE BEST READING OF THE DOCUMENTS TAKEN TOGETHER IS THAT THE INTELLECTUAL PROPERTY ASSETS WERE TRANSFERRED.  IT STATES THERE'S A SECURITY INTEREST IN THEM, IT DEFINES WHAT THE SECURITY INTEREST IS IN, AND IT CLEARLY INCLUDES THE RIGHT FOR THE CAUSE OF ACTION.

MR. PHILBIN:  YOUR HONOR?

MR. REINES:  AS TO THE CONCESSION, KEEP IN MIND THAT

OUR VIEW OF THE RIGHT WAY TO DECIDE THINGS HERE -- AND I UNDERSTAND YOUR HONOR IS TAKING A DIFFERENT APPROACH, AND I RESPECT THAT.  BUT OUR VIEW IS WHETHER WE HAVE THE OWNERSHIP AS A GENERAL PROPOSITION, NOT IN DIFFERENT SNAPSHOTS IN TIMES AND NOT DIFFERENT PIECES AND PARCELS AND ALL OF THAT.

**THE COURT:**  IT MAY BE --

**MR. REINES:**  WHEN WE SAY THE OPERATIVE DOCUMENT IS THE BILL OF SALE, THAT'S WHAT WE'RE REFERRING TO.

**THE COURT:**  ALL RIGHT.  IT MAY BE THAT MY PROPER ROLE IN THIS CONNECTION IS TO NOT MAKE AN ULTIMATE FINDING, WHICH I INTEND NOT TO DO SINCE THAT'S EXACTLY THE ISSUE BEFORE THE COURT.

**MR. REINES:**  RIGHT.

**THE COURT:**  I CAN LAY OUT, HERE'S WHAT I FIND AS A MATTER OF FACT:  THEY ENTERED THIS AGREEMENT.  MAYBE I'LL FIND THAT THE AGREEMENT -- THE ORIGINAL SECURED PARTY SALE AGREEMENT DID PROVIDE AND CONTEMPLATE FOR A TRANSFER OF ALL ASSETS INCLUDING THE RIGHT OF ACTION, ET CETERA, ET CETERA; HOWEVER, THE BILL OF SALE, WHICH, AT LEAST RIM PURPORTS TO BE THE ONLY POTENTIAL DOCUMENT THAT WOULD ACTUALLY EFFECTUATE TRANSFER AND TITLE, HAD ITS OWN DEFINITION OF WHAT WAS TRANSFERRED, AND IT WAS NARROWER.  THEN SUBSEQUENTLY THERE WAS A -- THE RECONFIRMATION DOCUMENT, WHICH -- OR THE CONFIRMATION DOCUMENT WHICH WAS DATED JANUARY WHICH ULTIMATELY DID CONVEY -- I MEAN, I COULD LAY OUT THE FACTS AND LET THE FEDERAL CIRCUIT FIGURE

OUT WHAT THE LEGAL IMPLICATIONS ARE FROM THAT.

**MR. PHILBIN:**  AND I THINK THE FEDERAL CIRCUIT WANTED THIS COURT TO DETERMINE THE FACT OF WHETHER THE RIGHT TO SUE FOR PAST INFRINGEMENT WAS CONVEYED ON SEPTEMBER 21ST.

IF I COULD JUST, YOUR HONOR --

**THE COURT:**  WELL, DOESN'T THAT ANSWER --

**MR. REINES:**  THAT'S MY WHOLE --

**THE COURT:**  I AM GOING TO TALK.  THAT'S THE ULTIMATE QUESTION.  THAT'S WHAT I'M NOT INCLINED TO RULE ON.  THAT WOULD BE DISPLACING THE COURT OF APPEALS HOLDING THE MOTION TO DISMISS.

**MR. PHILBIN:**  WELL, WITH RESPECT, YOUR HONOR, IF I COULD OFFER A DIFFERENT PERSPECTIVE ON THAT?

SIMPLY DETERMINING WHAT THESE DOCUMENTS CONVEYED AND WHEN THEY CONVEYED THEM LEAVES IT UP TO THE FEDERAL CIRCUIT TO DECIDE WHAT'S THE LEGAL EFFECT OF THE NOTICE OF APPEAL, WHAT ARE THE LEGAL CONSEQUENCES THAT ARE GOING TO FLOW FROM THE FACT THAT THIS IS THE SEQUENCE OF EVENTS IN CONVEYING RIGHTS.  AND THAT WHAT THE COURT WANTED GUIDANCE FROM THIS COURT ON IS WHAT WAS THE SEQUENCE OF EVENTS CONVEYING RIGHTS.

IF I COULD GO BACK, YOUR HONOR, JUST TO TOUCH ON A COUPLE OF POINTS ABOUT INTERPRETING THESE DOCUMENTS?

MR. REINES HAS SAID THAT THEY DIDN'T CONCEDE THAT THE BILL OF SALE WAS THE ONLY OPERATIVE DOCUMENT.  I KNOW I MENTIONED THIS A COUPLE OF TIMES.  I JUST WANT TO POINT OUT ONE

LAST TIME, YOUR HONOR.

ON PAGE 5 OF THEIR REPLY BRIEF THEY SAID, QUOTE:

"THE SALES AGREEMENT AND INCORPORATED INTELLECTUAL PROPERTY SECURITY REMOVAL ARE NOT NECESSARY TO THE SUBSTITUTION."

AND THEY DROPPED A FOOTNOTE AND SAID, QUOTE:

"AS EXPLAINED IN MMT'S OPENING BRIEF, THE BILL OF SALE AND CONTEMPORANEOUSLY EFFECTIVE CONFIRMATORY AGREEMENT WERE THE OPERATIVE DOCUMENTS THAT AFFECTED THE CONVEYANCE OF THE RELATIVE RIGHTS OF MFORMATION FROM MST," END QUOTE.

THOSE ARE THE OPERATIVE DOCUMENTS.

**MR. REINES:**  YOUR HONOR?

**MR. PHILBIN:**  IF I COULD JUST GET TO ONE MORE POINT?

**THE COURT:**  WELL, NO.  IF YOU ARE GOING TO -- I JUST SAID IF YOU ARE GOING TO GET TO ANOTHER POINT, I WANT TO HEAR FROM MR. REINES FIRST.

**MR. PHILBIN:**  I MISSPOKE, YOUR HONOR.  IT'S ON THE SAME INTERPRETATION OF THE DOCUMENTS.  I'M NOT GETTING OFF THE TOPIC.

**THE COURT:**  WELL, I WANT TO HEAR FROM YOU ON THIS POINT.  WHAT ABOUT THIS CONCESSION?

**MR. REINES:**  OKAY.  LET'S ADDRESS THE CONCESSION

SQUARELY AND PUT IT TO REST.

THE ASSERTION THAT WE ARE MAKING THE ARGUMENT THAT'S BEEN FRAMED IS NONEXISTENT. YOU WON'T FIND IT ANYWHERE IN THE RECORD. YOU WON'T FIND IT IN ANY BRIEF. IT'S A FALLACY. EVERYTHING THAT HE JUST READ FROM OUR BRIEF IS COMPLETELY CONSISTENT WITH WHAT WE'RE ARGUING ALL ALONG, AND I BELIEVE RIGHT, I THINK THE COURT SHOULD RECONSIDER THE APPROACH, WHICH IS -- THE QUESTION THAT'S PUT IS: DO WE NOW HAVE THE RIGHT STEP IN THE SHOES FOR PURPOSES OF A RULE 25 SUBSTITUTION MOTION WITH ALL OF THE DOCUMENTS IN FRONT OF YOU AND ALL THE ARGUMENTS THAT WERE MADE ABOUT THE SECRET SALE AGREEMENT?

I DISAGREE WITH THE PREMISE THAT THE COURT REPEATED, THAT HAS BEEN URGED BY RIM, THAT WHAT'S CRITICAL IS WHAT HAPPENED ON SEPTEMBER 17TH, BECAUSE WE HAVE A PREEXISTING NOTICE OF APPEAL THAT ABSOLUTELY PERFECTS, I THINK, UNDER ANY REASONABLE INTERPRETATION OF THE LAW A NOTICE OF APPEAL. THIS IS ALL ABOUT THEM TRYING TO MOVE AWAY FROM OUR APPEAL ON THE MERITS.

THE OLD COMPANY FILED A NOTICE OF APPEAL. THEY HAD ALL THE RIGHTS. THERE'S NO CHALLENGE. SO THERE'S A LEGAL ISSUE. THAT SHOULD BE THE END OF IT UNDER *MASS HAMILTON*. THAT'S IT. WE'RE DONE. MAYBE THE FEDERAL CIRCUIT WILL AGREE WITH THAT; MAYBE THEY WON'T. I HOPE THEY WILL. I THINK THEY SHOULD.

**THE COURT:** ALL RIGHT. WELL --

*JOAN MARIE COLUMBINI, CSR, RPR*
*OFFICIAL COURT REPORTER, U.S. DISTRICT COURT*
*415-255-6842*

**MR. REINES:** INVESTING THE SEPTEMBER 17TH DATE WHICH YOU HAVE TO FIGURE OUT WHICH STICKS ARE IN THE BUNDLE OF RIGHTS ON THAT DATE AS COMPARED TO DECEMBER, AS COMPARED TO JANUARY, AND WHAT ALL THE INTERRELATIONSHIPS ARE, TO ME, SOUNDS LIKE SOMETHING THAT'S FOR THE APPELLATE COURT.

AS TO THE INTERPRETATION OF THE RELATIONSHIP BETWEEN EXHIBIT 15, THE INTELLECTUAL PROPERTY STATEMENT, AND THE BILL OF SALE, AND THE NOW PRESENT IN THE RECORD FORMERLY WHAT WAS DESCRIBED AS A SECRET SECURED PARTY SALE AGREEMENT, THOSE ARE ALL IN THE RECORD.  IT'S A LEGAL QUESTION.  IT'S NOT A FACTUAL QUESTION, AND THAT'S OUR THOUGHTS ON THE APPROACH THIS COURT SHOULD TAKE.

BUT I DO NOT BELIEVE THE AMOUNT OF STICKS IN THE BUNDLE ON SEPTEMBER 17TH IS EITHER THE MOST IMPORTANT ISSUE OR AN ISSUE IDENTIFIED BY THE APPELLATE COURT FOR THE COURT'S DETERMINATION.

**THE COURT:** IN THE END IT MAKES NO DIFFERENCE UNDER *MASS HAMILTON*.

**MR. REINES:** RIGHT.

**THE COURT:** BECAUSE THIS WAS NOT A SITUATION WHERE THERE WAS NEVER STANDING TO APPEAL IN THE FIRST PLACE.

YOU ARE TRYING POST FACTO PERFECT AN APPEAL THAT DIDN'T LIE IN THE FIRST INSTANCE.  SO -- BUT THAT'S A LEGAL ARGUMENT THAT -- I THINK THAT'S EXACTLY WHAT THE FEDERAL CIRCUIT SHOULD DECIDE.

MR. REINES:  IT IS PENDING IN FRONT OF THE FEDERAL CIRCUIT.

THE COURT:  RIGHT.  SO I'M PROBABLY NOT GOING TO GO THERE.  THE MOST I CAN DO IS GET THE RECORD IN ORDER.  TO THE EXTENT I HAVE TO MAKE FACTUAL FINDINGS, I MAY DO THAT.  BUT I'M VERY RELUCTANT TO DRAW ANY LEGAL IMPLICATIONS FROM THAT SINCE THAT SEEMS TO BE EXACTLY WHAT'S BEFORE THE FEDERAL CIRCUIT.

MR. PHILBIN:  YOUR HONOR, COULD I GO BACK TO ONE POINT ON THE DOCUMENTS --

THE COURT:  YEAH.

MR. PHILBIN:  -- THAT I HAD BEEN ABOUT TO MAKE BEFORE?

YOUR HONOR ASKED HOW DO WE GET TO THE INTELLECTUAL PROPERTY SECURITY AGREEMENT, IS IT ONE OF THE SENIOR LOAN DOCUMENTS OR TERM LOAN DOCUMENTS.  THE LAST POINT I WANT TO MAKE --

THE COURT:  YEAH.

MR. PHILBIN:  -- WHERE THOSE DOCUMENTS ARE DEFINED AT THE BEGINNING OF THE SECURITY PARTY SALE AGREEMENT, THERE IS NO REFERENCE TO THAT INTELLECTUAL PROPERTY SECURITY AGREEMENT THAT CAN BE DETERMINED ON THE FACE OF THE DOCUMENT.  THERE ARE CERTAIN DATED DOCUMENTS THAT ARE REFERENCED THERE, BUT THAT IS NOT ONE OF THEM, AND THOSE DATED DOCUMENTS APPARENTLY MIGHT HAVE HAD AMENDMENTS.  THERE MIGHT BE OTHER DOCUMENTS RELATED TO THEM, BUT WE DON'T KNOW.  YOU CAN'T TELL.

**THE COURT:** YOU ARE SAYING FROM THE DOCUMENTS THAT ARE IN THE RECORD THAT CHAIN CANNOT BE ESTABLISHED?

**MR. PHILBIN:** THAT'S CORRECT, YOUR HONOR.

**THE COURT:** REMIND ME, MR. REINES, IN YOUR DECLARATION, IS THERE AN ALLEGATION OR A VERIFICATION THAT, IN FACT, THIS CHAIN DOES EXIST, THAT THE INTELLECTUAL PROPERTY SECURITY AGREEMENT IS ONE OF THE SENIOR LOAN DOCUMENTS THAT'S REFERENCED IN THE SECURED PARTY SALE AGREEMENT?

**MR. REINES:** ON ITS FACE WHAT IT IS.

**THE COURT:** ALL RIGHT.

**MR. REINES:** SO THERE'S NOTHING MORE THAN ON THE FACE OF THE DOCUMENTS.

**THE COURT:** RIGHT.

**MR. REINES:** IT'S ON THE FACE OF THE DOCUMENTS.

**THE COURT:** OKAY.

**MR. PHILBIN:** YOUR HONOR, COULD I ADDRESS ONE LAST POINT, BECAUSE MR. REINES SEVERAL TIMES POINTED TO THE SEPTEMBER 6TH NOTICE OF APPEAL AND THE *MASS HAMILTON* ARGUMENT AND SAID IT MEANS THAT THERE'S ALWAYS GOING TO BE AN APPEAL. THERE'S REALLY NO ISSUE HERE WHAT'S GOING ON IN THE FEDERAL CIRCUIT.

I JUST WANT TO -- I UNDERSTAND THIS COURT IS NOT GOING TO ADDRESS THE LEGAL ISSUE, BUT JUST TO MAKE CLEAR WHY THIS MATTERS AND WHY WE ARE ARGUING ABOUT IT, THERE ARE TWO NOTICES OF APPEAL. ONE OF THEM COMES AFTER THIS COURT'S

NOVEMBER 15TH ORDER DENYING THE MOTION FOR A NEW TRIAL.

THERE WAS SOME VERY SIGNIFICANT DECISIONS MADE IN THAT NOVEMBER 15TH ORDER DENYING MOTION FOR A NEW TRIAL.  IF THE DECEMBER 17TH NOTICE OF APPEAL IS DEFECTIVE, AS WE ARGUE -- AND THERE BEAR IN MIND UNDER *MASS HAMILTON*, THE GUARD SITUATION, IT IS A SITUATION OF TRYING TO CURE NUNC PRO TUNC STANDING, BECAUSE THERE MFORMATION SOFTWARE DID NOT HAVE THE RIGHT TO SUE FOR PAST INFRINGEMENT WHEN IT FILED THE NOTICE OF APPEAL.  IT ACQUIRED THE RIGHT TO SUE FOR PAST INFRINGEMENT AFTER IT FILED THE NOTICE OF APPEAL, AND IT TRIED TO CURE THAT WITH A NUNC PRO TUNC ASSIGNMENT OF RIGHTS.

**THE COURT:**  WITH RESPECT TO THE SECOND APPEAL?

**MR. PHILBIN:**  WITH RESPECT TO THE SECOND APPEAL, THAT WILL -- AND MR. REINES CAN DISAGREE WITH ME ABOUT THIS, AND WE'LL HAVE THIS ARGUMENT IN FRONT OF THE FEDERAL CIRCUIT -- BUT OUR VIEW IS THAT WILL SIGNIFICANTLY ALTER THE ISSUES THAT HAVE BEEN EFFECTIVELY APPEALED IN THE FEDERAL CIRCUIT, AND THAT'S WHY IT MATTERS.

AND THAT'S WHY WE BELIEVE, YOUR HONOR, THE FEDERAL CIRCUIT REMANDED, TO GET SOME FINDINGS AND SOME DECISIONS FROM THIS COURT ABOUT EXACTLY WHAT HAPPENED WHEN, BECAUSE IT DOES MATTER.  IT MATTERS BECAUSE THAT SECOND NOTICE OF APPEAL IS DEFECTIVE, AND IF IT'S DEFECTIVE, THERE WAS NO APPEAL FROM THE NEW TRIAL MOTION.  AND IF THERE'S NO APPEAL FROM THE NEW TRIAL MOTION, ALL THE DECISIONS IN THAT ORDER CANNOT BE ATTACKED.

THEY ARE SEALED IN STONE FOREVER.

AND THAT IS GOING TO HAVE A SIGNIFICANT IMPACT ON WHAT THERE IS ACTUALLY LEFT IN FRONT OF THE FEDERAL CIRCUIT, EVEN IF THAT SEPTEMBER 6TH NOTICE OF APPEAL SURVIVES.  WE HAVE OTHER ARGUMENTS ABOUT WHY WE THINK IT WON'T SURVIVE.  THAT IS ANOTHER MATTER.

**THE COURT:**  WELL, ALL THE MORE REASON WHY I THINK IT IS THE DUTY OF THIS COURT TO LAY OUT THE SEQUENCE, BECAUSE THE SEQUENCE AND THE DATES MAY HAVE SOME LEGAL SIGNIFICANCE, MAY OR MAY NOT, DEPENDING ON THE RULE OF LAW THAT IS ENUNCIATED BY THE FEDERAL CIRCUIT, BUT I INTEND TO AT LEAST DO MY PART IN LAYING OUT MY UNDERSTANDING OF THE FACTS HERE.

SO THAT'S WHAT I'M -- I WILL GET OUT AN ORDER.  I'LL TAKE IT UNDER SUBMISSION.  BUT I'M INCLINED, FOR THE REASONS THAT I'VE STATED, TO JOIN MST IN THIS MATTER.  I MAY MAKE SOME COMMENT ABOUT THE -- AT LEAST MY READING OF THE CASE OR MY UNDERSTANDING OF THE CASE LAW IN THAT REGARD WITH RESPECT TO POTENTIAL LIABILITY, EVEN THOUGH THAT'S LARGELY A QUESTION OF LAW, BUT I THINK THAT IS PART OF THE RATIONALE OF MY DECISION.

THEN I WILL ALSO SET FORTH, AS BEST I CAN, MY UNDERSTANDING OF THE FACTUAL SEQUENCE WITH REGARD TO THE TRANSFER OR NOT OF THE INTEREST.

**MR. PHILBIN:**  YOUR HONOR, I DON'T MEAN TO TEST YOUR PATIENCE, BUT COULD I MAKE ONE LAST POINT?  IN JOINING THEM, I HOPE THAT THE COURT WOULD UNDERSTAND WHAT WILL BECOME CRITICAL,

THEN, GOING BACK TO THE FEDERAL CIRCUIT, IS FOR IT TO BE CLEAR THAT JOINING THEM NOW BECAUSE ON THE FACTS POST-JANUARY 24TH, 2013, THEY MIGHT HAVE ACQUIRED SUFFICIENT RIGHTS TO BE JOINED CANNOT AFFECT WHAT HAPPENED BEFORE AND WHAT RIGHTS THEY HAD AT THE TIME --

THE COURT:  THAT'S AN ARGUMENT YOU ARE GOING TO MAKE TO THE FEDERAL CIRCUIT.  I DON'T HAVE TO ADDRESS THAT.  ALL RIGHT?  I TAKE IT UNDER SUBMISSION.

MR. PHILBIN:  I UNDERSTAND.  THANK YOU, YOUR HONOR.

MR. REINES:  YOUR HONOR, JUST ONE FINAL THING, HOUSEKEEPING.  THE COURT KNOWS -- AND I'M ALWAYS RELUCTANT TO ASK A COURT TO PRIORITIZE ONE CASE OVER ANOTHER.  YOU'VE GOT A LARGE DOCKET, AS WE ALL KNOW.  BUT GIVEN THE STAKES OF THE APPEAL AND THAT IT'S BEEN WAYLAID BY THESE MOTIONS FOR NINE MONTHS --

THE COURT:  THAT'S WHY I EXPEDITED THIS.  I UNDERSTAND THERE'S SOME URGENCY TO NOT DETAIN THE FEDERAL CIRCUIT ANY LONGER THAN IT NEEDS TO BE.

MR. REINES:  THANK YOU SO MUCH.

MR. PHILBIN:  THANK YOU, YOUR HONOR.

THE COURT:  ALL RIGHT.

(PROCEEDINGS ADJOURNED AT 2:39 P.M.)

**CERTIFICATE OF REPORTER**

I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C 08-4990 EMC, MFORMATION TECHNOLOGIES V. RESEARCH IN MOTION, ET AL, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE COURT FILE.



_____

/S/ JOAN MARIE COLUMBINI, CSR 5435, RPR

FRIDAY, AUGUST 30, 2013